**IN THE UNITED STATES FEDERAL COURT**
**OF NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **IRYNA KRUTSIK** | } | Case No. <u>**2015-CV-3430**</u> |
| **on her own behalf and on behalf** | } | |
| **of her minor children** | } | |
| **NELYA KRYSHCHUK and** | } | |
| **OLEKSANDR KRYSHCHUK** | } | |
| **56 North Dee Road** | } | |
| **Park Ridge, Illinois 60068** | } | |
|            **Plaintiffs,** | } | |
| | } | |
|     **vs.** | } | |
| | } | |
| **FRONTIER AIRLINES** | } | |
| **7001 TOWER ROAD, Denver** | } | |
| **Colorado 80249** | } | |
| **a foreign corporation** | } | |
|           **Defendant.** | } | **JURY DEMAND ON ALL COUNTS** |

_____

**COMPLAINT AT LAW**

_____

**NOW COMES** the above-named Plaintiffs, IRYNA KRUTSIK on her own

behalf and on behalf of her minor children, NELYA KRUTSIK and OLEKSANDR

KRUTSIK, by their counsel of record, Attorney Vladimir M. Gorokhovsky of

Gorokhovsky Law Offices LLC, and as their Complaint at Law pursuant to the Articles

19 and 22(6) of the Montreal Convention for the Unification of Certain Rules for

International Carriage by Air, May 28, 1999 for actual, general, punitive, statutory,

incidental and consequential damages for violation of the Article 19 of said Montreal

Convention for the Unification of Certain Rules for International Carriage by Air, May

28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), _reprinted in_ S.

Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, _et. seq_.), against

the above-named defendant, FRONTIER AIRLINES, jointly and severally, alleges as

follows:

I. JURISDICTION:

1.    That this civil action arises under the Article 19 of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, which is the supreme law of this land [1] pursuant to the Article VI of the United States Constitution.

2.    That Article 19 of the Montreal Convention, states that: "The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

3.    That the above-named plaintiffs are seeking, among other relief, to recover statutory damages in the sum of $6,897.82 per passenger in aggregate sum not exceeding $20,693.46 pursuant to Art. 19 and 22(1) of the Montreal Convention; as well as general, special, incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the above-named defendant for delay in international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

4.    That the United States District Court for the Northern District of Illinois has jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International

---

[1] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.

Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal

Convention), *reprinted in* S. Treaty Doc. No. 106-45,and pursuant to 28 U.S.C. § 1337.

     5.     That all the above-named defendants airlines are doing business within the

jurisdiction of the United States District Court for Northern District of Illinois.

     6.     That, upon information and believe, the matter in controversy may exceed

the sum of $10,000.00 exclusive of interest and costs, in that both the above-named

plaintiff is alleging statutory damages in the amount of $40,533.96 pursuant to Article

22(1); as well as special, incidental and consequential damages to be awarded pursuant to

Article 22(6) in the sum not yet certain but to be ascertained and proven at trial.

     7.     That the court's jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C.

§ 1332, 28 U.S.C. § 1337 and the doctrine of pendent jurisdiction.

II. PARTIES:

     8.     That the above-named Plaintiffs are repeating, re-alleging, and adopting

§§ 1-6 of Jurisdiction Section as set forth fully herein and incorporates them by reference:

     9.     That at all times material hereto the above-named Plaintiff, IRYNA

KRUTSIK was competent adult, residing at: 56 North Dee Road, Park Ridge, Illinois

60068.

     10.     That at all times material hereto the above-named Plaintiffs, NELYA

KRYSHCHUK and OLEKSANDR KRYSHCHUK were a minor children residing with

their mother IRYNA KRUTSIK at: 56 North Dee Road, Park Ridge, Illinois 60068.

     12.     That the above-named Defendant, FRONTIER AIRLINES is believed to

be domestic U.S. air transportation carrier with principal place of business at: 7001

TOWER ROAD, Denver, Colorado 80249.

