IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE ADLER; ILYA TARKOV and RIMMA TARKOV; IRYNA KRUTSIK, on her own behalf and on behalf of her minor children, NELYA KRYSHCHUK and OLEKSANDR KRYSHCHUK, on behalf of themselves and all other similarly situated passengers of proposed class,<br><br>                Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES<br><br>                Defendant. | Case No.: 1:15-cv-03430 |

**FRONTIER AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT FOR PLAINTIFFS' FAILURE TO EFFECTUATE SERVICE**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), erroneously named as Frontier Airlines, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(4), insufficient process, and Rule 12(b)(5), insufficient service of process, respectfully requests that this Court dismiss Plaintiffs' Third Amended Complaint. In support of its motion, Frontier states as follows:

      1.      On November 4, 2014, counsel for Iryna Krutsik, on her own behalf and on behalf of her minor children Nelya Kryshchuk and Oleksandr Kryshchuk ("Krutsik Plaintiffs"), served a letter on Frontier notifying it that Krutsik Plaintiffs were asserting claims against Frontier, pursuant to Article 19 of the Montreal Convention, related to a delay of Frontier flight 8544, Chicago, Illinois to Cancun, Mexico on October 25, 2014.

1

2. On February 10, 2015, Frontier settled the claims asserted by Krutsik Plaintiffs.

3. Inexplicably, on April 17, 2015, Krutsik Plaintiffs filed a Complaint against Frontier based on the claims that were settled on February 10, 2015. (*See* Doc. # 1) Plaintiffs never served the Complaint on Frontier.

4. On May 9, 2015, Krutsik Plaintiffs filed a First Amended Complaint. (See Doc. # 4) The First Amended Complaint added Plaintiffs Sofiya Tuchinsky, Helen Kolodizner, Alisa Kolodizner, Mark Kolodizner and Joshua Kolodizner, related to a delay of Frontier flight 40, Chicago, Illinois to Punta Cana, Dominican Republic on April 13, 2014 ("Kolodizner Plaintiffs").[1] The First Amended Complaint also added Plaintiffs Mikhail and Marina Krasnopolskiy, related to a delay of Frontier flight 41, Punta Cana, Dominican Republic to Chicago, Illinois on March 8, 2015 ("Krasnopolskiy Plaintiffs"). Frontier was removed as a defendant, and Indigo Partners, LLC d/b/a Frontier Airlines ("Indigo") was named as the sole defendant. Plaintiffs never served the First Amended Complaint on Indigo.

5. On June 23, 2015, Frontier settled the claims brought by Krasnopolskiy Plaintiffs and Kolodizner Plaintiffs.

6. On July 25, 2015, Krutsik Plaintiffs filed a Second Amended Complaint. (*See* Doc. # 6) The Second Amended Complaint removed the Krasnopolskiy Plaintiffs and Kolodizner Plaintiffs, but added Plaintiffs Ilya and Rimma Tarkov, related to Frontier flight 41, Punta Cana, Dominican Republic to Chicago, Illinois on March 28, 2015 ("Tarkov Plaintiffs). Indigo remained the sole defendant.

---

[1] Frontier notes that the First, Second and Third Amended Complaints include parties whose claims do not arise out of the same transaction or occurrence. Frontier reserves its right to raise the issue of improper joinder at the appropriate time.

7. On November 13, 2015, Krutsik Plaintiffs and Tarkov Plaintiffs served on Frontier, at its headquarters in Denver, Colorado, an alias summons and a copy of the Second Amended Complaint. (*See* Alias Summons and Second Amended Complaint, attached as Ex. A*)* The alias summons named Frontier, a non-defendant, instead of naming the sole defendant in the case, Indigo. Counsel for Frontier notified counsel for Plaintiffs of this error, and other procedural issues, and requested that the Second Amended Complaint be voluntarily dismissed.

8. On December 2, 2015, Krutsik and Tarkov Plaintiffs filed a Third Amended Complaint, adding Plaintiffs Alyona and Leonid Adler, on their own behalf and on behalf of minor child Nicole Adler, related to Frontier flight 41, Punta Cana, Dominican Republic to Chicago, Illinois on October 24, 2015 ("Adler Plaintiffs"). (*See* Third Amended Complaint, attached as Ex. B*)* Indigo was removed as a defendant, and Frontier was named as the sole defendant. Plaintiffs never served the Third Amended Complaint on Frontier.

9. Frontier is a commercial air carrier incorporated and headquartered in the state of Colorado. Indigo is a Phoenix, Arizona based private equity firm, which provides management services to Frontier.

