## IN THE UNITED STATES FEDERAL COURT
## OF NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ALYONA ADLER,** | } | Case No. <u>**2015-CV-3430**</u> |
| **LEONID ADLER** | } | |
| **On their own behalf and on behalf of** | } | |
| **Child NICOLE ADLER,** | } | |
| **ILYA TARKOV** | } | |
| **RIMMA TARKOV** | } | |
| **IRYNA KRUTSIK** | } | |
| **on their own behalf and on behalf** | } | |
| **of her minor children** | } | |
| **NELYA KRYSHCHUK and** | } | |
| **OLEKSANDR KRYSHCHUK** | } | |
| **on behalf of themselves and all others** | } | |
| **similarly situated passengers of** | } | |
| **proposed Class** | } | |
| **Plaintiffs,** | } | |
| | } | |
| **vs.** | } | |
| | } | |
| **FRONTIER AIRLINES** | } | |
| **7001 TOWER ROAD, Denver** | } | |
| **Colorado 80249** | } | |
| **a foreign corporation** | } | |
| **Defendant.** | } | |
| | } | **JURY DEMAND ON ALL COUNTS** |

_____

### THIRD AMENDED COMPLAINT AT LAW
_____

   **NOW COMES** the above-named Plaintiffs, ALYONA ADLER, LEONID

ADLER on her own behalf and on behalf of her minor child NICOLE ADLER; as well as

the above-named Plaintiffs ILYA TARKOV, RIMMA TARKOV; as well as SOPHIA

RUDA and IRYNA KRUTSIK on her own behalf and on behalf of her minor children,

NELYA KRYSHCHUK and OLEKSANDR KRYSHCHUK, individually and on behalf

of all other similarly situated members of proposed Classes of passengers**,** by their

counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices

LLC, and as their THIRD AMENDED CLASS ACTION COMPLAINT AT LAW

EXHIBIT B

pursuant to the Articles 19 and 22(6) of the Montreal Convention for the Unification of

Certain Rules for International Carriage by Air, May 28, 1999 for actual, general,

punitive, statutory, incidental and consequential damages for violation of the Article 19

of said Montreal Convention for the Unification of Certain Rules for International

Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal

Convention), *reprinted in* S. Treaty Doc. No. 106-45;  49 U.S.C.A.App. § 1502 (49

USCA § 40105, *et. seq.*), against the above-named defendant, FRONTIER AIRLINES,

jointly and severally, alleges as follows:

## I. NATURE OF THIS ACTION:

1.      That this civil action arises under the Treaty of the United States known as

the Convention for the Unification of Certain Rules Relating to International

Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw

Convention"), 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in note

following 49 U.S.C. § 1502 (1976) or in alternative under Article 19 of Montreal

Convention for the Unification of Certain Rules for International Carriage by Air, May

28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S.

Treaty Doc. No. 106-45, which is the supreme law of this land.[1]

2.      That at all times material hereto the above-named Plaintiffs purchased

international airfare transportation form and to Chicago and to and from Cancun Mexico

and to and from PuntaCana, Dominican Republic.

---

[1] http://www.state.gov/e/eb/rls/othr/ata/114157.htm

3.      That the United States, Dominican Republic and Mexico are signatories to the Montreal Convention.[2]

4.      That by procuring this international airfare from the place of their residence at: their places of residence located within Cook County, Illinois the above-named Plaintiffs entered into binding legal contract with all the above-named defendants for international transportation by air from the place of their domicile at Chicago, Illinois to Cancun, Mexico, and PuntaCana, Dominican Republic.

5.      That at all times material hereto the above-named Plaintiffs were scheduled to fly from and to Chicago to and from Cancun, Mexico and or Punta Cana, Dominican Republic.

6.      That at all times material hereto plaintiff's flights were delayed for more than three hours or were canceled.

7.      That at all times material hereto the above-identified flights were delayed on departure from Chicago for approximately 12 to 24 hours.

8.      That at all times material hereto for entire duration of 12 to 24 hours the above-named Plaintiffs were confined at departure area operated by Frontier Airline without access to food, refreshments and lavatories.

9.      That upon information and believe such delay on departure of defendant's flights at all times material hereto were caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

---

[2] http://legacy.icao.int/icao/en/leb/mtl99.pdf

10.     That while being estranged at various airports the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

11.     That at all times material hereto while being estranged at various airports the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing flights operated by the above-named defendants.

12.     That subsequently, more than 12 to 24  hours later the above-named Plaintiffs arrived to their destination being more than 12 to 24 hours late of their preplanned arrival and missed entire half - day and entire evening of their pre-planned and pre-paid vacation.

13.     That consequently the Plaintiffs also lost their unique sight-seeing reservations and pre-paid sight-seeing excursions.

14.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flights operated by the above-named defendants is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45;  49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq*.).

15.     That as a direct and proximate cause of said delayed departure of international air flights operated by the above-named defendant, the above-named Plaintiffs incurred similar actual out-of-pocket economic expenses in approximate sum in the sum to be proven at trial.

16.     That, at all times material hereto, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 12 hours the above-named Plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages, including but not limited to per diem expenses, in the sum to be proven at trial.

17.     That as a direct and proximate cause of delayed departure of flights operated by the above-named defendants, the above-named Plaintiffs were needlessly subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical discomfort, physical exhaustion, financial injury of loss of time and loss of benefit of their bargain; as well physical anxiety, physical frustration, uncertainty, loss of use of money and other legally cognizable economic damages, losses and injuries.

18.     That as a direct and proximate cause of delayed departure of international air flights operated by the above-named defendants, the above-named Plaintiffs were subjected to additional lodging and Per Diem expenses, spoliation of their memorable trip, physical inconvenience, financial injury, physical discomfort, financial injury of loss of time with nexus to loss of use of their monies and benefit of bargain, and was subjected to various compensable economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

19.     That, at all times material hereto, the above-named defendant was recklessly indifferent to travel-related needs of the above-named plaintiffs and to its own voluntarily assumed contractual obligations.

20.     That, upon information and believe, delay of the above-referenced defendant's flights were not caused by extraordinary circumstances, which could not have been avoided in due exercise of due diligence and pertinent legal standard of care owed to the plaintiffs by the above-named defendant.

21.     That, upon information and believe, the above-named defendant did not pursue all meaningful actions required to avoid or mitigate impact of extraordinary circumstances. Cf., Ronald Huzar v. Jer2.com Limited, [2014] EWCA Civ. 791, Case No. Case No: B2/2013/3277/CCRTF (Royal Courts of Justice, London, England, 11 June 2014)(holding that technical problems, which may be unforeseeable, but are ultimately caused by an event inherent in the running of an aircraft, and cannot therefore be considered to be an extraordinary circumstance). [3]

22.     That the term "extraordinary circumstances" as evolved under the Montreal Convention jurisprudence is very limited and applies only in certain circumstances where the airline can prove the cancellation or delay was caused by political instability, meteorological conditions incompatible with the operation of the flight concerned, security risks, unexpected flight safety shortcomings and strikes that affect the operation of an operating aircraft." [4]

---

[3] http://www.bailii.org/cgi-bin/markup.cgi?doc=/ew/cases/EWCA/Civ/2014/791.html&query=huzar+and+jet2&method=boolean

[4] Wallentin-Hermann v. Alitalia, European Court of Justice, Case No C-549/07, Judgment of December 22, 2008, ¶22 (emphasis added).

23.     That "extraordinary circumstances" do *not* include technical or mechanical problems except in the rare instances where the airline can prove those problems are due to hidden, inherent manufacturing defects or aircraft damage caused by sabotage. [5]

24.     That therefore the above-named plaintiffs are now seeking, among other relief, to recover actual, general and special damages in aggregate sum of $41,386.92; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the above-named defendant for delay in international air transportation as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

25.     That, additionally, pursuant to the Article 22(5) of the Montreal Convention, the above-named Plaintiffs are also asserting claim for compensatory, additional, general, special, incidental and consequential damages in the excess of the above-referenced cap on damages imposed by the Article 22(1) of the Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from defendant on the theory of "reckless indifference" of defendant's employees while acting in the scope of their employment and for benefit of their employer.

---

[5] *Id.* at ¶26 (mechanical problems may constitute extraordinary circumstances only when "it was revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to aircraft caused by acts of sabotage); *see also* Sturgeon v. Condor Flugdienst GmbH, European Court of Justice, Case No. C-402/7, Judgment of November 19, 2009 (reiterating that technical problems are not extraordinary circumstances in context of "technical faults on the plane and illness among the crew").

26.      That in accordance with Article 19 of the Montreal Convention and or Article 21 of the Warsaw Convention, the above-identified defendant is liable for damages caused by delay and or cancellation of international air carriage of passengers. [6]

27.      That accordingly the above-named Plaintiffs, on their own behalf and on behalf of all similarly situated members of Class of Passengers of canceled air flight are bringing this action for compensation of damages caused by delay and or cancellation of international airfare flight.

## II. JURISDICTION AND VENUE:

28.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-27 of preceding section of this entire Third Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

29.      That the court's subject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337 and doctrine of pendent jurisdiction.

30.      That, additionally the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45.[7]

---

[6] El Al Isr. Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 176 (1999)(holding that the United States is a party to the Montreal Convention, which governs the international air carriage of passengers, baggage,  and cargo. The Convention provides an airline passenger's exclusive remedy; a passenger may not maintain "an action for personal injury damages under local law when her claim does not satisfy the conditions for liability under the Convention."

[7] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.

31.     That Art. 19 of the Montreal Convention sets forth the private cause of action for money damages caused by delay or cancellation of international airfare transportation against the above-named defendant.[8]

32.     That the United States is signatory to Warsaw Convention of 1929 and Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) *reprinted in* S. Treaty Doc. No. 106-45, since 05-28-1999.[9]

33.     That Mexico is a signatory to the Montreal Convention of 1999.

34.     That this class action also arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, as well as the Class Action Fairness Act, 28 U.S.C. § 1332(d); as well as under the doctrine of pending jurisdiction.

35.     That the court's jurisdiction is also invoked under Article 28 of the Warsaw Convention, as amended by Art 33 of the Montreal Convention, and the doctrine of pendent jurisdiction.

36.     That the matter in controversy, exclusive of interest and costs, far exceeds the sum or value of $2,069.346 and is a class action in which some of the members of the Class of plaintiffs, whose number exceeds 100, are citizens of states different from the above-named defendant.

37.     That further, greater than two-thirds of the class members reside in states other than the states in which Defendants are a citizen.

---

[8] See, Article 19 of the Montreal Convention, The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

[9] http://legacy.icao.int/icao/en/leb/mtl99.pdf

38.      That venue is proper in this Court under 28 U.S.C. § 1391 because all the above and below alleged actions of defendant took place, in whole or in part, within O'Hare International Airport located within this District.

39.       That the above-named defendant FRONTIER AIRLINES is doing business and are soliciting airline passengers by selling airfare tickets and are conducting its business of air transportation[10] within the State of Illinois.[11]

40.       That the above-named airline is domiciled at the State of Illinois and / or are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

41.      That the above-named Plaintiffs, on their own behalf and on behalf of all Class Members, is seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,897.82 per passenger in aggregated sum to be determined at trail; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the above-named defendant, jointly and severally, for delay and or cancellation of international air flights in a course of international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

42.      That, upon information and believe, the matter in controversy exceeds $2,069.346.00 exclusive of interest and costs, in that the above-named plaintiff is alleging

---

[10] *Cf.* Sachs v. Republic of Austria, No 11-15458 (9tth Cir., December 6, 2013)(a foreign-state owned common carrier engages in commercial activity in the United States, and thus is not immune from suit under the Foreign Sovereign Immunities Act, when it sells tickets in the United States through a travel agent, regardless of whether the travel agent is a direct agent or subagent of the common carrier).
[11] http://cdn.ca9.uscourts.gov/datastore/opinions/2013/12/09/11-15458%20web%20 corrected.pdf

actual damages in the sum of $6,897.82 per passenger and member of purported Class, as well as compensatory, actual, general, special, incidental and consequential damages in the sum not yet certain but to be ascertained and proven at trial.

43.     That, additionally, pursuant to Article 22(5) of Montreal Convention, the above-named Plaintiff on her own behalf and on behalf of all other Class Members is also asserting claim for compensatory, additional, general, special, incidental and consequential damages in the excess of the above-referenced cap on damages imposed by Warsaw Convention and or by Article 22(1) of Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from all the above-named defendants, jointly and severally, on the theory of "reckless indifference" by the above-named defendants to plaintiff's travel-related ordeal allegedly perpetrated by certain employees of the above-named defendants while acting in the scope of their employment and for benefit of their employer.

44.     That additionally this Court has jurisdiction over this class action matter pursuant to 28 U.S.C. § 1337 as well as the Class Action Fairness Act, 28 U.S.C. § 1332 (d), in that:

(a)    This is a class action involving 100 or more class members; and

(b)    Plaintiffs, permanent residents of Illinois, are diverse in citizenship to defendant United Airlines, which are incorporated in the State of Delaware, USA.

45.     This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

(a)    The Class is so numerous that joinder of all members is impractical;

(b)     There are substantial questions of law and fact common to the Class including those set forth in greater particularity below;

(c)     This case is properly maintainable as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

    i.      Questions of law and fact enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

    ii.     A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

    iii.    The relief sought in this class action will effectively and efficiently provide relief to all members of the class; and

    iv.     There are no unusual difficulties foreseen in the management of this class action.

46.     That this Court has personal jurisdiction over the above-named defendant, Frontier Airlines, who is maintaining at least minimum contacts with the State of Illinois through a conduct of air transportation business within State of Illinois and by otherwise availing themselves of Illinois' markets through their air travel operations, offices, logistical services, sales, and marketing efforts.

47.     That as to their individual claims the above-named plaintiffs are seeking, among other relief, to recover their actual, general and special damages in aggregate sum exceeding $6,897.82 per passenger; as well as their incidental and consequential damages (in the sum not yet certain but to be proven at trial) from all the above-named defendants, jointly and severally, for delay in international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

III.  PARTIES:

48.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-47 of preceding sections of this entire Second Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

49.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-6 of Jurisdiction Section as set forth fully herein and incorporates them by reference:

50.      That at all times material hereto the above-named Plaintiff, SOFIIA RUDA was competent adult, residing at: 56 North Dee Road, Park Ridge, Illinois 60068.

51.      That at all times material hereto the above-named Plaintiff, IRYNA KRUTSIK was competent adult, residing at: 56 North Dee Road, Park Ridge, Illinois 60068 residing together with the above-named minor Plaintiffs, NELYA KRYSHCHUK and OLEKSANDR KRYSHCHUK

52.      That at all times material hereto the above-named Plaintiffs, ALYONA ADLER and LEONID ADLER were adult competent citizens of the USA residing at: 307 Greenbrier Ln., Vernon Hills,IL,60061 together with their minor child NICOLE ADLER.

53.      That at all times material hereto the above-named Plaintiff, ILYA TARKOV was an adult competent resident of the State of Illinois, residing at: 421 Swan Blvd., Deerfield, Il 60015.

54.      That at all times material hereto the above-named Plaintiff, RIMMA TARKOV was an adult competent resident of the State of Illinois, residing at: 421 Swan Blvd., Deerfield, Il 60015.

55.     That the above-named Defendant, FRONTIER AIRLINES is believed to be domestic U.S. air transportation carrier with principal place of business at: 7001 TOWER ROAD, Denver, Colorado 80249.

56.     That all the above-named defendants are residents of the countries signatories to the Montreal Convention.[12]

57.     That the above-named defendant is domiciliary of the country – signatory to the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45.

58.     That the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, and pursuant to 28 U.S.C. § 1337.

59.     That the above-named defendant FRONTIER AIRLINES INC is doing business within the jurisdiction of the United States District Court for Northern District of  Illinois.

---

[12] "The decision to ratify the Montreal Convention, which introduces a modernized and uniform legal framework governing airline companies' liability in the event of damage caused to passengers, baggage or goods during international journeys, codified by Council Decision 2001/539/EC of 5 April 2001 on the conclusion by the European Community of the Convention for the Unification of Certain Rules for International Carriage by Air" (the Montreal Convention) [Official Journal L 194 of 18.07.2001]; *see* http://europa.eu/legislation_summaries/transport/air_transport/l24255_en.htm

60.     That the United States is a signatory to the Warsaw Convention of 1929 and the Montreal Convention of 1999.

61.     That Dominican Republic is a signatory to the Warsaw Convention of 1929 and the Montreal Convention of 1999.

62.     That Mexico is a signatory to the Warsaw Convention of 1929 and the Montreal Convention of 1999.

63.     That the matter in controversy exceeds $2069346 exclusive of interest and costs, in that the above-named plaintiffs are alleging actual damages to the class of passengers of canceled flights operated by the above-named defendant; as well as their similar damages in the sum not yet certain but to be ascertained and proven at trial.

64.     That the above-cited federal treaties provide for the private cause of action against the above-named defendant.

IV. **STATEMENT OF CLAIM AND PLAINTIFF'S FACTUAL ALLEGATIONS AS TO RELEVANT TO INDIVIDUAL AND CLASS ACTION CLAIMS.**:

65.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-64 of preceding sections of this entire Third Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

66.     That at all times material hereto the above-named Plaintiffs purchased airfare transportation from and to Chicago from and to Cancun, Mexico and Punta Cana, Dominican Republic.

67.     That the United States is a signatory to the Montreal Convention.[13]

68.     That the Dominican Republic is a signatory to the Montreal Convention.

---

[13] http://legacy.icao.int/icao/en/leb/mtl99.pdf

69.     That Mexico is a signatory to the Montreal Convention.[14]

70.     That by procuring this international airfare from the place of their residences at Cook County, Illinois the above-named Plaintiffs entered into binding legal contract with all the above-named defendant for international transportation by airfare transportation.

71.     That at all times material hereto various flights operated by the above-named defendant were delayed or canceled.

72.     That at all times material hereto airfare purchased by the above-named plaintiffs were delayed for more than 24 hours.

73.     That at all times material hereto the above-named Plaintiffs were confined at departure area of various airports by Frontier Airline without access to food, refreshments and lavatories.

74.     That upon information and believe such delays or cancellations of the above-identified flights  were caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

75.     That at all times material hereto the above-named defendant did not pursue all reasonable measure to avoid ramifications of the above-identified delays or cancellations.

76.     That at all times material hereto the above-named defendant did not pursue all reasonable measure to avoid ramifications of the above-identified delays or

---

[14] http://legacy.icao.int/icao/en/leb/mtl99.pdf

cancellations which could not have been avoided even if all reasonable measures had been taken.

77.     That while being estranged at various airports the above-named Plaintiffs were not provided with any care by the above-named defendant.

78.     That while being estranged at various airports the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of their the above-identified departing flights.

79.     That at all times material hereto the above-named Plaintiffs arrived to their international destinations more than 12 hours late of their preplanned arrival and missed one day of their pre-planned and pre-paid vacation.

80.     That at all times material hereto the Plaintiffs also lost their unique sight-seeing reservations and pre-paid sight-seeing excursions.

81.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flights is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq*.).

82.     That as a direct and proximate cause of said delayed and or cancelled departures of the above-identified international airfare flights, the above-named plaintiffs

incurred substantially similar actual out-of-pocket expenses in the sum to be proven at trial.

83.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delays and or cancellations of the above-identified international airfare flights in excess of 12 hours the above-named Plaintiffs incurred actual, general, special, incidental and consequential damages including but not limited to per diem expenses in the sum to be proven at trial.

84.     That as a direct and proximate cause of delayed and or cancelled departures of the above-identified airfare flights, the above-named Plaintiffs were needlessly subjected to similar actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical discomfort, exhaustion, loss of time, delay, anxiety, frustration, uncertainty, loss of use of money and other legally cognizable damages, losses and injuries. [15]

85.     That, at all times material hereto, subsequently upon plaintiff's late arrival to their international destinations the above-named Plaintiffs submitted to local

---

[15] *Cf.* Lopez v. Eastern Airlines, Inc., 677 F.Supp.181 (holding that inconvenience, delay and uncertainty are compensable injuries even in absence of out-of pocket costs) *also see* Ben Daniel v. Virgin Atlantic Airways, 59 F.Supp.2d 986 (N.D. Cal. 1998)(holding that passengers' inconvenience is legally cognizable harm under Articles 17 and 19 of Warsaw Convention) *also see* Warsaw Convention, Art. 17, 19; 49 U.S.C.A. § 40105 *and* 14 C.F.R. §§ 250.4-250.6 *also see* Charas v. Trans World Airlines, Inc. 160 F.3d 1259, C.A.9 (Cal.),1998 (holding that Airline Deregulation Act (ADA) does not preempt passengers' breach of contract claims) *see also* American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).

office of the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of the Montreal Convention.

86.    That due to failure to meaningfully answer pre-suit settlement demand on the part of all the above-named defendants, both the above-named plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of Montreal Convention.

87**.**    That, upon information and believe, the above-named passengers of the above-referenced delayed and or cancelled international airfare flights submitted to the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of Montreal Convention.

88.    That upon information and believe, such pre-suit claims and demand for settlement were rejected or were ignored or were not meaningfully considered by the above-named defendant.

89.    That due to failure to answer pre-suit settlement claims on the part of all the above-named defendant, the above-named plaintiffs are entitled to reasonable attorneys fees pursuant to Article 22(6) of Montreal Convention, [16] incorporating so-called "settlement inducement provision" contained in Article 22(4) of Hague Protocol amendments. Id.

---

[16] Montreal Convention preserved the so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments. To that extent settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments was codified in the Article 22(6) of the Montreal Convention, which states as follows:

"The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law [16], in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

90.        That Hague Protocol as ratified by the U.S. Senate on July 31, 2002 is supreme law of this land, thereby establishing procedure for award of attorneys fees in the matter *sub judice*. [17]

### IV.     GOVERNING LAW:

91.        That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-90 of preceding sections of this entire Third Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

**A.     Warsaw Convention as amended by Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999**:

92.        That the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Signed at Warsaw on 12 October 1929 known as Warsaw Convention of 1929, and  the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, are the supreme laws of this land, governing liabilities of an airlines for damages caused to its passengers by delays and cancellations of international airfare contracts of carriages.

93.        That Warsaw Convention regime of strict liability of an airlines for damages caused to its passengers was amended on November 4, 2003, whereby the Unites States Senate ratified the new legal regime known officially as the Montreal Convention or "Convention for the Unification of Certain Rules for International

---

[17]  http://www.gpo.gov/fdsys/pkg/CDOC-107tdoc14/html/CDOC-107tdoc14.htm

Carriage by Air, May 28, 1999,"[18] and is governing the filed of international airfare

transportation since its adoption by the United States Senate on November 4, 2003.[19]

See, generally, <u>Multilateral Convention for International Carriage by Air, Montreal May</u>

<u>28, 1999</u>., S. Treaty Doc. No. 106-45, reprinted in1999 WL 33292734 (2000). [20]

     94.     That nowadays the Montreal Convention is an international treaty,

exclusively governing the rights and liabilities of passengers and carriers in international

air transportation, providing remedy for claims arising out of the carriage of international

passengers by air. [21]

     95.     That the Montreal Convention [22] unified the law that had developed

under the older Warsaw Convention [23] and superseded the Warsaw Convention.

---

[18] Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. 9740, reprinted in S. TREATY DOC. NO. 106-45, 1999 WL 33292734 (2000)

[19] <u>Ehrlich v. American Airlines, Inc.</u>, 360 F.3d 366, C.A.2 (N.Y.), 2004 (holding that the Montreal Convention is not an amendment to the Warsaw Convention, rather, the Montreal Convention is an entirely new treaty that unifies and replaces the system of liability that derives from the Warsaw Convention)(also holding that upon entry into force, the Montreal Convention will take precedence over the Warsaw Convention and any of its amendments and related instruments, and as a practical matter will supersede the private inter-carrier agreements, when the State or States relevant in a particular accident are party to the new Convention)

[20] *See* <u>Press Statement, United States Department of State, Ratification of the 1999 Montreal Convention</u> (Sept. 5, 2003), *available at http://www.state.gov/r/pa/prs/ps/2003/ 23851pf.htm;* Press Release, United States Department of Transportation, United States Ratifies 1999 Montreal Convention, Putting Treaty Into Effect (Sept. 5, 2003), *available at http://www.dot.gov/ affairs/dot10303.htm.*

[21] *See*, <u>Montreal Convention Art. 29</u>; *also see* <u>El Al Israel Airlines, Ltd. v. Tseng</u>, 525 U.S. 155, 162, 174-75 (1999); <u>Booker v. BWIA West Indies Airways</u>, 2007 WL 1351927 at *2 (E.D.N.Y. May 08, 2007), aff'd, 307 Fed. Appx. 491 (2d Cir. Jan. 13, 2009) (construing Montreal Convention).

[22] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.

96.     That the Montreal Convention is the product of a United Nations effort to reform the Warsaw Convention so as to harmonize the hodgepodge of supplementary amendments and inter-carrier agreements of which the Warsaw Convention system of liability consists.[24]

97.     That the Montreal Convention is not an amendment to the Warsaw Convention, but rather takes precedence over the Warsaw Convention and any of its amendments and related instruments. [25]

98.     That the Montreal Convention unifies and replaces the system of liability that derives from the Warsaw Convention, explicitly recognizing the importance of ensuring protection of the interests of consumers in international carriage by air and the need for equitable compensation based on the principle of restitution.[26]

99.     That even though the Montreal Convention is directed more at consumers, it does not alter the original goal of the Warsaw Convention of maintaining limited and predictable damage amounts for airlines. [27]

100.    That pursuant to Article 1  the Montreal Convention applies to international airfare flights between countries – signatories to the Convention, [28] and applies to all international carriage of persons, baggage or cargo performed by aircraft for reward. Id. 1(1).

---

[23]  *See*, Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934) [hereinafter Warsaw Convention],

[24] Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., 522 F.3d 776, 780 (7th Cir. 2008).

[25] Ehrlich, 360 F.3d at 366.

[26] Sompo, 522 F.3d at 780.

[27] Id. at 781.

[28] http://legacy.icao.int/icao/en/leb/mtl99.pdf

101.    That the term "International carriage" is defined as any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage . . ., are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.  Id., art. 1(2).

102.    That the Montreal Convention provides for the cause of action for damages resulted from delays in international carriage of passengers, their baggage and of cargo. Specifically, the Article 19[29] of the Convention provides:

> "The Carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

103.    That Article 19 creates potential liability only for "damage occasioned by delay".[30]

104.    That the carrier is not liable for the delay itself.[31]

105.     That to set forth a viable claim under Article 19,  a plaintiff must show that they suffered any type of "compensable damage occasioned by delay" that is recoverable under Article 19.

---

[29] Id. Art. 19 ("The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo.").

[30] Montreal Convention Art. 19

[31] Paradis v. Ghana Airways, Ltd., 348 F. Supp. 2d 106, 114 (S.D.N.Y. 2004), aff'd, 194 Fed. Appx. 5 (2nd Cir. August 18, 2006).

106.     That as to all legally cognizable damages, a plaintiff can recover compensatory actual, general, special damages, including economic damages. [32]

107.     That although "purely emotional damages" such as damages for frustration, anguish, physical or mental upset independent of any physical injury may not be recovered under the Montreal Convention, courts have allowed recovery for physical and financial injuries, and even inconvenience.[33]

108.     That the Montreal Convention provides a cap of 4694 SDR on recoverable damages.

109.     That Art. 22(1) set forth the cap on damages and states in pertinent part that:

> "In the case of damage caused by delay as specified in Article 19 in the carriage of persons, the liability of the carrier for each passenger is limited to 4 150 [34] Special Drawing Rights."

110.     That this cap on recoverable damages is subject to periodic adjustment and alignment with inflation rates.

---

[32] Ikekpeazu v. Air France, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 at *4 (D. Conn. Dec. 6, 2004)(Plaintiff can also recover loss of work damages resulting at financial injury as economic damages).

[33] Cf., Daniel v. Virgin Atl. Airways Ltd, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998) (denying recovery for emotional injuries, but permitting claims for physical injuries and economic damages, including inconvenience); Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4 (recognizing financial injury as a cognizable claim, but not emotional injury). Lee v. American Airlines, Inc., No. 3:01-CV-1179-P, 2002 U.S. Dist. LEXIS 12029 at *13 (N.D. Tex. July 2, 2002), aff'd, 355 F.3d 386, 387 (5th Cir. Tex. 2004)( Yet, some court are reluctant to allow recovery for inconvenience.).

[34] This limit was increased up to 4694 SDR (http://www.iatatravelcentre.com/e-ticket-notice/General/English/)
On June 30, 2009, ICAO adjusted the liability limits set forth in Articles 21 and 22 of the Montreal Convention due to inflation. Accordingly, effective December 30, 2009, the liability limit set forth in Article 22(2) was increased from 1,000 SDRs to 1,131 SDRs. See U.S. Department of Transportation, Inflation Adjustments to Liability Limits Governed by the Montreal Convention Effective December 30, 2009, 74 F.R. 59017-18 (Nov. 16, 2009).

## V.  CLASS ACTION ALLEGATIONS:

111.  That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-100 of preceding sections of this entire Second Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

112.  That the above-named Plaintiffs are bringing this action on her own behalf and on behalf of a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

113.  That the Plaintiffs are bringing this action as class representatives to recover compensation required to be paid under Art 19 of the Montreal Convention and under pendent theory of breach contract.

114.  That this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a) and (b).

115.  That the Plaintiffs seek certification of the following class:

All persons residing in the United States who meet the following requirements:

(1)  Such person had a confirmed reservation on flight No. 8544 operated by United Airlines Inc on October 25, 2014 from Chicago to Cancun;

(2)  Such person had a confirmed reservation on flight No. flight No. 41 operated by Frontier Airlines on March 28, 2015 from PuntaCana, Dominican Republic to Chicago;

(3)  Such person had a confirmed reservation on flight No. 41 operated as operated by Frontier Airlines on March 29, 2015 from PuntaCana, Dominican Republic to Chicago;

(4)  Such flight was delayed or cancelled for a reason other than extraordinary circumstances;

(5) Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

(6) Such person affected by said delay or cancellation for at least three hours; and

(7) Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 8544 as scheduled to depart from Chicago, Illinois to Cancun, Mexico on October 25, 2014.

(8) Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 41 as scheduled to depart from PuntaCana, Dominican Republic to Chicago, Illinois on March 28, 2015.

(9) Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 41 as scheduled to depart from PuntaCana, Dominican Republic to Chicago, Illinois USA on March 29, 2015.

(10) Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 41 as scheduled to depart from PuntaCana, Dominican Republic to Chicago, Illinois USA on October 24, 2015.

(11) Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

(12) Such person affected by said delay or cancellation for at least three hours.

116. That excluded from the above-identified Classes are:

(1) Defendant and any entities in which Defendant has a controlling interest;

(2) Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendant;

(3) The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

(4) All persons or entities that properly execute and timely file a request for exclusion from the Class;

(5) Any attorneys representing the Plaintiff or the Class; and

(6) All governmental entities.

117.    That the Plaintiff reserves the right to modify or amend the definition of the Class and or both Classes before the Court determines whether certification is appropriate. The Class and or both Classes are numerously comprised of over 100 people and most likely over ten thousand people who were passengers on flights operated by Frontier Airlines Inc, the joinder of which in one action would be impracticable. The exact number or identification of the Class members is presently unknown. The identity of the Class members is ascertainable.

118.    That in addition to manifests, databases and rolls maintained by defendant and its agents, the Class members may be located and informed of the pendency of this action by a combination of electronic bulletins, e-mail, direct mail and public notice, or other means.

119.    That the disposition of the claims of the proposed class members through this class action will benefit both the parties and the Court.

120.    That common questions of law and fact predominate over individual issues.

121.    That there is a well-defined community of interest in the questions of law and fact involved affecting members of the Class.

122.    That the questions of law and fact common to the Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

    a)    Whether FRONTIER AIRLINES is required to pay compensation to the members of both Classes pursuant to art 19 of the Montreal Convention;

    b)    Whether FRONTIER AIRLINES is continually engaged in sabotaging of remedies available to members of both Classes in accordance with Art. 19 of the Montreal Convention;

    c)    Whether the "extraordinary circumstances" exception only applies in certain circumstances where the airline can prove that the cancellation or delay was caused by (i) political instability, (ii) meteorological conditions incompatible with the operation of the flight concerned, (ii) security risks, (iii) technical or mechanical problems where it was "revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to aircraft caused by acts of sabotage" or (v) strikes that affect the operation of an operating aircraft;

    d)    Whether FRONTIER AIRLINES failed to compensate members of both Classes by erroneously raising defenses of extraordinary circumstances";

    e)    Whether defense of extraordinary circumstances is a valid defense in an action for breach of contract of voluntary undertaking;

    f)    Whether FRONTIER AIRLINES failed to compensate the Class Members in  the amounts specified in Art. 19 and 22 of Montreal Convention.

123.    That the above-named Plaintiffs are asserting a claims that are typical of the entire Class, having all been entitled to receive financial compensation pursuant to the

Art 19 of Montreal Convention and or Warsaw Convention and having not received such compensation.

124.     That the above-named Plaintiffs and the Class members have similarly suffered harm arising from defendant's failure to pay compensation as alleged in this Complaint.

125.     That the above-named Plaintiff is an adequate representatives of the Class because she fit within the class definition and their interests do not conflict with the interests of the members of the Class they seek to represent.

126.     That the above-named Plaintiffs will prosecute this action vigorously for the benefit of the entire Class.

127.     That the above-named Plaintiffs are represented by experienced and able attorneys from law firm, which will serve as class counsel.

128.     That the undersigned Class counsel has litigated several class actions, and Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of the entire Class.

129.     That the Plaintiffs and class counsel can and will fairly and adequately protect the interests of all of the members of the Class.

130.     That a class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts.

131.     That due to the size of each individual Class member's claims, it would not be practicable for Class members to individually seek legal redress for the wrongs

identified in this Complaint.

132.    That without the class action vehicle, the Class would have no reasonable

remedy and would continue to suffer losses, as United Airlines Inc continues to fail to

compensate passengers as required under Art. 19 and 22 of Montreal Convention and or

Warsaw Convention.

133.    That further, individual litigation has the potential to result in

inconsistent or contradictory judgments.

134.    That a class action in this case presents fewer management problems

and provides the benefits of single adjudication, economies of scale, and comprehensive

supervision by a single court.

## VI. CLASS CLAIMS:

### CLASS ACTION COUNT ONE:

Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Article 19[35] of the Montreal Convention

As a separate cause of action against the above-named Defendant, FRONTIER

AIRLINES, jointly and severally, the above-named Plaintiffs, SOPHIA RUDA, IRYNA

KRUTSIK on her own behalf and on behalf of her minor children, NELYA

KRYSHCHUK and OLEKSANDR KRYSHCHUK, on behalf of all other similarly

situated members of proposed Class, are alleging as follows:

---

[35] See, Article 19 of the Montreal Convention, holding that "The carrier is liable for
damages occasioned by delay in the carriage by air of passengers, baggage or cargo.
Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves
that it and its servants and agents took measures that could reasonably be required to
avoid the damage or that it was impossible for it or them to take such measures." Id.

135.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-134 of preceding sections of this entire Third Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

136.      That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight 8544 operated as operated by Frontier Airlines on October 25, 2014, which were delayed or canceled causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for damages caused by delay or cancellation of international airfare pursuant Art. 19 of Montreal Convention.

137.      That at all times material hereto the above-named Plaintiffs, procured international airfare transportation from the above-named defendant for similar price.

138.      That the United States and Mexico are signatories to the Montreal Convention.[36]

139.      That by procuring this international airfare from the place of their residence at Cook County the above-named Plaintiffs entered into binding legal contract with all the above-named defendant for international transportation by air on October 25, 2014 from the place of their domicile at Chicago, Illinois to Cancun, Mexico.

140.      That true and correct copy of plaintiff's travel –related documents are appended herewith marked as Exhibit A: Travel Itineraries for Airlines Ticket No. Y190G0F-J, pp. 1-3, incorporated by reference and made a part of this entire complaint-at-law.

---

[36] http://legacy.icao.int/icao/en/leb/mtl99.pdf

141.    That on October 25, 2014, the above-named Plaintiffs were scheduled to depart from Chicago to Cancun on Frontier Airlines Flight 8544.

142.    That plaintiff's flight was scheduled to depart at 7:30A.M.

143.    That the above-identified flight was delayed on departure from Chicago for approximately 12 hours.

144.    That for entire duration of 12 hours the above-named Plaintiffs were confined at departure area operated by Frontier Airline without access to food, refreshments and lavatories.

145.    That upon information and believe such delay on departure of defendant's flight No. 8544 on October 25, 2014 was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

146.    That while being estranged at O'Hare International Airport the above-named Plaintiff were not provided with any care by the above-named defendant.

147.    That while being estranged at O'Hare International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing flight No. 8544.

148.    That subsequently, more than 12 hours later the above-named Plaintiffs arrived to Cancun 12 hours late of their preplanned arrival and missed entire half - day and entire evening of their pre-planned and pre-paid vacation.

149.     That consequently the Plaintiffs also lost their unique sight-seeing reservations and pre-paid sight-seeing excursions.

150.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 8544 on October 25, 2014 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

151.     That as a direct and proximate cause of said delayed departure of international air flight No. 8544, the above-named plaintiffs incurred similar actual out-of-pocket expenses in the sum to be proven at trial.

152.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 12 hours the above-named Plaintiffs incurred similar actual, general, special, incidental and consequential damages including but not limited to per diem expenses in the sum to be proven at trial.

153.     That as a direct and proximate cause of delayed departure of flight No 8544 on October 25, 2014, the above-named Plaintiffs were needlessly subjected to actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical

discomfort, exhaustion, loss of time, delay, anxiety, frustration, uncertainty, loss of use of money and other legally cognizable damages, losses and injuries. [37]

154.     That under the Article 36 of the Montreal Convention, the above-identified common carrier FRONTIER AIRLINES is liable for damages caused by delay or cancellation of international airfare carriage of passengers. [38]

155.     That as a direct and proximate cause of delayed departure of international air flight No. 8544 on October 25, 2014, the above-named Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their memorable trip, inconvenience[39], financial injury, physical discomfort, loss of time, loss of use of

---

[37] *Cf.* Lopez v. Eastern Airlines, Inc., 677 F.Supp.181 (holding that inconvenience, delay and uncertainty are compensable injuries even in absence of out-of pocket costs) *also see* Ben Daniel v. Virgin Atlantic Airways, 59 F.Supp.2d 986 (N.D. Cal. 1998)(holding that passengers' inconvenience is legally cognizable harm under Articles 17 and 19 of Warsaw Convention) *also see* Warsaw Convention, Art. 17, 19;  49 U.S.C.A. § 40105 *and* 14 C.F.R. §§ 250.4-250.6 *also see* Charas v. Trans World Airlines, Inc. 160 F.3d 1259, C.A.9 (Cal.),1998 (holding that Airline Deregulation Act (ADA) does not preempt passengers' breach of contract claims) *see also* American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).
[38] Multilateral Convention for International Carriage by Air, Montreal May 28, 1999., S. Treaty Doc. No. 106-45**.**
[39] Cf., Ikekpeazu v. Air France, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 at *4 (D. Conn. Dec. 6, 2004) (recognizing financial injury as a cognizable claim, but not emotional injury)(also holding that if Plaintiff can prove that his lost days of work were occasioned by the delay and resulted in financial injury, Plaintiff can recover for this economic loss under the Montreal Convention): *also see* Rubin v. Air China Ltd. (N.D. Cal., 2011)(holding that although pain and suffering independent of any physical injuries or illness are not recoverable, yet the economic damages recoverable under Article 19 include foreseeable, consequential damages, such as lost wages or profits, that are occasioned by the delay)(also holding that to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages  if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims)(also holding that "damages for inconvenience do not fall within the rubric of 'emotional distress.' Time is money, after all, and the Court finds that the inconvenience of being

their monies, and was subjected to various actual, general, special, incidental and consequential damages in the sum to be ascertained at trial. [40]

156.    That, upon information and believe, delay of the above-referenced defendant's flight was not caused by extraordinary circumstances, which could not have been avoided in due exercise of due diligence or another pertinent legal standard of care by the above-named defendants.

157.    That, upon information and believe, the above-named defendant did not pursue all meaningful actions required to avoid or mitigate impact of extraordinary circumstances. Cf., Ronald Huzar v. Jer2.com Limited, [2014] EWCA Civ. 791, Case No. Case No: B2/2013/3277/CCRTF (Royal Courts of Justice, London, England, 11 June 2014)(holding that technical problems, which may be unforeseeable, but are ultimately caused by an event inherent in the running of an aircraft, and cannot therefore be considered to be an extraordinary circumstance). [41]

---

trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel." citing Daniel v. Virgin Atl. Airways Ltd, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998); Daniel, 59 F. Supp. at 994.); also see Daniel v. Virgin Atl. Airways Ltd, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998)(holding that " damages for inconvenience do not fall within the rubric of 'emotional distress" because "time is money, after all, and the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel.");  Daniel, 59 F. Supp. at 994 (holding that "the amount of compensation for inconvenience would "vary dramatically depending on what the passenger was prevented from doing as a result of the flight delay")(also holding that in addition, in order to be recoverable, such "inconvenience" damages must truly encompass economic damages, and cannot simply be based upon the "discomfort, annoyance, and irritation" plaintiff experienced during the delay).

[40] Cf. Kupferman v. Pakistan International Airlines, 108 Misc. 2d 485, 438 N.Y.S.2d 189 (holding that the law has evolved a liberal rule of damages where a customer has been subjected to humiliating indifference and has been accorded treatment inferior to the class of treatment that he had bargained for).

[41] http://www.bailii.org/cgi-bin/markup.cgi?doc=/ew/cases/EWCA/Civ/2014/791.html&query=huzar+and+jet2&method=boolean

158.     That the term "extraordinary circumstances" as evolved under the Montreal Convention jurisprudence is very limited and applies only in certain circumstances where the airline can prove the cancellation or delay was caused by political instability, meteorological conditions incompatible with the operation of the flight concerned, security risks, unexpected flight safety shortcomings and strikes that affect the operation of an operating aircraft."  Wallentin-Hermann v. Alitalia, European Court of Justice, Case No C-549/07, Judgment of December 22, 2008, ¶22 (emphasis added).

159.     That "extraordinary circumstances" do *not* include technical or mechanical problems except in the rare instances where the airline can prove those problems are due to hidden, inherent manufacturing defects or aircraft damage caused by sabotage. [42]

160.     That at all time material hereto, upon information and believe the defendant's flights were canceled due to unavailability of flight crew which is not "extraordinary circumstances."

---

[42] *Id.* at ¶26 (mechanical problems may constitute extraordinary circumstances only when "it was revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to aircraft caused by acts of sabotage); *see also* Sturgeon v. Condor Flugdienst GmbH, European Court of Justice, Case No. C-402/7, Judgment of November 19, 2009 (reiterating that technical problems are not extraordinary circumstances in context of "technical faults on the plane and illness among the crew.")

161.     That in accordance with Article 19 of the Montreal Convention, the above-identified defendant is liable for damages caused by delay and or cancellation of international air carriage of passengers. [43]

162.     That the Contract of International Airfare Carriage and Tariff[44] filed by FRONTIER AIRLINES incorporates liability pursuant o Art 19 of the Montreal Convention under the paragraph 16(B) of "Limitation of Liability", which states in pertinent part that:

> "International Transportation – With respect to international transportation, as defined in the following referenced conventions, as applicable, Frontier's liability will be limited as specified in, as and if applicable,

> (i) the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw, October 12, 1929, as amended ("Warsaw Convention"), but subject to the Agreement entered into by Frontier pursuant to 14 C.F.R. Part 203 or

> (ii) the Convention for the Unification of Certain Rules for International Carriage by Air, signed at Montreal, May 28, 1999 ("Montreal Convention").

163.     That furthermore pursuant to par 16(B) titled 'Additional Liability Limitations," the above-named defendant voluntarily assumed the above-cited self-imposed contractual liability.

164.     That pursuant to the above-identified self-imposed contractual obligation the above-named defendant is obligated to compensate the above-named Plaintiffs for

---

[43] El Al Isr. Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 176 (1999)(holding that the United States is a party to the Montreal Convention, which governs the international air carriage of passengers, baggage, and cargo. The Convention provides an airline passenger's exclusive remedy; a passenger may not maintain "an action for personal injury damages under local law when her claim does not satisfy the conditions for liability under the Convention."
[44] www.flyfrontier.com/customer-service/faqs/~/media/Files/docs/CS_COC.ashx

compensable damages caused by the above-identified delay and cancellation of its scheduled flight 8544 from Chicago to Cancun on October 25, 2014.

165.    That as a direct and proximate cause of cancellation of the above-identified international airfare on October 25, 2014; as well as failure to notify the Plaintiffs and other members of Class of cancellation of the above-referenced flights, the above-named Plaintiffs and all other Class Members suffered spoliation of their memorable vacation at Cancun, Mexico; as well as similar out-of-pocket economic damages for purchasing of local food, lodging and Per Diem expenses; as well as similar economic damages and financial injury damages for physical discomfort, inconvenience, tardiness, loss of time, loss of pre-planned sight-seeing activities, loss of use of their monies, psychical exhaustion, and were subjected to various compensatory economic actual, general, special, incidental and consequential damages in the amount to be ascertained and proven at trial. [45]

---

[45] Cf., Ikekpeazu, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 at *4 (D. Conn. Dec. 6, 2004) (recognizing financial injury as a cognizable claim, but not emotional injury)(also holding that if Plaintiff can prove that his lost days of work were occasioned by the delay and resulted in financial injury, Plaintiff can recover for this economic loss under the Montreal Convention): also see Rubin, (N.D. Cal., 2011)(holding that although pain and suffering independent of any physical injuries or illness are not recoverable, yet the economic damages recoverable under Article 19 include foreseeable, consequential damages, such as lost wages or profits, that are occasioned by the delay)(also holding that to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages  if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims)(also holding that "damages for inconvenience do not fall within the rubric of 'emotional distress.' Time is money, after all, and the Court finds that the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel." citing Daniel, 59 F. Supp. at 2d 986, 992 (N.D. Cal. 1998); Daniel, 59 F. Supp. at 994(holding that " damages for inconvenience do not fall within the rubric of 'emotional distress" because "time is money, after all, and the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel")(also holding that "the

166.     That in accordance with Article 19 of the Montreal Convention, the above-identified defendant FRONTIER AIRLINES, is liable for economic damages caused by delay or cancellation of international airfare carriage of passengers.

167.     That, at all times material hereto, the above-named defendant refused to meaningfully compensate the above-named Plaintiff and other members of purported Class.

168.     That, as a direct and proximate cause of said cancellation of performance due under international airfare transportation agreement, as well as failure to effectuate an advance, direct and personal notification of said cancellations, perpetrated by the above-named defendant, the above-named Plaintiff and other Class Members was subjected to similar compensatory economic damages in the form of their airfare purchasing price in the sum to be ascertained at trial, which is, upon information and believe, is similar to all members of this Class.[46]

169.     That, upon information and believe, at all times material hereto, the above-named defendant FRONTIER AIRLINES was duly served with formal Notices of Claims against the above-named defendants in accordance with Article 22(6) of the

---

amount of compensation for inconvenience would "vary dramatically depending on what the passenger was prevented from doing as a result of the flight delay")(also holding that in addition, in order to be recoverable, such "inconvenience" damages must truly encompass economic damages, and cannot simply be based upon the "discomfort, annoyance, and irritation" plaintiff experienced during the delay).

[46] Cf., Ikekpeazu, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 at *4 (D. Conn. Dec. 6, 2004) (recognizing financial injury as a cognizable claim, but not emotional injury)(also holding that if a plaintiff can prove that his lost days of work were occasioned by the delay and resulted in financial injury, plaintiff can recover for this economic loss under the Montreal Convention).

Montreal Convention for damages caused by cancellation of performance due under terms of international transportation agreement.

170.     That because said notice of claim was ignored by the above-named defendant FRONTIER AIRLINES, and due to defendant failure to answer pre-suit settlement demand, the above-named Plaintiff is entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention. [47]

171.     That due to failure to answer pre-suit settlement claims on the part of all the above-named defendant, the above-named plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention, incorporating so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments. Id.

172.     That Hague Protocol as ratified by the U.S. Senate on July 31, 2002 is supreme law of this land, thereby establishing procedure for award of attorney's fees in the matter *sub judice*. [48]

**WHEREFORE** the above-named Plaintiffs on their own behalf and on behalf of all other Class Members is hereby respectfully requesting an award of the final Order of Judgment against the above-named defendant FRONTIER AIRLINES INC, jointly and

---

[47] Montreal Convention preserved the so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments.  To that extent settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments was codified in the Article 22(6) of the Montreal Convention, which states as follows:

> "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law [47], in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest.  The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

[48]  http://www.gpo.gov/fdsys/pkg/CDOC-107tdoc14/html/CDOC-107tdoc14.htm

severally, in the amount of compensatory economic actual damages in similar sum of $6,897.82 per passenger or in the sum to be ascertained at trial per passenger of the above-referenced cancelled flights pursuant to par 3(d) of defendant's Contract of International Carriage and Art 19 of the Warsaw Convention and or Articles 19 and 22(2)and (6) of the Montreal Convention; as well as reasonable amount of attorney's fees pursuant to Article 22(6) of Montreal Convention for failure to respond to written pre-suit settlement offer; and or reasonable attorneys fees to be awarded pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332; as well as costs and disbursements of this action; and such other and further relief as the Court may deem just and proper.

### CLASS ACTION COUNT TWO:
### Cause of Action for Breach of Contract: Breach of Self-Imposed Contractual Duty

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs, SOPHIA RUDA, IRYNA KRUTSIK on her own behalf and on behalf of her minor children, NELYA KRYSHCHUK and OLEKSANDR KRYSHCHUK, on behalf of all other similarly situated members of proposed Class, are alleging as follows:

173. That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-172 of preceding sections of this entire Third Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

174. That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight 8544 operated as operated by Frontier Airlines on October 25, 2014, which were delayed or canceled causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover the sum of economic damages for actual, general and special economic expenses in

aggregate sum of $6,897.82 per class member from the above-named defendant for economic damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

175.   That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on October 25, 2014 of the above-named plaintiffs from the place of their domicile at Chicago, USA to Cancun, Mexico and than on November 1, 2014 coming back to Chicago, Illinois, USA.

176.   That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

177.   That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

178.   That at all times material hereto the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay or cancellation of international airfare.

179.   That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as par 16(B) of "Contract of Carriage" at http://www.flyfrontier.com/customer-service/faqs/~/media/Files/docs/CS_COC.ashx.

180.     That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Chicago, Cook County, Illinois, USA.

181.     That, at all times material hereto, on October 25, 2014 the above-named defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 12 hours of their departing Flight No. 8545.

182.     That, at all times material hereto, on October 25, 2014 the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to the above-named Plaintiffs while they have been subjected to delay of their departing flight No. 8544 for 12 hours.

183.     That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to compensate the above-named Plaintiffs for pecuniary damages caused by delay of departure of international flight No. 8544 on October 25, 2014.

184.     That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

185.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

186.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

187.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant on October 25, 2014, the above-named plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages in the sum to be determined during proper stage of this litigation and to be proven at trial.

188.     That pursuant to Wolens doctrine, as recently affirmed by Supreme Court decision in Northwest, Inc. v. Binyomin Ginsberg (2014 US __)[49],  the common law cause of action *ex contractu* against the above-named defendant is not preempted by Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504).[50]

189.     That pursuant to Narkiewicz-Laine the common law cause of action for breach of contract of voluntary undertaking is not preempted by the  Montreal Convention.[51]

**WHEREFORE,** both the above-named Plaintiffs on behalf of all passengers of flight 8544 on October 25, 2014 are hereby respectfully requesting  this Honorable

---

[49] http://www.supremecourt.gov/opinions/13pdf/12-462_p8k0.pdf
[50] American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).
[51] Narkiewicz-Laine v. Scandinavian Airlines Sys., 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008)(holding that "claims may be brought under the Montreal Convention or they may be brought 'in contract or in tort or otherwise' but such claims are subject to an affirmative defense based on the conditions and limits of liability set out in the Montreal Convention.") (*quoting* Montreal Convention, art. 29); *accord* Cosgrove-Goodman v. UAL Corp., No. 10 CV 1908, 2010 WL 2197674, at *3 (N.D. Ill. June 2, 2010).

Court to award them an amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,897.82 per passenger or in the sum to be proven at trial due to the above-named plaintiffs from the above-named defendants, jointly and severally; and additional amounts of economic damages in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

## CLASS ACTION COUNT THREE
### Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19 of the Montreal Convention

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs, ILYA TARKOV and RIMMA TARKOV on behalf of the Class of passengers of flight 41 operated by defendant on March 28, 2015 are alleging as follows:

190.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-189 of preceding sections of this entire Third Amended Class Complaint at Law as set forth fully herein and incorporates them by reference:

191.      That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 41 operated as operated by Frontier Airlines on March 28 and March 29, 2015 from PuntaCana, Dominican Republic Chicago, Illinois, which were delayed and canceled, causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-

named defendant for damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention.

192. That at all times material hereto the above-named Plaintiffs purchased a airfare transportation to be performed by Frontier Airlines on March 21, 2015 from Chicago to PuntaCana, Dominican Republic, and on March 28, 2015 flying back from Punta Cana to Chicago on the board of Frontier's flight 41.

193. That the United States and the Dominican Republic are signatories to the Montreal Convention.[52]

194. That true and correct copy of plaintiff's travel –related documents are appended herewith marked as Exhibit A: Travel Itineraries Booking Confirmation No. 0053232022, pp. 1-3, incorporated by reference and made a part of this entire complaint-at-law.

195. That on March 28, 2015, the above-named Plaintiffs were scheduled to depart from PuntaCana, Dominican Republic to Chicago on Frontier Airlines Flight 41.

196. That the above-referenced flight was scheduled to depart from Punta Cana to Chicago at 4:25 P.M and to arrive to Chicago at 08:36PM.

197. That the above-identified flight was delayed on departure from Chicago to Punta Cana to Chicago for six (6) hours and thereafter was cancelled.

198. That upon such cancellation the above-named Plaintiffs were ordered by Frontier to go back to their hotel and to stay there for additional night at their own expense.

---

[52] http://legacy.icao.int/icao/en/leb/mtl99.pdf

199.    That on the following day of March 29, 2015 the above-named Plaintiffs were ordered by Frontier to show up at 6:30 AM at Punta Cana International Airport for boarding of flight 2041 which was scheduled to depart from PuntaCana to Chicago at 08:00AM.

200.    That said flight was delayed as well

201.    That finally the above-named Plaintiffs were able to depart from PuntaCana at 11:50AM on March 29, 2015.

202.    That upon their arrival to Chicago at 3:45PM the above-named Plaintiffs were kept in the plane for additional one hour.

203.    That, upon information and believe, such delay on departure of defendant's flight No. 41 on April 25, 2015 in excess of 14 hours was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

204.    That while being estranged at PuntaCana International Airport the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

205.    That while being estranged at PuntaCana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing and cancellation of flight No. 41 on March 28 and March 29, 2015.

206.     That due to cancellation of departing flight No. 41 on March 28 and March 29, 2015 the above-named Plaintiffs were subjected to severe physical inconvenience resulting in financial injury at the sum to be determined at trial.

207.     That due to entire duration of cancellation for 24 hours the above-named Plaintiffs and subsequent late arrival to Chicago at 3:45PM on March 29, 2015 the above-named Plaintiffs lost one day of their employment, whereby incurring actual economic damages in the sum to be proven at trial.

208.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 41 on March 28 and March 29, 2015 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45;  49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

209.     That as a direct and proximate cause of said delayed departure of international air flight No. 41 on March 28 and March 29, 2015, and while being confined within a departure area of PuntaCana International Airport the above-named plaintiffs incurred similar actual out-of-pocket economic expenses in the sum to be proven at trial.

210.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 24 hours the above-named Plaintiffs missed one day of their employment, thereby incurring actual economic pecuniary damages in the sum to be proven at trial.

211.     That as a direct and proximate cause of delayed departure of flight No
41 on March 28 and March 29, 2015, the above-named Plaintiffs were needlessly
subjected to compensable economic actual, general, special, incidental and consequential
pecuniary damages, including but not limited to loss of wages, additional transportation
expenses incurred at the port of arrival, loss of benefit of their bargain, per diem and local
foodstuffs / refreshment expenses, medicine procurement expenses, as well as economic
damages with nexuses to financial injury of indifferent treatment, inconvenience,
physical discomfort, physical exhaustion, loss of time, delay, physical frustration,
uncertainty, loss of use of money and other legally cognizable economic damages, losses
and injuries.

212.     That under the Article 36 of the Montreal Convention, the above-
identified common carrier FRONTIER AIRLINES is liable for damages caused by delay
or cancellation of international airfare carriage of passengers. [53]

213.     That as a direct and proximate cause of delayed departure of
international air flight No. 41 on March 28 and March 29, 2015, the above-named
Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their
memorable trip, inconvenience, financial injury, physical discomfort, loss of time, loss
of use of their monies, and was subjected to various economic actual, general, special,
incidental and consequential damages in the sum to be ascertained at trial.

214.     That, thereafter the above-named defendant FRONTIER AIRLINES
was duly served with plaintiff's notices of claims against them, in accordance with
Article 22(6) of the Montreal Convention for damages caused by their breach of

---

[53] <u>Multilateral Convention for International Carriage by Air, Montreal May 28, 1999</u>., S.
Treaty Doc. No. 106-45.

transportation agreement and delay in international transportation in violation of the Montreal Convention.

215.    That upon information and believe, said demand was rejected or not meaningfully considered by the above-named defendant.

216.    That due to defendant's failure to answer pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

217.    That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the US Senate on July 31, 2002.

**WHEREFORE,** both the above-named Plaintiffs on behalf of entire class of passengers of flight 41 on March 28 and March 29, 2015 are hereby respectfully pray that this Honorable Court shall award them an amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,897.82; or in the sum  to be proven at trial; and additional amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

### CLASS ACTION COUNT FOUR:
### Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs ILYA TARKOV and RIMMA TARKOV are alleging as follows:

218.     That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-217 of preceding sections of this entire Third Amended Class Action Complaint as set forth fully herein and incorporates them by reference:

219.     That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 41 operated as operated by Frontier Airlines on March 28 and March 29, 2015, which were delayed or canceled causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover compensable economic actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for economic damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

220.     That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on March 21 and March 29, 2015 of the above-named plaintiffs from the place of their domicile at Chicago, Illinois, USA to PuntaCana, Dominican Republic and thereafter on March 28, 2015 coming back to Chicago, Illinois, USA.

221.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

222.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

223.    That at all times material hereto the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay or cancellation of international airfare per Art. 19 of Montreal Convention.

224.    That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

225.    That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Cook County, Illinois, USA.

226.    That, at all times material hereto, on March 28 and March 29, 2015 the above-named defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 24 hours of their departing flight No. 41.

227.    That, at all times material hereto, on March 28, 2015 the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to the above-named Plaintiffs, while they have been subjected to delay of their departing flight No. 41 for 24 hours and subsequent cancellation of said flight.

228.    That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to meaningfully compensate the above-named Plaintiffs for compensable economic pecuniary damages caused by delay of

departure of international flight No. 41 on March 28 and March 29, 2015, thereby breaching its self-imposed contractual obligation under Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

229.    That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

230.    That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

231.    That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

232.    That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant on March 28 and March 29, 2015, the above-named plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages in the sum to be determined at trial.

233.    That pursuant to <u>Wolens</u> doctrine, as recently affirmed by our supreme court in <u>Northwest, Inc. v. Ginsberg</u> (2014 US __)[54],  the common law cause of action

---

[54] http://www.supremecourt.gov/opinions/13pdf/12-462_p8k0.pdf

*ex contractu* against the above-named defendants is not preempted by the Airline

Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504). [55]

234**.** That pursuant to binding legal authority of the <u>Narkiewicz-Laine</u>

doctrine, the Montreal Convention does not preempt the common law cause of action for

breach of contract of voluntary undertaking.[56]

**WHEREFORE,** both the above-named Plaintiffs on behalf of all passengers of

flight 41 on March 8, 2015 are hereby respectfully pray that this Honorable Court shall

award them an amount of compensable economic actual and general damages in the sum

of 4694 SDR or $6,577.41 per passenger member of the above-identified Class; or in the

sum to be proven at trial; as well as an amount of compensable economic special,

incidental and consequential damages in the additional sum to be determined at trial; and

reasonable amount of attorney's fees; as well as costs and disbursements of this action;

and such other and further relief as the Court may deems just and proper.

### CLASS ACTION COUNT FIVE
<u>Cause of Action for Damages Caused by Delay or Cancellation of International
Airfare Pursuant to Article 19 of the Montreal Convention</u>

As a separate cause of action against the above-named Defendant, FRONTIER

AIRLINES, jointly and severally, the above-named Plaintiffs, ALYONA ADLER,

LEONID ADLER and NICOLE ADLER on behalf of the Class of passengers of flight 41

operated by defendant on March 28, 2015 are alleging as follows:

235. That the above-named Plaintiffs are repeating, re-alleging, and adopting

§§ 1-234 of preceding sections of this entire Third Amended Class Complaint at Law as

set forth fully herein and incorporates them by reference:

---

[55] <u>Wolens,</u>115 S.Ct. at 817.
[56] <u>Narkiewicz-Laine</u>, 587 F. Supp. 2d at 888.

236.　　　That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 41 operated as operated by Frontier Airlines on October 24, 2015 from PuntaCana, Dominican Republic Chicago, Illinois, which were delayed and canceled, causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention.

237.　　　That at all times material hereto the above-named Plaintiffs purchased a airfare transportation to be performed by Frontier Airlines on October 19, 2015 from Chicago to PuntaCana, Dominican Republic, and on October 24, 2015 flying back from Punta Cana to Chicago on the board of Frontier's flight 41.

238.　　　That the United States and the Dominican Republic are signatories to the Montreal Convention.[57]

239.　　　That true and correct copy of plaintiff's travel –related documents are appended herewith marked as Exhibit C incorporated by reference and made a part of this entire complaint-at-law.

240.　　　That on October 24, 2015, the above-named Plaintiffs were scheduled to depart from PuntaCana, Dominican Republic to Chicago on Frontier Airlines Flight 41.

241.　　　That the above-referenced flight was scheduled to depart from Punta Cana to Chicago at 4:25 P.M and to arrive to Chicago at 08:36PM.

---

[57] http://legacy.icao.int/icao/en/leb/mtl99.pdf

242.     That the above-identified flight was delayed on departure from Punta Cana to Chicago in excess of four (4) hours.

243.     That during entire duration of said delay the above-named Plaintiffs were caped in airplane without access to lavatories.

244.     That during such delay the above-named Plaintiffs were subjected to dehydration and physical inconvenience.

245.     That such psychical inconvenience caused the above-named Plaintiffs NICOLE ADLER to experience severe vomiting.

246.     That finally the above-named Plaintiffs arrived to Chicago being almost for hours late of their pre-planned arrival.

247.     That upon their arrival to Chicago the above-named Plaintiffs were kept in the plane for additional one hour.

248.     That, upon information and believe, such delay on departure of defendant's flight No. 41 on October 24, 2015 in excess of 4 hours was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

249.     That while being estranged at PuntaCana International Airport the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

250.     That while being estranged at PuntaCana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and

who were not advising a passengers as to cause, nature, extent, duration of delay of departing and cancellation of flight No. 41 on October 24, 2015.

251.    That due to cancellation of departing flight No. 41, 2015 the above-named Plaintiffs were subjected to severe physical inconvenience resulting in financial injury at the sum to be determined at trial.

252.    That due to entire duration of delay on departure for 4 hours the above-named Plaintiffs and subsequent late arrival to Chicago on October 24, 2015 the above-named Plaintiffs lost one day of their employment, whereby incurring actual economic damages in the sum to be proven at trial.

253.    That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 41 on October 24, 2015 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

254.    That as a direct and proximate cause of said delayed departure of international air flight No. 41 on October 24, 2015, and while being confined within a departure area of PuntaCana International Airport the above-named plaintiffs incurred similar actual out-of-pocket economic expenses in the sum to be proven at trial.

255.    That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 24 hours the above-named Plaintiffs missed one day of their employment, thereby incurring actual economic pecuniary damages in the sum to be proven at trial.

256.     That as a direct and proximate cause of delayed departure of flight No 41 on October  24, 2015, the above-named Plaintiffs were needlessly subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to loss of wages, additional transportation expenses incurred at the port of arrival, loss of benefit of their bargain, per diem and local foodstuffs / refreshment expenses, medicine procurement expenses, as well as economic damages with nexuses to financial injury of indifferent treatment, inconvenience, physical discomfort, physical exhaustion, loss of time, delay, physical frustration, uncertainty, loss of use of money and other legally cognizable economic damages, losses and injuries.

257.     That under the Article 36 of the Montreal Convention, the above-identified common carrier FRONTIER AIRLINES is liable for damages caused by delay or cancellation of international airfare carriage of passengers. [58]

258.     That as a direct and proximate cause of delayed departure of international air flight No. 41 on October 24, 2015, the above-named Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their memorable trip, inconvenience, financial injury, physical discomfort, loss of time, loss of use of their monies, and was subjected to various economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

259.     That, thereafter the above-named defendant FRONTIER AIRLINES was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of

---

[58] Multilateral Convention for International Carriage by Air, Montreal May 28, 1999., S. Treaty Doc. No. 106-45.

transportation agreement and delay in international transportation in violation of the Montreal Convention.

260.    That upon information and believe, said demand was rejected or not meaningfully considered by the above-named defendant.

261.    That due to defendant's failure to answer pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

262.    That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the US Senate on July 31, 2002.

**WHEREFORE,** both the above-named Plaintiffs on behalf of entire class of passengers of flight 41 on October 24, 2015 are hereby respectfully pray that this Honorable Court shall award them an amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,897.82; or in the sum to be proven at trial; and additional amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

**CLASS ACTION COUNT SIX**:
**Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily
Assumed Contractual Duty**

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs ALYONA ADLER, LEONID ADLER and NICOLE ADLER are alleging as follows:

263.     That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-262 of preceding sections of this entire Third Amended Class Action Complaint as set forth fully herein and incorporates them by reference:

264.     That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 41 operated as operated by Frontier Airlines on October 24, 2015, which were delayed or canceled causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover compensable economic actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for economic damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

265.     That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on October 29, 2015 of the above-named plaintiffs from the place of their domicile at Chicago, Illinois, USA to PuntaCana, Dominican Republic and thereafter on October 24, 2015 coming back to Chicago, Illinois, USA.

266.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

267.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

268.     That at all times material hereto the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay or cancellation of international airfare per Art. 19 of Montreal Convention.

269.     That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

270.     That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Cook County, Illinois, USA.

271.     That, at all times material hereto, on October 24, 2015 the above-named defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 4 hours of their departing flight No. 41.

272.     That, at all times material hereto, on October 24, 2015 the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to the above-named Plaintiffs, while they have been subjected to delay of their departing flight No. 41 for 4 hours.

273.     That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to meaningfully compensate the above-named Plaintiffs for compensable economic pecuniary damages caused by delay of departure of international flight No. 41 on October 24, 2015, thereby breaching its self-

imposed contractual obligation under Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

274.     That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

275.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

276.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

232.      That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant on October 24, 2015, the above-named plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages in the sum to be determined at trial.

277.     That pursuant to Wolens doctrine, as recently affirmed by our supreme court in  Northwest, Inc. v. Ginsberg (2014 US __)[59],   the common law cause of action *ex contractu* against the above-named defendants is not preempted by the Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504). [60]

---

[59] http://www.supremecourt.gov/opinions/13pdf/12-462_p8k0.pdf
[60] Wolens,115 S.Ct. at  817.

278**.**    That pursuant to binding legal authority of the <u>Narkiewicz-Laine</u>

doctrine, the Montreal Convention does not preempt the common law cause of action for

breach of contract of voluntary undertaking.[61]

**WHEREFORE,** both the above-named Plaintiffs on behalf of all passengers of

flight 41 on October 24, 2015 are hereby respectfully pray that this Honorable Court

shall award them an amount of compensable economic actual and general damages in

the sum of 4694 SDR or $6,577.41 per passenger member of the above-identified Class;

or in the sum  to be proven at trial; as well as an amount of compensable economic

special, incidental and consequential damages in the additional sum to be determined at

trial; and reasonable amount of attorney's fees; as well as costs and disbursements of

this action; and such other and further relief as the Court may deems just and proper.

### VIII.  <u>IDIVIDUAL CLAIMS</u>:
### COUNT SEVEN:

<u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Article 19 of the Montreal Convention</u>

As a separate cause of action against the above-named Defendant, FRONTIER

AIRLINES, the above-named Plaintiffs ILYA TARKOV and RIMMA TARKOV

individually, on their own behalf are alleging as follows:

279.    That the above-named Plaintiffs are repeating, re-alleging, and adopting

§§ 1-278 of preceding sections of this entire Third Amended Class Action Complaint at

Law as set forth fully herein and incorporates them by reference:

280.    That on or about March 1, 2015 the above-named Plaintiffs purchased a

vacation package at purchasing cost of $2,879.56 per two passengers for vacation at

---

[61] <u>Narkiewicz-Laine</u>, 587 F. Supp. 2d at 888.

PuntaCana, Dominican Republic, including airfare on March 21, 2015 from Chicago, Illinois to PuntaCana, Dominican Republic and on March 28, 2015 returning back to Chicago, Illinois, USA.

281.    That the United States and the Dominican Republic are signatories to the Montreal Convention.[62]

282.    That by procuring this international airfare from the place of their residence at: 421 Swan Blvd. Deerfield, Il 60015 the above-named Plaintiffs entered into binding legal contract with all the above-named defendant for international transportation by air on March 21, 2015 from the place of their domicile at Chicago, Illinois to PuntaCana, Dominican Republic, and than on March 28, 2015 flying back to Chicago, Illinois, USA.

283.    That true and correct copy of plaintiff's travel –related documents are appended herewith marked as Exhibit A: Travel Itineraries Booking Confirmation  No. 0053232022, pp. 1-3, incorporated by reference and made a part of this entire complaint-at-law.

284.    That on March 28, 2015, the above-named Plaintiffs were scheduled to depart from PuntaCana, Dominican Republic to Chicago, Illinois on the board of flight 41 operated by  Frontier Airlines.

285.    That the above-referenced flight was scheduled to depart from Punta Cana to Chicago on March 28, 2015 at 4:25 P.M and to arrive to Chicago at 08:36PM.

---

[62] http://legacy.icao.int/icao/en/leb/mtl99.pdf

286.    That on March 28, 2015 the above-identified flight was delayed on departure from Chicago to Punta Cana to Chicago for six (6) hours and thereafter was cancelled.

287.    That upon such cancellation the above-named Plaintiffs were ordered by Frontier to go back to their hotel and to stay there for additional night at their own expense.

288.    That on the following day of March 29, 2015 the above-named Plaintiffs were ordered by Frontier to show up at 6:30 AM at Punta Cana International Airport for boarding of Frontier flight 2041 which was scheduled to depart from PuntaCana to Chicago at 08:00AM.

289.    That said flight was delayed as well

290.    That finally the above-named Plaintiffs were able to depart from PuntaCana at 11:50AM on March 29, 2015.

291.    That upon their arrival to Chicago on March 29, 2015 at 3:45PM the above-named Plaintiffs were kept in the plane for additional one hour.

292.    That, upon information and believe, such delay on departure of defendant's flight No. 2041 on March 28 and March 29, 2015 in excess of 24 hours was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

293.    That while being estranged at PuntaCana International Airport the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

294.      That, upon information and believe, such delay on departure and subsequent cancellation of defendant's flight No. 41 on March 28, 2015 was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

295.      That while being estranged at Punta Cana International Airport the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

296.      That while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any meaningful care for estranged passengers and who were not advising its passengers as to cause, nature, extent, duration of delay of departure and subsequent cancellation of flight No. 41 on March 28, 2015.

297.      That due to cancellation of departing flight No. 41 on March 28, 2015 the above-named Plaintiffs were subjected to severe physical inconvenience with nexus to compensable economic financial injury at the sum to be determined at trial.

298.      That due to entire duration of travel interruption for 24 hours the above-named Plaintiffs and subsequent late arrival to Chicago at 3:34PM on March 29, 2015 the above-named Plaintiffs lost one day of their employment, whereby incurring compensable economic actual damages in the sum to be proven at trial.

299.      That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 41 on March 8, 2014 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules

for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

300.     That as a direct and proximate cause of said delayed departure of international air flight No. 41 on March 29 and March 29, 2015, and while being confined within a departure area of Punta Cana International Airport the above-named plaintiffs incurred compensable economic actual out-of-pocket expenses for procurement of food, refreshments and medications in the sum of $450 or in the sum to be proven at trial.

301.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 24 hours the above-named Plaintiffs missed one day of their employment, thereby incurring compensable economic actual pecuniary damages in the sum to be proven at trial.

302.     That as a direct and proximate cause of delayed departure of flight No 41 on March 28 and March 29, 2015, the above-named Plaintiffs were needlessly subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to loss of wages, additional transportation expenses incurred at the port of departure and port of arrival, loss of benefit of their bargain, per diem and local foodstuffs / refreshment expenses, medicine procurement expenses, as well as compensable economic damages with nexus to financial injury caused by indifferent treatment, physical inconvenience, physical discomfort, physical exhaustion; as well as compensable economic financial injury arising form loss of time,

delay, physical anxiety, physical frustration, loss of use of money and other legally cognizable economic damages, losses and injuries.

303.    That under the Article 36 of the Montreal Convention, the above-identified common carrier FRONTIER AIRLINES is liable for damages caused by delay or cancellation of international airfare carriage of passengers.

304.    That as a direct and proximate cause of delayed departure of international air flight No. 41 on March 28 and March 29, 2015, the above-named Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their memorable trip, inconvenience, financial injury, physical discomfort, loss of time, loss of use of their monies, and was subjected to compensable economic various actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

305.    That, thereafter the above-named defendant FRONTIER AIRLINES was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation in violation of the Montreal Convention.

306.    That upon information and believe, said demand was rejected or not meaningfully considered by the above-named defendant.

307.    That due to defendant's failure to answer pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

308.     That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the US Senate on July 31, 2002.

**WHEREFORE,** both the above-named Plaintiffs are hereby respectfully pray that this Honorable Court shall award them an amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,897.82 per passenger in aggregated sum of $13,154.82; or in the sum to be proven at trial due to the above-named plaintiffs from the above-named defendants, jointly and severally; and additional economic amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

### COUNT EIGHT:
### Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs ILYA TARKOV and RIMMA TARKOV individually on their own behalf are alleging as follows:

309.     That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-308 of preceding sections of this entire Third Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

310.     That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on March 21, 2015 of the above-named plaintiffs from the place of their domicile at Chicago, Illinois, USA to PuntaCana,

Dominican Republic and thereafter on March 28, 2015 coming back to Chicago, Illinois, USA.

311.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

312.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

313.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay or cancellation of international airfare per Art. 19 of Montreal Convention as incorporated by defendant's Contract of Carriage.

314.     That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

315.     That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Cook County, Illinois, USA.

316.     That, at all times material hereto, on March 13, 2015 the above-named defendant breached the above-referenced contractual duty by failing to promptly and

adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 3 hours of their departing flight No. 41.

317.     That, at all times material hereto, on March 8, 2015 the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to the above-named Plaintiffs while they have been subjected to delay of their departing flight No. 41 for 13 hours and subsequent cancellation of said flight.

318.     That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to meaningfully compensate the above-named Plaintiffs for compensable economic pecuniary damages caused by delay of departure of international flight No. 41 on March 28 and March 29, 2015, thereby breaching its self-imposed contractual obligation under Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

319.     That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

320.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

321.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

322.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant on March 28, 2015, the above-named plaintiffs incurred actual, general, special, incidental and consequential damages in the sum to be determined at trial.

323.     That pursuant to <u>Wolens</u> doctrine, as recently affirmed by <u>Northwest, Inc. v. Ginsberg</u> (2014 US __)[63], the common law cause of action *ex contractu* against the above-named defendants is not preempted by the Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504). [64]

3**24**.     That pursuant to binding legal authority of the <u>Narkiewicz-Laine</u> doctrine, the Montreal Convention does not preempt the common law cause of action for breach of contract of voluntary undertaking.[65]

**WHEREFORE,** both the above-named Plaintiffs are hereby respectfully pray that this Honorable Court shall award them an amount of actual and general damages in the sum of 4694 SDR or $6,577.41 per passenger in aggregated sum of $13,154.82; or in the sum  to be proven at trial due to the above-named plaintiffs from the above-named defendants, jointly and severally; and additional amounts in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of

---

[63] http://www.supremecourt.gov/opinions/13pdf/12-462_p8k0.pdf
[64] <u>Wolens,</u>115 S.Ct. at 817, 513 U.S. at 219, 130 L.Ed.2d at 715.
[65] <u>Narkiewicz-Laine,</u>587 F. Supp. 2d at 888.

attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

## COUNT NINE
### Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, all the above-named Plaintiffs are alleging as follows:

325.     That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-324 of preceding sections of this entire Third Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

326.     That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on April 13, 2014 of the above-named plaintiffs from the place of their domicile at Chicago, Illinois, USA to PuntaCana, Dominican Republic and than on April 20, 2014 coming back to Chicago, Illinois, USA.

327.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

328.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

329.     That at all times material hereto the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages

caused by delay or cancellation of international airfare per Art. 19 of the Montreal Convention.

330.    That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

331.    That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Cook County, Illinois, USA.

332.    That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of multiple hours of their departing flights.

333.    That, at all times material hereto, the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to the above-named Plaintiffs while they have been subjected to delay of their departing flights for multiple hours.

334.    That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to meaningfully compensate the above-named Plaintiffs for compensable economic pecuniary damages caused by delay of departure of international flights at all times material hereto, thereby breaching its self-imposed contractual obligation under Art. 19 of Montreal Convention.

335.     That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

336.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

337.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

338.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant at all times material hereto, the above-named plaintiffs incurred actual, general, special, incidental and consequential damages in the sum to be determined at trial.

339.     That pursuant to Wolens doctrine, as recently affirmed by Northwest, Inc. v. Ginsberg (2014 US ___)[66],  the common law cause of action *ex contractu* against the above-named defendants is not preempted by the Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504). [67]

---

[66] http://www.supremecourt.gov/opinions/13pdf/12-462_p8k0.pdf
[67] Wolens,115 S.Ct. at 817, 513 U.S. at 219.

340. That pursuant to binding legal authority of the <u>Narkiewicz-Laine</u> doctrine, the Montreal Convention does not preempt the common law cause of action for breach of contract of voluntary undertaking.[68]

**WHEREFORE,** both the above-named Plaintiffs are hereby respectfully pray that this Honorable Court shall award them an amount of actual and general damages in the sum of 4694 SDR or $6,577.41 per passenger in compensable economic aggregated sum of $32,877.02; or in the sum to be proven at trial due to the above-named plaintiffs from the above-named defendant, jointly and severally; and additional compensable economic damages amounts in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

### COUNT TEN
#### <u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19 of the Montreal Convention</u>

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs, ALYONA ADLER, LEONID ADLER on their own behalf and on behalf of their minor children, NICOLE ADLER, individually are alleging as follows:

341. That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-340 of preceding sections of this entire Third Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

---

[68] <u>Narkiewicz-Laine</u>., 587 F. Supp. 2d at 888.

342.     That on or about October 5, 2012 the above-named Plaintiffs, ALYONA ADLER, LEONID ADLER on their own behalf and on behalf of their minor children, NICOLE ADLER purchased a vacation package for vacation at Cancun, Mexico, including airfare on October 19, 2015 from Chicago, Illinois to Mexico, Cancun and on October 24, 2015 coming back to Chicago Illinois.

343.     That the United States and Mexico are signatories to the Montreal Convention.

344.     That by procuring this international airfare from the place of their residence at: 307 Greenbrier Ln., Vernon Hills, IL,60061 the above-named Plaintiffs entered into binding legal contract with all the above-named defendants for international transportation by air on October 19, 2014 from the place of their domicile at Chicago, Illinois to Punta Cana, Dominican Republic, and than on October 24, 2015 back to Chicago, Illinois, USA.

345.     That true and correct copy of plaintiff's travel –related documents are appended herewith marked as Exhibit C, incorporated by reference and made a part of this entire complaint-at-law.

346.     That on October 24, 2015, the above-named Plaintiffs were scheduled to fly from Punta Cana to Chicago on Frontier Airlines Flight 8544.

347.     That plaintiff's flight was scheduled to depart at 1:34P.M.

348.     That the above-identified flight was delayed on departure from Punta Cana for approximately 4 hours.

349.     That for entire duration of 4 hours the above-named Plaintiffs were confined on the board of flight 41 operated by Frontier Airline without access to food, refreshments and lavatories.

350.     That upon information and believe such delay on departure of defendant's flight No. 41 on October 24, 2015 was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

351.     That while being estranged at Punta Cana International Airport the above-named Plaintiff were not provided with any care by the above-named defendant.

352.     That while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing flight No. 41.

353.     That subsequently, more than 4 hours later the above-named Plaintiffs arrived to Chicago 4 hours late of their preplanned arrival and missed entire day of their work.

354.     That consequently the Plaintiffs also lost their unique sight-seeing reservations and pre-paid sight-seeing excursions.

355.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 41 on October 24, 2015 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov.

4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49

U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

356.    That as a direct and proximate cause of said delayed departure of

international air flight No. 41, the above-named plaintiffs incurred actual out-of-pocket

expenses in approximate sum of $2850 or in the sum to be proven at trial.

357.    That, as a direct and proximate cause of the above-identified willful

indifference by the above-named defendant, and delay of international airfare in excess of

4 hours the above-named Plaintiffs incurred compensable economic actual, general,

special, incidental and consequential damages including but not limited to per diem

expenses in the sum to be proven at trial.

358.    That as a direct and proximate cause of delayed departure of flight No

41, the above-named Plaintiffs were needlessly subjected to compensable economic

actual, general, special, incidental and consequential pecuniary damages, including but

not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their

bargain, per diem and lodging expenses, indifferent treatment, physical inconvenience,

physical discomfort, physical exhaustion, loss of time, delay, physical anxiety, physical

frustration, uncertainty, loss of use of money, lose of use of benefit of bargain and other

legally cognizable damages, losses and injuries.

359.    That under the Article 36 of the Montreal Convention, the above-

identified common carrier FRONTIER AIRLINES is liable for damages caused by delay

or cancellation of international airfare carriage of passengers.

360.    That as a direct and proximate cause of delayed departure of

international air flight No. 41 on October 24, 2015, the above-named Plaintiffs were

subjected to additional compensable economic lodging and per diem expenses, spoliation of their memorable trip, inconvenience, financial injury, physical discomfort, loss of time, loss of use of their monies, and was subjected to various actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

361.     That, thereafter the above-named defendant FRONTIER AIRLINES was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation in violation of the Montreal Convention.

362.     That upon information and believe, said demand was rejected or not meaningfully considered by the above-named defendant.

363.      That due to defendant's failure to answer pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

**WHEREFORE,** both the above-named Plaintiffs are hereby respectfully pray that this Honorable Court shall award them an amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,897.82 per passenger in compensable economic aggregated sum of $27,591.28; or in the sum  to be proven at trial due to the above-named plaintiffs from the above-named defendant; and additional amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

**COUNT ELEVEN**:
**Cause of Action for Breach of Contract: Breach of Self-Imposed Contractual Duty**

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs, ALYONA ADLER, LEONID ADLER on their own behalf and on behalf of their minor children, NICOLE ADLER, individually are alleging as follows:

364.    That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-363 of preceding sections of this entire Third Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

365.    That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on October 19, 2015 of the above-named plaintiffs from the place of their domicile at Chicago, USA to Cancun, Mexico and than on October 24, 2015 coming back to Chicago, Illinois, USA.

366.    That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

367.    That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

368.    That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay or cancellation of international airfare.

369.     That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as par. 16(b) of "Contract of Carriage" at

http://www.flyfrontier.com/customerservice/faqs/~/media/Files/docs/CS_COC.ashx.

370.     That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Chicago, Cook County, Illinois, USA.

371.     That, at all times material hereto, on October 24, 2015 the above-named defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 12 hours of their departing Flight No. 8545.

372.     That, at all times material hereto, on October 24, 2015 the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to the above-named Plaintiffs while they have been subjected to delay of their departing flight No. 41 for 4 hours.

373.     That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to compensate the above-named Plaintiffs for pecuniary damages caused by delay of departure of international flight No. 41 on October 24, 2015.

374.     That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

375.    That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

376.    That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

377.    That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant on October 24, 2015, the above-named plaintiffs incurred actual, general, special, incidental and consequential damages in the sum to be determined at trial.

378.    That pursuant to the Wolens doctrine, as recently affirmed by Supreme Court decision in Ginsberg, the common law cause of action *ex contractu* for breach of voluntarily self-imposed contractual duty against the above-named defendant is not preempted by Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504). [69]

379.    That pursuant to the Narkiewicz-Laine doctrine the common law cause of action for breach of contract of voluntary undertaking is not preempted by the Montreal Convention. [70]

**WHEREFORE,** both the above-named Plaintiffs are hereby respectfully pray that this Honorable Court shall award them an amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,897.82 per passenger in compensable

---

[69] Wolens,115 S.Ct. at 817, 513 U.S. at 219, 130 L.Ed.2d at 715.
[70] Narkiewicz-Laine, 587 F. Supp. 2d at 888.

economic aggregated damages of $27,591.28; or in the sum  to be proven at trial due to the above-named plaintiffs from the above-named defendant; and additional amounts of compensable economic damages in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

### COUNT TWELVE
### Cause of Action for Breach of Settlement Agreement: Breach of Self-Imposed Voluntarily Assumed Contractual Duty

As a separate cause of action against the above-named Defendants, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs, ALYONA ADLER, LEONID ADLER on their own behalf and on behalf of their minor children, NICOLE ADLER are alleging as follows:

380.     That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting  §§ 1-337 of preceding sections of this entire Third Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

381.     That, at all times material hereto, the above-named parties entered into binding legal agreement of pre-suit settlement of plaintiff's claims asserted against the above-named defendant.

382.     That, at all times material hereto, the above-named defendant failed to tender agreed upon compensation to the above-named plaintiffs.

383.     That said failure of the above-named defendant to tender agreed upon settlement constitute material breach of the above-identified contract of voluntary undertaking.

384.     That the above-identified failure of the above-named defendant to tender agreed upon settlement to the above-named Plaintiffs constitute material breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

385.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

386.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant, the above-named plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages in the sum to be determined at trial.

387.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant, the above-named plaintiffs incurred additional attorneys fees and costs.

388.     That due to defendant's failure to meaningfully effectuate pre-suit settlement, the above-named Plaintiffs are entitle to their reasonable attorneys fees pursuant to Article 22(6) of Montreal Convention, incorporating so-called "settlement inducement provision" contained in Article 22(4) of Hague Protocol amendment.

389.    That the Hague Protocol as ratified by the U.S. Senate on July 31, 2002 constitute the supreme law of this land, thereby establishing procedure for award of attorney's fees in the matter *sub judice*. [71]

390.    That pursuant to the <u>Wolens</u> doctrine, as recently affirmed by <u>Northwest, Inc. v. Rabbi S. Binyomin Ginsberg</u> (2014 US __),  the common law cause of action *ex contractu* against the above-named defendant is not preempted by the Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504). [72]

391.    That pursuant to binding legal authority of the <u>Sampo</u>[73] and  <u>Narkiewicz-Laine</u> doctrines, the common law cause of action for breach of contract of voluntary undertaking is not preempted by the Montreal Convention.[74]

**WHEREFORE,** both the above-named Plaintiff IRYNA KRUTSIK on her own behalf and on behalf of her minor children, NELYA KRYSHCHUK and OLEKSANDR KRYSHCHUK are hereby respectfully requesting this Court to award them the final order of judgment in the sum of $6,897.82 per passenger in compensable sum of economic aggregated damages of $20,693.46; or in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees pursuant to Art 22(4) of the Hague Protocol in the sum to be proven at Rule 54(d)(2) hearing which is hereby respectfully requested; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

---

[71]  http://www.gpo.gov/fdsys/pkg/CDOC-107tdoc14/html/CDOC-107tdoc14.htm

[72] <u>Wolens,</u>115 S.Ct. at 817, 513 U.S. at 219, 130 L.Ed.2d at 715.
[73] <u>Sompo Japan Ins</u>, 522 F.3d at 776.
[74] <u>Narkiewicz-Laine</u>., 587 F. Supp. 2d 888, 890

## XX.  INDIVIDUAL CLAIMS RELEIF

**WHEREFORE,** both the above-named Plaintiffs, individually on their own behalf are hereby respectfully requesting this Honorable Court to award them with final order of judgment in the sum of $6,897.82 per plaintiff passenger against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, for all the above-stated causes of action as follows:

      A.      The amount of compensatory economic actual and general damages in the sum of 4604 SDR (Special Drawing Rights) or in the sum of $6,897.82 per individual passenger, or in the sum to be proven at trial; and

      B.      The amount of compensatory economic special, incidental, consequential and inconvenience damages or in the sum to be proven at trial; and

      C.      Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance with "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention for defendant's failure to respond to written notice of claim and to pre-suit settlement demand; and

      D.      Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of attorneys fees costs and disbursements of this action; and

      E.      Plaintiffs are also moving this Court for scheduling of evidentiary hearing on the issue of award of attorney's fees and costs upon entry of order of judgment pursuant to Rule 54 (d)(1) and (2) of Federal Rules of Civil Procedure; and

      F.      Such other and further relief as the Court may deem just and proper.

### XXI.  CLASS ACTION RELEIF:

G.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-391 of preceding sections of this entire Third Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

H.      That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure; that the Plaintiffs are proper class representative; and that the best practicable notice of this action be given to members of the Class represented by the Plaintiff;

I.      That judgment be entered against the above-named defendant FRONTIER AIRLINES and in favor of Plaintiffs and the Class on the Cause of Action in this Complaint, in an amount of compensable economic damages in the sum of $6,897.82 per member of the above-asserted Class; or in the sum to be determined at trial;

J.      That judgment be entered imposing interest on damages, litigation costs, and attorneys' fees against FRONTIER AIRLINES; and

K.      For all other and further relief as this Court may deem necessary and appropriate.

PLEASE TAKE NOTICE that the above-named Plaintiffs, on their own behalf and on behalf of all Class Members are hereby respectfully requesting the trial by jury on all counts asserted herein.

PLEASE TAKE FURTHER NOTICE that the undersigned counsel of record as member of bar of the United States District Court for Northern District of Illinois is hereby designated as lead trial counsel in the above-captioned matter.

Dated this 3rd Amended Class Action Complaint at Law on this 1st day of December 2015.

Respectfully submitted by

GOROKHOVSKY LAW OFFICE, L.L.C.
Attorneys for Plaintiffs


BY: *Vladimir M. Gorokhovsky, Esq.*

/S/ VLADIMIR M. GOROKHOVSKY, LL.M.

ILND TR. 10994


**P.O. Business Address:**

Gorokhovsky Law Office, LLC

10919 North Hedgewood Ln.,

Mequon, WI 53092

Telephone: (414)-581-1582

gorlawoffice@yahoo.com


CERTIFICATE OF SERVICE:


I hereby certify that on December 1, 2015, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

BY:    *Vladimir Gorokhovsky, Esq.*

_____

/s/ VLADIMIR GOROKHOVSKY