**IN THE UNITED STATES FEDERAL COURT**
**OF NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALYONA ADLER,** | } | Case No. <u>**2015-CV-3430**</u> |
| **LEONID ADLER** | } | |
| **On their own behalf and on behalf of** | } | |
| **Child NICOLE ADLER,** | } | |
| **ILYA TARKOV** | } | |
| **RIMMA TARKOV** | } | |
| **IRYNA KRUTSIK** | } | |
| **on their own behalf and on behalf** | } | |
| **of her minor children** | } | |
| **NELYA KRYSHCHUK and** | } | |
| **OLEKSANDR KRYSHCHUK** | } | |
| **on behalf of themselves and all others** | } | **HON. JOHN J. THARP JR.** |
| **similarly situated passengers of** | } | |
| **proposed Class** | } | |
| **Plaintiffs,** | } | |
| | } | |
| **vs.** | } | |
| | } | |
| **FRONTIER AIRLINES** | } | |
| **7001 TOWER ROAD, Denver** | } | |
| **Colorado 80249** | } | |
| **a foreign corporation** | } | |
| **Defendant.** | } | |
| | } | |

_____

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR**
**INSUFFICIENCY OF SERVICE OF LEGAL PROCESS**
_____

**NOW COMES** the above-named Plaintiffs, ALYONA ADLER, LEONID

ADLER on her own behalf and on behalf of her minor child NICOLE ADLER; as well as

the above-named Plaintiffs ILYA TARKOV, RIMMA TARKOV; as well AS SOPHIA

RUDA and IRYNA KRUTSIK on her own behalf and on behalf of her minor children,

NELYA KRYSHCHUK and OLEKSANDR KRYSHCHUK, individually and on behalf

of all other similarly situated members of proposed Classes of passengers**,** by their

counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices

LLC, and as their Opposition to Defendant's Motion to Dismiss for Insufficiency of Legal Process are stating as follows:

1.     That this civil action concerns defendant's liability under Article 19 of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, which is the supreme law of this land [1] pursuant to the Article VI of the United States Constitution.

2.     That at all times material hereto international airfare transportation flights performed by the above-named defendant Frontier Airlines Inc were delayed and or canceled.

3.     That this action was filed on April 17, 2015 naming Frontier Airlines Inc and Indigo Partners LLC as named defendants.

4.     That upon information and believe, the above-named defendant Frontier Airlines Inc is sole owned subsidiary of Indigo Partners LLC.

5.     That upon information and believe Indigo Partners LLC is investment capital venture which is not operating air fare transportation flights by itself but rather owing and operating entire business of its subsidiary Frontier Airlines Inc.

6.      That immediately upon filing of this action the undersigned counsel for the above-named Plaintiffs contacted the counsel for the above-named defendant asking him to execute Rule 4(d) Waiver of Civil Process.

---

[1] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.

7. That despite having affirmative obligation to mitigate costs per Rule 4(d) of Fed. R. Civ. Procedure the counsel for the above-named defendant Frontier Airlines Inc refused to execute and to return Rule 4(d) Waiver of Civil Process.

8. That on May 16, 2015 the above-named Plaintiffs filed their Notice of Defendant's Refusal to effectuate Rule 4(d) Waiver of Civil Process.

9. That on May 9, 2015the above-named Plaintiffs filed their 1st Amended Complaint adding Krasnopolsky's and Holodizner's Plaintiffs.

10. That all claims of Krasnopolsky's and Holodizner's Plaintiffs were resolved and settled on or about July 16, 2015.

11. That on July 25, 2015 the above-named Plaintiffs filed 2nd Amended Class Action Complaint at Law joining additional defendants.

12. That within 120 days upon filing of 2nd Amended Class Action Complaint at Law, on November 13, 2015 the above-named defendant Frontier Airlines Inc was duly served by Sheriff of Denver County with Summons and Complaint at Law in the above-captioned matter.

13. That true and correct copy of executed Alias Summons and return of service executed on December 3, 2015 by Denver County Sheriff Deputy Eric Miller is appended herewith marked as Exhibit A, incorporated by reference and made a part of this Opposition.

14. That return of duly executed service of legal process was filed with this Court on December 3, 2015.

15. That no service was attempted on Indigo Partners LLC, who was terminated as named defendant on December 2, 2015.

16.     That in its Motion to Dismiss for Insufficiency of Legal Service the defendant erroneously arguing that: "The summons was not proper under Federal Rules 4(a) and (b) because it failed to name the sole defendant in the case, Indigo. Additionally, Indigo was never served with a summons or a copy of the Second Amended Complaint as required by Federal Rule 4(c)." Defendant's Motion to Dismiss for Insufficiency of Legal Process, December 3, 2015, p. 5, par.16.

17.     That in fact, this statement is clearly erroneous due to operation of canceled and delayed flights by Frontier Airlines Inc, who is the party solely responsible for such cancellations and delays per Art. 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 for actual, general, punitive, statutory, incidental and consequential damages for violation of the Article 19 of said Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

18.     That due to Frontier's operations of canceled and or delayed air fares, Frontier is the party amenable to service in this action. Lifeway Foods, Inc. v. Fresh Made, Inc., 940 F.Supp. 1316, 1318 (N.D.Ill.1996)

19.     That accordingly the service on Frontier Airlines Inc was proper and sufficient and this Court is having jurisdiction over said defendant. United States v. De Ortiz, 910 F.2d 376, 381-82 (7th Cir.1990).

20.     That additionally, there was no delay in service of process due to on-going out-of-court settlements discussions and negotiations transpired in attempt to resolve claims of sever previously named plaintiffs.

21.      That finally, defendant's motion is without merit in asking this Court for dismissal because "service generally will be quashed and the action preserved in those cases in which there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." Chatman v. Condell Med. Ctr., 99 C 5603, 2002 WL 737051, at *2 (N.D. Ill. Apr. 22, 2002) (*citing* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1354 (2d ed. 1990)); Hill v. Sands, 403 F. Supp. 1368, 1370 (N.D. Ill. 1975) ("[I]f service of process is insufficient but a reasonable prospect exists that the plaintiff could properly serve the defendant, the court quashes service but retains the case.").

**IN FRUTHER SUPPORT** of this Opposition the above-named Plaintiffs are respectfully requesting scheduling of briefing of defendant's motion to dismiss for insufficiency of service of legal process, if necessary.

**WHEREFORE,** and based on the foregoing, the above-named Plaintiffs are in good faith praying for an Order of Denying of Defendant's Motion to Dismiss for insufficiency of service of legal process; as well as award of fees and costs against the above-named defendant pursuant to Rule 54(d) of Fed.R.Civ Procedure for defendant's failure to execute Rule 4(d) Waiver;  and for any other and further relief this Court deems just and proper.

Dated this Motion on this 4th day of December 2015.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, L.L.C.
Attorney for Plaintiffs

*Vladimir M. Gorokhovsky, Esq.*

BY: _____

/s/VLADIMIR M. GOROKHOVSKY, LL.M.
ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
10919 North Hedgewood Ln.,
Mequon, WI 53209
Telephone: (414)-581-1582
gorlawoffice@yahoo.com

CERTIFICATE OF SERVICE:

I hereby certify that on December 4th, 2015 I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

**Vladimir Gorokhovsky, Esq.**
_____
/s/ VLADIMIR GOROKHOVSKY