**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ALYONA ADLER and LEONID ADLER, | ) | |
| on their own behalf and on behalf of minor child | ) | |
| NICOLE ADLER; and ILYA TARKOV and | ) | Case No.: 1:15-cv-03430 |
| RIMMA TARKOV; on behalf of themselves, and | ) | |
| all other similarly situated passengers of proposed | ) | |
| class, | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES | ) | |
| | ) | |
| Defendant. | ) | |

_____

**<u>FRONTIER AIRLINES, INC.'S MOTION TO DISMISS</u>**

      Defendant, FRONTIER AIRLINES, INC. ("Frontier"), erroneously named as Frontier Airlines, by and through its undersigned counsel, respectfully requests that (1) all claims of non-economic damages alleged by Plaintiffs be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and (2) Plaintiffs' remaining claims be dismissed or severed pursuant to Federal Rule of Civil Procedure 21. In support of its motion, Frontier states as follows:

## I.     <u>INTRODUCTION</u>

      In their Fourth Amended Complaint ("Complaint"), Plaintiffs Alyona and Leonid Adler, on their own behalf and on behalf of minor child Nicole Adler ("Adler Plaintiffs"), and Plaintiffs Ilya and Rimma Tarkov ("Tarkov Plaintiffs) bring individual and putative class action claims against Frontier pursuant to Article 19 of the Montreal Convention and Frontier's contract of carriage arising out of two separate and unrelated flights. (*See* Complaint, attached as Ex. A) Frontier seeks dismissal of Plaintiffs' claims of inconvenience damages, emotional distress

1

damages and other non-economic damages, because such damages are not recoverable pursuant to Article 19 of the Montreal Convention. Additionally, Frontier requests that Plaintiffs' remaining claims be dismissed or severed pursuant to Rule 21, because their claims do not arise out of the same transaction or occurrence or series of transactions or occurrences.

## II. BACKGROUND

### A. Procedural History

On April 17, 2015, Iryna Krutsik, on her own behalf and on behalf of her minor children Nelya Kryshchuk and Oleksandr Kryshchuk ("Krutsik Plaintiffs"), filed a complaint against Frontier based on claims that had already been settled. (*See* Doc. # 1) Plaintiffs never served the original complaint on Frontier. On May 9, 2015, Krutsik Plaintiffs filed a First Amended Complaint. (See Doc. # 4) The First Amended Complaint added Plaintiffs Sofiya Tuchinsky, Helen Kolodizner, Alisa Kolodizner, Mark Kolodizner and Joshua Kolodizner ("Kolodizner Plaintiffs"), and Plaintiffs Mikhail and Marina Krasnopolskiy ("Krasnopolskiy Plaintiffs"). The Krutsik, Kolodizner, and Krasnopolskiy claims were not related to each other.

On June 23, 2015, Frontier settled the claims brought by Krasnopolskiy Plaintiffs and Kolodizner Plaintiffs. On July 25, 2015, Krutsik Plaintiffs filed a Second Amended Complaint. (*See* Doc. # 6) The Second Amended Complaint removed the Krasnopolskiy Plaintiffs and Kolodizner Plaintiffs but added the unrelated claims of Plaintiffs Ilya and Rimma Tarkov ("Tarkov Plaintiffs). On November 13, 2015, Krutsik Plaintiffs and Tarkov Plaintiffs attempted to serve the Second Amended Complaint on Frontier. The summons, however, was invalid. (*See* Doc. # 19)

On December 2, 2015, Krutsik and Tarkov Plaintiffs filed a Third Amended Complaint, adding Plaintiffs Alyona and Leonid Adler, on their own behalf and on behalf of minor child

Nicole Adler ("Adler Plaintiffs"). (*See* Doc. # 9)  The Adler Plaintiffs' claims are unrelated to the Tarkov Plaintiffs' claims (and also unrelated to the previously resolved Krutsik claims). Plaintiffs never served the Third Amended Complaint on Frontier. On December 3, 2016, Frontier filed a motion to dismiss for ineffective service of process. (*See* Doc. # 11)  On December 15, 2015, the Court ruled that service was improper, but it permitted Plaintiffs to amend and provided them additional time to serve Frontier. (*See* Doc. # 19)  On January 12, 2016, Plaintiffs filed their Fourth Amended Complaint and voluntarily dismissed the Krutsik Plaintiffs.  (*See* Docs. # 20, 21) Frontier was served on February 1, 2016. (*See* Doc. # 22)

**B.** **Plaintiffs' Allegations against Frontier**

    1.   <u>Tarkov Claims</u>

On March 21, 2015, Tarkov Plaintiffs traveled from Chicago, Illinois (ORD) to Punta Cana, Dominican Republic (PUJ) for vacation. (Complaint at ¶ 192)  On March 28, 2015, Tarkov Plaintiffs were scheduled to return to Chicago on Frontier flight 41. *Id.* Their return flight, however, was cancelled, and a replacement flight was scheduled to depart the following morning. *Id.* at ¶ 198.  As a result, Tarkovs were required to stay in Punta Cana for an additional night. *Id.* at ¶ 197.  The following day, on March 29, 2015, the Tarkov Plaintiffs flew from Punta Cana to Chicago on Frontier flight 2041. *Id.* at ¶ 200. Tarkov Plaintiffs bring individual and class action claims under Article 19 of the Montreal Convention and Frontier's contract of carriage related to the delay (cancellation) of their flight from Punta Cana to Chicago on March 28, 2015. *Id.* at ¶¶ 133, 148, 209, 224. Tarkov Plaintiffs seek damages for out-of-pocket expenses in the amount of $450 and lost wages. *Id.* at ¶¶ 210-214. Tarkov Plaintiffs also seek non-economic damages for, among other things, inconvenience, discomfort, exhaustion, anxiety, frustration, "spoliation of their memorable trip" and "loss of time." *Id.*

2.      Adler Claims

On October 19, 2015, Adler Plaintiffs traveled from Chicago to Punta Cana for vacation. *Id.* at ¶ 248. Adlers Plaintiffs' return flight, Frontier flight 41, was scheduled to depart Punta Cana on October 24, 2015 at 1:34 p.m. *Id.* at ¶¶ 251, 252. The return flight, however, was delayed due to mechanical issues. *Id.* at ¶ 255. According to the Complaint, the Adlers ultimately arrived in Chicago approximately four hours later than originally scheduled[1]. *Id.* at ¶ 258. Adler Plaintiffs bring individual and class action claims under Article 19 of the Montreal Convention and Frontier's contract of carriage. *Id.* at ¶¶ 166, 181, 268, 282. Adler Plaintiffs seek damages for out-of-pocket expenses and lost wages. Adler Plaintiffs also seek non-economic damages for, among other things, inconvenience, discomfort, exhaustion, anxiety, frustration, uncertainty, spoliation of their memorable trip and loss of time. *Id.* at ¶¶ 164-171.

## III.      LEGAL STANDARD

### A.      Failure to State a Claim upon Which Relief May be Granted

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. FOP*, 570 F.3d 811, 820 (7th Cir. 2009). A plaintiff may plead himself out of court by alleging facts showing that he has no legal claim. *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012).  In order to survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544, 570 (2007). The "general rule that the court must accept as true all allegations in the complaint 'is inapplicable to legal conclusions'" such that "conclusory recitals of the elements of a claim, including legal conclusions couched as factual allegations, 'do not suffice.'" *Ashcroft v. Iqbal*,

---

[1] The flight was actually only two hours and forty five minutes late.

556 U.S. 662, 678 (2009). If a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied if the amendment would be futile. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991).

**B.      Misjoinder of Parties**

Under Rule 20(a), multiple plaintiffs may be joined in one action if: (1) the plaintiffs assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). To determine whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case-by-case approach is generally pursued because no hard and fast rules have been established. *Martinez v. Haleas*, 2010 U.S. Dist. LEXIS 31498, *8 (N.D. Ill. 2010). Where parties fail to satisfy either of the requirements for permissive joinder under Rule 20(a), misjoinder occurs. *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000).

Even if plaintiffs satisfy the requirements for permissive joinder under Rule 20(a), the court has discretion to sever a party if doing so would increase judicial economy and avoid prejudice to the litigants. *Robinson v. Dart,* 2014 U.S. Dist. LEXIS 7696, *8 (N.D. Ill. 2014); *see Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) (It is within the district court's broad discretion to sever a claim under Rule 21.); *see Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (The court may sever under Rule 21 if joinder would prejudice any party or result in needless delay.); *see Bailey*, 196 F.R.D. at 515 (Rule 20's purpose is to promote trial convenience and expedite the final determination of disputes, not unnecessarily delay the resolution of them.). Where improper joinder is clear from the face of the complaint, courts have

granted motions to sever at early stages of litigation. *Ramos v. Playtex Prods.*, 2008 U.S. Dist. LEXIS 75957, *11 (N.D. Ill. 2008).

## IV.   ARGUMENT

**A.   Non-Economic Damages Not Recoverable under Montreal Convention**

The Montreal Convention, signed in 1999 and entered into force in November 2003, is an international treaty governing airline liability for the "international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, Art. 1(1); *see Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780-81 (7th Cir. 2008). Like its predecessor, the Warsaw Convention, the Montreal Convention's purpose is to promote uniformity in the laws governing airline liability. *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 169, (1999)[2].   The Convention has three damage provisions that allow recovery for: (1) death or bodily injury suffered by a passenger or the destruction, loss of or damage to her baggage (Article 17); (2) loss or destruction of cargo sustained during carriage by air (Article 18); and (3) delay in the carriage of passengers, baggage or cargo (Article 19).   Relevant to this matter is Article 19, which provides that "[t]he carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Montreal Convention, Art. 19.

While the Montreal Convention is silent on the issue of non-economic damages, federal courts have held that inconvenience damages and purely emotional distress damages are not recoverable under the Convention. *Ratnaswamy v. Air Afrique*, 1998 U.S. Dist. LEXIS 2683, *19 (N.D. Ill. 1998); *Hansen v. Delta Airlines*, 2004 U.S. Dist. LEXIS 4150, *7 (N.D. Ill. 2004) (Purely mental injuries, unaccompanied by physical injuries, are not compensable under the

---

2 Although the Montreal Convention replaced the Warsaw Convention, courts interpreting the Montreal Convention rely on cases interpreting similar provisions of the Warsaw Convention." *Onwuteaka v. Northwest Airlines, Inc.*, 2007 U.S. Dist. LEXIS 34273, *3 (S.D. Tex. 2007).

Convention.); *Rubin v. Air China Ltd.*, 2011 U.S. Dist. LEXIS 65618, *9 (N.D. Cal. 2011) (finding that purely emotional injuries under Article 19 are not available under Montreal); *Lee v. Am. Airlines, Inc.*, 355 F.3d 386, 387 (5th Cir. 2004) (holding that plaintiff's claims of inconvenience and mental anguish resulting from the delay of her flight were not compensable under Article 19); *Vumbaca v. Terminal One Grp. Ass'n L.P.*, 859 F.Supp.2d 343, 367-68 (E.D. N.Y. 2012) ("Mere inconvenience does not support a claim under Article 19. Since plaintiff's only timely claims are for non-economic harms, she cannot recover under Article 19."); *Fields v. BWIA Intern. Airways Ltd.*, 2000 U.S. Dist. LEXIS 9397, 19 (E.D. N.Y. 2000) (Damages for emotional injuries are not available under Article 19); *Bassam v. Am. Airlines*, 287 Fed. Appx. 309, 316, n. 8, 317-18 (5th Cir. 2008) (emotional distress damages cannot be recovered under Article 19); *Sobol v. Cont'l Airlines*, 2006 U.S. Dist. LEXIS 71096 (S.D.N.Y. 2006) (Article 19 only applies to "economic loss occasioned by delay in transportation.").

In *Rubin,* for example, the plaintiff alleged that he experienced pain and suffering due to a delay of his flight from Beijing to San Francisco. *Rubin*, 2011 U.S. Dist. LEXIS 65618, * 2. Like Plaintiffs in this case, Rubin claimed that he suffered discomfort, inconvenience and other non-economic injuries as a result of languishing in the airport. *Id*. at 5. The *Rubin* court held that "Plaintiff [could not] recover for being 'trapped' in the Beijing airport, as damages for pain and suffering or other purely emotional injuries are not cognizable under Article 19." *Id*. at 13.

The court further explained that in order to recover for inconvenience damages, such damages must truly encompass economic damages, and cannot simply be based upon "discomfort, annoyance, and irritation." *Id*. at 14. If a plaintiff has not alleged any damages arising from inconvenience associated with a delay that have an economic component separate from and not redundant to other claimed economic injuries, the plaintiff cannot recover for such

alleged inconvenience. *See Id.*; *see also Lee*, 355 F.3d at 387 (holding that plaintiff's claims of inconvenience and mental anguish resulting from the delay of her flight were not compensable under Article 19); *Vumbaca,* 859 F.Supp.2d at 367-68 (Mere inconvenience does not support a claim under Article 19.).

Here, Plaintiffs Tarkov and Adler allege that the delays of their respective flights caused them, among other non-economic damages, inconvenience, anxiety, physical discomfort, exhaustion, frustration, uncertainty, "spoliation of their memorable vacations" and "loss of time." (Complaint at ¶¶ 164-171, 210-214.) None of these alleged injuries, however, constitute economic injuries. Rather, all of these allegations plead non-economic damages, which are not recoverable under Article 19. *Rubin*, 2011 U.S. Dist. LEXIS 65618, *9; *Vumbaca*, 859 F.Supp.2d at 367-68. Accordingly, Plaintiffs' claims seeking damages for non-economic injuries should be dismissed with prejudice for failing to state a claim upon which relief can be granted.

**B.     Misjoinder of Plaintiffs**

When the factual and legal questions between the plaintiffs and the defendant are based upon wholly separate acts of the defendant with respect to each plaintiff, Rule 20(a) is not met, and the actions must be severed. *Bailey*, 196 F.R.D. at 517. Similarly, if the plaintiffs' claims involve discrete and individualized circumstances and do not constitute one logical transaction or occurrence or series of transactions or occurrences, like we have in this case, Rule 20(a) is not met. *Id.* Here, the Tarkov Plaintiffs' and Adler Plaintiffs' claims arise from distinct, unrelated and individualized occurrences, not part of some unified series of transactions or occurrences, and not amenable to joinder under Rule 20(a). The Tarkov Plaintiffs' delayed (cancelled) flight occurred on March 28, 2015. *Id.* at ¶¶ 192, 197, 198. That flight was cancelled by Air Traffic Control (ATC). Almost seven (7) months later, on October 24, 2015, the Adler Plaintiffs' flight

was delayed by several hours due to a mechanical issue (IT outage). *Id.* at ¶ 255. Because the Tarkov and Adler claims pertain to different flights, on different dates, with different circumstances, there is nothing about the two factual situations that could constitute a single transaction or occurrence. The flights would have had entirely different passengers, different flight crew, different gate agents, different maintenance personnel, different reasons for the delays, and different responses by Frontier to remedy the delays.

Simply put, the causes of the Tarkovs' and Adlers' alleged damages are entirely unrelated, and, therefore, their claims could not have arisen out of a single transaction or occurrence or series of transactions or occurrences. *See Maclin v. Northern Telecom, Inc*., 1996 U.S. Dist. LEXIS 12565, *21 (N.D. Ill. 1996) (court granted motion to sever because the claims involved different conduct during different periods of time.). Additionally, it is unclear why the Adler and Tarkov plaintiffs would want to join their unrelated claims. The purpose of joinder under Rule 20 is to promote judicial economies. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Joining the Adler and Tarkov claims here would only promote delay and inefficiencies in regard to prosecuting their respective cases. There would be no overlapping proof or duplication in testimony, so there would be only added expense to the parties and to the court if the cases were joined. *Rambarran v. Dynamic Airways, LLC*, 2015 U.S. Dist. LEXIS 97651, *28-29 (S.D.N.Y. 2015) (Under Article 19 of Montreal, liability is examined on an individual basis, which includes, not only the issue of whether the carrier took reasonable measures to avoid the delay, but also whether, and to what extent, the carrier accommodated each individual passenger.).

In short, the Adler and Tarkov claims require individual fact finding and discovery, different witnesses and testimony, and separate questions to answer. As such, they do not

constitute the same transaction or occurrence and cannot be joined. *See Johnson v. Indopco, Inc.*, 846 F. Supp. 670, 676 (N.D. Ill. 1994) (severing plaintiffs' claims because, although the claims "may share a common question of law, their overall claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences."). Accordingly, Plaintiffs have not met the requirements of Rule 20(a), and, therefore, their claims have been misjoined. Pursuant to Rule 21, the proper remedy is to dismiss Plaintiffs' claims or sever them into different cases.

## V. <u>CONCLUSION</u>

Plaintiffs' claims of inconvenience damages, emotional distress damages and other non-economic damages alleged in the class action and individual counts of Plaintiffs' Fourth-Amended Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Additionally, Plaintiffs' remaining claims should be dismissed or severed because they were improperly joined under Rule 20.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing with prejudice all non-economic injury claims in the individual and putative class action counts of Plaintiffs' Fourth-Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing or severing Plaintiffs' remaining claims pursuant to Federal Rule of Civil Procedure 21, and for such further relief as this Court deems just and reasonable.

Dated: February 22, 2016      Respectfully submitted,

/s/ Brian T. Maye

Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603

Telephone: (312) 345-0700
bmaye@amm-law.com

Attorneys for Frontier Airlines, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on February 22, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye