## IN THE UNITED STATES FEDERAL COURT
## OF NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ALYONA ADLER,** | } | Case No. <u>**2015-CV-3430**</u> |
| **LEONID ADLER** | } | |
| **on their own behalf and on behalf of** | } | |
| **child NICOLE ADLER,** | } | |
| **ILYA TARKOV** | } | |
| **RIMMA TARKOV** | } | |
| **on behalf of themselves and all others** | } | |
| **similarly situated passengers of** | } | |
| **proposed Class** | } | |
|       **Plaintiffs,** | } | |
| | } | |
|    **vs.** | } | |
| | } | |
| **FRONTIER AIRLINES** | } | |
| **7001 TOWER ROAD, Denver** | } | |
| **Colorado 80249** | } | |
| **a foreign corporation** | } | |
|       **Defendant.** | } | |
| | } | **JURY DEMAND ON ALL COUNTS** |

---

### FOURTH AMENDED COMPLAINT AT LAW

---

**NOW COMES** the above-named Plaintiffs, ALYONA ADLER, LEONID

ADLER on her own behalf and on behalf of her minor child NICOLE ADLER; as well as

the above-named Plaintiffs ILYA TARKOV, RIMMA TARKOV; individually and on

behalf of all other similarly situated members of proposed Classes of passengers**,** by their

counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices

LLC, and as their FOURTH AMENDED CLASS ACTION COMPLAINT AT LAW

pursuant to the Articles 19 and 22(6) of the Montreal Convention for the Unification of

Certain Rules for International Carriage by Air, May 28, 1999 for compensable economic

actual, general, punitive, statutory, incidental and consequential damages for violation of

the Article 19 of said Montreal Convention for the Unification of Certain Rules for

EXHIBIT A

International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003)(Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq*.), against the above-named defendant, FRONTIER AIRLINES, jointly and severally, alleges as follows:

## I. NATURE OF THIS ACTION:

1.     That this civil action arises under the Treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in note following 49 U.S.C. § 1502 (1976) or in alternative under Article 19 of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, which is the supreme law of this land.[1]

2.     That at all times material hereto the Plaintiffs purchased international airfare transportation from Chicago to and from PuntaCana, Dominican Republic.

3.     That the United States and Dominican Republic are signatories to the Montreal Convention.[2]

4.     That by procuring this international airfare from the place of their residence located within Cook County, Illinois the above-named Plaintiffs entered into binding legal contract with the above-named defendant for international transportation by air from the place of their domicile at Chicago, Illinois to Punta Cana, Dominican Republic and back to Chicago, Illinois.

---

[1] http://www.state.gov/e/eb/rls/othr/ata/114157.htm
[2] http://legacy.icao.int/icao/en/leb/mtl99.pdf

5.      That at all times material hereto the above-named Plaintiffs were scheduled to fly from Punta Cana, Dominican Republic to Chicago.

6.      That at all times material hereto defendant's flights were delayed for more than three hours and were canceled.

7.      That at all times material hereto the below-identified flights were delayed on departure from Punta Cana for approximately 12 to 24 hours.

8.      That at all times material hereto for entire duration of 12 to 24 hours the above-named Plaintiffs were confined at departure area of Punta Cana Airport operated by Frontier Airline without access to food, refreshments and lavatories.

9.      That upon information and believe, such delay on departure of defendant's flights at all times material hereto were caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

10.     That while being estranged at various airports the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

11.     That at all times material hereto while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising their passengers as to cause, nature, extent, duration of delay of departing flights operated by Frontier Airlines.

12.     That subsequently, more than 12 to 24 hours later the above-named Plaintiffs arrived to their destination being more than 12 to 24 hours late of their preplanned arrival and missed several days of their work

13.     That consequently the Plaintiffs also incurred compensable economic Per Diem, local accommodation, food and transportation expenses.

14.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flights operated by Frontier Airlines is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

15.     That as a direct and proximate cause of said delayed departure of international air flights operated by Frontier, the Plaintiffs incurred similar actual out-of-pocket economic expenses in approximate sum in the sum to be proven at trial.

16.     That, at all times material hereto, as a direct and proximate cause of the above-identified willful indifference by Frontier and its employees, and delay of international airfare in excess of many hours the Plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages, including but not limited to per diem expenses, in the sum to be proven at trial.

17.     That as a direct and proximate cause of delayed departure of flights operated by the above-named defendants, the Plaintiffs were needlessly subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical discomfort, physical exhaustion, financial injury of loss of time

and loss of benefit of their bargain; as well physical anxiety, physical frustration, uncertainty, loss of use of money and other legally cognizable economic damages.

18.     That as a direct and proximate cause of delayed departure of international air flights operated by the above-named defendants, the above-named Plaintiffs were subjected to additional lodging and Per Diem expenses, spoliation of their memorable trip, physical inconvenience, financial injury, physical discomfort, financial injury of loss of time with nexus to loss of use of their monies and benefit of bargain, and was subjected to various compensable economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

19.     That, at all times material hereto, the above-named defendant was recklessly indifferent to travel-related needs of the above-named plaintiffs and to its own voluntarily assumed contractual obligations.

20.     That, upon information and believe, delay of the above-referenced defendant's flights were not caused by extraordinary circumstances, which could not have been avoided in due exercise of due diligence and pertinent legal standard of care owed to the plaintiffs by the above-named defendant.

21.     That, upon information and believe, Frontier Airlines did not pursue all meaningful actions required to avoid or mitigate impact of extraordinary circumstances.

22.     That therefore the above-named plaintiffs are now seeking, among other relief, to recover actual, general and special damages in aggregate sum of $32,439.00; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from Frontier Airlines for delay in international air transportation as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

23.     That, additionally, pursuant to the Article 22(5) of the Montreal Convention, the Plaintiffs are also asserting claim for economic compensatory damages in the excess of the above-referenced cap on damages imposed by the Article 22(1) of Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from defendant on the theory of "reckless indifference" of defendant's employees while acting in the scope of their employment and for benefit of their employer.

24.     That pursuant to Article 19 of the Montreal Convention, the defendant is liable for damages caused by delays of international air carriage of its passengers.

25.     That the above-named Plaintiffs, on their own behalf and on behalf of all similarly situated members of Class of Passengers of delayed air flights are bringing this action for compensation for damages caused by delays of international flights.

## II. JURISDICTION AND VENUE:

26.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-25 of preceding section of this entire 4th Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

27.     That the court's subject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, and doctrine of pendent jurisdiction.

29.     That, additionally the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this

complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.[3]

30.    That Art. 19 of the Montreal Convention set forth the private cause of action for money damages caused by delay or cancellation of international airfare transportation against the above-named defendant.[4]

31.    That the United States is signatory to Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.[5]

32.    That Dominican Republic is signatory to the Montreal Convention.

33.    That this class action also arises under  28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, as well as the Class Action Fairness Act, 28 U.S.C. § 1332(d); as well as under the doctrine of pending jurisdiction.

34.    That the court's jurisdiction is also invoked under Art 33 of the Montreal Convention and the doctrine of pendent jurisdiction.

35.    That the matter in controversy, exclusive of interest and costs, far exceeds the sum or value of $3,633,168.00 and is a class action in which some of the members of the Class of plaintiffs, whose number exceeds 100, are citizens of states different from the above-named defendant.

---

[3] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.
[4] See, Article 19 of the Montreal Convention, The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.
[5] http://legacy.icao.int/icao/en/leb/mtl99.pdf

36.     That further, greater than two-thirds of the class members reside in states other than the states in which Defendants are a citizen.

37.     That venue is proper in this Court under 28 U.S.C. § 1391 because all the above and below alleged actions of defendant took place, in whole or in part, within O'Hare International Airport located within this district.

38.     That the above-named defendant FRONTIER AIRLINES is doing business and are soliciting airline passengers by selling airfare tickets and are conducting its business of air transportation within the State of Illinois.

39.     That Frontier Airline is domiciled at the State of Colorado and / or are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

40.     That the above-named Plaintiffs, on their own behalf and on behalf of all Class Members, is seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,487.80 per passenger in aggregated sum to be determined at trail; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the defendant for delay of international air flights in a course of international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

41.     That, upon information and believe, the matter in controversy exceeds $3,633,168.00 exclusive of interest and costs, in that the above-named plaintiff is alleging actual damages in the sum of $6,487.80 per passenger and member of purported Class, as well as compensatory, actual, general, special, incidental and consequential damages in the sum not yet certain but to be ascertained and proven at trial.

42.      That, additionally, pursuant to Article 22(5) of Montreal Convention, the above-named Plaintiffs on their own behalf and on behalf of all other Class Members is also asserting claim for compensatory, additional, general, special, incidental and consequential damages in the excess of the above-referenced cap on damages imposed by Warsaw Convention and or by Article 22(1) of Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from the defendant on the theory of "reckless indifference" by the defendant to plaintiff's travel-related ordeal allegedly perpetrated by certain employees of Frontier Airlines while acting in the scope of their employment and for benefit of their employer.

43.      That additionally this Court has jurisdiction over this class action matter pursuant to 28 U.S.C. § 1337 as well as the Class Action Fairness Act, 28 U.S.C. § 1332 (d), in that:

      (a)   This is a class action involving 100 or more class members; and

      (b)   Plaintiffs, permanent residents of Illinois, are diverse in citizenship to defendant United Airlines, which are incorporated in the State of Delaware, USA.

44.      This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

      (a)   The Class is so numerous that joinder of all members is impractical;

      (b)   There are substantial questions of law and fact common to the Class including those set forth in greater particularity below;

      (c)   This case is properly maintainable as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

      i.      Questions of law and fact enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

      ii.     A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

     iii.    The relief sought in this class action will effectively and efficiently provide relief to all members of the class; and

     iv.    There are no unusual difficulties foreseen in the management of this class action.

45.     That this Court has personal jurisdiction over the above-named defendant, Frontier Airlines, who is maintaining at least minimum contacts with the State of Illinois through a conduct of air transportation business within State of Illinois and by otherwise availing themselves of Illinois' markets through their air travel operations, offices, logistical services, sales, and marketing efforts.

46.     That as to their individual claims the above-named plaintiffs are seeking, among other relief, to recover their actual, general and special damages in aggregate sum exceeding $6,897.82 per passenger; as well as their incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the defendant for delay in international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

### III.  PARTIES:

47.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-46 of preceding sections of this entire 4th Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

48.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-6 of Jurisdiction Section as set forth fully herein and incorporates them by reference:

49.      That at all times material hereto the above-named Plaintiffs, ALYONA ADLER and LEONID ADLER were adult citizens of the USA residing at: <u>307 Greenbrier Ln., Vernon Hills,IL,60061</u> together with their minor child NICOLE ADLER.

50.      That at all times material hereto the above-named Plaintiff, ILYA TARKOV and RIMMA TARKOV were adult citizens of the USA, residing at: <u>421 Swan Blvd., Deerfield, Il 60015</u>.

51.      That the above-named Defendant, FRONTIER AIRLINES is believed to be domestic U.S. air transportation carrier with principal place of business at: 7001 TOWER ROAD, Denver, Colorado 80249.

52.      That the defendant is domiciliary of the country –signatory to the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.

53.      That the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, and pursuant to 28 U.S.C. § 1337.

54.      That the defendant is doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

55.      That the matter in controversy exceeds $3,633,168.00 exclusive of interest and costs, in that the above-named plaintiffs are alleging actual damages to the class of passengers of canceled flights operated by the above-named defendant; as well as their similar damages in the sum not yet certain but to be ascertained and proven at trial.

56.     That the above-cited federal treaties provide for the private cause of action against the above-named defendant.

## IV. STATEMENT OF CLAIM AND PLAINTIFF'S FACTUAL ALLEGATIONS AS TO RELEVANT TO INDIVIDUAL AND CLASS ACTION CLAIMS.:

57.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-56 of preceding sections of this entire 4th Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

58.     That at all times material hereto the above-named Plaintiffs purchased airfare transportation from and to Chicago to Punta Cana, Dominican Republic.

59.     That by procuring this international airfare from the place of their residences at Cook County, Illinois the Plaintiffs entered into binding legal contract with the above-named defendant for international transportation by airfare transportation.

60.     That at all times material hereto various flights operated by the above-named defendant were delayed and or canceled.

61.     That at all times material hereto airfare purchased by the above-named plaintiffs were delayed for more than 24 hours.

62.     That at all times material hereto the above-named Plaintiffs were confined at departure area of various airports by Frontier Airline without access to food, refreshments and lavatories.

63.     That upon information and believe such delays or cancellations of the above-identified flights were caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

64.     That at all times material hereto the defendant did not pursue all reasonable measure to avoid ramifications of the above-identified delays or cancellations.

65.     That at all times material hereto the defendant did not pursue all reasonable measure to avoid ramifications of the above-identified delays or cancellations which could not have been avoided even if all reasonable measures had been taken.

66.     That while being estranged at various airports the above-named Plaintiffs were not provided with any care by the above-named defendant.

67.     That while being estranged at various airports the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of their the above-identified departing flights.

68.     That at all times material hereto the above-named Plaintiffs arrived to their international destinations more than 12 hours late of their preplanned arrival and missed one day of their pre-planned and pre-paid vacation.

69.     That at all times material hereto the Plaintiffs also lost several days of their employment.

70.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flights is actionable pursuant to Article 19 of Montreal Convention.

71.     That as a direct and proximate cause of said delayed and or cancelled departures of the above-identified international airfare flights, the plaintiffs incurred substantially similar actual out-of-pocket expenses in the sum to be proven at trial.

72.      That, as a direct and proximate cause of the above-identified willful indifference by the defendant, and delays of the above-identified international airfare flights in excess of 12 hours the plaintiffs incurred actual, general, special, incidental and consequential damages including but not limited to per diem expenses in the sum to be proven at trial.

73.      That as a direct and proximate cause of delayed and or cancelled departures of the above-identified airfare flights, the above-named Plaintiffs were needlessly subjected to similar actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical discomfort, exhaustion, loss of time, delay, anxiety, frustration, uncertainty, loss of use of money and other legally cognizable damages.

74.      That, at all times material hereto, subsequently upon plaintiff's late arrival to their international destinations the above-named Plaintiffs submitted to local office of the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of Montreal Convention.

75.      That due to refusal of pre-suit settlement demand by defendant, the above-named plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of Montreal Convention.

76.      That, upon information and believe, the above-named passengers of the above-referenced delayed and or cancelled international airfare flights submitted to the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of Montreal Convention.

77.     That such pre-suit claims and demands for settlement were rejected by the defendant.

78.      That due to rejection of pre-suit settlement claim by the above-named defendant, the above-named plaintiffs are entitled to reasonable attorneys fees pursuant to Article 22(6) of Montreal Convention, [6] incorporating so-called "settlement inducement provision" contained in Article 22(4) of Hague Protocol amendments.

79.      That Hague Protocol as ratified by the U.S. Senate on July 31, 2002 is supreme law of this land, thereby establishing procedure for award of attorney's fees in the matter *sub judice*. [7]

## V.      CLASS ACTION ALLEGATIONS:

80.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-79 of preceding sections of this entire 4th Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

81.     That the above-named Plaintiffs are bringing this action on her own behalf and on behalf of a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

82.     That the Plaintiffs are bringing this action as class representatives to

---

[6] Montreal Convention preserved the so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments. To that extent settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments was codified in the Article 22(6) of the Montreal Convention, which states as follows:

> "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law [6], in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

[7] http://www.gpo.gov/fdsys/pkg/CDOC-107tdoc14/html/CDOC-107tdoc14.htm

recover compensation required to be paid under Art 19 of the Montreal Convention and under pendent theory of breach contract.

83.     That this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a) and (b).

84.     That the Plaintiffs seek certification of the following class:

All persons residing in the United States who meet the following requirements:

(1)  Such person had a confirmed reservation on flight No. flight No. 41 operated by Frontier Airlines on March 28, 2015 from PuntaCana, Dominican Republic to Chicago;

(2)  Such person had a confirmed reservation on flight No. 41 operated as operated by Frontier Airlines on March 29, 2015 from PuntaCana, Dominican Republic to Chicago;

(3)  Such flight was delayed or cancelled for a reason other than extraordinary circumstances;

(4)  Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

(5)  Such person affected by said delay or cancellation for at least three hours; and

(6)  Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 41 as scheduled to depart from PuntaCana, Dominican Republic to Chicago, Illinois on March 28, 2015.

(7)  Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 41 as scheduled to depart from PuntaCana, Dominican Republic to Chicago, Illinois USA on March 29, 2015.

(8) Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 41 as scheduled to depart from PuntaCana, Dominican Republic to Chicago, Illinois USA on October 24, 2015.

(9) Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

(10) Such person affected by said delay or cancellation for at least three hours.

85.     That excluded from the above-identified Classes are:

(1)  Defendant and any entities in which Defendant has a controlling interest;

(2)  Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendant;

(3)  The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

(4)  All persons or entities that properly execute and timely file a request for exclusion from the Class;

(5)  Any attorneys representing the Plaintiff or the Class; and

(6)  All governmental entities.

86.     That the Plaintiff reserves the right to modify or amend the definition of all Classes before the Court determines whether certification is appropriate.

87.     That the Class and or both Classes are numerously comprised of over 100 people and most likely over ten thousand people who were passengers on flights operated by Frontier Airlines Inc, the joinder of which in one action would be impracticable.

88.     That the exact number or identification of the Class members is presently unknown, but identity of the Class members is ascertainable.

89.     That in addition to manifests, databases and rolls maintained by defendant and its agents, the Class members may be located and informed of the pendency of this action by a combination of electronic bulletins, e-mail, direct mail and public notice, or other means.

90.     That the disposition of the claims of the proposed class members through this class action will benefit both the parties and the Court.

91.     That common questions of law and fact predominate over individual issues.

92.     That there is a well-defined community of interest in the questions of law and fact involved affecting members of the Class.

93.     That the questions of law and fact common to the Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

a)      Whether FRONTIER AIRLINES is required to pay compensation to the members of both Classes pursuant to art 19 of the Montreal Convention;

b)      Whether FRONTIER AIRLINES is continually engaged in sabotaging of remedies available to members of both Classes in accordance with Art. 19 of the Montreal Convention;

c)      Whether the "extraordinary circumstances" exception only applies in certain circumstances where the airline can prove that the cancellation or delay was caused by (i) political instability, (ii) meteorological conditions incompatible with the operation of the flight concerned, (ii) security risks, (iii) technical or mechanical problems where it was "revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to

aircraft caused by acts of sabotage" or (v) strikes that affect the operation of an operating aircraft;

d)    Whether FRONTIER AIRLINES failed to compensate members of both Classes by erroneously raising defenses of extraordinary circumstances";

e)    Whether defense of extraordinary circumstances is a valid defense in an action for breach of contract of voluntary undertaking;

f)    Whether FRONTIER AIRLINES failed to compensate the Class Members in the amounts specified in Art. 19 and 22 of Montreal Convention.

94.    That the Plaintiffs are asserting a claims that are typical of all Classes, having all been entitled to receive financial compensation pursuant to the Art 19 of Montreal Convention and having not received such compensation.

95.    That the Plaintiffs and the Classes members have similarly suffered harm arising from defendant's failure to pay compensation as alleged in this Complaint.

96.    That the Plaintiffs are adequate representatives of the Classes because they fit within the class definition and their interests do not conflict with the interests of the members of the Classes they seek to represent.

97.    That the Plaintiffs will prosecute this action vigorously for the benefit of the entire Class.

98.    That the above-named Plaintiffs are represented by experienced and able attorneys from law firm, which will serve as class counsel.

99.    That the undersigned Class counsel has litigated several class actions, and Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of all Classes.

100.    That the Plaintiffs and class counsel can and will fairly and adequately

protect the interests of all of the members of the Class.

101.    That a class action is the best available method for the efficient

adjudication of this litigation because individual litigation of Class members' claims

would be impracticable and individual litigation would be unduly burdensome to the

courts.

102.    That due to the size of each individual Class member's claims, it would

not be practicable for Class members to individually seek legal redress for the wrongs

identified in this Complaint.

103.    That without the class action vehicle, the Classes would have no

reasonable remedy and would continue to suffer losses, as United Airlines Inc continues

to fail to compensate passengers as required under Art. 19, 22 of Montreal Convention.

104.    That further, individual litigation has the potential to result in

inconsistent or contradictory judgments.

105.    That a class action in this case presents fewer management problems

and provides the benefits of single adjudication, economies of scale, and comprehensive

supervision by a single court.

## VI. <u>CLASS CLAIMS:</u>

### CLASS ACTION COUNT ONE:
<u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Article 19 of the Montreal Convention</u>

As a separate cause of action against the above-named Defendant, FRONTIER

AIRLINES, jointly and severally, the above-named Plaintiffs, ILYA TARKOV and

RIMMA TARKOV on behalf of the Class of passengers of flight 41 operated by

defendant on March 28, 2015 are alleging as follows:

106.    That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-105 of preceding sections of this entire 4th Amended Class Complaint at Law as set forth fully herein and incorporates them by reference:

107.    That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 41 operated as operated by Frontier Airlines on March 28 and March 29, 2015 from PuntaCana, Dominican Republic Chicago, Illinois, which were delayed and canceled, causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for damages caused by delay or cancellation of international airfare pursuant Art. 19 of Montreal Convention.

108.    That at all times material hereto the above-named Plaintiffs purchased airfare transportation to be performed by Frontier Airlines on March 21, 2015 from Chicago to PuntaCana, Dominican Republic, and on March 28, 2015 flying back from Punta Cana to Chicago on the board of Frontier's flight 41.

109.    That on March 28, 2015, the above-named Plaintiffs were scheduled to depart from PuntaCana, Dominican Republic to Chicago on Frontier Airlines Flight 41.

110.    That the above-referenced flight was scheduled to depart from Punta Cana to Chicago at 4:25 P.M and to arrive to Chicago at 08:36PM.

111.    That the above-identified flight was delayed on departure from Chicago to Punta Cana to Chicago for six (6) hours and thereafter was cancelled.

112.     That upon such cancellation the above-named Plaintiffs were ordered by Frontier to go back to their hotel and to stay there for additional night at their own expense.

113.     That on the following day of March 29, 2015 the Plaintiffs were ordered by Frontier to show up at 6:30 AM at Punta Cana International Airport for boarding of flight 2041 which was scheduled to depart from PuntaCana to Chicago at 08:00AM.

114.     That said flight was delayed as well.

115.     That finally the above-named Plaintiffs were able to depart from PuntaCana at 11:50AM on March 29, 2015.

116.     That upon their arrival to Chicago at 3:45PM the above-named Plaintiffs were kept in the plane for additional one hour.

117.      That, upon information and believe, such delay on departure of defendant's flight No. 41 on April 25, 2015 in excess of 24 hours was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

118.     That while being estranged at PuntaCana International Airport the above-named Plaintiffs were not provided with any meaningful care by Frontier Airlines.

119.     That while being estranged at PuntaCana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing and cancellation of flight No. 41 on March 28 and March 29, 2015.

120.     That due to cancellation of departing flight No. 41 on March 28 and March 29, 2015 the above-named Plaintiffs were subjected to severe physical inconvenience resulting in financial injury at the sum to be determined at trial.

121.     That due to entire duration of cancellation for 24 hours the above-named Plaintiffs and subsequent late arrival to Chicago at 3:45PM on March 29, 2015 the above-named Plaintiffs lost one day of their employment, whereby incurring actual economic damages in the sum to be proven at trial.

122.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 41 on March 28 and March 29, 2015 is actionable pursuant to Article 19 of the Montreal Convention.

123.     That as a direct and proximate cause of said delayed departure of international air flight No. 41 on March 28 and March 29, 2015, and while being confined within a departure area of PuntaCana International Airport, the Plaintiffs incurred similar actual out-of-pocket economic expenses in the sum to be proven at trial.

124.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 24 hours the above-named Plaintiffs missed one day of their employment, thereby incurring actual economic pecuniary damages in the sum to be proven at trial.

125.     That as a direct and proximate cause of delayed departure of flight No 41 on March 28 and March 29, 2015, the Plaintiffs were subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to loss of wages, additional transportation expenses incurred at the port of arrival, loss of benefit of their bargain, per diem and local foodstuffs /

refreshment expenses, medicine procurement expenses, as well as economic damages with nexuses to financial injury of indifferent treatment, inconvenience, physical discomfort, physical exhaustion, loss of time, delay, physical frustration, uncertainty, loss of use of money and other legally cognizable economic damages, losses and injuries.

126.      That under the Article 36 of the Montreal Convention, FRONTIER AIRLINES is liable for damages caused by delay of international airfare carriage of its passengers.

127.      That the Contract of International Airfare Carriage and Tariff[8] filed by FRONTIER incorporates liability pursuant o Art 19 of the Montreal Convention under the paragraph 16(B) of "Limitation of Liability", which states in pertinent part that:

> "International Transportation – With respect to international transportation, as defined in the following referenced conventions, as applicable, Frontier's liability will be limited as specified in, as and if applicable,
>
> (i) the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw, October 12, 1929, as amended ("Warsaw Convention"), but subject to the Agreement entered into by Frontier pursuant to 14 C.F.R. Part 203 or
>
> (ii) the Convention for the Unification of Certain Rules for International Carriage by Air, signed at Montreal, May 28, 1999 ("Montreal Convention").

128.      That furthermore pursuant to par 16(B) titled 'Additional Liability Limitations," the above-named defendant voluntarily assumed the above-cited self-imposed contractual liability.

129.      That as a direct and proximate cause of delayed departure of international air flight No. 41 on March 28 and March 29, 2015, the above-named

---

[8] www.flyfrontier.com/customer-service/faqs/~/media/Files/docs/CS_COC.ashx

Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their memorable trip, inconvenience, financial injury, physical discomfort, loss of time, loss of use of their monies, and was subjected to various economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

130.     That, thereafter the above-named defendant was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation in violation of the Montreal Convention.

131.     That said demand was unambiguously and willfully rejected by the above-named defendant prior to filing of this action.

132.     That due to defendant's willful rejection of pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

133.     That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the US Senate on July 31, 2002.

**WHEREFORE,** the above-named Plaintiffs on behalf of entire class of passengers of flight 41 on March 28 and March 29, 2015 are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80; or in the sum  to be proven at trial; and additional amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable

amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

**CLASS ACTION COUNT TWO**:
**Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty**

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs ILYA TARKOV and RIMMA TARKOV are alleging as follows:

134.     That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-133 of preceding sections of this entire 4th Amended Class Action Complaint as set forth fully herein and incorporates them by reference:

135.     That the Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 41 operated as operated by Frontier Airlines on March 28 and March 29, 2015, which were delayed or canceled causing the Plaintiffs to incur compensable damages are seeking, among other relief, to recover compensable economic actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for economic damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

136.     That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on March 21 and March 29, 2015 of the above-named plaintiffs from the place of their domicile at Chicago, Illinois, USA to PuntaCana, Dominican Republic and thereafter on 3-28-2015 coming back to Chicago.

137.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

138.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

139.     That at all times material hereto the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay of international airfare per Art. 19 of Montreal Convention.

140.     That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

141.     That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Cook County, Illinois, USA.

142.     That, at all times material hereto, on March 28 and March 29, 2015 the defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 24 hours of their departing flight No. 41.

143.     That, at all times material hereto, on March 28, 2015 the above-named defendant breached the above-referenced contract for international airfare carriage by

failing to render care to the Plaintiffs, while they have been subjected to delay of their departing flight No. 41 for 24 hours and subsequent cancellation of said flight.

144.     That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to meaningfully compensate the above-named Plaintiffs for compensable economic pecuniary damages caused by delay of departure of international flight No. 41 on March 28 and March 29, 2015, thereby breaching its self-imposed contractual obligation under Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

145.     That said breach of self-imposed voluntary assumed contractual duties by the defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

146.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

147.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

148.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant on March 28 and March 29, 2015, the above-named plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages in the sum to be determined at trial.

**WHEREFORE,** the above-named Plaintiffs, on behalf of all passengers of flight 41 on March 8, 2015, are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80 per passenger member of the above-identified Class; or in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

**CLASS ACTION COUNT THREE**
**Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19 of the Montreal Convention**

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs, ALYONA ADLER, LEONID ADLER and NICOLE ADLER on behalf of the Class of passengers of flight 41 operated by defendant on March 28, 2015 are alleging as follows:

149. That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-148 of preceding sections of this entire 4th Amended Class Complaint at Law as set forth fully herein and incorporates them by reference:

150. That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 41 operated as operated by Frontier Airlines on October 24, 2015 from PuntaCana, Dominican Republic Chicago, Illinois, which were delayed and canceled, causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named

defendant for damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention.

151.    That at all times material hereto the above-named Plaintiffs purchased a airfare transportation to be performed by Frontier Airlines on October 19, 2015 from Chicago to PuntaCana, Dominican Republic, and on October 24, 2015 flying back from Punta Cana to Chicago on the board of Frontier's flight 41.

152.    That the United States and the Dominican Republic are signatories to the Montreal Convention.

153.    That true and correct copy of plaintiff's travel –related documents are appended herewith marked as Exhibit C incorporated by reference and made a part of this entire complaint-at-law.

154.     That on October 24, 2015, the above-named Plaintiffs were scheduled to depart from PuntaCana, Dominican Republic to Chicago on Frontier Airlines Flight 41.

155.     That the above-referenced flight was scheduled to depart from Punta Cana to Chicago at 4:25 P.M and to arrive to Chicago at 08:36PM.

155.     That the above-identified flight was delayed on departure from Punta Cana to Chicago in excess of four (4) hours.

156.     That during entire duration of said delay the above-named Plaintiffs were caped in airplane without access to lavatories.

157.     That during such delay the above-named Plaintiffs were subjected to dehydration and physical inconvenience.

158.     That such psychical inconvenience caused the above-named Plaintiffs NICOLE ADLER to experience severe vomiting.

159.     That finally the above-named Plaintiffs arrived to Chicago being almost for hours late of their pre-planned arrival.

160.     That upon their arrival to Chicago the above-named Plaintiffs were kept in the plane for additional one hour.

161.     That, upon information and believe, such delay on departure of defendant's flight No. 41 on October 24, 2015 in excess of 4 hours was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

162.     That while being estranged at PuntaCana International Airport the above-named Plaintiffs were not provided with any meaningful care by FRONTIER.

163.     That while being estranged at PuntaCana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing and cancellation of flight No. 41 on October 24, 2015.

164.     That due to cancellation of departing flight No. 41, 2015 the above-named Plaintiffs were subjected to severe physical inconvenience resulting in financial injury at the sum to be determined at trial.

165.     That due to entire duration of delay on departure for 4 hours the above-named Plaintiffs and subsequent late arrival to Chicago on October 24, 2015 the above-named Plaintiffs lost one day of their employment, whereby incurring actual economic damages in the sum to be proven at trial.

166.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 41 on October 24, 2015 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.

167.     That as a direct and proximate cause of said delayed departure of international air flight No. 41 on October 24, 2015, and while being confined within a departure area of Punta Cana International Airport the above-named plaintiffs incurred similar actual out-of-pocket economic expenses in the sum to be proven at trial.

168.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 24 hours the above-named Plaintiffs missed one day of their employment, thereby incurring actual economic pecuniary damages in the sum to be proven at trial.

169.     That as a direct and proximate cause of delayed departure of flight No 41 on 10-24-15, the Plaintiffs were needlessly subjected to compensable economic damages, including but not limited to loss of wages, additional transportation expenses incurred at the port of arrival, loss of benefit of their bargain, per diem and local foodstuffs / refreshment expenses, medicine procurement expenses, as well as economic damages with nexuses to financial injury of indifferent treatment, inconvenience, physical discomfort, physical exhaustion, loss of time, delay, physical frustration, uncertainty, loss of use of money and other legally cognizable economic damages.

170.     That under the Article 36 of the Montreal Convention, the above-identified defendant is liable for damages caused by delay or cancellation of international airfare carriage of passengers.

171.     That as a direct and proximate cause of delayed departure of international air flight No. 41 on October 24, 2015, the above-named Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their memorable trip, inconvenience, financial injury, physical discomfort, loss of time, loss of use of their monies, and was subjected to various compensable economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

172.     That, thereafter the above-named defendant FRONTIER AIRLINES was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation.

173.     That said demand was rejected by the defendant.

174.     That due to defendant's rejection of pre-suit settlement claim, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

175.     That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the U.S. Senate on July 31, 2002.

**WHEREFORE,** the above-named Plaintiffs on behalf of entire class of passengers of flight 41 on October 24, 2015 are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80; or in the sum  to be proven at trial; and additional amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of

attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

### CLASS ACTION COUNT FOUR:
#### Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs ALYONA ADLER, LEONID ADLER and NICOLE ADLER are alleging as follows:

176.    That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-175 of preceding sections of this entire 4th Amended Class Action Complaint  as set forth fully herein and incorporates them by reference:

177.    That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 41 operated as operated by Frontier Airlines on October 24, 2015, which were delayed or canceled causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover compensable economic actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for economic damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

178.    That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on October 29, 2015 of the above-named plaintiffs from the place of their domicile at Chicago, Illinois to PuntaCana, Dominican Republic and thereafter on October 24, 2015 coming back to Chicago.

179.    That, at all times material hereto, the defendant was under self-imposed voluntary assumed contractual duty to advise plaintiffs of any delays or cancellations of their international flight.

180.    That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

181.    That at all times material hereto the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay of international airfare per Art.19 of Montreal Convention.

182.    That said legal duties were incorporated into defendant's terms of carriage, published on its home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

183.    That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Cook County, Illinois, USA.

184.    That, at all times material hereto, on October 24, 2015 the above-named defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 4 hours of their departing flight No. 41.

185.    That, at all times material hereto, on October 24, 2015 the above-named defendant breached the above-referenced contract for international airfare carriage by

failing to render care to the above-named Plaintiffs, while they have been subjected to delay of their departing flight No. 41 for 4 hours.

186.     That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to meaningfully compensate the above-named Plaintiffs for compensable economic pecuniary damages caused by delay of departure of international flight No. 41 on October 24, 2015, thereby breaching its self-imposed contractual obligation under Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

187.     That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

188.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

189.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

190.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant at all times material hereto, the above-named plaintiffs incurred similar compensable economic actual, general, special, incidental and consequential damages in the sum to be determined at trial.

**WHEREFORE,** the above-named Plaintiffs on behalf of all passengers of flight 41 on October 24, 2015 are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80 per passenger member of the above-identified Class; or in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

## VIII. <u>IDIVIDUAL CLAIMS</u>:
### COUNT FIVE:

<u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19 of the Montreal Convention</u>

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, the above-named Plaintiffs ILYA TARKOV and RIMMA TARKOV individually, on their own behalf are alleging as follows:

191.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-191 of preceding sections of this entire 4th Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

192.     That on or about March 1, 2015 the above-named Plaintiffs purchased a vacation package at purchasing cost of $2,879.56 per two passengers for vacation at PuntaCana, Dominican Republic, including airfare on 3-21-15 from Chicago, Illinois to PuntaCana, Dominican Republic and on 3-28-15 returning back to Chicago, Illinois.

193.     That by procuring this international airfare from the place of their residence at: <u>421 Swan Blvd. Deerfield, Il 60015</u> the above-named Plaintiffs entered into

binding legal contract with all the above-named defendant for international transportation by air on March 21, 2015 from the place of their domicile at Chicago, Illinois to PuntaCana, Dominican Republic, and than on March 28, 2015 flying back to Chicago.

194.     That on March 28, 2015, the above-named Plaintiffs were scheduled to depart from PuntaCana, Dominican Republic to Chicago, Illinois on the board of flight 41 operated by Frontier Airlines.

195.     That the above-referenced flight was scheduled to depart from Punta Cana to Chicago on March 28, 2015 at 4:25 P.M and to arrive to Chicago at 08:36PM.

196.     That on March 28, 2015 the above-identified flight was delayed on departure from Chicago to Punta Cana to Chicago for six (6) hours and thereafter was cancelled.

197.     That upon such cancellation the above-named Plaintiffs were ordered by Frontier to go back to their hotel and to stay there for additional night at their own expense.

198.     That on the following day of March 29, 2015 the above-named Plaintiffs were ordered by Frontier to show up at 6:30 AM at Punta Cana International Airport for boarding of Frontier flight 2041 which was scheduled to depart from PuntaCana to Chicago at 08:00AM.

199.     That said flight was delayed as well.

200.     That finally the above-named Plaintiffs were able to depart from PuntaCana at 11:50AM on March 29, 2015.

201.     That upon their arrival to Chicago on March 29, 2015 at 3:45PM the above-named Plaintiffs were kept in the plane for additional one hour.

202.    That, upon information and believe, such delay on departure of defendant's flight No. 2041 on March 28 and March 29, 2015 in excess of 24 hours was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

203.    That while being estranged at Punta Cana International Airport the above-named Plaintiffs were not provided with any meaningful care by the defendant.

204.    That, upon information and believe, such delay on departure and subsequent cancellation of defendant's flight No. 41 on March 28, 2015 was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

205.    That while being estranged at Punta Cana International Airport the above-named Plaintiffs were not provided with any meaningful care by the defendant.

206.    That while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any meaningful care for estranged passengers and who were not advising its passengers as to cause, nature, extent, duration of delay of departure and subsequent cancellation of flight No. 41 on 3-28-2015.

207.    That due to cancellation of departing flight No. 41 on March 28, 2015 the above-named Plaintiffs were subjected to severe physical inconvenience with nexus to compensable economic financial injury at the sum to be determined at trial.

208.    That due to entire duration of travel interruption for 24 hours the above-named Plaintiffs and subsequent late arrival to Chicago at 3:34PM on March 29, 2015 the

above-named Plaintiffs lost one day of their employment, whereby incurring compensable economic actual damages in the sum to be proven at trial.

209.      That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 41 on March 8, 2014 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

210.      That as a direct and proximate cause of said delayed departure of international air flight No. 41 on March 29 and March 29, 2015, and while being confined within a departure area of Punta Cana International Airport the plaintiffs incurred compensable economic actual out-of-pocket expenses for procurement of food, refreshments and medications in the sum of $450 or in the sum to be proven at trial.

211.      That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 24 hours the above-named Plaintiffs missed one day of their employment, thereby incurring compensable economic pecuniary damages in the sum to be proven at trial.

212.      That as a direct and proximate cause of delayed departure of flight No 41 on March 28 and March 29, 2015, the Plaintiffs were needlessly subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to loss of wages, additional transportation expenses incurred at the port of departure and port of arrival, loss of benefit of their bargain, per diem and local foodstuffs / refreshment expenses, medicine procurement expenses, as

well as compensable economic damages with nexus to financial injury caused by
indifferent treatment, physical inconvenience, physical discomfort, physical exhaustion;
as well as compensable economic financial injury arising from loss of time, delay,
physical anxiety, physical frustration, loss of use of money and other legally cognizable
economic damages, losses and injuries.

213.    That under Article 36 of the Montreal Convention, the defendant is
liable for damages caused by delay or cancellation of international airfare carriage of
passengers.

214.    That as a direct and proximate cause of delayed departure of
international air flight No. 41 on 3-28-15 and 3-29-15, the above-named Plaintiffs were
subjected to additional lodging and per diem expenses, spoliation of their memorable
trip, inconvenience, financial injury, physical discomfort, loss of time, loss of use of
their monies, and was subjected to compensable economic various actual, general,
special, incidental and consequential damages in the sum to be ascertained at trial.

215.    That, thereafter the above-named defendant was duly served with
plaintiff's notices of claims against them, in accordance with Article 22(6) of the
Montreal Convention for damages caused by their breach of transportation agreement and
delay in international transportation.

216.    That upon information and believe, said demand was rejected or not
meaningfully considered by the defendant.

217.    That due to defendant's failure to answer pre-suit settlement claims on
the part of all the above-named defendants, the above-named Plaintiffs are entitled to
reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

218.    That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the US Senate on July 31, 2002.

**WHEREFORE,** the above-named Plaintiffs are hereby respectfully requesting this Honorable Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80 per passenger in aggregated sum of $13,154.82; or in the sum to be proven at trial due to the above-named plaintiffs from the above-named defendants, jointly and severally; and additional economic amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

## COUNT SIX:
### Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs ILYA TARKOV and RIMMA TARKOV individually on their own behalf are alleging as follows:

219.    That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-218 of preceding sections of this entire 4th Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

220.    That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on March 21, 2015 of the above-

named plaintiffs from the place of their domicile at Chicago, Illinois, USA to PuntaCana, Dominican Republic and thereafter on March 28, 2015 coming back to Chicago.

221.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

222.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

223.     That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay or cancellation of international airfare per Art. 19 of Montreal Convention as incorporated by defendant's Contract of Carriage.

224.     That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

225.     That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Cook County, Illinois, USA.

226.     That, at all times material hereto, on March 13, 2015 the above-named defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 3 hours of their departing flight No. 41.

227.     That, at all times material hereto, the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to the above-named Plaintiffs while they have been subjected to delay of their departing flight No. 41 for 13 hours and subsequent cancellation of said flight.

228.     That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to meaningfully compensate the above-named Plaintiffs for compensable economic pecuniary damages caused by delay of departure of international flight No. 41 on March 28 and March 29, 2015, thereby breaching its self-imposed contractual obligation under Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

229.     That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the defendant by operation of the above-referenced contractual undertaking.

230.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

231.     That, at all times material hereto, the plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

232.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant on March 28, 2015, the above-named

plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages in the sum to be determined at trial.

**WHEREFORE,** the above-named Plaintiffs are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80 per passenger in aggregated sum of $13,154.82; or in the sum to be proven at trial due to the above-named plaintiffs from the above-named defendants, jointly and severally; and additional amounts of compensable economic damages in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as this Court deems just and proper.

## COUNT SEVEN
### Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, all the above-named Plaintiffs are alleging as follows:

233.     That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-232 of preceding sections of this entire 4th Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

234.     That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on April 13, 2014 of the above-named plaintiffs from the place of their domicile at Chicago, Illinois, USA to PuntaCana, Dominican Republic and than on April 20, 2014 coming back to Chicago, Illinois, USA.

235.    That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

236.    That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

237.    That at all times material hereto Frontier was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay or cancellation of international airfare per Art. 19 of Montreal Convention.

238.    That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as "Condition of Carriage" at http://media.triseptsolutions.com/sites/VAXWEBFJT/PublishingImages/Pdfs/billofrights.pdf.

239.    That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Cook County, Illinois, USA.

240.    That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of multiple hours of their departing flights.

241.    That, at all times material hereto, the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to

the above-named Plaintiffs while they have been subjected to delay of their departing flights for multiple hours.

242.     That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to meaningfully compensate the above-named Plaintiffs for compensable economic pecuniary damages caused by delay of departure of international flights at all times material hereto, thereby breaching its self-imposed contractual obligation under Art. 19 of Montreal Convention.

243.     That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the defendant by operation of the above-referenced contractual undertaking.

244.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

245.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

246.     That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendant at all times material hereto, the above-named plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages in the sum to be determined at trial.

**WHEREFORE,** the above-named Plaintiffs are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in

the sum of 4694 SDR or $6,487.80 per passenger in compensable economic aggregated sum of $32,877.02; or in the sum to be proven at trial due to the above-named plaintiffs from the above-named defendant, jointly and severally; and additional compensable economic damages amounts in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

## COUNT EIGHT
### Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19 of the Montreal Convention

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs, ALYONA ADLER, LEONID ADLER on their own behalf and on behalf of their minor children, NICOLE ADLER, individually are alleging as follows:

247. That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-246 of preceding sections of this entire 4th Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

248. That on or about October 5, 2012 the above-named Plaintiffs purchased a vacation package for vacation at Cancun, Mexico, including airfare on October 19, 2015 from Chicago, Illinois to Punta and on October 24, 2015 coming back to Chicago.

249. That by procuring this international airfare from the place of their residence at: 307 Greenbrier Ln., Vernon Hills, IL,60061 the Plaintiffs entered into binding legal contract with the defendant for international transportation by air on 10-19-

2015 from the place of their domicile at Chicago, Illinois to Punta Cana, Dominican Republic, and than on October 24, 2015 back to Chicago.

250. That true and correct copy of plaintiff's travel –related documents are appended herewith marked as Exhibit C, incorporated by reference and made a part of this entire complaint-at-law.

251. That on October 24, 2015, the above-named Plaintiffs were scheduled to fly from Punta Cana to Chicago on Frontier Airlines Flight 8544.

252. That said flight was scheduled to depart at 1:34P.M.

253. That said flight was delayed on departure from Punta Cana for 4 hours.

254. That for entire duration of 4 hours the above-named Plaintiffs were confined on the board of flight 41 operated by Frontier Airline without access to food, refreshments and lavatories.

255. That upon information and believe such delay on departure of defendant's flight No. 41 on October 24, 2015 was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

256. That while being estranged at Punta Cana International Airport the above-named Plaintiffs were not provided with any care by the above-named defendant.

257. That while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing flight No. 41.

258. That subsequently, more than 4 hours later the Plaintiffs arrived to Chicago 4 hours late of their preplanned arrival and missed entire day of their work.

259. That consequently the Plaintiffs also lost their unique sight-seeing reservations and pre-paid sight-seeing excursions.

260. That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 41 on October 24, 2015 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.

261. That as a direct and proximate cause of said delayed departure of international air flight No. 41, the above-named Plaintiffs incurred actual out-of-pocket expenses in approximate sum of $2850; or in the sum to be proven at trial.

262. That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 4 hours the above-named Plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages including but not limited to per diem expenses in the sum to be proven at trial.

263. That as a direct and proximate cause of delayed departure of flight No 41, the above-named Plaintiffs were needlessly subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, physical inconvenience, physical discomfort, physical exhaustion, loss of time, delay, uncertainty, loss of use of money, lose of use of benefit of bargain and other legally cognizable damages.

264.     That under the Article 36 of the Montreal Convention, the above-identified defendant is liable for damages caused by delay or cancellation of international airfare carriage of passengers.

265.     That as a direct and proximate cause of delayed departure of international air flight No. 41 on October 24, 2015, the Plaintiffs were subjected to additional compensable economic lodging and per diem expenses, spoliation of their memorable trip, inconvenience, financial injury, physical discomfort, loss of time, loss of use of their monies, and was subjected to various compensable economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

266.     That, thereafter the above-named defendant was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation in violation of the Montreal Convention.

267.     That said demand was rejected by the above-named defendant.

268.     That due to defendant's rejection of pre-suit settlement claim, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

**WHEREFORE,** the above-named Plaintiffs are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80 per passenger in compensable economic aggregated sum of $19,463.40; or in the sum to be proven at trial due to the above-named plaintiffs from the defendant; and additional amounts of compensable economic

damages in the sum to be proven at trial; as well as reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

### COUNT NINE:
### Cause of Action for Breach of Contract: Breach of Self-Imposed Contractual Duty

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs, ALYONA ADLER, LEONID ADLER on their own behalf and on behalf of their minor children, NICOLE ADLER, individually are alleging as follows:

269.       That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-268 of preceding sections of this entire 4th Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

270.       That, at all times material hereto, the parties entered into the contract for international airfare transportation on October 19, 2015 of the above-named plaintiffs from the place of their domicile at Chicago, USA to Punta Cana  and than on October 24, 2015 coming back to Chicago, Illinois, USA.

271.       That, at all times material hereto, the defendant was under self-imposed voluntary assumed contractual duty to advise the above-named plaintiffs of any delays or cancellations of their international flight.

272.       That, at all times material hereto, the defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

273.    That, at all times material hereto, the defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay or cancellation of international airfare.

274.    That said legal duties were incorporated into defendant's terms of carriage, published on defendant's home page titled as par. 16(b) of "Contract of Carriage" at http: //www.flyfrontier.com/ customerservice/faqs/ ~/media/Files/ docs/ CS _COC.ashx.

275.    That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at Chicago, Cook County, Illinois, USA.

276.    That, at all times material hereto, on October 24, 2015 the above-named defendant breached the above-referenced contractual duty by failing to promptly and adequately notify the above-named Plaintiffs in regard to a cause and circumstances of delay in excess of 12 hours of their departing Flight No. 8545.

277.    That, at all times material hereto, on October 24, 2015 the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to the above-named Plaintiffs while they have been subjected to delay of their departing flight No. 41 for many hours.

278.    That, at all times material hereto, the defendant breached the above-referenced contractual duty by refusing to compensate the Plaintiffs for pecuniary damages caused by delay of departure of international flight No. 41 on 10-24-15.

279.     That said breach of self-imposed voluntary assumed contractual duties by the above-named defendant was material breach of essential condition precedent imposed upon the defendant by operation of the above-referenced contractual undertaking.

280.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the defendant by operation of this contractual undertaking.

281.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

282.     That as a direct and proximate cause of said material breach of contract perpetrated by the defendant on 10-24-2015, the plaintiffs incurred compensable economic damages in the sum to be determined at trial.

**WHEREFORE,** the above-named Plaintiffs are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80 per passenger in compensable economic aggregated damages of $19,463.40; or in the sum to be proven at trial due to the above-named plaintiffs from the defendant; and additional amounts of compensable economic damages in the sum to be proven at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

## XX.   INDIVIDUAL CLAIMS RELEIF

**WHEREFORE,** the above-named Plaintiffs, individually on their own behalf are hereby respectfully requesting this Honorable Court to award them with final order of

judgment in the sum of $6,897.82 per plaintiff passenger against the above-named Defendant for all the above-stated causes of action as follows:

      A.      The amount of compensatory economic actual and general damages in the sum of 4604 SDR (Special Drawing Rights) or in the sum of $6,897.82 per individual passenger, or in the sum to be proven at trial; and

      B.      The amount of compensatory economic special, incidental, consequential and inconvenience damages or in the sum to be proven at trial; and

      C.      Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance with "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention for defendant's rejection of written notice of claim and to pre-suit settlement demand; and

      D.      Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of attorneys fees costs and disbursements of this action; and

      E.      Plaintiffs are also moving this Court for scheduling of evidentiary hearing on the issue of award of attorney's fees and costs upon entry of order of judgment pursuant to Rule 54 (d)(1) and (2) of Federal Rules of Civil Procedure; and

      F.      Such other and further relief as the Court deems just and proper.

## XXI.  CLASS ACTION RELEIF:

      G.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-282 of preceding sections of this entire 4th Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

H.      That the Court determines that this action may be maintained as a class

action under Rule 23 of the Federal Rules of Civil Procedure; that the Plaintiffs are

proper class representative; and that the best practicable notice of this action be given to

members of the Class represented by the Plaintiffs;

I.      That the judgment be entered against FRONTIER AIRLINES and in favor

of Plaintiffs and the Class on the Cause of Action in this Complaint, in an amount of

compensable economic damages in the sum of $6,487.80 per member of the above-

asserted Class; or in the sum to be determined at trial;

J.      That judgment be entered imposing interest on damages, litigation costs,

and attorneys' fees against FRONTIER AIRLINES; and

K.      For all other and further relief as this Court may deem necessary and

appropriate.

PLEASE TAKE NOTICE that the above-named Plaintiffs, on their own behalf and

on behalf of all Class Members are hereby respectfully requesting the trial by jury on all

counts asserted herein.

PLEASE TAKE FURTHER NOTICE that the undersigned counsel of record as

member of bar of the United States District Court for Northern District of Illinois is

hereby designated as lead trial counsel in the above-captioned matter.

Dated this 4th Amended Class Action Complaint at Law on this 10th day of January 2016.
                        Respectfully submitted by
                        GOROKHOVSKY LAW OFFICE, L.L.C.
                        Attorneys for Plaintiffs

BY: *Vladimir M. Gorokhovsky, Esq.*
        /S/ VLADIMIR M. GOROKHOVSKY, LL.M.
        ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
10919 North Hedgewood Ln.,
Mequon, WI  53092
Telephone: (414)-581-1582
gorlawoffice@yahoo.com

CERTIFICATE OF SERVICE:

I hereby certify that on January 12, 2016, I caused a copy of the foregoing to be
electronically filed with the Clerk of Court using CM/ECF, which will send electronic
notification to the parties and registered attorneys of record that the document has been
filed and is available for viewing and downloading.

BY:     **Vladimir Gorokhovsky, Esq.**

_____

/s/ VLADIMIR GOROKHOVSKY