IN THE UNITED STATES FEDERAL COURT
OF NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALYONA ADLER, } | | Case No. <u>2015-CV-3430</u> |
| LEONID ADLER } | | |
| on their own behalf and on behalf of } | | |
| child NICOLE ADLER, } | | |
| ILYA TARKOV } | | |
| RIMMA TARKOV } | | |
| on behalf of themselves and all others } | | |
| similarly situated passengers of } | | |
| proposed Class } | | |
|               Plaintiffs, } | | |
| } | | |
|     vs. } | | |
| } | | |
| FRONTIER AIRLINES } | | |
| 7001 TOWER ROAD, Denver } | | |
| Colorado 80249 } | | |
| a foreign corporation } | | |
|               Defendant. } | | |
| } | | **JURY DEMAND ON ALL COUNTS** |

**PLAINTIFF'S INITIAL STATUS REPORT**

      Plaintiffs ALYONA ADLER and LEONID ADLER, individually and on behalf of their minor child NICOLE ADLER and the above-named Plaintiffs ILYA TARKOV and RIMMA TARKOV, by their attorney, Vladimir M. Gorokhovsky of Gorokhovsky Law Office LLC, and pursuant to Federal Rule of Civil Procedure Rule 26(f) and the standing order of this Court, and due to Aeroflot's disagreement on content of proposed draft of Joint Report hereby individually submit the following Plaintiff's Initial Status Report.

**I. NATURE OF THE CASE**

    **A. Attorneys of Record**

<u>Counsel for Plaintiffs</u>:
Vladimir M. Gorokhovsky, LL.M., *lead trial attorney*
Gorokhovsky Law Office LLC, 10919 North Hedgewood Lane, Mequon, Wisconsin 53092
Tel: (414) 581-1582
<u>gorlawoffice@yahoo.com</u>

<u>Counsel for American and Finnair:</u>
Brian Maye, *lead trial attorney*,
Adler Murphy & McQuillen LLP, 20 South Clark Street, Suite 2500, Chicago, Illinois 60603
Tel: (312) 345-0700

B.  Nature of Claims

Plaintiffs:  This civil class action arises under Rule 23(a) of Fed.R.Civ. Procedure and Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage By Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), reprinted in S. Treaty Doc. No. 106-45, and a common law theory of breach of contract.

Plaintiffs alleged that delay and cancellation of their departing flight No. 41 from Punta Cana, Dominican Republic to Chicago, Illinois caused prolonged interruption of their entire international travel.

In particular, the Plaintiffs believe and alleged that delay and cancellation of departure of Frontier Airlines flight No 41 on March 28 and 29, 2015 and on October 29, 2015 from Punta Cana to Chicago was not unavoidable. The Plaintiffs further believe and alleged that Frontier Airlines did not diligently pursue all reasonable measure to avoid said delay and or mitigate its consequences. Accordingly, in their Complaint, Plaintiffs assert various causes of action against Frontier Airlines based on: (1) Article 19 of the Montreal Convention for delay of passengers; (2) breach of contract: breach of self-imposed contractually assumed duty.

To date, no defendants have filed any counterclaim(s) or third party action(s).

C.  Legal and Factual Issues

Plaintiffs**:  As to Frontier Airlines**.: legal and factual issues will include:  (1) whether delay of Frontier Airlines flight No. 41 on or about March 28, 29, 2015 and on October 28, 2015 from Punta Cana to Chicago was not unavoidable; and (2) whether Frontier Airlines took all reasonable measures to avoid said delay and or cancellation and (3) whether Frontier Airlines took all reasonable measures which could have been taken to mitigate consequences; and (4) whether Frontier Airlines performed their respective contractual obligations to compensate Plaintiffs for damages caused by delay of their international airfare pursuant to the conditions of carriage; and (7) whether Plaintiffs suffered compensable damages as a result of the delay.

In their Complaint at Law, Plaintiffs assert various causes of action against Frontier Airlines based on: (1) Article 19 of the Montreal Convention for delay of passengers; (2) breach of contract relating to breach of promises to compensate for delayed and or cancelled international airfare flights.

D.  Relief Sought

Plaintiffs:   Plaintiffs' Complaint seeks: (i) $7,133.39 (in aggregated sum of $3,744000 on behalf of entire class) per each passenger – member of proposed class pursuant to the liability limits of Article 22(1) of the Montreal Convention for damage caused by delay of passengers under Article 19; as well as general, special, incidental and consequential damages in a sum to be determined at trial, and costs, expenses, and attorneys' fees.

The Plaintiffs are also seeking their attorney's fees pursuant to Art. 22(6) of the Montreal Convention and Art. XI of the Hague Protocol for failure to respond to pre-suit notices of claims which were served upon all the above-named Defendants prior to commencement of the above-captioned matter.

## II. JURISDICTION

### A. Federal Statutes

Plaintiffs: Plaintiffs are asserting federal jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, Article 33(1) of the Montreal Convention for the Unification of Certain Rules for International Carriage By Air, May 28, 1999; as well as 28 U.S.C. § 1337; Rule 23(a) of Fed.R. Civ. Procedure; as well as the Class Action Fairness Act, 28 U.S.C. § 1332 (d), and the doctrine of pendent jurisdiction.

### B. Basis for Diversity or Supplemental Jurisdiction

Plaintiffs: Plaintiff asserts that this Court has diversity and supplemental jurisdiction. The amount in controversy exceeds the sum of $3,744000. The Plaintiffs are residents of State of Illinois. The defendant Frontier Airlines is a resident of State of Colorado.

## III. STATUS OF SERVICE

Frontier Airlines refused to accept and to execute the Rule 4(d) waiver and was personally served on February 2, 2016.

## IV. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The parties do not unanimously consent to proceed before a magistrate judge.

## V. MOTIONS

### A. Pending Motions

At the time of submission of this report, there is pending motion to dismiss as filed by Frontier Airlines on 2-22-16. However, the Plaintiffs contemplate filing the Motion for Leave to 5th Amend Class Action Complaint at Law to join other indispensable plaintiffs as well as indispensable defendant Punta Cana International Airport managing company which may be responsible for continued failure of air traffic control system at this airport. Also, the above-named Plaintiffs are also contemplating of filling their motion for attorney's fees and costs pursuant to Art. 22(6) of the Montreal Convention and Art. XI of the Hague Protocol for defendant's failure to respond to pre-suit settlement demands which were forwarded by the Plaintiffs to all the above-named defendants prior to filing of this civil action.

### B. Plaintiff's Position on Defendant's Responsive Pleadings

3

Plaintiff asserts that motion to dismiss as recently filed by Frontier is not viable and must be rejected as such.

## VI. STATUS OF SETTLEMENT DISCUSSIONS

### A. Settlement Discussions Completed

Prior to bringing of this action the above-named Plaintiffs served the above-named Defendant with their pre-suit notices of claims and settlement demands pursuant to Art. 22(6) of the Montreal Convention, which were rejected by Frontier Airlines, who is refusing to engage in any settlement negotiations.

### B. Settlement Conference Request

The Plaintiffs request early settlement conference.

Dated: February 25, 2016                                         Respectfully submitted,

By: /s/ Vladimir M. Gorokhovsky, Esq.
Vladimir M. Gorokhovsky, LL.M.
gorlawoffice@yahoo.com
Gorokhovsky Law Office LLC
10919 North Hedgewood Lane
Mequon, Wisconsin 53092
(414) 581-1582

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 25th, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. Federal Court for the Northern District of Illinois, by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Vladimir M. Gorokhovsky