IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE ADLER; and ILYA TARKOV and RIMMA TARKOV; on behalf of themselves, and all other similarly situated passengers of proposed class, <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES <br><br> Defendant. | Case No.: 1:15-cv-03430 <br><br> Honorable John J. Tharp, Jr. |

### DEFENDANT FRONTIER AIRLINES, INC.'S INITIAL STATUS REPORT

Counsel for Plaintiffs and Defendant Frontier Airlines, Inc. ("Frontier") conferred regarding potentially filing a joint initial status report. The parties, however, could not reach an agreement on several matters covered by this report. The following represents Frontier's position regarding the initial status of this matter.

I. **NATURE OF THE CASE:**

   A. **Attorneys of Record**

| Counsel for Plaintiffs | Counsel for Defendant Frontier Airlines, Inc. |
|---|---|
| Vladimir Gorokhovsky | Brian T. Maye |
| Gorokhovsky Law Office, LLC | Adler Murphy & McQuillen LLP |
| 10919 North Hedgewood Ln. | 20 S. Clark Street, Suite 2500 |
| Mequon, WI 53092 | Chicago, Illinois 60603 |
| Tel: (414) 581-1582 | Tel: (312) 345-0700 |
| gorlawoffice@yahoo.com | briantmaye@gmail.com |

   B. **Nature of the Claims**

According to the Fourth Amended Complaint ("Complaint"), Tarkov Plaintiffs bring individual and putative class action claims pursuant to Article 19 of the Montreal Convention and Frontier's contract of carriage related to the (1) cancellation of Frontier flight 41, Punta Cana to Chicago, on March 28, 2015, and (2) the delay of their replacement flight on March 29, 2015.

Adler Plaintiffs bring individual and putative class action claims pursuant to Article 19 of the Montreal Convention and Frontier's contract of carriage related to the delay of Frontier flight 41, Punta Cana to Chicago, on October 24, 2015.

Defendant Frontier does not anticipate filing any third-party actions.

### C. Major Legal and Factual Issues

1. Whether the Adler and Tarkov plaintiffs are properly joined pursuant to Federal Rule 20. (*See* Frontier's pending Motion to Dismiss)

2. Whether Plaintiffs alleged damages are recoverable under Article 19 of the Montreal Convention. (*See* Frontier's pending Motion to Dismiss)

3. Whether Plaintiffs can prove that they sustained damages caused by the delays of the subject flights. *See* Article 19, Montreal Convention.

4. Whether Frontier can prove that it took all measures that could reasonably be required to avoid the alleged damages sustained by Plaintiffs. *See* Article 19, Montreal Convention.

5. Whether Frontier can prove that it was impossible for it to take measures to avoid the alleged damages sustained by Plaintiffs. *See* Article 19, Montreal Convention.

### D. Relief Sought

According to the Complaint, Plaintiffs seek recovery for expenses and lost earnings relating to the subject flights. Plaintiffs also seek non-economic damages, costs and attorney's fees.

## II. JURISDICTION

### A. Federal Statutes

Frontier asserts that only 28 U.S.C. § 1331 provides the basis for subject matter jurisdiction.

### B. Basis for Diversity or Supplemental Jurisdiction

Frontier asserts that there is <u>no</u> basis for diversity jurisdiction, because the allegations do not suffice to establish that the amount in controversy can be met. Specifically, no single plaintiff has alleged damages that exceed $75,000. Additionally, Plaintiffs do not allege an aggregate amount of damages that exceed $5 million.

**III.    STATUS OF SERVICE**

On December 3, 2016, Frontier filed a motion to dismiss for ineffective service of process. (*See* Doc. # 11)  On December 15, 2015, the Court ruled that service was invalid, but it permitted Plaintiffs to amend the complaint and re-attempt service. The Court also set of deadline of February 1, 2016 for Plaintiffs to properly serve Frontier. (*See* Doc. # 19)  On January 12, 2016, Plaintiffs filed their Fourth Amended Complaint. (*See* Doc. # 21) On February 1, 2016, Plaintiffs formally served Frontier. (*See* Doc. # 22) At no time did Plaintiffs serve on Frontier a Rule 4(d) request for waiver of service of the Fourth Amended Complaint.

**IV.    CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

Frontier does not consent to proceed before a Magistrate Judge.

**V.     MOTIONS**

On February 22, 2016, Frontier filed a motion to dismiss, which has been noticed for March 3, 2016. In its motion, Frontier seeks dismissal of Plaintiffs' claims of inconvenience damages, emotional distress damages and other non-economic damages, because such damages are not recoverable under Article 19 of the Montreal Convention. Additionally, Frontier requests that Plaintiffs' remaining claims be dismissed or severed pursuant to Rule 21, because their claims do not arise out of the same transaction or occurrence or series of transactions or occurrences.

Frontier would oppose any motion seeking leave to amend the Fourth Amended Complaint, as the Court previously ruled that the Fourth Amended Complaint would be the last opportunity for Plaintiffs to amend for the purpose of adding plaintiffs. Additionally, any attempt by Plaintiffs to add new plaintiffs or defendants would violate Rule 20.

Neither Article 22(6) of the Montreal Convention nor Article XI of the Hague Protocol provides the basis for the recovery of attorney's fees.  Rather, those articles only limit, not expand, the circumstances under which attorney's fees can be recovered.

**VI.    STATUS OF SETTLEMENT DISCUSSIONS**

Plaintiffs presented a settlement demand prior to adding Tarkovs and Adlers as plaintiffs in this matter. Frontier has not presented any offer to settle the Tarkov and Adler claims. Frontier is opposed to scheduling a settlement conference at this time.

Dated: February 25, 2016 Respectfully submitted,

/s/ Brian T. Maye

Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
bmaye@amm-law.com

Attorneys for Frontier Airlines, Inc.

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on February 25, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye