```
 1                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3
    ALYONA ADLER, et al.,           )
 4                                  )
                  Plaintiffs,       )
 5                                  )
                                    )
 6  -vs-                            )  Case No. 15 C 3430
                                    )
 7                                  )  Chicago, Illinois
    FRONTIER AIRLINES,              )  December 15, 2015
 8                                  )  9:19 a.m.
                  Defendant.        )
 9

10                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE JOHN J. THARP, JR.
11
    APPEARANCES:
12
    For the Plaintiff:    MR. VLADIMIR M. GOROKHOVSKY
13                        LAW OFFICES OF VLADIMIR M. GOROKHOVSKY
                          10919 N Hedgewood Lane
14                        Mequon, Wisconsin  53092

15  For the Defendant:    MR. BRIAN T. MAYE
                          ADLER, MURPHY & McQUILLEN, LLP
16                        20 S. Clark Street, Suite 2500
                          Chicago, Illinios  60603
17

18  Court Reporter:

19             KELLY M. FITZGERALD, CSR, RMR, CRR
                    Official Court Reporter
20                United States District Court
             219 South Dearborn Street, Room 1420
21                  Chicago, Illinois  60604
                  Telephone:  (312) 818-6626
22             kelly_fitzgerald@ilnd.uscourts.gov

23

24

25
```

1  (Proceedings heard in open court:)
2  THE CLERK:  15 CV 3430, Krutsik v. Frontier Airlines.
3  MR. MAYE:  Good morning, Your Honor.  Brian Maye for
4  Frontier Airlines.
5  MR. GOROKHOVSKY:  Good morning, Your Honor.  Vladimir
6  Gorokhovsky for the plaintiffs.
7  THE COURT:  Good morning.
8  MR. GOROKHOVSKY:  Good morning.
9  THE COURT:  All right.  I confess, I spent a fair
10 amount of time yesterday tracking back through these
11 complaints, and it's not really clear to me exactly what's
12 going on from the standpoint of the complaints.
13 We're now up to the third amended complaint.  Of
14 those complaints, only the second amended complaint was
15 served, it appears.  That was served -- while it names Indigo
16 Partners as the defendant, it was served on Frontier Airlines.
17 And each of the complaints -- well, I guess each of the
18 complaints includes the plaintiffs in the original complaint,
19 namely -- I may be mispronouncing things here -- Irena Krutsik
20 for her two children.  There are different combinations of
21 other plaintiffs in each of the subsequent complaints, and
22 each of the complaints adds counts that relate not to -- or
23 beyond the flight that was the subject of the original
24 complaint.  Each of the subsequent complaints adds a different
25 combination, different variety of other flights that, apart

1 from the fact that they were delayed in some respect, don't
2 seem to be related to the original flight.
3 So, Counsel, what are you trying to accomplish here?
4 MR. GOROKHOVSKY: Judge, first of all, this is a
5 class action allegation against Frontier under Article 19 of
6 the Montreal Convention for continuous practice of delaying
7 and cancelling its international air flights. And we know
8 that the Montreal Convention is an international treaty and is
9 supreme law of this land. And we have constant -- we share
10 with counsel who is representing Frontier a large amount of
11 claims. We settled quite a lot of claims. And what we cannot
12 settle or what his client is unwilling to settle we litigate.
13 Now, it is, as I've said, a class action case.
14 Initially it was the class action case only on behalf of the
15 Krutsik family. Then we added two other instances of the
16 delayed and cancelled flights, all of them, Judge, coming from
17 Chicago to Punta Cana and going back from Punta Cana to
18 Chicago. So it's the same route being operated by Frontier,
19 and they are constantly late and cancelled. So there is a
20 unity of the question. And although there are different
21 flights, we have triggered in our second amended complaint and
22 a third amended complaint adding one additional family of
23 plaintiffs. We have --
24 THE COURT: So it's -- your position is because
25 you've got a class action and you're describing your class

1  action as --
2         MR. GOROKHOVSKY:  The question --
3         THE COURT:  -- all of the claims that Frontier is
4  routinely -- this particular flight is delayed, and these are
5  various plaintiffs on various iterations of the same flight.
6         MR. GOROKHOVSKY:  Right.  Basically we've triggered
7  all the flights which are delayed by Frontier for more than
8  three hours or cancelled during the certain period of time.
9         THE COURT:  Okay.
10        MR. GOROKHOVSKY:  And, Judge, I guess we are here
11 today with the counsel on his motion to dismiss for want of
12 service.  And he is alleging that his client was not properly
13 served, which is contradictory to the affidavit of sheriff
14 deputy Eric Miller which was filed with this court stating
15 that Frontier was served at his headquarters on November 13 at
16 9:40 a.m.  We believe that the counsel's claim is without
17 merit.
18        THE COURT:  All right.  Well, here's -- I mean, there
19 may be some technical glitch with that because that was the
20 second amended complaint which names Indigo Partners, not
21 Frontier, as the party.
22        MR. MAYE:  Right.
23        THE COURT:  So I'm not sure why the -- particularly
24 if you do these cases frequently, I'm not sure why there seems
25 to be such disconnect in terms of, you know, the original

1  complaint named Frontier, then first named Indigo, second
2  named Indigo and now we're back to Frontier again.
3          MR. GOROKHOVSKY:  Judge --
4          MR. MAYE:  Initially, Your Honor, we settled the
5  Krutsik case.  And plaintiff's counsel said that he was still
6  going to sue Frontier and asked if we would waive service.  We
7  declined to waive service because the case was settled.
8          Ultimately the Krutsik plaintiffs filed a complaint,
9  didn't serve it, amended the complaint to add another set of
10 plaintiffs.  Again, we said no, we're not going to waive
11 service because the original complaint was not proper.
12 Plaintiffs ultimately served a non-defendant with an invalid
13 summons.  So from our perspective --
14         THE COURT:  Right.  I understand that's the point.
15         My question to counsel is, I mean, why are we
16 bouncing around defendants?  Do you dispute that Frontier
17 Airlines, Inc. is the proper party?
18         MR. GOROKHOVSKY:  Judge, I think -- and I admit to
19 the Court that my intent in a second amendment and the initial
20 complaint was to sue Frontier.  The Indigo Partners is the
21 equity firm which owns Frontier.  Frontier is a subsidiary of
22 Indigo.  Indigo does not in itself manage and operate flights,
23 although it is doing it through the Frontier.  So -- and if
24 you will read all of our complaints, Frontier is a name.  And
25 there are allegations against Frontier.

1            So we -- in our second amendment -- amended complaint
2    we only touched Frontier as in its -- in its capacity as
3    the -- as the superior respondent, respondent superior, and I
4    think it was a mistake on my part.  The clear intent is to
5    pursue Frontier, which is owned and operated by Indigo.  But
6    still Frontier operates flights, and Frontier is the main
7    wrongdoer from our perspective.
8            THE COURT:  Okay.  All right.  Well, here's what
9    we're going to do.  I'm not going to default the plaintiffs
10   for lack of service.  I have the discretion to extend the time
11   for service, and I will do that.
12           However, the other thing that I noted in my review of
13   these various complaints with some degree of chagrin is the
14   original complaint came in at a relatively spare 68
15   paragraphs.  The first amended complaint is 420 paragraphs;
16   the second amended complaint, 349, at least we seem to be
17   trending back down; and then the third amended complaint comes
18   in with another 50 paragraphs or so at 391 paragraphs.
19           Going through the -- each of these versions of the
20   complaints, to say that they are -- have a lot of repetition
21   in them would be an understatement.  They have a lot of
22   repetition in them.  They have a lot of typographical errors,
23   mismatches of dates of the flights that are referred to in the
24   counts.  They include a great deal of legal argument, case law
25   citation which doesn't have any place in a complaint.  The

1  complaint is where you allege the facts, and if you wish, you
2  can identify your legal theories for the complaints.  But a
3  complaint is not a place where your legal argument should be
4  set forth.  That is why we have briefs when they are necessary
5  if legal aspects have to be addressed, and that's why we have
6  page limits on briefs as well.  You can't use your complaint
7  as a legal brief.
8        So here's what I want you to do, Counsel.  I'm going
9  to give you leave to amend your -- actually, one more point.
10       You know, we've had this string of complaints
11 starting in April now with the third amended complaint filed
12 on December 1, 2015.  Simply because this is going to be
13 formulated as a class action does not mean you have unlimited
14 opportunities to change out the plaintiffs and whatnot.
15       I'm going to give you one more opportunity.  I want
16 you to file what will be the fourth and final amended
17 complaint.  Figure out who your plaintiffs are going to be
18 going forward, what flights you're going to, you know, make
19 specific factual allegations about.  I want you to address the
20 length of the complaints, purge out legal argument, case law
21 citations that are unnecessary.  And the complaint,
22 notwithstanding *Twombly* and *Iqbal*, is supposed to be a short,
23 plain statement of the facts on which the case in based.  You
24 need to pay more attention to that structure in formulating
25 the fourth amended complaint so that it is much leaner and

1  more straightforward than the complaint that you have -- the
2  complaints that you have filed thus far.
3      So I want you to file that one. That's what we're
4  going to proceed on. So pick your poison in terms of who
5  you're going to name. It sounds like Frontier Airlines, Inc.
6  is the right entity, but I'm not that making that judgment
7  right now. But disregard corporate forums at your peril.
8  There's a reason we have corporate forums. And as long as the
9  formalities that are associated with corporate forums are
10 properly observed, the corporate forum has meaning and
11 dictates who is legally responsible for particular conduct.
12 So you need to be cognizant of that.
13      All right. So I'm going to give you that
14 opportunity. Get, you know, another complaint on file, and
15 get that served, and that's what we're going to go forward on.
16      How long do you need to get that together?
17      MR. GOROKHOVSKY: Judge, how about 30 days to file
18 amended complaint, given holidays?
19      THE COURT: That's fine.
20      MR. GOROKHOVSKY: And 30 days thereafter to serve it.
21      THE COURT: All right. That's fine.
22      MR. GOROKHOVSKY: So total of 60 days.
23      THE COURT: That's fine. So your amended complaint,
24 fourth amended complaint, will be due -- it's actually exactly
25 the timetable I was going to give you, Counsel.

1       So 30 days from today, Alberta?

2       THE CLERK: January 14th.

3       THE COURT: So fourth amended complaint will be due
4 then, and you'll have 30 days to serve that thereafter.

5       MR. GOROKHOVSKY: And you want me to serve it again
6 upon the Frontier corporation and its person?

7       THE COURT: All I'm going to say is you need to serve
8 it on the defendant or defendants --

9       MR. GOROKHOVSKY: Right.

10       THE COURT: -- who is or are named in that complaint.

11       MR. GOROKHOVSKY: Judge, I'm also kind of shifting
12 the blame, but I am also kind of trying to reconcile the
13 defendants' duty to mitigate expenses --

14       THE COURT: Here's how that's handled. They have no
15 obligation to accept service. The rules say if they refuse to
16 waive service then ultimately -- unreasonably then ultimately
17 they may be responsible for the costs of service. If they
18 decide that's worth it to them then that's your remedy. But
19 they're under no affirmative obligation to waive service.

20       MR. GOROKHOVSKY: I understand, Judge.

21       THE COURT: All right.

22       MR. GOROKHOVSKY: Thank you.

23       THE COURT: And if the entity is Frontier Airlines,
24 Inc., incorporated somewhere in the United States, should be
25 very easy to serve. Find the corporate agent, serve the

1 corporate agent if counsel won't accept service.

2 MR. GOROKHOVSKY: Thank you, Judge.

3 THE COURT: Okay. So that will take us, what was the
4 second 30 days?

5 THE CLERK: February the 16th.

6 THE COURT: All right. Once I see service has been
7 made, when the response date for the answer will be, I'll set
8 another date off of that date; okay?

9 MR. GOROKHOVSKY: Judge, just to be on the safe side,
10 can we have until the end of February to serve them? Because
11 we have to mail it again to the sheriff, and then the sheriff
12 will have to go out to a particular county to serve them. It
13 may take mailing time and --

14 THE COURT: All right. I'll give you until February
15 29th. 2016 is a leap year so you get even an extra day.

16 MR. GOROKHOVSKY: Thank you.

17 THE COURT: All right. Okay. Anything else we need
18 to discuss right now?

19 MR. MAYE: No, Your Honor.

20 MR. GOROKHOVSKY: Judge, I also believe that -- when
21 we'll file the fourth amended complaint and we'll serve it, it
22 may be worthwhile to refer this matter for early mitigation --
23 early settlement conference.

24 THE COURT: Well, that will be up to the parties.
25 I'm not going to force the parties to go to a settlement

Case: 1:15-cv-03430 Document #: 28 Filed: 02/29/16 Page 11 of 11 PageID #:650

11

1  conference if both parties don't agree that will be fruitful.
2  When you serve your complaint, make a demand.  I mean,
3  obviously there must be dialogue, and some of these things get
4  settled and some don't.  So you know how to conduct those
5  discussions.  If both parties -- at any point in the
6  proceeding, if both parties think a settlement conference
7  would be fruitful, contact Alberta, my courtroom deputy, and
8  we'll refer it to the magistrate judge.  But unless both
9  parties are onboard with that, I'm not going to force the
10 issue.
11         MR. GOROKHOVSKY:  Thank you, Judge.  Thank you
12 kindly.
13         THE COURT:  All right.
14      (Which were all the proceedings heard.)
15
16                        CERTIFICATE
17   I certify that the foregoing is a correct transcript from
18 the record of proceedings in the above-entitled matter.
19 */s/Kelly M. Fitzgerald*                    *February 26, 2016*
20 _____     _____
   Kelly M. Fitzgerald                          Date
21 Official Court Reporter
22
23
24
25