IN THE UNITED STATES FEDERAL COURT
OF NORTHERN DISTRICT OF ILLINOIS

**ILYA TARKOV,** *et. al*            Case No. **2015-CV-3430**
        **Plaintiffs,**
    and               **HON. JOHN J. THARP, JR.**

**FRONTIER AIRLINES INC.,**
        **Defendant**.

**PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW AND FACTS IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT FRONTIER AIRLINES INC**

**I. INTRODUCTION:**

This class action case resulted from numerous instances of cancellations and delays of international airfare flights perpetrated by FRONTIER AIRLINES INC, affecting thousands of flying American air passengers. In particular, as presently before this Court the claims for recovery of their economic damages asserted by Tarkov and Adler's plaintiffs. Tarkov's international airfare flight No 41 from Punta Cana to Chicago was canceled on March 28, 2015. Substituted flight on March 29, 2015 was delayed on departure in excess of five hours. Adler's flight No. 41 from Punta Cana to Chicago was delayed on departure on October 24, 2015. Subsequent to denial by Frontier of their pre-suit notices of claims and demands for compensation submitted to Frontier Airlines pursuant to Art. 22(6) of the Montreal Convention, the above-named Plaintiffs brought this civil class action on their own behalf and on behalf of all other similarly situated plaintiffs to recover their compensable economic damages from Frontier Airlines.[1]

Procedurally, on February 22, 2016 the above-named defendant Frontier filed its motion to dismiss 4th amended class action complaint at law. (Doc. 24) This

---

[1] Dkt. 21: Fourth Amended Complaint at Law, 01-12-16, par. 1-282, pp. 1-56.

Memorandum of Law and Facts is respectfully submitted in opposition to the above-referenced motion to dismiss filed by Frontier in this matter.

## II. LEGAL STANDARD:

**2.1. Legal Standard on the Motion to Dismiss Pursuant to Rule 12(b)(2) and (6) of Fed.R. Civ Procedure:**

The defendant is now moving to dismiss pursuant to Rule 12 (b) (2) and (6) of Federal Rules of Civil Procedure. It is well settled that purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits.[2] It is also well settled that a Rule 12(b)(6) motion to dismiss must be considered in light of the liberal pleading standard of Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. Importantly, "specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."[3] Equally important that determination of the sufficiency of a claim must be made "on the assumption that all allegations in the complaint are true (even if doubtful in fact)."[4] Furthermore, on a motion to dismiss under Fed. R.Civ.P. 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff.[5] Likewise, when considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor.[6] Nevertheless, the complaint must plead

---

[2] Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990).
[3] Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).
[4] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[5] Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir.2000).
[6] McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir.2006).

sufficient facts to suggest plausibly that the plaintiff is entitled to relief. Twombly, 550 U.S. at 544, 127 S.Ct. at 1955. However, "a plaintiff need not put all of the essential facts in the complaint,"[7] instead, the plaintiff "may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint."[8] Importantly, while "detailed factual allegations" are not required, the plaintiff must allege facts that, when "accepted as true, ... state a claim to relief that is plausible on its face."[9] Finally, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." [10]

### 2.2. Legal Standard for recovery of economic damages under Art. 19 of the Montreal Convention:

In the mater *sub judice* the Plaintiff's claim for compensation for damages caused by delay or cancellation of international airfare is governed by Art. 19 of the Montreal Convention known as International Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention)[11], *reprinted in* S. Treaty Doc. No. 106-45, is an international treaty, exclusively governing the rights and liabilities of passengers and carriers in international air transportation, which is the supreme law of this land, was ratified on November 4, 2003, by the Unites States Senate. *See, generally*, Multilateral Convention

---

[7] Hrubec v. Nat'l R.R. Passenger Corp., 981 F.2d 962, 963 (7th Cir.1992);
[8] Help at Home Inc. v. Medical Capital, LLC, 260 F.3d 748, 752–53 (7th Cir.2001); *see* Cruz v. Cross, 2010 WL 3655992, at *2 (N.D.Ill.2010).
[9] Ashcroft v. Iqbal, 129 S.Ct. 1937 1949, 173 L.Ed.2d 868 (2009)(holding that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").
[10] Twombly, 550 U.S. at 563, 127 S.Ct. 1955.
[11] Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. 9740, reprinted in S. TREATY DOC. NO. 106-45, 1999 WL 33292734 (2000).

for International Carriage by Air, Montreal May 28, 1999., S. Treaty Doc. No. 106-45, reprinted in 1999 WL 33292734 (2000). [12] The Montreal Convention provides remedy for claims arising out of the carriage of international passengers by air. [13] The Montreal Convention [14] unified the law that had developed under the older Warsaw Convention [15] and superseded the Warsaw Convention. The Montreal Convention is the product of a United Nations effort to reform the Warsaw Convention so as to harmonize the hodgepodge of supplementary amendments and inter-carrier agreements of which the Warsaw Convention system of liability consists.[16] The Montreal Convention is not an amendment to the Warsaw Convention, but rather takes precedence over the Warsaw Convention and any of its amendments and related instruments, [17] unifying and replacing the system of liability that derives from the Warsaw Convention, explicitly recognizing the importance of ensuring protection of the interests of consumers in international carriage by air and the need for equitable compensation based on the principle of

---

[12] *See* Press Statement, United States Department of State, Ratification of the 1999 Montreal Convention (Sept. 5, 2003), *available at* http://www.state.gov/r/pa/prs/ps/2003/23851pf.htm; Press Release, United States Department of Transportation, United States Ratifies 1999 Montreal Convention, Putting Treaty Into Effect (Sept. 5, 2003), *available at* http://www.dot.gov/ affairs/dot10303.htm.
[13] *See*, Montreal Convention Art. 29; *also see* El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 162, 174-75 (1999); Booker v. BWIA West Indies Airways, 2007 WL 1351927 at *2 (E.D.N.Y. May 08, 2007), aff'd, 307 Fed. Appx. 491 (2d Cir. Jan. 13, 2009) (construing Montreal Convention).
[14] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.
[15] *See*, Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934) [hereinafter Warsaw Convention],
[16] Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., 522 F.3d 776, 780 (7th Cir. 2008).
[17] Ehrlich v. American Airlines, Inc., 360 F.3d 366, C.A.2 (N.Y.), 2004.

restitution.[18] Even though the Montreal Convention is directed more at consumers, it does not alter the original goal of the Warsaw Convention of maintaining limited and predictable damage amounts for airlines.[19] Pursuant to Article 1 the Montreal Convention applies to international airfare flights between countries – signatories to the Convention,[20] and applies to all international carriage of persons, baggage or cargo performed by aircraft for reward.[21] International carriage is defined as any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage.., are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.[22] The Montreal Convention provides for the cause of action for damages resulted from delays in international carriage of passengers, their baggage and of cargo. Specifically, the Article 19 [23] of the Convention provides:

> "The Carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

Article 19 of the Montreal Convention creates potential liability only for "damage occasioned by delay."[24] The carrier is not liable for the delay itself.[25] To set forth a

---

[18] Sompo, 522 F.3d at 780.
[19] Id. at 781.
[20] http://legacy.icao.int/icao/en/leb/mtl99.pdf
[21] Id. 1(1).
[22] Id., art. 1(2).

[23] Id. Art. 19 ("The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo.").

[24] Montreal Convention Art. 19.

viable claim under Article 19, a plaintiff must show that they suffered any type of "compensable damage occasioned by delay" that is recoverable under Article 19. As to damages, plaintiff can recover actual, general, special damages including economic damages.[26] Although "purely emotional damages" such as damages for frustration, anguish, physical or mental upset independent of any physical injury may not be recovered under the Montreal Convention, courts have allowed recovery for physical and financial injuries, and even inconvenience causing financial injury.[27]

### III. LEGAL ARGUMENT:

**Motion to Dismiss as filed by FRONTIER on 2-22-16 is without legal merit**

---

[25] <u>Paradis v. Ghana Airways, Ltd</u>., 348 F. Supp. 2d 106, 114 (S.D.N.Y. 2004), aff'd, 194 Fed. Appx. 5 (2nd Cir. August 18, 2006).

[26] <u>Ikekpeazu v. Air France</u>, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 at *4 (D. Conn. Dec. 6, 2004)(Plaintiff can also recover loss of work damages resulting at financial injury as economic damages).

[27] <u>See</u>, <u>Daniel v. Virgin Atl. Airways Ltd</u>, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998) (denying recovery for emotional injuries, but permitting claims for physical injuries and economic damages, including inconvenience); <u>Ikekpeazu</u>, 2004 U.S. Dist. LEXIS 24580 at *4 (recognizing financial injury as a cognizable claim, but not emotional injury). <u>Lee v. American Airlines, Inc</u>., No. 3:01-CV-1179-P, 2002 U.S. Dist. LEXIS 12029 at *13 (N.D. Tex. July 2, 2002), aff'd, 355 F.3d 386, 387 (5th Cir. Tex. 2004)( Yet, some court are reluctant to allow recovery for inconvenience); <u>Rubin v. Air China Ltd</u>. (N.D. Cal., 2011)(holding that pain and suffering independent of any physical injuries or illness are not recoverable, but the economic damages recoverable under Article 19 include foreseeable, consequential damages, such as lost wages or profits, that are occasioned by the delay)(also holding that to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims)(also holding that "damages for inconvenience do not fall within the rubric of 'emotional distress' but "time is money, after all, and thus the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel"); <u>Stone v. Continental Airlines</u>, 2005 NY Slip Op 25481 (NY 11/10/2005), 2005 NY Slip Op 25481 (NY, 2005)(holding that "it is well settled that an award for inconvenience, delay and uncertainty is cognizable under New York law").

**and as such must be denied by this Court for the following legal reasons**:

**3.1. Joinder of all claims of all the above-named plaintiffs are proper per Rul 20 of Fed.R.Civ Procedure because all claims involves operations of defendant's flight No 41 from Punta Cana to Chicago.**

First, Frontier now asserts that joinder of all plaintiffs and their claims in this action are improper. Dkt. 24: Frontier's Motion to Dismiss, 02-22-16, par.B, pp. 8-10. This argument is without merit and shall be rejected by this Court for the following legal reasons. First, the Rule 20(1)(a)(B) of Fed.R. Civ. Procedure allows permissive joinder by the Parities if: "(1) Plaintiffs. Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Id. Here, in the mater *sub judice* all the above-named Plaintiffs were subjected to travel delays and cancellations of their international air flight No 41 operated by Frontier from Punta Cana to Chicago.[28] In facts, all claims asserted by all plaintiffs are arising from the same transaction or occurrence of operation of Frontier's flight 41 from Punta Cana to Chicago. Id. Likewise, the facts and law regarding delays and cancellations of flight No. 41 on March 28, 2015, March 29, 2015 and October 24, 2015 are common. Therefore, the joinder is proper and Frontier's argument on contrary is not viable and shall be rejected as such by this Court.

**3.2. Plaintiff's are not seeking recovery for none-economical damages**:

---

[28] Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52.

First, this Court is mindful that in resolving defendants motion to dismiss this Court must accept all well-pled facts in Plaintiff's' complaint as true.[29] Furthermore, this Court must view the allegations in the light most favorable to the above-named Plaintiff.[30] In the case at bar the above-named defendant Frontier is now moving to dismiss pertinent counts of 4th Amended Complaint, alleging that "Tarkovs and Adlers plaintiffs are seeing to recover their none-economic damages which are according to the defendant are not recoverable."[31] This argument is not legally viable and is not supported by the record and as such shall be rejected by this Court for the following legal reasons. Furthermore, this Court shall notice that defendant's argument is misleading in painting of plaintiffs claim for compensation for their economic damages as claims for none-economic damages.[32] In fact, all asserted allegations as set forth in plaintiff's 4th amended class action complaint on behalf of Tarkovs and Adlers are only seeking recovery for their economic damages.[33] Importantly, in its attempt to persuade this Court to dismiss pertinent counts of 4th Amended Class Action Complaint at Law, Frontier is misinterpreting *Rubin* doctrine and its progeny.[34] Contrary to defendant's erroneous interpretation, the *Rubin* doctrine establishes the concept of nexus between inconvenience damages and financial injury. Id. The *Rubin* also holds that: "although pain and suffering independent of any physical injuries or illness are not recoverable, but the economic

---

[29] Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir.2002).
[30] Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987).
[31] Dkt. 24: Frontier's Motion to Dismiss, 2-22-16, par. A, p. 6-8.
[32] Cf., Dkt. 24: Frontier's Motion to Dismiss, 2-22-16, par. A, p. 6-8 with Dkt. 21: Fourth Amended Complaint at Law, 01-12-16, par. 1-282, pp. 1-56.
[33] Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52.
[34] Cf. Rubin v. Air China Ltd., 2011 U.S. Dist. LEXIS 65618 (N.D. Cal., 2011) with Dkt. 24: Frontier's Motion to Dismiss, 2-22-16, par. A, p. 8.

damages recoverable under Article 19 include foreseeable, consequential damages, such as lost wages or profits, that are occasioned by the delay." Id. In particular, analyzing issues of "inconvenience damages with nexuses to finical injury" the *Rubin* Court specifically elaborated that:

> "to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims" further noticing that "damages for inconvenience do not fall within the rubric of 'emotional distress' but "time is money, after all, and thus the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel." Id.

This Court shall also notice that *Rubin* is not standing alone in its analysis of recoverable economic damages with nexus to financial injury. Id. Other courts, while examining this issue, also permitted claims for economic damages, including inconvenience.[35] Noticeably, the Ikekpeazu Court similarly recognized financial injury as a cognizable claim, but not emotional injury.[36] Although some courts in other circuits were reluctant to recognize recovery for inconvenience as part of economic damages with nexus to financial injury,[37] yet other courts recognized that: "it is well settled that an award for inconvenience, delay and uncertainty is cognizable under New York law."[38] To that extent this Court shall note the language used by *Kupferman* Court whereby the Court uttered that: "Plaintiffs are entitled to fair and just compensation for physical discomfort, inconvenience, humiliation, embarrassment and loss of a refreshing,

---

[35] See, Daniel v. Virgin Atl. Airways Ltd, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998).
[36] Ikekpeazu v. Air France, 2004 U.S. Dist. LEXIS 24580 at *4.
[37] Lee v. American Airlines, Inc., No. 3:01-CV-1179-P, 2002 U.S. Dist. LEXIS 12029 at *13 (N.D. Tex. July 2, 2002), aff'd, 355 F.3d 386, 387 (5th Cir. Tex. 2004),
[38] Stone, 2005 NY Slip Op at 25481.

memorable vacation."[39] Clearly, the above-cited legal postulates are supporting Tarkovs and Adlers' claims for compensation of their compensable economic damages as well as inconvenience damages with nexus to financial injury as alleged in 4th Amended Complaint at Law.[40] Based on the above-cited persuasive legal authority, the above-named Plaintiffs are respectfully urging this Court to adopt *Kupferman* , *Rubin*, *Daniel*, *Ikekpeazu* and *Stone* analysis of recovery for inconvenience damages as compensable economic damages with nexus to financial injury. Id.

### 3.2. Because Plaintiffs' "inconvenience damages" are with nexus to their financial injury of deprivation of bargained for contractual benefit which was supported by paid consideration of air fare purchasing price, thus they are valid economical damages recoverable under Art. 19 of the Montreal Convention:

It is well settled that Article 19 of the Montreal Convention specifically states the following: "The Carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Id. Furthermore, Article 19 of the Montreal Convention creates potential liability only for "damage occasioned by delay."[41] Although carrier is not liable for the delay itself, nevertheless carrier is liable for proven economic damages.[42] To set forth a viable claim under Article 19, a plaintiff must show that they suffered any type of "compensable damage occasioned by delay" that is recoverable under Article 19. Id. Subsequently, plaintiff can recover actual, general,

---

[39] Kupferman v. Pakistan International Airlines, 108 Misc. 2d 485, 438 N.Y.S.2d 189.
[40] Cf., Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52 *with* Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[41] Montreal Convention Art. 19
[42] Paradis., 348 F. Supp. 2d at 106.

special damages including economic damages.[43] Although "purely emotional damages" such as damages for frustration, anguish, physical or mental upset independent of any physical injury may not be recovered under the Montreal Convention, courts have allowed recovery for physical and financial injuries, and even inconvenience causing financial injury.[44]

In the case at bar Tarkovs and Adlers plaintiffs alleged that they were subjected "to additional lodging and per diem expenses, out-of-pocket expenses, financial injury of lost of their wages, severe physical discomfort, loss of time, loss of use of their monies." It can be logically discerned from the above-cited allegations of facts that, while being subjected to "dwell on the flours of airports without any meaningful support from Frontier", that the Plaintiffs were subjected to compensable economic damages, which

---

[43] Ikekpeazu, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 at *4 (D. Conn. Dec. 6, 2004)(Plaintiff can also recover loss of work damages resulting at financial injury as economic damages).

[44] See, Daniel, 59 F. Supp. 2d at 986 (denying recovery for emotional injuries, but permitting claims for physical injuries and economic damages, including inconvenience); Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4 (recognizing financial injury as a cognizable claim, but not emotional injury); Rubin, (N.D. Cal., 2011) (holding that pain and suffering independent of any physical injuries or illness are
not recoverable, but the economic damages recoverable under Article 19 include foreseeable, consequential damages, such as lost wages or profits, that are occasioned by the delay)(also holding that to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims)(also holding that "damages for inconvenience do not fall within the rubric of 'emotional distress' but "time is money, after all, and thus the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel"); Stone, 2005 NY Slip Op at 25481 **(**holding that "it is well settled that an award for inconvenience, delay and uncertainty is cognizable under New York law"**)**.

are properly alleged in plaintiff's pleadings. [45] Noticeably that being involved in substantially similar factual analysis, the *Kupferman* Court held that: "the law has evolved a liberal rule of damages where a customer has been subjected to humiliating indifference and has been accorded treatment inferior to the class of treatment that he had bargained for." Kupferman, 108 Misc. 2d at 485, 438 N.Y.S.2d at 189. Undoubtedly, cancellation of airfare flight is a material breach of transportation contract. [46]

Applying the above - cited legal framework to the case *sub judice* its is obvious that financial injury here as sustained by Tarkovs and Adlers plaintiffs is with nexus to deprivation of usage of bargained for contractual benefit and tendered consideration in the sum of air fare purchasing price "in the sum to be determined at trial."[47] Such nexus between inconvenience and financial injury is the gist of *Rubin* analysis of recoverable economic damages. Rubin, 2011 U.S. Dist. LEXIS 65618. To that extent alleged fact of financial loss of loss of wages as well as physical inconvenience resulting in deprivation of bargained for contractual benefit and consideration of purchasing price paid for air fare transportation is sufficient legal nexus required by *Rubin* to be between "inconvenience damages" and resulting financial injury of deprivation of said contractual benefit of tendered purchasing price for said airfare. Id. In essence, compensable damages alleged by the above-named plaintiffs are purely economic damages with

---

[45] Cf., Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52 *with* Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[46] Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[47] Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.

required nexus to financial injury.[48] Importantly, this Court shall also notice that Tarkovs and Adlers plaintiffs were in essence "left out in cold without any assistance" or to paraphrase rather "in warm without any assistance" by Frontier Airlines. Id. This alleged facts related to operation of flight 41 at all times material hereto really supports characterization of Frontier acting in apparent disregard of its passengers' travel rights. Id. On substantially similar facts *Kupferman, Rubin*, *Daniel*, *Ikekpeazu* and *Stone* fashioned remedies for aggrieved plaintiffs. Id. This Court shall do the same.

*In toto*, consistent with the above-identified legal standard the above-named plaintiffs adequately alleged and plead compensable economic damages in their 4th amended class action complaint at law.[49] Importantly, this Court shall also notice that besides pleadings financial injury damages arising out of loss of wages caused by an additional days of their vacationing time, the above-named Plaintiffs also plead and alleged a plethora and variety of actual compensable economic out-of-pocket damages in the sum to be determined at trial.[50] The above-cited allegations are sufficiently stating a claim upon which relief can be granted under *Twombly* and *Iqbal* pleading standard, and as such shall survive defendant's motion to dismiss.[51] Therefore, this Court must reject argument of Frontier Airlines on the contrary and shall deny its motion to dismiss. Id.

---

[48] Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[49] Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52.
[50] Cf., Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52.
[51] Cf., Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52 *with* Bell Atlantic Co. v. Twombly, 550 U.S. 544 (2007)(holding that

### 3.3. Apart of *Rubin's* test of recovery of "inconvenience damages with nexus to financial injury", the *Campbell* court is seemingly recognizing the concept of "inconvenience injury" as independent legal theory without reference to *Rubin*'s concept of nexus required between inconvenience damages and financial injury:

In its recent decision on this issue the *Campbell* court utilized the concept of "inconvenience injury." While remarking that "Courts have disagreed about whether and to what degree inconvenience damages may be recovered under Article 19, yet the Campbell court introduced the concept of "inconvenience injury." Campbell v. Air Jamaica Ltd., 760 F.3d 1165 (11th Cir., 2014)(holding that courts have disagreed about whether and to what degree inconvenience damages may be recovered under Article 19). While holding that the plaintiff did not adequately plead inconvenience injury under Article 19 the Campbell court seemingly subscribed to the notion of recovery for inconvenience injury under Art. 19 of the Montreal Convention. Applying *Campbell* analysis of recovery for inconvenience injury to the matter *sub judice* this Court shall again notice that Tarkovs and Adlers plaintiffs adequately plead "inconvenience injury."[52] Although *Campbell* court did not fashioned recovery for pro see plaintiff due to inadequacy of alleged pleadings, the *Campbell* Court seemingly recognized the concept of "inconvenience injury" as independent legal theory without reference to *Rubin*'s concept of nexus required between inconvenience damages and financial injury.

---

complaints must state a claim to relief that is "plausible on its face.") *and* Ashcroft v. Iqbal, 556 U.S. 662 (2009) (holding that " labels and conclusions" are now insufficient, as are "naked assertions devoid of further factual enhancement" and "unadorned the-defendant-unlawfully-harmed-me accusation[s]").

[52] Cf., Dkt. 24: Frontier's Motion to Dismiss, 2-22-16, par. A, pp. 6-8 *with* Dkt Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52.

Id. Yet, irregardless of scholastic debate involving particulars of both *Campbell* and *Rubin* doctrines, the Tarkovs and Adlers plaintiffs plead sufficient facts for recovery of inconvenience damages under both theories. [53] Applying the above-discussed legal analysis of "inconvenience injury" as espoused by *Campbell* and distinct concept of "inconvenience damages with nexus to financial injury as espoused by *Rubin* court, it is obvious that Tarovs and Adlers plaintiffs adequately plead inconvenience damages under both doctrines. [54] On substantially similar facts *Kupferman, Rubin*, *Daniel*, *Ikekpeazu* and *Stone* courts fashioned remedies for aggrieved plaintiffs. Id. This Court shall do the same and shall reject Frontier's argument on the contrary. Id.

### IV. CONCLUSION:

Based on the foregoing the above-named Plaintiffs are hereby respectfully requesting this Court to deny motions to dismiss as filed by Frontier Airlines Inc on 02-22-2016; as well as for any other and further relief this Court deems fair, just and equitable.

Dated this 28th day of March 2016.

    Respectfully submitted by
    GOROKHOVSKY LAW OFFICE, LLC
    Counsel for Plaintiffs

    *Vladimir M. Gorokhovsky, Esq.*
BY: _____
    /s/ Vladimir M. Gorokhovsky, LL.M.
    ILND TR. 10994

---

[53] Cf., Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52 with Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Campbell., 760 F.3d at 1165.

[54] Cf. Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52 with Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.

**P.O. Business Address**:
Gorokhovsky Law Office LLC
10919 N. Hedgewood Ln.
Mequon, WI 53092
(414)-581-1582

CERTIFICATE OF SERVICE:

I hereby certify that on March 30th, 2016 I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

*Vladimir M. Gorokhovsky, Esq.*
_____
/s/ VLADIMIR GOROKHOVSKY