## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE  ADLER; and ILYA TARKOV and RIMMA TARKOV; on behalf of themselves, and all other similarly situated passengers of proposed class, | ) ) ) ) ) ) | Case No.: 1:15-cv-03430 |
| | ) | Honorable John J. Tharp, Jr. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FRONTIER AIRLINES, | ) ) | |
| Defendant. | ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned attorneys, respectfully submits this Reply in support of its motion to dismiss, and states as follows:

## ARGUMENT

Plaintiffs recast their non-economic claims as "inconvenience" claims in an attempt to prevent them from being dismissed. The law, however, is clear that under Article 19 of the Montreal Convention, "inconvenience" claims are *not* treated differently than other non-economic claims. It does not matter whether the alleged harm is characterized as discomfort, emotional suffering or "inconvenience."  As set forth in Frontier's opening brief, if there is no financial or economic loss associated with the alleged harm, such claim fails under Article 19. *Rubin v. Air China Ltd.*, 2011 U.S. Dist. LEXIS 65618, *13 (N.D. Cal. 2011); *Sobol v. Cont'l Airlines*, 2006 U.S. Dist. LEXIS 71096 (S.D.N.Y. 2006) (Article 19 only applies to "economic

1

loss occasioned by delay in transportation."). Here, Plaintiffs allege numerous claims, including "inconvenience" claims, none of which has an associated economic loss. Such claims are not recoverable under Article 19, and, therefore, should be dismissed with prejudice.

As to Frontier's misjoinder argument, Plaintiffs scarcely respond, simply stating that the claims arose out of the same transaction or occurrence because, although Plaintiffs were on different flights seven (7) months apart, the delays were related in that they pertained to the same flight route. This conclusory statement does not provide the basis for joinder under Rule 20. If anything, the bare assertion highlights the lack of factual and legal bases to support a finding that joinder was proper.

## I. PLAINTIFFS CONCEDE THAT PURELY EMOTIONAL INJURY DAMAGES ARE NOT RECOVERABLE UNDER MONTREAL

In its Motion to Dismiss, Frontier seeks dismissal of Plaintiffs' claims of inconvenience damages, emotional distress damages and other non-economic damages, because such damages are not recoverable under Article 19 of the Montreal Convention. *Ratnaswamy v. Air Afrique*, 1998 U.S. Dist. LEXIS 2683, *19 (N.D. Ill. 1998); *Eastern Airlines, Inc. v. Floyd,* 499 U.S. 530, 532 (1991) (Purely emotional injuries not recoverable under the Convention.). In their response, Plaintiffs concede that "'purely emotional damages,' such as damages for frustration, anguish, physical or mental upset independent of any physical injury, may not be recovered under the Montreal Convention[1]." (*See* Plaintiffs' Response at p. 11) Accordingly, Frontier requests that the Court dismiss with prejudice Plaintiffs' purely emotional injury claims, including, but not limited to, anxiety, discomfort, indifferent treatment, frustration, uncertainty, "spoliation of their

---

[1] Plaintiffs' delay claims under a breach of contract theory are based on the incorporation of Article 19 of the Montreal Convention into Frontier's Contract of Carriage. Accordingly, if delay claims fail under Article 19 as a matter of law, they must also fail under Frontier's Contract of Carriage.

memorable vacations" and "loss of time." (Complaint at ¶¶ 120, 125, 157, 158, 164-171, 210-214, 263, 265) Similarly, Plaintiffs' claims of physical discomfort, physical inconvenience, vomiting, dehydration, exhaustion, physical injury and physical suffering should be dismissed, because there are no allegations of associated financial losses. (Complaint at pp. 157, 158, 164, 212, 263, 265); *Rambarran v. Dynamic Airways, LLC*, 2015 U.S. Dist. LEXIS 97651, *15 (S.D.N.Y. 2015); *see Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1170 (11th Cir. 2014) (Article 19 permits the payment of economic damages caused by a delay, but it does not contemplate compensation for emotional loss or physical injury.); *see also Rubin,* 2011 U.S. Dist. LEXIS 65618 at *13 (Damages for pain and suffering are not cognizable under Article 19.).

## II.  MERE INCONVENIENCE NOT RECOVERABLE UNDER MONTREAL

Plaintiffs attempt to keep their "inconvenience" claims alive by suggesting that such claims are unique or in a category by themselves, and not simply another way of alleging purely emotional injuries – which they have already conceded are not recoverable. Such tactic, however, has previously been rejected. *See Lee v. Am. Airlines, Inc*., 2002 U.S. Dist. LEXIS 12029, *15 (N.D. Tex. 2002) (Plaintiff has merely re-characterized his mental anguish damages as "inconvenience" damages.). Despite this, Plaintiffs cite to *Kupferman v. Pakistan International Airline*s, 108 Misc. 2d 485, 488 (N.Y. Civ. Ct. 1981) and *Stone v. Continental Airlines*, 10 Misc. 3d 811, 817 (N.Y. Civ. Ct. 2005) in an effort to support their cause. Both *Kupferman* and *Stone*, however, are New York state cases that did <u>not</u> apply the Montreal Convention. Similarly, in *Daniel v. Virgin Atl. Airways Ltd*, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998), another case relied upon by Plaintiffs, the court failed to properly apply Article 19, choosing to supplement it with a federal "bumping" regulation and New York state law. Because of that court's flawed application of Montreal, *Daniel* is not followed by the vast majority of

courts. *See Vumbaca,* 859 F.Supp.2d at 368 ("Few courts have followed *Daniel's* invitation to compensate for 'inconvenience' under Article 19. Mere inconvenience does not support a claim under Article 19."); *Lee*, 2002 U.S. Dist. LEXIS 12029 at *14 (Plaintiff's inconvenience claims arising from the discomfort, annoyance, and irritation as a result of their delay are not easily quantifiable and do not result in real economic losses. Therefore, they are not recoverable under Article 19.); *see Lee v. Am. Airlines, Inc.*, 355 F.3d 386, 387 (5th Cir. 2004) (Plaintiff's claims of inconvenience resulting from delay are not compensable under Article 19). Accordingly, *Kupferman*, *Stone* and *Daniel* do not support Plaintiffs' position that "inconvenience" damages are recoverable under Article 19 of Montreal.

As to the remaining cases relied upon by Plaintiffs, *Ikekpeazu* and *Rubin*, both of these cases actually support Frontier's position that there is no separate category of damages for "inconvenience," and that only economic harms are recoverable under Article 19. *Ikekpeazu v. Air France,* 2004 U.S. Dist. LEXIS 24580, *4 (D. Conn. 2004) (Only plaintiff's allegations of financial injury resulting from the delay are viable under Article 19.); *Rubin*, 2011 U.S. Dist. LEXIS 65618 at *10 (Plaintiff must prove that financial injury resulted from the delay in his flight.). Accordingly, because Plaintiffs do not allege any economic damages arising from inconvenience separate from, and not redundant to, other claimed economic injuries, Plaintiffs' "inconvenience" claims simply do not withstand dismissal. *See Id.* at 14.

## III.   PLAINTIFFS SUFFERED NO FINANCIAL LOSS RELATED TO THEIR ALLEGED "INCONVENIENCE"

Plaintiffs assert that their "inconvenience" claims are viable because such claims have a nexus to an economic injury.  In other words, Plaintiffs assert that the claims that Frontier seeks to dismiss – anxiety, anguish, exhaustion, "inconvenience," etc. – are viable because such claims resulted in a separate and quantifiable economic loss. Specifically, Plaintiffs assert that their

4

being "subjected to dwell on the floors of airports without any meaningful support from Frontier" equates to an economic loss, because they were deprived of their "bargained for contractual benefit and tendered consideration in the sum of air fare purchasing price." (*See* Plaintiffs' Response at pp. 11-12) This argument fails, however, because Plaintiffs were ultimately transported by Frontier to their destinations, meaning that they did not sustain any economic losses related to the cost of purchasing their tickets. (*See* Complaint at ¶¶ 201, 208, 258); *see Fields v. BWIA Int'l Airways Ltd.*, 2000 U.S. Dist. LEXIS 9397 at *15 ("[Plaintiff] actually flew to Barbados the following day. [The carrier], therefore, performed its obligations under the contract (albeit one day late) and [plaintiff] cannot claim non-performance."); *see also Rubin*, 2011 U.S. Dist. LEXIS 65618, *15 (Plaintiff is *not* entitled to reimbursement of the cost of his ticket, as Plaintiff actually used the ticket to complete his round-trip travels.))[2].

Accordingly, because Plaintiffs have not alleged economic losses resulting from the "inconvenience" of the delays, other than the non-viable fare reimbursement claim, they cannot recover for their "inconvenience" claims under Article 19 of Montreal. *Lee,* 355 F.3d 386, 387 (5th Cir. 2004) (inconvenience not compensable under Article 19); *Vumbaca,* 859 F.Supp.2d at 367-68 ("Mere inconvenience does not support a claim under Article 19.").

---

2 Even if Frontier had failed to transport Plaintiffs back to Chicago, their only recourse would be to seek reimbursement of the cost of any unused return ticket under a non-performance or breach of contract theory. *See Ratnaswamy*, 1998 U.S. Dist. LEXIS 2683 at *12 (Article 19 does not extend to claims that arise from total nonperformance of a contract.). Said differently, because a "non-performance" or breach of contract claim falls outside of Article 19, a claim seeking reimbursement of airfare cannot serve as a basis for an Article 19 delay claim.

## IV.    REMAINING CLAIMS AGAINST FRONTIER

As set forth above, non-economic injury claims are not recoverable under Article 19.  As such, the only damages alleged in the Complaint not subject to dismissal are as follows:

- Tarkov Plaintiffs allege they suffered lost wages and incurred out-of-pocket expenses related to transportation at the port of arrival, lodging, food, beverages, and medication in the amount of $450. (See Complaint at ¶¶ 125, 129, 197, 208, 210, 212)

- Adler Plaintiffs allege they suffered lost wages and incurred out-of-pocket expenses related to transportation at the port of arrival, lodging, food, beverages, medication and missed pre-paid sight-seeing excursions. *Id.* at ¶¶ 165, 169, 171, 258, 259, 263.

All other claims for damages in the Complaint should be dismissed with prejudice.

## V.    MISJOINDER

Plaintiffs assert that joinder was proper under Rule 20 because the Adler and Tarkov claims arose out of the same transaction or occurrence. Although "transaction or occurrence" is not defined in Rule 20(a), courts interpret this term as comprehending a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. *Lozada v. City of Chi.*, 2010 U.S. Dist. LEXIS 89231, 2010 WL 3487952, at *2 (N.D. Ill. 2010). Courts determine the logical relatedness of separate occurrences by considering a variety of factors, including "whether the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a system of decision-making or widely-held policy[.]" *Id.* "When the plaintiffs' claims require individual fact finding and discovery, different witnesses and testimony, and separate questions to answer, they generally do not constitute [the] same transaction or occurrence and cannot be joined." *Robinson v. Dart*, 2014 U.S. Dist. LEXIS 7696, *3 (N.D. Ill. 2014).

Here, Plaintiffs state that joinder was proper because the flight routes were the same for the Adler and Tarkov flights. This bare argument fails to meet the joinder requirements under Rule 20. Indeed, Plaintiffs essentially concede that joinder was improper in that they do not specify any logical relatedness of the separate occurrences, nor do they cite to any case law to lend support for their position. In short, it is undeniable that the Adler and Tarkov claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences, because there is simply no relationship or connection between the separate delays. Claims involving different flights, on different dates – 7 months apart, involving different passengers, different delays and different damages are not related. As such, Frontier requests that Plaintiffs' claims be dismissed, or, alternatively, severed.

## CONCLUSION

Plaintiffs' claims of inconvenience damages, emotional distress damages and other non-economic damages alleged in the class action and individual counts of Plaintiffs' Fourth-Amended Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Additionally, the Adler and Tarkov claims were misjoined, and, therefore, should be dismissed or severed.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing with prejudice all non-economic injury claims in the individual and putative class action counts of Plaintiffs' Fourth-Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing or severing the remaining misjoined claims pursuant to Rule 21, and for such further relief as this Court deems just and reasonable.

Dated: April 14, 2016                  Respectfully submitted,

/s/ Brian T. Maye

Michael G. McQuillen
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
mmcquillen@ammlaw.com
bmaye@amm-law.com

Attorneys for Defendant Frontier Airlines, Inc.

8

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on April 14, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye