IN THE UNITED STATES FEDERAL COURT
OF NORTHERN DISTRICT OF ILLINOIS

ILYA TARKOV, *et. al*             Case No. <u>2015-CV-3430</u>
individually and on behalf of
themselves and all others
similarly situated members of
proposed Class of passengers,
           **Plaintiffs,**

     **and**             HON. JOHN J. THARP, JR.

FRONTIER AIRLINES INC.,
        **Defendant**.    .

<u>**PLAINTIFFS' SURREPLY BRIEF IN FURTHER OPPOSITION TO MOTION
TO DISMISS OF DEFENDANT FRONTIER AIRLINES INC.**</u>

**I. LEGAL ARGUMENT:**

**Reply Brief as filed on 04-14-16 by Frontier United Airlines in support of its
Motion to Dismiss ignores the fact of joinder being proper in this matter and
further ignored the concept of "inconvenience damages resulting in injury"
which are recoverable damages under Art. 19 of the Montreal Convention:**

**1.1. Plaintiffs adequately contend that joinder is proper in this matter:**

Contrary to Frontier's averments, the Plaintiffs adequately alleged that joinder is

proper in this matter.[1] As was already stated in Plaintiff's Response Brief, the mater *sub*

*judice* include both instances of travel delays and cancellations of plaintiffs' international

air flight No 41 operated by Frontier from Punta Cana to Chicago.[2] Again, all claims

asserted by all plaintiffs are arising from the same transaction or occurrence of operation

of Frontier's flight 41 from Punta Cana to Chicago. <u>Id</u>. Likewise, the facts and the law

---

[1] <u>Dkt. 33: Frontier's Reply Brief in Support of its Motion to Dismiss, 04-14-16, p.2, par
V, pp. 6-7</u>.
[2] <u>Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-
15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-
268, pp. 48-52</u>.

regarding delays and cancellations of flight No. 41 on March 28, 2015, March 29, 2015

and October 24, 2015 are common. Destination from Punta Cana to Chicago on flight 41

is common as well. The facts of cancelled flight 41 from Punta Cana on all instances are

strikingly similar.  Therefore, the joinder is proper and Frontier's argument on contrary is

not viable and shall be rejected as such by this Court.

> **1.2. Although courts have disagreed about whether and to what degree inconvenience damages may be recovered under Article 19, yet many courts recognized the concept of recovery for inconvenience damages causing injury under Art. 19 of the Montreal Convention:**

Contrary to assertion by Frontier Airlines as expressed in its recently filed reply

brief,  many courts recognized the concept of recovery for inconvenience damages

causing injury under Art. 19 of Montreal Convention or its predecessor, Art. 18 of

Warsaw Convention. [3]  Yet, the current law on the issue of recovery of "inconvenience

---

[3] See, Daniel v. Virgin Atlantic Airways, Ltd., 59 F.Supp.2d 986 (N.D.Cal.1998)(holding that "time is money, after all, and ... the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel ... even in the absence of economic loss or physical injury."); Rubin v. Air China Ltd., 2011 U.S. Dist. LEXIS 65618 (N.D. Cal., 2011)(holding that while purely emotional damages are not recoverable, a plaintiff may recover damages for economic loss under the Montreal Convention)(also holding that to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims)(also holding that in order to be recoverable, such "inconvenience" damages must truly encompass economic damages, and cannot simply be based upon the "discomfort, annoyance, and irritation"); Ikekpeazu v. Air France, 2004 U.S. Dist. LEXIS 24580 at *4 (holding that held that while Ikekpeazu could not recover for his alleged emotional injuries, his "allegations of financial injury resulting from the delay in his return to practice provide[d] a basis for a claim" under Article 19); Kupferman v. Pakistan Intern. Airlines, 438 N.Y.S.2d 189, 108 Misc.2d 485 (N.Y. City Civ.Ct., 1981)(holding that Plaintiffs are entitled to fair and just compensation for physical discomfort, inconvenience, humiliation, embarrassment and loss of a refreshing, memorable vacation)(also holding that "the law has evolved a liberal rule of damages where a passenger has been subjected to humiliating indifference and has been accorded treatment inferior to the class of treatment that he had bargained for."); Stone v. Continental Airlines, 2005 NY Slip Op

damages" is not settled.[4] For example in its recent decision on this issue the *Campbell* court utilized the following analysis. While remarking that "Courts have disagreed about whether and to what degree inconvenience damages may be recovered under Article 19, yet the *Campbell* court introduced the concept of "inconvenience injury." While holding that the plaintiff did not adequately plead inconvenience injury under Article 19 the Campbell court seemingly subscribed to the notion of recovery for inconvenience injury under Art. 19 of the Montreal Convention. Applying *Campbell* analysis of recovery for inconvenience injury to the matter *sub judice* this Court shall again notice that Adlers and Tarkovs plaintiffs adequately plead "inconvenience injury."[5]

As was already noticed and argued before, in the case at bar Adlers and Tarkovs plaintiffs adequately alleged "willful indifference" of Frontier Airlines manifested during cancellation of their flights by Frontier.[6] Specifically, in par. 163 on page31 of their 4th Amended Class Action Complaint at Law the Adlers plaintiffs alleged that:

---

25481 (NY 11/10/2005), 2005 NY Slip Op 25481 (NY, 2005)**(**holding that "it is well settled that an award for inconvenience, delay and uncertainty is cognizable under New York law")(also holding that Although the basis for inconvenience damages was not explored closely in the cases which awarded them to New York passengers, this type of award stems from a well settled exception to the "general rule [that] mental suffering resulting from a breach of contract is not a subject of compensation * * * * [which] does not obtain, however, as between a common carrier or an innkeeper and an insulted and abused passenger or guest, or the proprietor of a public resort and a patron publicly ejected"**).**
[4] Campbell v. Air Jamaica Ltd., 760 F.3d 1165 (11th Cir., 2014)(holding that courts have disagreed about whether and to what degree inconvenience damages may be recovered under Article 19).
[5] Cf., Dkt. 33: Frontier's Reply Brief in Support of its Motion to Dismiss, 04-14-16, par.II, pp. 3-4, par. II, pp.4-5 *with* Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52.
[6] Dkt. 33: Frontier's Reply Brief in Support of its Motion to Dismiss, 04-14-16, par.II, pp. 3-4, par. II, pp.4-5 *with* Dkt Dkt. 21: Fourth Amended Class Action Complaint at

> "That while being estranged at PuntaCana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing and cancellation of flight No. 41 on October 24, 2015. *Id. at* par. 163, p.31.

Similarly, in par 119 on page 22 of their Fourth Amended Class Action Complaint at Law the Tarkovs plaintiffs alleged that:

> "That while being estranged at PuntaCana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing and cancellation of flight No. 41 on March 28 and March 29, 2015." *Id. at* par. 119, p.22.

It can be logically discerned from the above-cited allegations of facts that, while being subjected to "dwell on the flours of airports without any meaningful support from Frontier," the Plaintiffs were subjected to inconvenience injury. Id. Importantly, the Adlers and Tarkovs plaintiffs were also subjected to compensable economic damages as well as to inconvenience injury, which are properly alleged in plaintiff's pleadings. [7] Noticeably that being involved in substantially similar factual analysis, the *Kupferman* Court held that: "the law has evolved a liberal rule of damages where a customer has been subjected to humiliating indifference and has been accorded treatment inferior to the class of treatment that he had bargained for."[8] Importantly, as was noted before,

---

Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52.
[7] Cf., Dkt. 33: Frontier's Reply Brief in Support of its Motion to Dismiss, 04-14-16, par.II, pp. 3-4, par. II, pp.4-5 *with* Dkt Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52 *with* Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[8] Kupferman, 108 Misc. 2d at 485, 438 N.Y.S.2d at 189.

cancellation of airfare flights of the above-named plaintiffs constituted material breach of transportation contract by United, giving rise to economic actual, general, special, incidental and consequential damages. [9]

Applying the above - cited legal framework to the case *sub judice* its is obvious that inconvenience injury and financial injury here as sustained by Adlers and Tarkovs plaintiffs is with nexus to deprivation of usage of bargained for contractual benefit and tendered consideration in the sum of air fare purchasing price "in the sum to be determined at trial."[10] As reflected by Frontier' reply brief, Frontier is vaguely arguing that such nexus is not viable because the plaintiffs ultimately traveled on Frontier flight.[11] Yet, Frontier' argument misses the significance and effects of cancellation of Frontier its air flights being the substance of total failure of contractual performance.[12] Additionally, Frontier is failing to recognize that the above-adduced concept of nexus between inconvenience injury and financial injury is the gist of *Rubin* analysis of recoverable economic damages.[13] To that extent alleged fact of Frontier's willful indifference resulting in deprivation of bargained for contractual benefit and consideration of purchasing price paid for air fare transportation is sufficient legal nexus required by *Rubin* to be between "inconvenience injury" and resulting financial injury of deprivation

---

[9] Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[10] Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[11] Dkt. 33: Frontier's Reply Brief in Support of its Motion to Dismiss, 04-14-16, p.2, par III, pp. 4-5.
[12] Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[13] Rubin, 2011 U.S. Dist. LEXIS 65618.

of said contractual benefit of tendered purchasing price for said airfare.[14] The fact of

plaintiff's subsequent travel on substituted Frontier flights after several days of

interruption of their travel do not negate already sustained economic damages. Id.

Plainly speaking, Adlers and Tarkovs plaintiffs bargained for prompt international travel

on time in accordance with pre-set scheduling, but instead received several days of

"willful indifference" by Frontier Airlines.[15]  None of any current legalistic twisting,

mislabeling and mischaracterization of plaintiff's damages by Frontier can now change

the above-identified facts of severe interruption of plaintiff's international travel and total

loss of bargained for contractual benefit. Id. Therefore, this Court shall reject Frontier'

argument on contrary and shall deny its motion to dismiss on this issue.

**3.2. Apart of *Rubin's* test of recovery of "inconvenience damages with nexus to financial injury", the *Campbell* court is seemingly recognizing the concept of "inconvenience injury" as independent legal theory without reference to *Rubin*'s concept of nexus required between inconvenience damages and financial injury:**

Although *Campbell* court did not fashioned recovery for pro see plaintiff due to

inadequacy of alleged pleadings, the *Campbell* Court seemingly recognized the concept

of "inconvenience injury" as independent legal theory without reference to *Rubin*'s

---

[14] Cf., Dkt. 33: Frontier's Reply Brief in Support of its Motion to Dismiss, 04-14-16, par.II, pp. 3-4, par. II, pp.4-5 *with* Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52 *with* Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.
[15] Cf., Dkt. 24: Frontier's Motion to Dismiss, 2-22-16, par. A, pp. 6-8;  Dkt. 33: Frontier's Reply Brief in Support of its Motion to Dismiss, 04-14-16, p.2, par III, pp. 4-5 *with* Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52 *with* Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.

concept of nexus required between inconvenience damages and financial injury. [16]Yet, irregardless of scholastic debate involving particulars of both *Campbell* and *Rubin* doctrines, the above named Adlers and Tarkovs plaintiffs plead sufficient facts for recovery of inconvenience damages under both theories. [17]

Applying the above-discussed legal analysis of "inconvenience injury" as espoused by *Campbell* and the concept of "inconvenience damages with nexus to financial injury as espoused by *Rubin* court, it is obvious that Adlers and Tarkovs plaintiffs adequately plead inconvenience damages under both doctrines. [18] Additionally, this Court shall also notice that the above-named plaintiffs were subjected to willful indifference by Frontier. Id. This alleged fact really supports characterization of Frontier acting in gross or reckless disregard of its passengers rights. Id. On substantially similar facts *Kupferman, Rubin*, *Daniel*, *Ikekpeazu* and *Stone* courts fashioned remedies for aggrieved plaintiffs. Id. Again, applying the above-cited *Campbell* analysis, this Court shall do the same.

*In toto*, consistent with the above-identified legal standard the above-named plaintiffs adequately alleged and plead compensable economic damages in their 4th

---

[16] Campbell., 760 F.3d at 1165.

[17] Cf., Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52 *with* Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Campbell., 760 F.3d at 1165.

[18] Cf. Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp. 12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par. 247-268, pp. 48-52 *with* Daniel, 59 F. Supp. 2d at 986; Rubin, (N.D. Cal., 2011); Stone, 2005 NY Slip Op at 2548; Ikekpeazu, 2004 U.S. Dist. LEXIS 24580 at *4; Kupferman, 108 Misc. 2d at 485.

amended class action complaint at law.[19] Therefore, this Court must reject argument of

Frontier Airlines on the contrary and shall deny its motion to dismiss. Id.

### IV. CONCLUSION:

Based on the foregoing the above-named Plaintiffs are hereby requesting this Court

to deny motions to dismiss as filed by the above-named defendant Frontier Airlines Inc;

as well as for any other and further relief this Court deems fair, just and equitable.

Dated this 15th day of April 2016.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, LLC
Counsel for Plaintiffs


*Vladimir M. Gorokhovsky, Esq.*

BY: _____
/s/ Vladimir M. Gorokhovsky, LL.M.
ILND TR. 10994


**P.O. Business Address**:
Gorokhovsky Law Office LLC
10919 N. Hedgewood Ln.
Mequon, WI 53092
(414)-581-1582

CERTIFICATE OF SERVICE:
I hereby certify that on April 15th, 2016 I caused a copy of the foregoing to be
electronically filed with the Clerk of Court using CM/ECF, which will send electronic
notification to the parties and registered attorneys of record that the document has been
filed and is available for viewing and downloading.


*Vladimir M. Gorokhovsky, Esq.*

_____
/s/ VLADIMIR GOROKHOVSKY

---

[19] Dkt. 21: Fourth Amended Class Action Complaint at Law, 01-12-16, par. 57-79, pp.
12-15; par. 106-133, pp. 20-26; par. 149-175, pp. 29-34; par 191-218, pp. 37-42; par.
247-268, pp. 48-52.