IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE ADLER; and ILYA TARKOV and RIMMA TARKOV; on behalf of themselves, and all other similarly situated passengers of proposed class, <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES, INC. <br><br> Defendant. | Case No.: 1:15-cv-03430 <br><br> Honorable John J. Tharp, Jr. |

**FRONTIER AIRLINES, INC.'S ANSWERS TO ADLER PLAINTIFFS'
INTERROGATORIES**

Defendant, **FRONTIER AIRLINES, INC.** ("Frontier"), by its undersigned counsel, ADLER MURPHY & McQUILLEN LLP, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby answers Adler Plaintiffs' Interrogatories as follows:

**GENERAL OBJECTIONS TO PLAINTIFFS' INTERROGATORIES**

1. These general objections are incorporated in response to each and every Interrogatory set forth below as if individually and fully set out verbatim in response thereto.

2. By responding to these Interrogatories, Frontier expressly reserves its right to supplement its answers based on information learned during discovery and after further investigation. Frontier does not in any way waive or intend to waive: (a) objections related to competency, relevancy, materiality, privilege or admissibility; or (b) the right to revise, correct, supplement or clarify any of its objections and answers as set forth below.

3. Frontier objects to these Interrogatories because, as phrased, they seek to impose obligations on Frontier beyond those required by the applicable Rules of Civil Procedure (the "Rules"). In responding to these Interrogatories, Frontier will comply with the Rules.

4. Frontier objects to these Interrogatories on the grounds that that the terms contained therein are either not defined, or if they are defined, are not properly defined or are defined in a manner that is overly broad, inaccurate and assumes facts not in evidence and purports to impose obligations upon Frontier beyond those set forth in the Rules or otherwise imposed by law.

5. Frontier objects to these Interrogatories to the extent that they are generally vague, ambiguous, and confusing. Frontier further objects to these Interrogatories on the grounds that they contain undefined terms, which terms are vague, ambiguous, and confusing in their entirety.

6. Frontier objects to these Interrogatories on the grounds that they are generally overly broad, unduly burdensome, and seek information and/or documentation that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

7. Frontier objects to these Interrogatories to the extent that they are not limited in time. Frontier will provide its Objections and Answers to Plaintiffs' Interrogatories in accordance with the Rules.

8. Frontier objects to these Interrogatories to the extent that they seek information and/or documentation to which Plaintiff has equal or superior access, including but not limited to, information and/or documentation in the public domain.

9. Frontier generally objects if any Interrogatory is intended to encroach upon attorney-client privilege, attorney work product privilege, or any other applicable protection from discovery. Unless otherwise advised, Frontier will assume that this is not the case. Any response inconsistent with the foregoing is inadvertent and shall not constitute a waiver of any such privilege, immunity, or other protection. Further, to the extent these Interrogatories seek to impose requirements, obligations and duties not prescribed by the Rules and/or seek

information, which is privileged and/or exempt from discovery, and otherwise imposes burdens that exceed the obligations set forth under applicable law, Frontier objects to such Interrogatories.

10. Any Frontier employee identified herein or otherwise referenced in any document described herein or otherwise produced during the course of discovery in this matter shall be contacted solely and exclusively through Adler Murphy & McQuillen LLP, 20 S. Clark Street, Suite 2500, Chicago, Illinois, 60603, (312) 345-0700.

## ANSWERS TO INTERROGATORIES

1. Please identify each and every cause and or reason for delay of departure and cancellation of flight 41 operated by the defendant Frontier on October 24, 2015 from Punta Cana to Chicago.

**ANSWER:** Frontier objects to Interrogatory No. 1 on the grounds that it is confusing overly broad, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Subject to and without waiving the foregoing objections, the subject flight was delayed due to the late arrival of Frontier flight 40 related to a ground system technology issue, fueling issue and gate availability issue.

2. Please identify and disclose each and every document in your possession related to any cause and or any and all reasons for delayed departure and cancellation of Frontier flight 41 operated by the defendant on October 24, 2015 from Punta Cana to Chicago.

**ANSWER**: Frontier objects to Interrogatory No. 2 on the grounds that it is overly broad, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. To the extent this interrogatory is a request for the production of documents, Frontier objects to its form and substance. Subject to and without waiving the foregoing objections, SCSM Ops Alerts provide information on the duration and cause of flight delays.

3. Please identify and disclose each and every reason for delayed departure of Frontier flight 41 operated by the defendant on October 24, 2015 from Punta Cana to Chicago.

**ANSWER**: Frontier objects to Interrogatory No. 3 on the grounds that it is confusing overly broad, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Subject to and without waiving the foregoing objections, the subject flight was delayed due to the late arrival of Frontier flight 40 related to a ground system technology issue, fueling issue and gate availability issue.

4. Please identify each and every passenger of Frontier flight 41 on October 24, 2015 from Punta Cana to Chicago by his or her name, address and telephone number.

**ANSWER**: Frontier objects to Interrogatory No. 4 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects on the grounds that it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation.

5. Please identify each and every effort undertaking (*sic*) by the defendant to mitigate and or to avoid consequences of delayed departure of flight 41 from Punta Cana to Chicago on October 24, 2015.

**ANSWER**: Frontier objects to Interrogatory No. 5 on the grounds that it is vague, overly broad, confusing, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Frontier owed no obligation to Plaintiffs regarding mitigating or avoiding any potential consequences of the subject delay because Plaintiffs contracted with Apple Vacations, not Frontier. Notwithstanding, the delay of the subject flight was impossible to avoid in that the ground system technology issue, fueling issue and gate availability issue were not capable of being predicted or anticipated. Further, once the events

4

occurred, it was impossible to avoid the consequences associated with the events. To the extent an attempt could have been made to mitigate the consequences of the events, it was beyond Frontier's control to affect the consequences of the events.

6. Please identify each and every document in your possession related to operation, maintenance, servicing and repairs of flight 41 from Punta Cana to Chicago on October 24, 2015.

**ANSWER**: Frontier objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Subject to and without waiving the foregoing objections, there were no aircraft maintenance or repairs issues that caused the delay of flight 41 on October 24, 2015.

7. Please identify by name, address and telephone number each and every passenger of flight 41, who had ever requested any compensation from Frontier Airlines, Inc. in regard to delayed departure of flight 41 from Punta Cana to Chicago October 24, 2015.

**ANSWER**: Frontier objects to Interrogatory No. 7 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects on the grounds that it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation. Subject to and without waiving the foregoing objections, any requests for compensation would have been directed to Apple Vacations, which contracted with passengers for the subject flight.

8. Please identify by name, address and telephone number each and every passenger of flight 41, who had ever received any pecuniary compensation from Frontier for delayed departure of flight 41 from Punta Cana to Chicago on October 24, 2015.

**ANSWER**: Frontier objects to Interrogatory No. 8 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects on the grounds that it seeks

5

private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation. Subject to and without waiving the foregoing objections, any requests for compensation would have been directed to Apple Vacations, which contracted with passengers for the subject flight.

9. Please identify by name, address and telephone number each and every passenger of flight 41, who had ever requested but did not receive compensation from Frontier for delayed departure of flight 41 on October 24, 2015 from Punta Cana to Chicago.

**ANSWER**: Frontier objects to Interrogatory No. 9 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects on the grounds that it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation. Subject to and without waiving the foregoing objections, any requests for compensation would have been directed to Apple Vacations, which contracted with passengers for the subject flight.

10. Please identify duration of delayed departure of flight 41 on October 24, 2015 which was scheduled to transport the above-named plaintiffs from Punta Cana to Chicago.

**ANSWER**: Eighty-five (85) minutes.

11. Please identify by name, address and telephone number each and every employee of Frontier Airlines, Inc. who possess any knowledge as to any reasons and circumstances of delayed and cancelled departure of flight 41 on October 24, 2015 for Punta Cana to Chicago.

**ANSWER**: Frontier objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects on the grounds that the personal information of employees is confidential and private. Subject to and without waiving the foregoing objections, investigation continues.

12. Please identify each and every document related to maintenance and repairs of airplane performing the flight 41 on October 24, 2015 from Punta Cana to Chicago.

**ANSWER**: Frontier objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it is not limited in time or scope. Subject to and without waiving the foregoing objections, there were no aircraft maintenance or repairs issues that caused the delay of flight 41 on October 24, 2015.

13. Please identify and disclose each and every offer of compensation, which was ever made by defendant to the above-named plaintiff for delayed and canceled departure of flight 41 on October 24, 2015, which was scheduled to transport the above-named plaintiff from Punta Cana to Chicago.

**ANSWER**: Frontier objects to Interrogatory No. 13 on the grounds that it is vague, ambiguous, confusing and does not specify the information sought with sufficient particularity. Subject to and without waiving the foregoing objections, any information regarding offers made to Plaintiffs would be in the possession of Plaintiffs.

14. Please identify and disclose each and every instance of delayed (*sic*) and cancellations of defendant's flights as effectuated by said defendant starting October 24, 2015 and up to the date of your answer to this interrogatory.

**ANSWER**: Frontier objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

15. Did you conduct any internal investigation regarding delay and cancellation of departure of flight 41 on October 24, 2015 from Punta Cana to Chicago? If so, please identify and disclose each and every document generated by such investigation.

**ANSWER**: Frontier objects to Interrogatory No. 15 on the grounds that it is overly broad, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. To the extent this

interrogatory is a request for the production of documents, Frontier objects to its form and substance. Subject to and without waiving the foregoing objections, SCSM Ops Alerts provide information on the duration and cause of flight delays.

16. Please identify and disclose the particular date of receipt in your office of plaintiff's pre-suit notice of claim and demand for settlement.

**ANSWER**: Frontier objects to Interrogatory No. 16 on the grounds that it seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Subject to and without waiving the foregoing objections, November 30, 2015.

17. Please identify and disclose the name of person who reviewed plaintiff's pre-suit notice of claim and demand for settlement.

**ANSWER**: Frontier objects to Interrogatory No. 17 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

18. Please identify name and address of business entity rendering air traffic control services at Punta Cana International Airport.

**ANSWER**: Frontier objects to Interrogatory No. 18 on the grounds it is vague, ambiguous and confusing. Frontier also objects to the extent Interrogatory No. 18 is not limited in time. Additionally, Frontier objects to the extent it seeks information to which Plaintiffs have equal access to information in the public domain.

19. Please identify and disclose the name of person who reviewed plaintiff's pre-suit notice of claim and demand for settlement.

**ANSWER**: See Frontier's Response to Interrogatory No. 17.

20. Please identify and disclose particular reasons for denial of plaintiff's pre-suit notice of claim and demand for settlement.

**ANSWER**: Frontier objects to Interrogatory No. 20 on the grounds it is vague, overbroad, ambiguous, confusing and seeks information that is not relevant to any party's claim

or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

21. Please identify and disclose particular factual basis for assertion by you of defense of extraordinary circumstances in the above-captioned matter.

**ANSWER**: Frontier objects to Interrogatory No. 21 on the grounds that it is overly broad, vague, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, the delay of the subject flight was impossible to avoid in that the ground system technology issue, fueling issue and gate availability issue were not capable of being predicted or anticipated. Further, once the events occurred, it was impossible to avoid the consequences associated with the events. To the extent an attempt could have been made to mitigate the consequences of the events, it was beyond Frontier's control to affect the consequences of the events.

22. Please identify and disclose each and every effort made by you to prevent occurrence of extraordinary circumstances as to delayed departure of flight 41 on October 24, 2015 from Punta Cana to Chicago.

**ANSWER**: Frontier objects to Interrogatory No. 22 on the grounds that it is overly broad, vague, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it is not limited in time or scope. Subject to and without waiving the foregoing objections, the delay of the subject flight was impossible to avoid in that the ground system technology issue, fueling issue and gate availability issue were not capable of being predicted or anticipated.

23. Please identify and disclose each and every action performed by you to prevent occurrence of extraordinary circumstances as to flight 41 on October 24, 2015 from Punta Cana to Chicago.

**ANSWER**: See Frontier's response to Interrogatory No. 22.

9

24. Please identify and disclose each and every contingency plan(s), which were designed, promulgated and implemented by Frontier Airlines, Inc. to rectify and or mitigate consequences of effect of extraordinary circumstances upon your scheduled flights.

**ANSWER**: Frontier objects to Interrogatory No. 24 on the grounds that it is overly broad, ambiguous, confusing, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it is not limited in time or scope. Subject to and without waiving the foregoing objections, it is impossible to avoid delays caused by extraordinary circumstances.

25. Please identify and disclose each and every document which was designed and implemented by Frontier Airlines, Inc. to rectify and or mitigate consequences of effect of extraordinary circumstances upon your scheduled flights.

**ANSWER**: Frontier objects to Interrogatory No. 25 on the grounds that it is overly broad, ambiguous, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it is not limited in time or scope. Subject to and without waiving the foregoing objections, it is impossible to avoid delays caused by extraordinary circumstances.

26. Please identify and disclose all circumstances of delayed departure of flight 41 on October 24, 2015 from Punta Cana to Chicago.

**ANSWER**: Frontier objects to Interrogatory No. 26 on the grounds that it is overly broad, vague, unduly burdensome, duplicative, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Additionally, this request exceeds the limits set forth in Rule 33(a)(1).

27. Please adduce any and all documentary evidence in your possession regarding delayed departure of flight 41 from Punta Cana to Chicago on October 24, 2015.

**ANSWER**: Frontier objects to Interrogatory No. 27 on the grounds that it is overly broad, ambiguous, vague, unduly burdensome, duplicative, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier

further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine. To the extent this interrogatory is a request for the production of documents, Frontier objects to its form and substance. Additionally, this request exceeds the limit set forth in Rule 33(a)(1).

28. Please identify each and every reasonable measures undertaking by you on or before October 24, 2015 to prevent occurrence of extraordinary circumstances as invoked by you in defense of this action.

**ANSWER**: Frontier objects to Interrogatory No. 28 on the grounds that it is overly broad, ambiguous, vague, unduly burdensome, duplicative, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects to the extent it is not limited in time or scope. Additionally, this request exceeds the limit set forth in Rule 33(a)(1).

29. Please identify name, address and telephone company (*sic*) of business entirety (*sic*) managing Punta Cana International Airport.

**ANSWER**: Frontier objects to Interrogatory No. 29 on the grounds it is vague, ambiguous and confusing. Frontier also objects to the extent it is not limited in time and scope. Further, Frontier objects to the extent it seeks information to which Plaintiffs have equal access to information in the public domain. Additionally, this request exceeds the limit set forth in Rule 33(a)(1).

30. Please identify and disclose by name, address and telephone number each and every passenger who had ever contacted Frontier (between October 24, 2015 and up to the date of your answer to this complaint), requesting compensation for delayed or canceled international airfare.

**ANSWER**: Frontier objects to Interrogatory No. 30 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects on the grounds that it seeks private information. Frontier also objects on the grounds that such information is

11

confidential pursuant to federal regulation. Additionally, this request exceeds the limit set forth in Rule 33(a)(1).

31. Please identify and disclose by name, address and telephone number each and every passenger, who had ever received from Frontier (between October 24, 2015 and up to the date of your answer to this complaint) any pecuniary compensation for delayed or canceled international airfare.

**ANSWER**: Frontier objects to Interrogatory No. 31 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects on the grounds that it seeks private information. Frontier also objects on the grounds that such information is confidential pursuant to federal regulation. Additionally, this request exceeds the limit set forth in Rule 33(a)(1).

Dated: April 11, 2016                                  Respectfully submitted,

                                                       _____
                                                       Brian T. Maye
                                                       Adler Murphy & McQuillen LLP
                                                       20 S. Clark Street, Suite 2500
                                                       Chicago, Illinois 60603
                                                       Telephone: (312) 422-5713
                                                       bmaye@amm-law.com

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on April 11, 2016.

    Counsel for Plaintiffs
    Gorokhovsky Law Office, LLC
    10919 N. Hedgewood Ln., Mequon, WI 53092
    (414)-581-1582

    _____
    Brian T. Maye