IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ILYA TARKOV, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FRONTIER AIRLINES, )<br>)<br>Defendant. ) | Case No.: 1:15-cv-03430<br><br>Honorable John J. Tharp, Jr. |

**FRONTIER AIRLINES, INC.'S RESPONSE TO TARKOV PLAINTIFFS'
REQUESTS FOR ADMISSION**

Defendant, **FRONTIER AIRLINES, INC.** ("Frontier"), by its undersigned counsel, ADLER MURPHY & McQUILLEN LLP, pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby responds to Tarkov Plaintiffs' Requests for Admission as follows:

**GENERAL OBJECTIONS**

1. By responding to these Requests for Admission, Frontier does not waive its right to object to the use of the discovery responses at any time or on any ground in this or any other proceeding. In addition, discovery in this action is still proceeding and, therefore, Frontier reserves the right to amend any response in light of later discovered facts in support of its position at trial.

2. Frontier objects to these Requests for Admission to the extent they seek information that is not relevant to any party's claim or defense.

3. Frontier objects to these Requests for Admission to the extent they seek information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege. Any inadvertent disclosure of material protected by any such applicable privilege or discovery immunity is not intended to, and should not be construed to constitute a waiver of such privilege or immunity.

1

4. Frontier objects to these Requests for Admission insofar as they seek discovery of any material that constitutes the mental impressions, conclusions, opinions or legal theories of Frontier's counsel.

5. Frontier objects to these Requests for Admission insofar as they seek discovery of opinions of law which are beyond the scope of permissible discovery.

6. Frontier does not hereby admit, adopt or acquiesce to any factual or legal contention, presumption, assertion or characterization contained in these Requests for Admission.

7. Frontier objects to these Requests for Admission to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

8. Frontier objects to these Requests for Admission to the extent they are unreasonably cumulative or duplicative, vague, ambiguous, overly broad, unduly burdensome, or do not specify the information sought with sufficient particularity.

9. Frontier objects to these Requests for Admission to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive, or that is solely in the possession, custody, or control of third-parties.

10. Frontier objects on the grounds the requests seeks information beyond the scope of Rule 36(a)(1)(A).

11. Frontier objects to the extent the requests seek expert opinions.

12. Frontier submits these answers without conceding the relevancy or materiality of the subject matter of any Request for Admission, and without prejudice to Frontier's

right to object to further discovery or to object to the admissibility of any answer at the time of hearing or trial.

13. Frontier reserves the right to amend or supplement these answers and objections.

14. These general objections are incorporated by reference into each specific answer made by Frontier to Plaintiff's Requests for Admission.

Without waiver of its general objections, Frontier responds as follows:

### REQUESTS FOR ADMISSION

1. Do you admit that the above-named plaintiffs were holding confirming airfare tickets issued by Frontier Airlines, Inc. for airfare transportation on the board of Frontier flight 41 departing from Punta Cana to Chicago on March 28, 2015?

**RESPONSE**: Frontier objects to this request on the grounds that it is vague, ambiguous and confusing. Subject to and without waiving the foregoing objections, Frontier admits that Tarkov Plaintiffs purchased and held tickets for transportation on Frontier flight 41, Punta Cana, DR to Chicago, IL, on March 28, 2015.

2. Do you admit that the above-named plaintiffs were holding confirming airfare tickets issued by Frontier for airfare transportation on the board of flight 41 departing from Punta Cana to Chicago on March 29, 2015?

**RESPONSE**: Frontier objects to this request on the grounds that it is vague, ambiguous and confusing. Subject to and without waiving the foregoing objections, Frontier admits that Tarkov Plaintiffs purchased and held tickets for transportation on Frontier flight 41, Punta Cana, DR to Chicago, IL, on March 29, 2015.

3. Do you admit that on or about March 28, 2015 the flight 41, as operated by Frontier Airlines, Inc. from Punta Cana to Chicago was delayed on its departure?

**RESPONSE**: Frontier objects on the grounds that the request is vague, ambiguous and confusing. Subject to and without waiving the foregoing objections, Frontier

3

admits that Frontier flight 41, Punta Cana, DR to Chicago, IL, on March 28, 2015, was delayed and/or cancelled as a result of the actions of Air Traffic Control.

4. Do you admit that on or about March 28, 2015 the flight 41 as operated by Frontier Airlines, Inc. from Punta Cana to Chicago was delayed for five (5) hours before being canceled?

**RESPONSE:** Frontier objects on the grounds that the request is vague, ambiguous and confusing. Subject to and without waiving the foregoing objections, Frontier denies that Frontier flight 41, Punta Cana, DR to Chicago, IL, on March 28, 2015, was delayed for five (5) hours before being cancelled. Frontier admits that Frontier flight 41, Punta Cana, DR to Chicago, IL, on March 28, 2015, was cancelled as a result of the actions of Air Traffic Control.

5. Do you admit that delayed departure and cancellation of flight 41 on March 28, 2014 from Punta Cana to Chicago was not caused by extraordinary circumstances?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

6. Do you admit that delayed departure of flight 41 on March 29, 2014 from Punta Cana to Chicago was not caused by extraordinary circumstances?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

7. Do you admit that term "extraordinary circumstances" do not include technical or mechanical problems except in the rare instances where the airline can prove those problems are due to hidden, inherent manufacturing defects or aircraft damage caused by sabotage?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

8. Do you admit receiving plaintiff's pre-suit notice of claim and demand for settlement in this matter?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Subject to and without waiving the foregoing objections, admitted.

9. Do you admit rejecting to plaintiffs pre-suit notice of claim and settlement demand for compensation?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Subject to and without waiving the foregoing objections, denied.

10. Do you admit that plaintiffs' pre-suit notice of claim was rejected by your counsel, Attorney Brian Maye?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Subject to and without waiving the foregoing objections, denied.

11. Do you admit that subsequent to delayed and canceled departure of flight 41 on March 28, 2015 the above-named plaintiffs were not provided by any meaningful care and assistance by Frontier Airlines?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Subject to and without waiving the foregoing objections, denied.

12. Do you admit that subsequent to delayed departure of flight 41 on March 29, 2015 the above-named plaintiffs were not provided by any meaningful care and assistance by Frontier Airlines?

5

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Subject to and without waiving the foregoing objections, denied.

13. Do you admit that on March 28, 2015 the above-named plaintiffs were forced to pay additional lodging expenses?

**RESPONSE:** Frontier objects on the grounds that this request it is vague, ambiguous and confusing. Subject to and without waiving the foregoing objections, Frontier cannot admit or deny because it lacks knowledge or information regarding this request.

14. Do you admit that said notice of claim and pre-suit settlement demand in this matter was submitted to you pursuant "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments and in the Article 22(6) of the 1999 Montreal Convention?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion.

15. Do you admit that plaintiff's pre-suit notice of claim and demand for pre-suit settlement was denied by Frontier Airlines, Inc.?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

16. Do you admit that, despite receiving said pre-suit notice of claim, you have failed to effectuate pre-suit settlement with the above named plaintiffs?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

17. Do you admit that pursuant to so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments and in accordance with Article 22(6) of the 1999 Montreal Convention the above-named plaintiff is entitled to their attorney's fees and costs due to your failure to comply with so-called "settlement inducement provision?"

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

18. Do you admit receiving receipt in this case showing the actual damages incurred by the plaintiffs?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

19. Do you admit not promulgating any plans related to mitigation of consequences of your delayed or canceled flights upon your passengers?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

20. Do you admit that you did not undertake all reasonable measures on March 28, 2015 to avoid cancellation of departure of flight 41?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

21. Do you admit that you did not undertake all reasonable measures on March 28, 2015 to avoid delayed of departure of flight 41?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

22. Do you admit that you did not undertake all reasonable measures on March 29, 2015 to avoid delayed of departure of flight 41?

**RESPONSE:** Frontier objects to this request on the grounds that it is vague, ambiguous, confusing and seeks information beyond the scope of Rule 36(a)(1)(A). Frontier also objects on the grounds that it seeks a legal conclusion. Subject to and without waiving the foregoing objections, denied.

Dated: April 8, 2016

Respectfully submitted,

/s/ Brian T. Maye
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on April 8, 2016.

Counsel for Plaintiffs
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln., Mequon, WI 53092
(414)-581-1582

_____
Brian T. Maye