IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE ADLER; and ILYA TARKOV and RIMMA TARKOV; on behalf of themselves, and all other similarly situated passengers of proposed class,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES,<br><br>Defendant. | Case No.: 1:15-cv-03430<br><br>Honorable John J. Tharp, Jr. |

### DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned attorneys, respectfully responds to Plaintiffs' motion to compel as follows:

#### I.    BACKGROUND

On March 11, 2016, Plaintiffs Ilya and Rimma Tarkov ("Tarkov Plaintiffs") served on Frontier their first set of interrogatories, requests for production of documents and requests for admission.  On March 14, 2016, Plaintiffs Alyona, Leonid and Nicole Adler (Adler Plaintiffs") served on Frontier a separate set of interrogatories, requests for production of documents and requests for admission. On April 8, 2016, Frontier served its responses to Tarkov Plaintiffs' requests for admission and Adler Plaintiffs' requests for admission.  On April 11, 2016, Frontier served its responses to Tarkov Plaintiffs' interrogatories and requests for production of documents and Adler Plaintiffs' interrogatories and requests for production of documents.

On April 12, 2016, pursuant to Rule 37(a), counsel for Plaintiffs and Frontier conferred about Frontier's responses to Adler Plaintiffs' interrogatories and Adler Plaintiffs' requests for

1

admission. Specifically, counsel discussed Frontier's responses to Adler Plaintiffs' Interrogatories Nos. 4, 8, 9, 14, 17, 19 and 20, and Frontier's responses to Adler Plaintiffs' requests for admission Nos. 9, 10 and 15. Counsel for the parties did not specifically confer about Tarkov Plaintiffs' written discovery. Counsel also did not specifically confer about Adler Plaintiffs' requests for production of documents. However, it was assumed by Frontier's counsel that the Rule 37(a) conference generally pertained to Frontier's responses to both the Adler and Tarkov written discovery.

On May 9, 2016, Plaintiffs filed a motion to compel. In their motion, Plaintiffs claim that Frontier's responses are inadequate regarding Interrogatories 4, 7, 8, 9, 11, 13, 14, 17, 19, 30, and 31; and Requests for Admission Nos. 9, 10, 15 and 16. Plaintiffs do not specifically identify any of Frontier's responses to requests for production of documents as being inadequate. In support of their motion, Plaintiffs filed as attachments Frontier's responses to (i) Tarkov interrogatories, (ii) Adler requests for admission and (iii) Tarkov requests for admission.

## II. ARGUMENT

**A.  Plaintiffs' Objections to Frontier's Discovery Responses**

The subject matter of the interrogatories and requests for admission that are at issue in Plaintiffs' motion to compel appear to fall into five general categories: **(1)** the names and contact information of all passengers on the Tarkov flights (March 28 and 29, 2015) and the Adler flight (October 24, 2015); **(2)** the names and contact information of Frontier employees who possess knowledge regarding the reasons for, and circumstances of, the flight delays associated with the Adler and Tarkov flights; **(3)** the identification of every Frontier flight that was delayed or cancelled during the period of October 24, 2015 and April 11, 2016; and **(4)** the names of all persons who reviewed Plaintiffs' pre-suit settlement demand letters.

B.   **Basis for Frontier's Objections**

1.   Disclosure of Flight Manifest Is A Violation of Federal Law

Frontier objects to Plaintiffs' request for the names and contact information of all passengers on the Tarkov and Adler flights on the grounds that the disclosure of the flight manifests would violate federal law. According to CFR 243.9, an airline cannot disclose the name or contact information of a passenger except when provided to the family of a passenger, the State Department or the National Transportation Safety Board (NTSB) . . . following an aviation disaster. *See* CFR 243.9. In their motion, Plaintiffs cite to *Nathaniel v. Am. Airlines*, 2008 U.S. Dist. LEXIS 95336, *15 (D.V.I. 2008) in support of their position that the passenger manifest should be produced. *Nathaniel*, however, supports Frontier's position that the manifest should not be disclosed.

In *Nathaniel*, the court held that when a flight manifest includes potential witnesses who are likely to have discoverable information, and the plaintiff has no other means of obtaining such information, the manifest can be released subject to a protective order. *Id.* at *14-16. Here, the only discoverable information the other passengers may possess is the fact that the flights were delayed. Such information, however, is not in dispute in this case. Indeed, Frontier has admitted that the flights were delayed. Therefore, the flight manifests have no relevance as it would not provide the names of any percipient witnesses. *Id.* at * 16; *see also Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, 2007 U.S. Dist. LEXIS 2298, *14 (D. Nev. 2007) (Because the manifest is not a necessary component of the factual bases on which plaintiff seeks to prove its claim, disclosure of such information would violate federal law.). Additionally, the other passengers would have no information regarding the Adler and Tarkov Plaintiffs' alleged damages, such as

3

out-of-pocket expenses incurred during the delays, because such information is in the exclusive control of Plaintiffs.

As to Plaintiffs' contention that they need to interview the other passengers to determine whether they qualify as potential class members, such argument fails on its face, because Article 19 claims cannot serve as a basis for class action claims. The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011). In order to justify a departure from that rule, a class representative must possess the same interest and suffer the same injury as the class members. *Id.* A plaintiff seeking certification of a class must prove by a preponderance of the evidence that its proposed class meets the requirements of Rule 23(a) - numerosity, commonality, typicality, and adequate representation. *Dukes*, 131 S. Ct. at 2551. If those requirements are met, a plaintiff must prove that the class action is maintainable under at least one of the subdivisions of Rule 23(b) (e.g. questions of law and fact common to class members predominate). *Rambarran v. Dynamic Airways, LLC*, 2015 U.S. Dist. LEXIS 97651, *27 (S.D.N.Y. 2015).

Here, Plaintiffs bring putative class actions claims on behalf of passengers on the Adler and Tarkov flights. They also bring class action claims on behalf of passengers on all delayed or cancelled international flights during the period of October 24, 2015 and April 11, 2016, without identifying any specific flights. Plaintiffs' putative class action claims are brought under Rule 23(b)(3), which mandates that questions of law and fact common to class members predominate over any questions affecting only individual members, and that a class action is superior over any questions affecting only individual members. FED. R. CIV. P. 23. Putative class action claims under Article 19 of the Montreal Convention, however, cannot satisfy such requirements because "the liability determination [for each passenger] under the Montreal Convention is fraught with likely

4

individualized issues." *Rambarran,* LLC*,* 2015 U.S. Dist. LEXIS 97651, *16. Specifically, the liability determination under Article 19 "requires, *inter alia*, a passenger-specific inquiry into the reasonableness of [an airline's] accommodations in light of each passenger's individual circumstances and needs." *Id.*

Under Article 19, a carrier is liable for economic damages suffered as a result of a flight delay, unless the carrier can prove that it "took all measures that could reasonably be required to avoid damage or that it was impossible for it… to take such measures." Montreal Convention, Art. 19. Inherent in that language is the requirement that liability be examined on an individual basis, which includes, not only the issue of whether the carrier took reasonable measures to avoid the delay, but also whether, and to what extent, the carrier accommodated each passenger in light of the delay. *See Cohen v. Delta Air Lines, Inc.,* 751 F. Supp. 2d 677, 678–80 (S.D.N.Y. 2010) (examining the reasonability of Delta's actions in light of delay caused by air traffic control); *Helge Mgmt. v. Delta Air Lines, Inc*., 2012 U.S. Dist. LEXIS 100474, *16-18 (D. Mass. 2012) ("The Court finds that Delta acted reasonably in attempting to repair the lighting problems on Flight 46 and then in arranging for an auxiliary flight and trying to find an available pilot crew before it attempted to re-book the passengers on alternate flight arrangements…It was only after cancellation that the duty to try to re-book passengers became imperative, but by that time, there were no flights leaving on that date.").

Here, the Adler and Tarkov putative class action claims are not viable because a passenger-by-passenger inquiry into liability (i.e., the reasonableness of Frontier's efforts to avoid the alleged delays, and its efforts to accommodate each passenger following the alleged delays) must be conducted individually. *Rambarran,* LLC*,* 2015 U.S. Dist. LEXIS 97651, *29 (common delay is a needle in a haystack of issues requiring individualized proof.). Additionally, individual

inquiries into whether passengers suffered an economic injury are necessary. In this regard, it is likely that most, if not all, passengers faced different experiences as a result of the alleged flight delays. *Id.* at * 23 (The proposed classes may well include passengers who, unlike the named plaintiffs, awaited and received alternate flight arrangements or other accommodations from the carrier). As such, the Adler and Tarkov Plaintiffs do not possess the same interest as the putative class members. *Id.* at * 31 (Plaintiffs failed to present evidence indicating that the class action would not disintegrate into a series of mini-trials regarding the reasonableness of the carrier's accommodations vis-à-vis each passenger and each passenger's individual damages.).

Accordingly, because liability and damages related to Article 19 claims must be litigated on an individual basis, Plaintiffs' putative class action claims are not plausible on their face. Therefore, the flight manifests are not relevant to any issues in the case.

   2.  <u>Frontier Has Agreed to Provide A Rule 30(b)(6) Witness</u>

In their motion to compel, Plaintiffs assert that they object to Frontier's response that the "investigation continues" regarding the identities of Frontier employees with knowledge of the circumstances of the delays. Plaintiffs' objection, however, is inconsistent with the parties' previous discussion on this issue. Counsel for the parties discussed Frontier's presenting a Rule 30(b)(6) witness who would have knowledge about the cause of the delays, the duration of the delays and the actions taken by Frontier in response to the delays. Counsel for Plaintiffs appeared satisfied with such offer. In short, there does not appear to be a substantive dispute regarding the deposition of a witness with knowledge, and, therefore, the motion to compel regarding this issue is unwarranted.

However, an issue has arisen regarding Plaintiffs' recent Notice of Deposition pursuant to Rule 30(b)(6). Plaintiffs seek to depose a corporate representative in Chicago, Illinois rather than

the witness's principal place of business, which is Denver, Colorado. (*See* Deposition Notice, attached hereto as Ex. A) The general rule is that the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business. *Chris-Craft Indus. Prods., Inc. v. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999). When a corporation objects to a deposition being taken at a place other than its principal place of business, "the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation." *Id., quoting Sears v. American Entertainment Group, Inc.*, 1995 U.S. Dist. LEXIS 1754, * 2 N.D. Ill. 1982). Further, where a deposition is noticed to be taken at a location other than the corporation's principal place of business, "the purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order." *Chris-Craft Indus. Prods., Inc.*, 184 F.R.D. at 607.

Here, Frontier has objected to presenting a Rule 30(b)(6) witness in Chicago, Illinois, because any Rule 30(b)(6) witness would be located in Denver, Colorado, which is the headquarters of Frontier. Accordingly, pursuant to Rule 37(a)(5)(B) and Rule 26(c), Frontier seeks a protective order regarding the location of depositions of Frontier corporate representatives. Counsel for Frontier has in good faith conferred with counsel for Plaintiffs. The parties could not resolve the dispute regarding the location of the deposition of a Frontier corporate representative.

(3) <u>Identification of All Flight Delays And Cancellations Since October 24, 2015</u>

Plaintiffs have requested that Frontier identify every flight delay and cancellation since October 24, 2015. However, flight delays and cancellations, other than the subject flights, are not relevant to this matter, because Plaintiffs do not allege that they were passengers on flights other than the subject flights. As such, Plaintiffs cannot serve as class representatives for other flights,

because they do not possess the same interest or suffer the same injury as the putative class members. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (A class representative must possess the same interest and suffer the same injury as the class members.). Relatedly, claims related to flights other than the subject flights cannot be joined in the same lawsuit as they do not arise out of the same occurrence or transaction or series of occurrences or transactions. (*See* Frontier's Misjoinder Argument in its Motion to Dismiss at Doc. # 24) Accordingly, the identification of flight delays and cancellation since October 24, 2015 has no relevance to this litigation.

      (4)      <u>Names of Frontier Employees Who Reviewed Plaintiffs' Settlement Demands</u>

Plaintiffs have requested the names of Frontier employees who have reviewed Plaintiffs' settlement demands. Plaintiffs have also requested specific reasons for the denial of Plaintiffs' pre-suit settlement demand. Relatedly, Plaintiffs seek admissions from Frontier that it "denied" Plaintiffs' pre-suit settlement demands. Frontier objects to these requests on the grounds that they are irrelevant and seek information protected by attorney-client privilege and the work product doctrine. To date, Plaintiffs have not articulated a legitimate basis for the disclosure of such information.

      (5)      Finally, Frontier objects to Plaintiffs' Interrogatories Nos. 26 through 31 on the grounds that they exceed the limit set forth in Rule 33. There is no basis for Plaintiffs' motion to compel regarding Frontier's responses to Interrogatories Nos. 26 through 31.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order denying Plaintiffs' Motion to Compel Discovery Responses. Additionally, pursuant to Rule 37(a)(5)(B) and Rule 26(c), Frontier seeks a protective order regarding (1) flight manifests, (2) names of other passengers on Frontier flights, (3) the identification of other flight delays or

cancellations, (4) location of depositions of Frontier representatives other than in Denver, Colorado, (5) the names of Frontier employees who reviewed Plaintiffs' settlement demands, and for such further relief as this Court deems just and reasonable.

Dated: May 16, 2016               Respectfully submitted,

                                  /s/ Brian T. Maye

                                  Michael G. McQuillen
                                  Brian T. Maye
                                  Matthew S. Dowling
                                  Adler Murphy & McQuillen LLP
                                  20 S. Clark Street, Suite 2500
                                  Chicago, Illinois 60603
                                  Telephone: (312) 345-0700
                                  mmcquillen@amm-law.com
                                  bmaye@amm-law.com
                                  mdowling@amm-law.com

                                  Attorneys for Defendant Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on May 16, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

                                        /s/ Brian T. Maye