IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAMUNE SERPYTIENE, on her behalf and on behalf of minor child AUGUSTAS SERPYTIS, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) | Case No. 15 C 832 |
| v. | ) ) | Judge Robert W. Gettleman |
| UNITED AIRLINES, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Ramune Serpytiene, on behalf of herself and her minor child, filed a fourth amended putative class action complaint[1] against defendant United Airlines, Inc., pursuant to the parties' ticketing contracts and the Convention for International Carriage by Air, S. Treaty Doc. No. 106-45 (May 28, 1999) (the "Montreal Convention"). Defendant filed the instant partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the court grants defendant's motion.

**BACKGROUND**[2]

Despite the monstrous size of plaintiff's fourth amended complaint,[3] which does not comply with Rule 8(a), the facts of this case are simple. Plaintiff and her minor child were

---

[1] The court previously severed the claims of three other individuals and ordered plaintiff to file an amended complaint limited to her and her minor child's claims against defendant regarding flight no. UA 621. (Doc. 79.)

[2] The following facts are taken from plaintiff's fourth amended complaint and are assumed to be true for purposes of defendant's motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

[3] The fourth amended complaint is 70-pages, with more than 305 paragraphs.

scheduled to fly from Chicago, Illinois to Calgary, Alberta, Canada on August 25, 2014, on a flight operated by defendant. The flight, however, was delayed several hours, and later "cancelled due to unavailability of crew."

As a result, plaintiff and her minor child were "estranged at O'Hare International [Airport] for 2 days." According to the fourth amended complaint, defendant did not care for plaintiff or her minor child during the delay, resulting in them being "forced to dwell on the floors" of the airport. Plaintiff alleges that during this time she and her minor child were "subjected to severe physical inconvenience, exhaustion and unsanitary conditions," causing her minor child to have "severe and disabling vomiting and diarrhea." Plaintiff alleges that she and her child "incurred compensable economic damages" as a result of the 2-day delay and arrived in Calgary 66 hours after their originally-scheduled arrival time, thereby missing some of their "pre-scheduled family reunion."

## DISCUSSION

**1. Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**2.    Duplicative Counts**

Individual Count I and Class Count I assert claims pursuant to Article 19 of the Montreal Convention. Individual Counts II and III and Class Counts II and III assert breach of contract claims pursuant to defendant's "self-imposed" contractual obligation to comply with Article 19 and compensate passengers for cancellations and delays. Each breach of contract claim is premised on defendant's alleged incorporation of Article 19 into its Conditions of Carriage. Defendant argues that the court should dismiss Individual and Class Counts II and III as duplicative of Individual Count I and Class Count I. Because defendant's liability and plaintiff's relief are identical with respect to each count, the court dismisses Individual and Class Counts II and III as duplicative of Individual Count I and Class Count I. See, e.g., DeGeer v. Gillis, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010).

**3.    Non-economic Damages**

Defendant argues that the court should dismiss plaintiff's claims for non-economic damages, including plaintiff's claims for damages associated with being inconvenienced during her and her child's delayed international travel, as unrecoverable under Article 19 of the Montreal Convention. The Montreal Convention, adopted in 1999, replaced the Warsaw Convention, which sought to achieve uniformity of the rules governing claims arising from

international air transportation. See Giannopoulos v. Iberia Lineas Aereas de Espana, S.A., No. 11-C-775, 2012 WL 5383271, at *2 (N.D. Ill. Nov. 1, 2012). Article 19 of the Montreal Convention, upon which plaintiff seeks damages, provides that:

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

S. Treaty Doc. No. 106-45 (internal quotations omitted).

As the parties agree, Article 19 does not provide damages for the delay itself but only for damages caused by the delay. The parties further agree that federal courts have interpreted Article 19 as permitting recovery of only economic damages. See, e.g., Dochak v. Polskie Linie Lotnicze LOT S.A., No. 15-C-4344, 2016 WL 3027896, at *8 (N.D. Ill. May 27, 2016) ("Article 19 permits the payment of economic damages from a delayed flight but disallows compensation for emotional loss, physical injury, or inconvenience."); see also Barrett v. United Airlines, Inc., No. 92-C-5578, 1994 WL 419637, at *3 (N.D. Ill. Aug. 5, 1994); Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1170 (11th Cir. 2014); Vumbaca v. Terminal One Group Ass'n L.P., 859 F. Supp. 2d 343, 367 (E.D.N.Y. 2012).

Plaintiff, however, argues that all of the damages she seeks are recoverable as economic damages because they have a nexus to a financial injury. In particular, plaintiff contends that the damages she seeks for the inconvenience of "being forced to dwell on airports [sic] flours [sic] for several days," have a nexus to a financial injury because she and her son were deprived of their "bargained for contractual benefit and consideration of purchasing price paid for air fare

4

transportation." According to plaintiff, this creates a sufficient nexus between the inconvenience she experienced as a result of the delay and a financial injury. The court disagrees.

As an initial matter, and contrary to plaintiff's assertion, she and her minor child lost neither their bargained-for benefit nor their consideration, as they were in fact transported to their desired destination. Because defendant performed on the parties' ticketing contracts, even if the performance was delayed, plaintiff and her minor child did not suffer a financial loss from purchasing the ticket. See, e.g., Wolgel v. Mexicana Airlines, 821 F.2d 442, 445 (7th Cir. 1987) (distinguishing between nonperformance of a contract where the plaintiff was bumped[4] and delayed air travel); see also Fields v. BWIA Int'l Airways Ltd., No. 99-CV-2493, 2000 WL 1091129, at *5 (E.D.N.Y. July 7, 2000) (holding that because the plaintiff was transported to her final destination, albeit one day late, the defendant airline performed its obligations under the contract); Rubin v. Air China Ltd., No. 10-CV-5110, 2011 WL 2463271, at *5 (N.D. Cal. June 21, 2011) (holding that the plaintiff received the benefit of his round-trip airline ticket, and thus he could not claim the cost of the ticket as an economic loss occasioned by the delay). Consequently, plaintiff's alleged loss of her bargained-for benefit cannot be used as a catchall for her to recover a broader swath of damages than permissible under Article 19.

Rubin, on which plaintiff relies for her "nexus to financial injury" theory, stands for nothing more than the already accepted proposition that to be recoverable under Article 19, the damages must have caused an economic loss. As the Rubin court held, "in order to be

---

[4] "Bumping" occurs when an airline carrier refuses to seat a ticketed passenger with a confirmed reservation due to purposeful over-booking of the flight, which is meant to minimize the number of empty seats on a flight due to cancellations. See Weiss v. El Al Israel Airlines, 309 Fed. Appx. 483 (2d Cir. 2009); see also Campbell, 760 F.3d at 1172.

5

recoverable, such inconvenience damages must truly encompass economic damages," – i.e. have caused an economic loss – "and cannot simply be based upon the discomfort, annoyance, and irritation Plaintiff experienced during the delay." Rubin, 2011 WL 2463271 at * 4 (internal quotations omitted). Without having identified an economic loss resulting from the inconvenience plaintiff and her minor child experienced while being forced to dwell at the airport (separate and apart from food, water, medications, telecommunication services, and lodging expenses she allegedly spent), she has not stated a claim on which she can recover such damages. See, e.g., Lee v. American Airlines, Inc., No. 301-CV-1179, 2002 WL 1461920, at *4 (N.D. Tex. July 2, 2002, aff'd, 355 F.3d 386, 387 (5th Cir. 2004) (affirming judgment on the pleadings for defendant airline where the plaintiff's inconvenience damages did not result in real economic loss). Consequently, plaintiff's individual and class claims for non-economic damages,[5] including damages associated with being inconvenienced, are dismissed.

The remaining cases on which plaintiff relies do not persuade the court otherwise. Because state law, and not the Montreal Convention, was the basis for the courts' decisions in both Kupferman v. Pakistan Int'l Airlines, 108 Misc. 2d 485, 488 (N.Y. Civ. Ct. 1981), and Stone v. Continental Airlines, 10 Misc. 3d 811, 817 (N.Y. Civ. Ct. 2005), the two cases are irrelevant to this court's inquiry. The Eleventh Circuit's decision in Campbell is likewise unpersuasive because the Campbell court held that it "need not address . . . whether and to what degree inconvenience damages are recoverable under Article 19 because [the plaintiff] [had] not

---

[5] Nor is the court convinced that plaintiff or her minor child are entitled to damages for their alleged physical injuries that did not result in economic loss. Courts across the country appear to be divided with respect to whether Article 19 permits damages for physical injuries occasioned by the delay, but at least one court in this district has indicated that such damages are not covered by Article 19. See Dochak, 2016 WL 3027896 at *8.

6

pled that he suffered any harm due to inconvenience." 760 F.3d at 1171. Finally, the court's holding in Daniel v. Virgin Atl. Airways Ltd., 59 F. Supp. 2d 986, 994 (N.D. Cal. 1998), – that the "inconvenience of being trapped for hours in an unfamiliar airport is a compensable element for damages for delay in air travel under the Warsaw Convention and domestic law, even in the absence of economic loss or physical injury" – is contrary to the law as interpreted by both parties and other district courts in this circuit. See, e.g., Dochak, 2016 WL 3027896 at *8 (explaining that Article 19 permits the recovery of economic damages from a delayed flight but disallows compensation for inconvenience).

## CONCLUSION

For the foregoing reasons, defendant's partial motion (doc. 82) to dismiss is granted. Plaintiff's individual and class claims for non-economic damages, including damages associated with being inconvenienced, are dismissed. Individual and Class Counts II and III are also dismissed. The only economic damages plaintiff can seek for herself or the putative class are lost wages and expenses incurred for food, beverages, lodging, medication, telecommunication services, and other out-of-pocket expenses. Defendant is directed to answer Class Count I and Individual Count I conforming to this opinion on or before August 31, 2016. This matter is set for a report on status on September 7, 2016, at 9:00 a.m.

**ENTER:** August 3, 2016

     *[signature]*
     **Robert W. Gettleman**
     **United States District Judge**