UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NINA BYTSKA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-CV-483 |
| | ) | |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| SWISS INTERNATIONAL AIR LINE, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Nina Bytska ("Bytska") has filed a prejudgment motion for her attorney's fees and costs under Article 22(6) of the Convention for Unification of Certain Rules for International Carriage by Air ("the Montreal Convention").[1] As the Supreme Court reiterated last year, the point of departure for analyzing a request for attorney fees is "the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts LLP v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–253 (2010)). Because Article 22(6) does not supplant the American rule, the court denies the motion.

**I. BACKGROUND**

Framed in 1929, the Warsaw Convention marked the first international agreement limiting an air carrier's liability.[2] Responding largely to fears of bankruptcies in the fledgling airline industry, it had two primary goals: "(1) to establish uniformity in the aviation industry regarding the procedural and substantive law applicable to claims arising out of international air

---

[1] Convention for Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999.
[2] Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in 49 U.S.C. § 1502 (1970) [hereinafter Warsaw Convention].

1

travel; and (2) to limit air carriers' potential liability in the event of an accident." *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines, Co.*, 522 F.3d 776, 779 (7th Cir. 2008). In a meeting at the Hague in 1955, the Warsaw Convention's signatories propounded amendments to the agreement, but "[t]he United States ultimately refused to ratify the Hague Protocol, in part because it saw the amended liability cap as still too low." *Id*. at 780 (citing Paul Dempsey & Michael Milde, *International Air Carrier Liability: The Montreal Convention of 1999*, at 20-21 (2005)). The Montreal Convention, which took effect on November 4, 2003, "unifies and replaces the system of liability that derives from the Warsaw Convention." *Id*. (quoting *Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366 (2d Cir. 2004)).

Bytska bought a round-trip plane ticket from Chicago, Illinois, to Kiev, Ukraine. Her return itinerary for January 19, 2013, called for her to make a connecting flight in Zurich, Switzerland. (Pl.'s 1st Am. Compl. ¶¶ 24, 28.) Bytska alleges that her flight from Kiev to Zurich was delayed for several hours, causing her to miss her connection and ultimately delaying her return for over twenty-four hours. (*See id*. ¶¶ 30–39, 65–66.). In Count One of her amended complaint, Bytska alleges that Swiss International Air Lines, Ltd. ("Swiss") and Ukraine International Airlines ("UIA") violated the Montreal Convention.

The court dismissed all of Bytska's claims except her claim under the Montreal Convention on March 1, 2016. After the case was referred to a magistrate judge for discovery and settlement supervision, Swiss filed an offer of judgment in accordance with Federal Rule of Civil Procedure 68. (ECF No. 62.) Bytska filed the instant motion three days later. She has since represented to the magistrate judge that she does not believe settlement efforts will prove fruitful until the instant motion has been decided. (ECF No. 68 at 1; ECF No. 73 at 1.)

## II. ANALYSIS

The body of the instant motion begins by citing Federal Rule of Civil Procedure 54(d)(1) and (2) and then states: "Procedurally, this motion is brought pursuant to Art. 22(6) of the Montreal Convention . . ., which is the supreme law of this land." (ECF No. 65 at 1–2.) As explained below, Article 22(6) does not entitle Bytska to an award of attorney's fees under the law of the United States, and Rule 54(d) does not authorize an award of costs or fees in these circumstances.

**A. Article 22(6) Requires A Court to Apply Its Domestic Law on the Availability of Costs, Expenses, and Attorney Fees**

In her motion and reply, Bytska repeatedly cites nothing more than Article 22(6) itself and the analogous provision of the Hague Protocol, claiming that the language of Article 22(6) shows that she is entitled to the relief she seeks. (*See id*; Reply 5, 10, ECF No. 72.) The Supremacy Clause of our Constitution declares that "all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby." Art. VI, cl. 2. The Supreme Court has construed the Supremacy Clause to mean that "'courts' must regard 'a treaty ... as equivalent to an act of the legislature, whenever it operates of itself without the aid of any legislative provision.'" *Medellin v. Texas*, 552 U.S. 491, 538 (2008) (quoting *Foster v. Neilson*, 27 U.S. (2 Pet.) 253, 314 (1829)). The broad proposition that Article 22(6) is the supreme law of the land is the beginning of the analysis of the question at hand, not the end. Federal statutes and the Federal Rules of Civil Procedure also rank as federal law, and the court must "analyze the interaction between these two bodies of federal law." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S.*

*Dist. of Iowa*, 482 U.S. 522, 533 (1987) (considering interaction between treaty provision and Federal Rules of Civil Procedure).

When construing a treaty, the court "first look[s] to its terms to determine its meaning." *United States v. Alvarez-Machain*, 504 U.S. 655, 663 (1992) (citations omitted); *accord Jogi v. Voges*, 480 F.3d 822, 833 (7th Cir. 2007) (collecting authority). Article 22(6) provides as follows:

> The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later.

Montreal Convention art. xxii(6). To understand Article 22(6)'s cross references, start with Article 19, which makes an air carrier "liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo . . . [unless] it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." 1999 WL 33292734, at *34. Article 22(1) caps damages for liability under Article 19. *See id*. at *35. Thus, when Article 22(6) speaks of "limits prescribed . . . in this Article," it means caps on damages for a claim like Bytska's, that is, a claim for damages caused by a delay in carrying a passenger by air. Call this the damages cap.

The text of the first sentence of Article 22(6) does no more than authorize a court to apply its domestic law as the rule of decision when a party requests costs and fees, here, primarily, the American rule. Article 22(6) provides that the damages cap "shall not prevent the court from . . ." taking a specified action. As used in this sentence, the phrase "shall not

4

prevent," clarifies that the court remains free to take the specified action. *See B.P. Am. Prod. Co. v. Burton*, 549 U.S. 84, 98 (2006) (construing subsection of statute stating that "[t]he provisions of this section shall not prevent the United States . . . from collecting any claim . . . by means of administrative offset" as "clarif[ying] that administrative offsets are not covered by [another subsection] even if they are viewed as an adjunct of a court action" (ellipses in original)); *FEC v. Nat'l Right to Work Comm.*, 459 U.S. 197, 202 (1982) (construing statutory proviso stating that "[t]his paragraph shall not prevent . . . a corporation . . . from soliciting contributions to such a fund from members" as permitting the specified conduct). Hence, the first sentence of Article 22(6) allows a court, consistent with the damages cap, to "award[], in accordance with its own law , . . . the whole or part of the court costs and of the other expenses of the litigation." Montreal Convention, art. xxii(6). To be "in accordance with" the court's "own law" in the sense intended, the award must be based on that law. *See Steadman v. SEC*, 450 U.S. 91, 98 (1981) ("The phrase 'in accordance with . . . substantial evidence' thus requires that a decision be based on a certain quantity of evidence.") (ellipsis in original). The signatories to the Montreal Convention knew how to specify a uniform rule for deciding whether attorney fees and expenses were recoverable, and they did so in Article 22(6)'s second sentence, denying fees in the circumstances specified. Thus, the court's "own law" in Article 22(6) means the body of domestic law the court must apply to decide a request to award fees and costs in the absence of the Montreal Convention. *Cf. Zicherman v. Korean Air Lines Co.*, 516 U.S. 217, 224–25 (1996) (holding, based on less explicit language, that provision of Warsaw Convention allowing recovery of damages left the questions of who could sue and what damages are compensable to be decided under the domestic law of contracting states); *Bacardi Corp of Am. v. Domenech*, 311 U.S. 150, 160–63 & n.9 (1940) (giving effect to provisions of treaty that expressly distinguished

between trademark registration "in accordance with the treaty" and "in accordance with [one of the contracting states'] domestic law" (Article 7)). By its plain terms, then, Article 22(6) allows a court to apply its own domestic law when deciding whether, and to what extent, to award attorney fees and costs.

Courts in the United States have read the language used in Article 22(6) similarly. When interpreting a treaty, the court may consult "the negotiating and drafting history (*travaux préparatoires*) and the postratification understanding of the contracting parties." *Zicherman*, 516 U.S. at 226. The parties have not explored the Montreal Convention's drafting history. Nevertheless, as one court put the matter when construing the analogous language of the Hague Protocol, "removing treaty impediments to an award of attorneys' fees is not the same as creating a right to attorneys' fees." *In re Sept. 11 Litig.*, 500 F. Supp. 2d 356, 364 (S.D. N.Y. 2007) (holding that analogous language "does not itself create a right to reimbursement of attorneys' fees"). The Fifth Circuit reached the same conclusion about Article 22(6) of the Montreal Convention in an unpublished case. *Muoneke v. Compagnie Nationale Air France*, 330 F. App'x 457, 462 (5th Cir. 2009) (per curiam) (holding that "the Montreal Convention . . . does not bar the recovery of either fees or costs in excess of the liability caps found in Articles 21 and 22. But neither does it provide an independent basis on which such amounts may be awarded."). Consistent with these authorities and the language of Article 22(6), the court turns to the provisions of federal law (other than the Montreal Convention itself) Bytska invokes to decide whether she is entitled to fees or costs. *See id*.

**B. Plaintiff's Request for Costs and Fees is Premature Under Rule 54**

Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." It "embodies the American rule, whereby parties ordinarily cannot recover

6

attorneys' fees as costs." *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 656 (7th Cir. 1981) (citing *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). The court therefore cannot award the plaintiff's attorney's fees in the guise of costs under Rule 54(d)(1). *See Crawford Fitting Co. v. J. T. Gibbons. Inc.*, 482 U.S. 437, 444–45 (1987) (reaffirming *Alyeska's* holding, 421 U.S. at 252, that Congress has not granted "roving authority to the Judiciary to allow counsel fees as costs or otherwise whenever the courts might deem them warranted."); 28 U.S.C. § 1920 (West 2016) (listing categories of taxable costs without enumerating attorney fees). To the extent Bytska seeks an award of recoverable costs, *see* § 1920, the court cannot yet determine who is the prevailing party for Rule 54(d)(1) purposes because not all claims have been adjudicated. Plaintiff's request for costs under Rule 54(d)(1) is therefore premature. *See Arroyo v. Volvo Grp. N. Am., LLC,* 805 F.3d 278, 287 (7th Cir. 2015) (vacating award of costs and remanding with directions to address costs, if necessary, "after a final resolution of the case"); *Hardrick v. Airway Freight Sys.*, 63 F. Supp. 2d 898, 905 & n.5 (N.D. Ill. 1999) (granting partial summary judgment and denying motion for costs and attorney fees as premature).

Bytska's request for an award of attorney's fees fares no better under Rule 54(d)(2). That rule provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Among other things, a Rule 54(d)(2) motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Judgment has not been entered in this case, and no party has asked the court to direct entry of judgment as to fewer than all of the claims or parties, *see* Fed. R. Civ. P. 54(b). Though Swiss has made an offer of judgment (*see* ECF No. 62), the record

contains no evidence that it has been accepted—a condition precedent to entry of judgment on the offer. *See* Fed. R. Civ. P. 68(a) allowing entry of judgment if, "within 14 days after being served [with the offer of judgment] the opposing party serves written notice accepting the offer"). "An unaccepted offer is considered withdrawn, but it does not preclude a later offer." Fed. R. Civ. P. 68(b). Indeed, minute entries in this case show that settlement proceedings remain ongoing. (*See* ECF No. 79.) Consequently, there is no judgment for the plaintiff to specify under Rule 54(d)(2)(b)(ii), and her Rule 54(d)(2) motion fails as premature. *See Owens v. Howe*, 365 F. Supp. 2d 942, 949 (N.D. Ind. 2005) (denying motion for attorney's fees as premature "given that Rule 54(d)(2)(B) first requires the entry of a judgment.").

### III. CONCLUSION

Article 22(6) does not diminish this court's duty to apply the American rule. On the contrary, the Article permits this court, subject to its second sentence, to apply the American rule and the body of substantive and procedural law it would otherwise apply to decide a request for costs and attorney's fees. For the reasons discussed above, Bytska has not shown that she is entitled to an award of attorney's fees under that body of law, and her motion (ECF No. 65) is therefore denied.

Date: November 28, 2016                                       /s/
                                                              Joan B. Gottschall
                                                              United States District Judge

8