13.     That all the above-named defendant is a resident of the country signatories to the Montreal Convention.[2]

14.     That the international airfare *sub judice* is governed by terms and conditions of the Montreal Convention.

COUNT ONE:
Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19[3] of the Montreal Convention

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs are alleging as follows:

14.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-13 of preceding sections of this entire Complaint including but not limited to Jurisdiction Section and Parties Section as set forth fully herein and incorporates them by reference:

15.     That on or about October 5, 2012 the above-named Plaintiffs IRYNA KRUTSIK on her own behalf and on behalf of her minor children, NELYA KRUTSIK and OLEKSANDR KRUTSIK purchased a vacation package for herself her mother SOFIIA RUDA and her minor children, NELYA KRUTSIK and OLEKSANDR KRUTSIK for vacation at Cancun, Mexico, including airfare on October 25, 2014 from

---

[2] "The decision to ratify the Montreal Convention, which introduces a modernized and uniform legal framework governing airline companies' liability in the event of damage caused to passengers, baggage or goods during international journeys, codified by Council Decision 2001/539/EC of 5 April 2001 on the conclusion by the European Community of the Convention for the Unification of Certain Rules for International Carriage by Air" (the Montreal Convention) [Official Journal L 194 of 18.07.2001]; *see* http://europa.eu/legislation_summaries/transport/air_transport/l24255_en.htm

[3] See, Article 19 of the Montreal Convention, holding that "The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

Chicago, Illinois to Mexico, Cancun and on November 1, 2014 coming back to Chicago Illinois.

16.     That the United States and Mexico are signatories to the Montreal Convention.[4]

17.     That by procuring this international airfare from the place of their residence at: <u>56 North Dee Road, Park Ridge, Illinois 60068</u> the above-named Plaintiffs entered into binding legal contract with all the above-named defendants for international transportation by air on October 25, 2014 from the place of their domicile at Chicago, Illinois to Cancun, Mexico, and than on November 1, 2014 back to Chicago, Illinois, USA.

18.     That true and correct copy of plaintiff's travel –related documents are appended herewith marked as <u>Exhibit A: Travel Itineraries for Airlines Ticket No.</u> Y190G0F-J, pp. 1-3, incorporated by reference and made a part of this entire complaint-at-law.

19.     That on October 25, 2014, the above-named Plaintiffs were scheduled to fly from Chicago to Cancun on Frontier Airlines Flight 8544.

20.     That plaintiff's flight was scheduled to depart at 7:30A.M.

21.     That the above-identified flight was delayed on departure from Chicago for approximately 12 hours.

22.     That for entire duration of 12 hours the above-named Plaintiffs were confined at departure area operated by Frontier Airline without access to food, refreshments and lavatories.

---

[4] http://legacy.icao.int/icao/en/leb/mtl99.pdf

23.     That upon information and believe such delay on departure of defendant's flight No. 8544 on October 25, 2014 was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

24.     That while being estranged at O'Hare International Airport the above-named Plaintiff were not provided with any care by the above-named defendant.

25.     That while being estranged at O'Hare International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing flight No. 8544.

26.     That subsequently, more than 12 hours later the above-named Plaintiffs arrived to Cancun 12 hours late of their preplanned arrival and missed entire half - day and entire evening of their pre-planned and pre-paid vacation.

27.     That consequently the Plaintiffs also lost their unique sight-seeing reservations and pre-paid sight-seeing excursions.

28.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 8544 on October 25, 2014 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45;  49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

29.     That, upon information and believe, delay and or cancellations of the above-referenced defendant's flights was not caused by extraordinary circumstances, which could not have been avoided in due exercise of due diligence or another pertinent legal standard of care by the above-named defendants.

30.     That, upon information and believe, the above-named defendant did not pursue all meaningful actions required to avoid or mitigate impact of extraordinary circumstances. Cf., Ronald Huzar v. Jer2.com Limited, [2014] EWCA Civ. 791, Case No. Case No: B2/2013/3277/CCRTF (Royal Courts of Justice, London, England, 11 June 2014)(holding that technical problems, which may be unforeseeable, but are ultimately caused by an event inherent in the running of an aircraft, and cannot therefore be considered to be an extraordinary circumstance). [5]

31.     That the term "extraordinary circumstances" as evolved under the Montreal Convention jurisprudence is very limited and applies only in certain circumstances where the airline can prove the cancellation or delay was caused by political instability, meteorological conditions incompatible with the operation of the flight concerned, security risks, unexpected flight safety shortcomings and strikes that affect the operation of an operating aircraft." *See, generally*, Wallentin-Hermann, European Court of Justice, Case No C-549/07, Judgment of December 22, 2008 (holding that mechanical problems may constitute extraordinary circumstances only when "it was revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where

---

[5] http://www.bailii.org/cgi-bin/markup.cgi?doc=/ew/cases/EWCA/Civ/2014/791.html&query=huzar+and+jet2&method=boolean

there was "damage to aircraft caused by acts of sabotage); Nelson v. Deutsche Lufthansa AG; [2014] ECJ C-581/10 (holding that "Extraordinary circumstances should be deemed to exist where the impact of an air traffic management decision in relation to a particular aircraft on a particular day gives rise to a long delay, an overnight delay, or the cancellation of one or more flights by that aircraft, even though all reasonable measures had been taken by the air carrier concerned to avoid the delays or cancellations."); Jet.2.com Limited v. Ronald Huzar,  [2014] EWCA Civ. 791, Case No. Case No: B2/2013/3277/CCRTF (Royal Courts of Justice, London, England, 11 June 2014)(holding that technical problems, which may be unforeseeable, but are ultimately caused by an event inherent in the running of an aircraft, and cannot therefore be considered to be an extraordinary circumstance). [6]

32.     That the term "extraordinary circumstances" do *not* include technical or mechanical problems except in the rare instances where the airline can prove those problems are due to hidden, inherent manufacturing defects or aircraft damage caused by sabotage.  *Id.* at ¶26 (mechanical problems may constitute extraordinary circumstances only when "it was revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to aircraft caused by acts of sabotage); *see also* Sturgeon v. Condor Flugdienst GmbH, European Court of Justice, Case No. C-402/7, Judgment of November 19, 2009 (reiterating that technical problems are not

---

[6] http://www.bailii.org/cgi-bin/markup.cgi?doc=/ew/cases/EWCA/Civ/2014/791.html&query=huzar+and+jet2&method=boolean

extraordinary circumstances in context of "technical faults on the plane and illness among the crew").

33.     That as a direct and proximate cause of said delayed departure of international air flight No. 8544, the above-named plaintiffs incurred actual out-of-pocket expenses in approximate sum of $2500 or in the sum to be proven at trial.

34.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 12 hours the above-named Plaintiffs incurred actual, general, special, incidental and consequential damages including but not limited to per diem expenses in the sum to be proven at trial.

35.     That as a direct and proximate cause of delayed departure of flight No 8544, the above-named Plaintiffs were needlessly subjected to actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical discomfort, exhaustion, loss of time, delay, anxiety, frustration, uncertainty, loss of use of money and other legally cognizable damages, losses and injuries. [7]

---

[7] *Cf.* Lopez v. Eastern Airlines, Inc., 677 F.Supp.181 (holding that inconvenience, delay and uncertainty are compensable injuries even in absence of out-of pocket costs) *also see* Ben Daniel v. Virgin Atlantic Airways, 59 F.Supp.2d 986 (N.D. Cal. 1998)(holding that passengers' inconvenience is legally cognizable harm under Articles 17 and 19 of Warsaw Convention) *also see* Warsaw Convention, Art. 17, 19;  49 U.S.C.A. § 40105 *and* 14 C.F.R. §§ 250.4-250.6 *also see* Charas v. Trans World Airlines, Inc. 160 F.3d 1259, C.A.9 (Cal.),1998 (holding that Airline Deregulation Act (ADA) does not preempt passengers' breach of contract claims) *see also* American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).

36.     That under the Article 36 of the Montreal Convention, the above-identified common carrier FRONTIER AIRLINES is liable for damages caused by delay or cancellation of international airfare carriage of passengers. [8]

37.     That as a direct and proximate cause of delayed departure of international air flight No. 8544 on October 25, 2014, the above-named Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their memorable trip, inconvenience[9], financial injury, physical discomfort, loss of time, loss of use of

---

[8] Multilateral Convention for International Carriage by Air, Montreal May 28, 1999., S. Treaty Doc. No. 106-45.

[9] Cf., Ikekpeazu v. Air France, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 at *4 (D. Conn. Dec. 6, 2004) (recognizing financial injury as a cognizable claim, but not emotional injury)(also holding that if Plaintiff can prove that his lost days of work were occasioned by the delay and resulted in financial injury, Plaintiff can recover for this economic loss under the Montreal Convention): *also see* Rubin v. Air China Ltd. (N.D. Cal., 2011)(holding that although pain and suffering independent of any physical injuries or illness are not recoverable, yet the economic damages recoverable under Article 19 include foreseeable, consequential damages, such as lost wages or profits, that are occasioned by the delay)(also holding that to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages  if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims)(also holding that "damages for inconvenience do not fall within the rubric of 'emotional distress.' Time is money, after all, and the Court finds that the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel." *citing* Daniel v. Virgin Atl. Airways Ltd, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998); Daniel, 59 F. Supp. at 994.);  *also see* Daniel v. Virgin Atl. Airways Ltd, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998)(holding that " damages for inconvenience do not fall within the rubric of 'emotional distress" because "time is money, after all, and the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel.");  Daniel, 59 F. Supp. at 994 (holding that "the amount of compensation for inconvenience would "vary dramatically depending on what the passenger was prevented from doing as a result of the flight delay")(also holding that in addition, in order to be recoverable, such "inconvenience" damages must truly encompass economic damages, and cannot simply be based upon the "discomfort, annoyance, and irritation" plaintiff experienced during the delay).

their monies, and was subjected to various actual, general, special, incidental and consequential damages in the sum to be ascertained at trial. [10]

38.     That, thereafter the above-named defendant FRONTIER AIRLINES was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation in violation of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation.

39.     That, at all times material hereto the above-named defendant engaged in pre – suit settlement negotiations, but failed to tender any compensation to the above-named plaintiffs, thereby rejecting plaintiff's pre-suit settlement demand.

40.     That due to defendant's failure to meaningfully effectuate pre-suit settlement, the above-named Plaintiffs are entitle to their reasonable attorneys fees pursuant to Article 22(6) of Montreal Convention, [11] incorporating so-called "settlement inducement provision" contained in Article 22(4) of Hague Protocol amendment, which

---

[10] *Cf.* Kupferman v. Pakistan International Airlines, 108 Misc. 2d 485, 438 N.Y.S.2d 189 (holding that the law has evolved a liberal rule of damages where a customer has been subjected to humiliating indifference and has been accorded treatment inferior to the class of treatment that he had bargained for).

[11] Montreal Convention preserved the so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments. To that extent settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments was codified in the Article 22(6) of the Montreal Convention, which states as follows:

> "The limits prescribed in Article 21 and in this Article shall not prevent the court
> from awarding, in accordance with its own law, in addition, the whole or part
> of the court costs and of the other expenses of the litigation incurred by the
> plaintiff, including interest. The foregoing provision shall not apply if the
> amount of the damages awarded, excluding court costs and other expenses
> of litigation, does not exceed the sum which the carrier has offered in writing to
> the plaintiff within a period of six months from the date of the occurrence
> causing the damage, or before the commencement of the action, if that is later."

as ratified by the U.S. Senate on July 31, 2002 constitute the supreme law of this land, thereby establishing procedure for award of attorney's fees in the matter *sub judice*. [12]

      **WHEREFORE** the above-named Plaintiff is hereby requesting this Court to award the final order of judgment in the sum of actual and general damages in the sum of $7,133.39 per plaintiff in aggregated sum of $20693.46; as well as an amount of special, incidental and consequential damages in the sum to be determined at trial; and reasonable amount of attorney's fees and costs pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, or pursuant to Article 22(6) of the Montreal Convention for failure to respond to written pre-suit settlement offer; and costs and disbursements of this action; and such other and further relief as the Court may deem just and proper.  .

COUNT TWO:

**<u>Cause of Action for Breach of International Transportation Contract: Breach of Self-Imposed Voluntarily Assumed Contractual Duty</u>**

      As a separate cause of action against the above-named Defendants, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs are alleging as follows:

    41.      That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting  §§ 1-6 of Jurisdiction Section, §§ 7-13 of Parties Section; §§ 14-40 of Count One of this entire Complaint as set forth fully herein and incorporates them by reference:

    42.      That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on October 25, 2014 of the above-named plaintiffs from the place of their domicile at Chicago, USA to Cancun, Mexico and than on November 1, 2014 coming back to Chicago, Illinois, USA.

---

[12]  http://www.gpo.gov/fdsys/pkg/CDOC-107tdoc14/html/CDOC-107tdoc14.htm

43.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

44.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

45.     That at all times material hereto the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay or cancellation of international airfare.

46.     That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

47.     That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Chicago, Cook County, Illinois, USA.

48.     That, at all times material hereto, on October 25, 2014 the above-named defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 12 hours of their departing Flight No.  8545.

49.     That, at all times material hereto, on October 25, 2014 the above-named defendant breached the above-referenced contract for international airfare carriage by

failing to render care to the above-named Plaintiffs while they have been subjected to delay of their departing flight No. 8544 for 12 hours.

50.    That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to compensate the above-named Plaintiffs for pecuniary damages caused by delay of departure of international flight No. 8544 on October 25, 2014.

51.    That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

52.    That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

53.    That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

54.    That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant on October 25, 2014, the above-named plaintiffs incurred actual, general, special, incidental and consequential damages in the sum to be determined at trial.

55.    That pursuant to <u>Wolens</u> doctrine the common law cause of action *ex contractu* against the above-named defendants is not preempted by the Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504). [13]

56**.**    That the common law cause of action for breach of contract of voluntary undertaking is not preempted by the Montreal Convention.[14]

**WHEREFORE,** both the above-named Plaintiffs are hereby respectfully pray that this Honorable Court shall award them an amount of actual and general damages in the sum of 4694 SDR or $6,897.82 per passenger in aggregated sum of $20,693.46; or in the sum  to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

**COUNT THREE:**
**Cause of Action for Breach of Settlement Agreement: Breach of Self- Imposed Voluntarily Assumed Contractual Duty**

As a separate cause of action against the above-named Defendants, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs are alleging as follows:

57.    That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting  §§ 1-6 of Jurisdiction Section, §§ 7-13 of Parties Section; §§ 14-40 of Count

---

[13] <u>American Airlines, Inc. v. Wolens,</u>115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).

[14] <u>Narkiewicz-Laine v. Scandinavian Airlines Sys</u>., 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008)(holding that "claims may be brought under the Montreal Convention or they may be brought 'in contract or in tort or otherwise' but such claims are subject to an affirmative defense based on the conditions and limits of liability set out in the Montreal Convention") (*quoting* Montreal Convention, art. 29); *accord* <u>Cosgrove-Goodman v. UAL Corp</u>., No. 10 CV 1908, 2010 WL 2197674, at *3 (N.D. Ill. June 2, 2010).

One; §§ 41-56 of Count Three of this entire Complaint at Law, as set forth fully herein and incorporates them by reference:

58.     That, at all times material hereto, the above-named parties entered into binding legal agreement of pre-suit settlement of plaintiff's claims asserted against the above-named defendant.

59.     That, at all times material hereto, the above-named defendant failed to tender agreed upon compensation to the above-named plaintiffs.

60.     That said failure of the above-named defendant to tender agreed upon settlement constitute material breach of the above-identified contract of voluntary undertaking.

61.     That the above-identified failure of the above-named defendant to tender agreed upon settlement to the above-named Plaintiffs constitute material breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

62.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

63.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant, the above-named plaintiffs incurred actual, general, special, incidental and consequential damages in the sum to be determined at trial.

64.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant, the above-named plaintiffs incurred additional attorneys fees and costs.

65.      That due to defendant's failure to meaningfully effectuate pre-suit settlement, the above-named Plaintiffs are entitle to their reasonable attorneys fees pursuant to Article 22(6) of Montreal Convention, incorporating so-called "settlement inducement provision" contained in Article 22(4) of Hague Protocol amendment.

66.     That the Hague Protocol as ratified by the U.S. Senate on July 31, 2002 constitute the supreme law of this land, thereby establishing procedure for award of attorney's fees in the matter *sub judice*. [15]

67.     That pursuant to the Wolens doctrine, as recently affirmed by Northwest, Inc. v. Rabbi S. Binyomin Ginsberg (2014 US __),  the common law cause of action *ex contractu* against the above-named defendant is not preempted by the Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504). [16]

68.     That pursuant to binding legal authority of the Sampo[17] and  Narkiewicz-Laine doctrines, the common law cause of action for breach of contract of voluntary undertaking is not preempted by the Montreal Convention.[18]

**WHEREFORE,** both the above-named Plaintiffs are hereby respectfully requesting this Court to award them the final order of judgment in the sum of $6,897.82 per passenger in aggregated sum of $20,693.46; or in the sum  to be proven at trial; as well

---

[15]  http://www.gpo.gov/fdsys/pkg/CDOC-107tdoc14/html/CDOC-107tdoc14.htm

[16] Wolens,115 S.Ct. at 817, 513 U.S. at 219, 130 L.Ed.2d at 715.

[17] Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., 522 F.3d 776, 780 (7th Cir. 2008).

[18] Narkiewicz-Laine., 587 F. Supp. 2d 888, 890

as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees pursuant to Art 22(4) of the Hague Protocol; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

**WHEREFORE,** the above-named Plaintiffs are hereby respectfully requesting this Court to award them the final order of judgment in the sum of to be determined at trial against the above-named defendant, FRONTIER AIRLINES, jointly and severally, for all the above-stated causes of action as follows:

1.  Pursuant to Art. 19 and 22(1) of the Montreal Convention, an amount of statutory damages in the sum of 4694 SDR[19] (Special Drawing Rights) or in the sum of $6,897.82 per passenger, in aggregated sum of $20,693.46 [20] for four passengers to be awarded pursuant to an Article 22(1), or in the sum to be determined at trial

3.  Alternatively, the sums of actual, general, special, statutory, incidental and consequential damages in the sum to be proven at trial, together with the costs of suit, including reasonable attorney fees, sustained by reason of defendants' breach of international air transportation contract, as well as delay in international transportation and negligent performance of contractual duties.

4.  Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance with "settlement

---

[19] http://coinmill.com/SDR_USD.html#SDR=4694
[20] On June 30, 2009, ICAO adjusted the liability limits set forth in Articles 21 and 22 of the Montreal Convention due to inflation. Accordingly, effective December 30, 2009, the liability limit set forth in Article 22(2) was increased from 4150 SDRs to 4694 SDR. *See* U.S. Department of Transportation, *Inflation Adjustments to Liability Limits Governed by the Montreal Convention Effective December 30, 2009*, 74 F.R. 59017-18 (Nov. 16, 2009).

inducement provision" contained in Article 22(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention for defendant's failure to respond to written notice of claim and to pre-suit settlement demand; and

5.      Award of attorneys fees pursuant to Art 22(4) of the Hague Protocol; and or

6.      Award of costs and disbursements of this action pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, and

7.      Plaintiffs are also respectfully moving this Court for scheduling of evidentiary hearing on the issue of award of attorneys fees and costs upon entry of order of judgment pursuant to Rule 54 (d)(1) and (2) of Federal Rules of Civil Procedure; and

8.      Such other and further relief as the Court may deem just and proper.

PLEASE TAKE NOTICE that the above-named Plaintiffs are hereby respectfully requesting the trial by jury on all counts asserted herein.

PLEASE TAKE NOTICE that the undersigned attorney is hereby nominated as lead trial counsel in the above-captioned matter.

Dated this Complaint-at-Law on this 16th day of April 2015.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, L.L.C.
Attorneys for Plaintiffs


BY: *Vladimir M. Gorokhovsky, Esq.*
/s/ VLADIMIR M. GOROKHOVSKY, LL.M.
WIS. SBN: 1036040

**<u>P.O. Business Address</u>:**

Gorokhovsky Law Office, LLC

10919 North Hedgewood Ln.,

Mequon, WI 53092

Telephone: (414)-581-1582

<u>gorlawoffice@yahoo.com</u>

CERTIFICATE OF SERVICE:

I hereby certify that on April 17, 2015, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

BY:    *Vladimir Gorokhovsky, Esq.*

_____

/s/ VLADIMIR GOROKHOVSKY