10. A plaintiff must satisfy the procedural requirement of service of summons and a copy of the complaint before a federal court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 (1987). A defendant may seek to dismiss the complaint on the basis that service has not been properly made. *Playboy Enters. Int'l, Inc. v. Smartitan (Singapore) Pte. Ltd*., 804 F. Supp. 2d 730, 738 (N.D. Ill. 2011).

11. Rules 12(b)(4) and 12(b)(5) provide for dismissal based on insufficient process. *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 928 (N.D. Ill. 2009). A 12(b)(5) motion tests the sufficiency of service of process, while Rule 12(b)(4) is concerned with the form of the

summons. *Id.* When a defendant challenges the sufficiency of service, the burden is on the plaintiff to affirmatively demonstrate otherwise. *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 453 (7th Cir. 2000).

12. Rule 4(a) of the Federal Rules of Civil Procedure describes the necessary contents of a summons. *See* Fed. R. Civ. P. 4(a)(1). Among other things, a summons "must: (A) name . . . the parties" and "(B) be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A),(B). Rule 4(b) concerns the issuance of a summons. "A summons … must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). Federal Rule 4(c) requires that a proper summons and a copy of the complaint be served on the named defendant. Fed. R. Civ. P. 4(c).

13. A motion to dismiss challenging the adequacy of process and service of process must allege facts showing the plaintiff failed to comply with the requirements of Fed.R.Civ.P. 4. *Bilal v. Rotec Indus.*, 2004 U.S. Dist. LEXIS 15488, *4 (N.D. Ill. 2004). Once this issue is raised, the plaintiff must make a *prima facia* showing of proper service. *Id.* at *3.

14. If the court finds insufficient service, it must next determine whether the plaintiff has shown good cause for its failure to sufficiently serve a defendant. *See* Fed. R. Civ. P. 4(m). To show good cause, a plaintiff must provide a "valid reason" for delay. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Valid reason has been found to exist where a delay was outside the plaintiff's control. *See, e.g., id.* (valid reason exists where a defendant evades service); *Graham v. Satkoski*, 51 F.3d 710, 712-13 (7th Cir. 1995) (delay attributable to the Marshals Service constitutes good cause); *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F.App'x 543, 547-48 (7th Cir. 2014) (delay attributable to a court's screening of a prisoner's complaint constituted good cause). A plaintiff also must show "reasonable diligence" in

attempting to serve the defendant. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (*citing Tso v. Delaney*, 969 F.2d 373, 377 (7th Cir. 1992)).

15. Where a plaintiff does not show good cause for its failure to sufficiently serve a defendant, a court may dismiss the suit. *Moore v. Salinas*, 2015 U.S. Dist. LEXIS 19496, *3 (N.D. Ill. 2015).

16. Here, the Krutsik Plaintiffs and Tarkov Plaintiffs served on Frontier, a non-party at the time, a summons that named only Frontier, along with a copy of the Second Amended Complaint, which was directed against Indigo only. The summons was not proper under Federal Rules 4(a) and (b) because it failed to name the sole defendant in the case, Indigo. Additionally, Indigo was never served with a summons or a copy of the Second Amended Complaint as required by Federal Rule 4(c).

17. Plaintiffs recently filed a Third Amended Complaint, removing Indigo and adding Frontier as the sole defendant. The Krutsik Plaintiffs and Tarkov Plaintiffs, however, have not served on Frontier a valid summons or a copy of the Third Amended Complaint.

18. Pursuant to Fed.R.Civ.P. 12(b)(4) and 12(b)(5), the Third Amended Complaint should be dismissed because Plaintiffs have failed to effectuate service under Rule 4, and Plaintiffs cannot show good cause for their failure to sufficiently serve Frontier. *See Moore*, 2015 U.S. Dist. LEXIS 19496, *3.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC. prays that this Honorable Court enter an order dismissing Plaintiffs' Third Amended Complaint pursuant to Federal Rules of Civil Procedure 4 and 12, and for such further relief as this Court deems just and proper.

Dated: December 3, 2015　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Brian T. Maye

　　　　　　　　　　　　　　　　　　　　Brian T. Maye
　　　　　　　　　　　　　　　　　　　　Adler Murphy & McQuillen LLP
　　　　　　　　　　　　　　　　　　　　20 S. Clark Street, Suite 2500
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　Telephone: (312) 422-5713
　　　　　　　　　　　　　　　　　　　　bmaye@amm-law.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Frontier Airlines, Inc.

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on December 3, 2015, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye