IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATALIA GODUN, individually and on behalf of her minor child, EMILIA ZYCHA, and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) v. ) ) | Case No. 16 C 4869 |
| UNITED AIRLINES, INC., and DEUTSCHE LUFTHANSA AG, ) ) ) | Judge Robert W. Gettleman |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Natalia Godun, on behalf of herself, her minor child, and all others similarly situated, filed a first amended putative class action complaint[1] against defendants United Airlines, Inc. ("United"), and Deutsche Lufthansa AG ("Lufthansa") pursuant to the parties' ticketing contracts and the Convention for International Carriage by Air, S. Treaty Doc. No. 106-45 (May 28, 1999) (the "Montreal Convention").[2] Lufthansa filed a motion to dismiss on several grounds and United filed a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Lufthansa's motion is granted and United's motion is granted in part and denied in part.

---

[1] The court previously severed this claim from the claims of three other individuals and ordered plaintiff to file an amended complaint limited to her and her minor child's claims against defendants regarding flight UA 104 (Doc. 1).

[2] Plaintiff's complaint had also alleged two counts under European Union Regulation No. 261/2004 ("EU 261"), which have since been withdrawn.

## **BACKGROUND**[3]

Despite the verbosity of plaintiff's first amended complaint,[4] which does not comply with Rule 8(a), the facts of this case are simple. Plaintiff and her minor child were scheduled to fly from Baton Rouge to Moscow, via Houston and Munich, on July 19, 2015. At issue here is the flight from Houston to Munich, flight UA 104, which was operated by United and "co[de]-shared" with Lufthansa. The flight was delayed several hours before being "cancelled due to shortage of crew and negligent maintenance of aircraft (sic)." Plaintiff and her minor child ultimately arrived in Moscow 30-hours after their scheduled arrival time.

As a result of the cancellation, plaintiff and her minor child were "forced to dwell on floors of various airports without any meaningful help from defendants" for "several days." According to the first amended complaint, defendants did not care for plaintiff or her minor child during the delay, resulting in them being "forced to spend approximately 500 Euro . . . for local accommodations, foodstuffs, water, needed medications, local transportation and international telecommunication expenses." Plaintiff alleges that during this time she and her minor child were subjected to "severe physical inconvenience causing physical illness of disabling vomiting and diarrhea." Plaintiff alleges that she and her child "incurred compensable economic damages," and that their "entire travel-related plans were detrimentally impacted" as a result of the 30-hour delay.

---

[3] The following facts are taken from plaintiff's first amended complaint and are assumed to be true for purposes of defendants' motions to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

[4] The first amended complaint is nearly 60 pages long and contains more than 200 paragraphs.

2

## DISCUSSION

### I. Legal Standard

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### II. Lufthansa's Motion to Dismiss

Lufthansa has moved to dismiss plaintiff's first amended complaint for four reasons: (1) insufficiency of process; (2) lack of personal jurisdiction; (3) violations of Fed. R. Civ. P. 8; and (4) failure to state a claim.[5] The court need address only the second claim. Lufthansa argues that the court lacks personal jurisdiction because Lufthansa is not "at home" in Illinois and plaintiff's claims have no connection to Illinois. The court agrees.

---

[5] Lufthansa also moved to strike the amended complaint as untimely (one day late) and to dismiss Counts V and VI of the first amended complaint, which plaintiff has withdrawn.

3

As a threshold matter, the court notes that none of the conduct alleged in the complaint took place in or impacted Illinois, foreclosing any claim of specific jurisdiction.[6] See Abelesz v. OTP Bank, 692 F.3d 638, 654 (7th Cir. 2012) ("Specific jurisdiction is jurisdiction over a specific claim based on the defendant's contacts with the forum that gave rise to or are closely connected to the claim itself.").

As for general jurisdiction, plaintiff's itinerary, which is attached to her complaint, makes clear that the flight at issue, flight UA 104 from Houston to Munich, was operated by United. Acknowledging this in her response in opposition to Lufthansa's motion to dismiss, plaintiff advances her theory that Lufthansa is "jointly and severally liable" because the flight was "jointly operated" by United and Lufthansa. Plaintiff's complaint, however, does not allege that the flight was "jointly operated," but rather that it was "co-shared," meaning that United was using Lufthansa's "code" when it operated the flight. Importantly, the itinerary attached to the complaint unequivocally lists United, and only United, as the operator of flight UA 104. Further, as Lufthansa points out, even if the flight were "jointly operated," the fact that United is "at home" in Illinois does not impute jurisdiction over Lufthansa, which would be possible (or logical) only if United and Lufthansa were in a parent-subsidiary relationship. See IDS Life Ins. Co. v. SunAmerica Life Ins. Co., 136 F.3d 537, 540 (7th Cir. 1998). Plaintiff fails to address this argument in her response in opposition to Lufthansa's motion to dismiss. Instead, plaintiff

---

[6] Paragraph 26 of the complaint alleges that "all the above and below alleged actions of defendant took place, in whole or in part, within O'Hare International Airport located within this District." This is the only reference to O'Hare, or Illinois, in the complaint. The court assumes that counsel mistakenly included this paragraph when severing this plaintiff's claims from those of the several other plaintiffs he represents in similar actions.

quotes Article 46 of the Montreal Convention,[7] which ultimately undermines plaintiff's claim that this court has jurisdiction over Lufthansa. Article 46 states:

> Any action for damages contemplated in Article 45 must be brought, at the option of the plaintiff, in the territory of one of the States Parties, either before a court in which an action may be brought against the contracting carrier, as was provided in Article 33, or before the court having jurisdiction at the place where the actual carrier has its domicile or its principal place of business.

Leaving aside the fact that Lufthansa was neither the contracting carrier nor the actual carrier, this provision does not establish personal jurisdiction over Lufthansa. As Lufthansa points out, the jurisdictional provisions plaintiff relies upon, Articles 33 and 45, relate to "treaty" jurisdiction, which is a form of subject matter jurisdiction, not personal jurisdiction. See In re Air Crash Disaster of Aviateca Flight 901 Near San Salvador, El Salvador on Aug. 9, 1995, 29 F. Supp. 2d 1333, 1339 (S.D. Fla. 1997).[8] Plaintiff fails to address this argument in her opposition to Lufthansa's motion to dismiss.

Plaintiff's alternative arguments are equally unavailing. First, without citing to any legal authority, plaintiff asserts that, by filing appearances in this matter, Lufthansa's counsel "effectively conced[ed] jurisdiction." Plaintiff is mistaken. As Lufthansa points out, Fed. R. Civ. P. 12(h)(1) specifies that the defense of lack of personal jurisdiction is not waived by filing

---

[7] The Montreal Convention, adopted in 1999, replaced the Warsaw Convention, which sought to achieve uniformity of the rules governing claims arising from international air transportation. See Giannopoulos v. Iberia Lineas Aereas de Espana, S.A., 2012 WL 5383271, at *2 (N.D. Ill. Nov. 1, 2012).

[8] The case refers to the Montreal Convention's predecessor, the Warsaw Convention, and the equivalent provisions, Articles 28 and 31. Case law interpreting the Warsaw Convention is applicable to the Montreal Convention. See Aikpitanhi v. Iberia Airlines of Spain, 553 F. Supp. 2d 872, 875 (E.D. Mich. 2008).

5

an appearance. See Rains v. PPG Industries, Inc., 359 F. Supp 2d 720, 726 (S.D. Ill. 2004). Lufthansa has not filed an answer to the complaint or engaged in any other conduct that would constitute waiver under Rule 12(h), and has in no way conceded jurisdiction.

Plaintiff's next argument attempts to anchor her personal jurisdiction claim to the fact that "Lufthansa AG is operating large airfare hub from O'Hare International Airport to various European destinations and is otherwise doing business and are soliciting airline passengers by selling airfare tickets and are conducting its business of air transportation within the State of Illinois."[9] Although plaintiff may be correct, this claim in no way gives rise to general jurisdiction over Lufthansa. General jurisdiction "should not be lightly found" and is generally found only in the state of incorporation or in the state where a corporation's principal place of business is located. Kipp v. Ski Enter. Corp. of Wisconsin, Inc., 783 F.3d 695, 698 (7th Cir. 2015). As the complaint notes, Lufthansa is domiciled in Germany and has corporate offices is New York. Lufthansa is not incorporated in Illinois, nor is its principal place of business located in Illinois. The fact that Lufthansa conducts business in Illinois by operating flights in Illinois and soliciting business from its residents does not establish "contacts [that] are so continuous and systematic as to render [Lufthansa] essentially at home in [Illinois]." Abelesz, 692 F.3d at 656. Solicitation is not a sufficient basis to establish general jurisdiction, nor is a continuous course of business. Kipp, 783 F.3d at 698–99. Because Lufthansa is not "at home" in Illinois, this court cannot exercise general jurisdiction over it. Lufthansa's motion to dismiss is therefore granted.

---

[9] Plaintiff uses these facts to further argue that Lufthansa is not immune from suit under the Foreign Sovereign Immunities Act. Lufthansa has made no such claim and the court will not address this argument.

### III.     United's Partial Motion to Dismiss

United has moved to dismiss four of plaintiff's claims: (1) the putative class action claims;[10] (2) the non-economic damages claims; (3) the claims seeking reimbursement of the cost of airfare; and (4) the duplicative claims: Counts Two, Three, and Four.[11]  The court will address these claims in turn.

####      A.     The Putative Class Action Claims

First, United argues that class action claims are not proper under Article 19 of the Montreal Convention.  According to United, such claims cannot meet class certification requirements due to the number of individualized issues that must be evaluated to determine liability for each passenger.  Plaintiff argues that a motion to strike class allegations is premature on the pleadings.  Plaintiff is incorrect, see Fed. R. Civ. Pro. 23(c)(1)(A), and Judge Feinerman has already addressed the exact issue before the court.  See Pumputiena v. Deutsche Lufthansa, AG, 2017 WL 66823, at *8–9 (N.D. Ill. Jan. 6, 2017).  Because the court agrees with Judge Feinerman's reasoning, it adopts his findings.

Just as in Pumputiena, plaintiff seeks to certify two classes against United.[12]  Although the complaint is far from clear, it seems to identify two classes: (1) the Flight UA 104 Class, which consists of passengers booked on flight UA 104; and (2) the General United Class, which consists of passengers who suffered delays on any international flight operated by United since

---

[10] Although styled as a motion to dismiss the class claims, United is seeking to strike the class allegations, and the court will construe its motion to dismiss as a motion to strike.

[11] United also moved to dismiss Counts V and VI, which plaintiff has withdrawn. Accordingly, United's motion as to Counts V and VI is denied as moot.

[12] The plaintiff seeks class certification against United and Lufthansa.  Because plaintiff has no claim against Lufthansa, she cannot serve as a class representative against Lufthansa.

July 19, 2014.[13] Common questions could possibly predominate over individual issues, as required by Rule 23(b)(3), for the Flight UA 104 Class, but not for the General United Class:

> The question that is apt to drive the resolution of the litigation is whether United, as Article 19 [of the Montreal Convention requires], took all measures that could reasonably be required to avoid the damage or that it was impossible for it to take such measures. If so, then United is not liable under Article 19, and, if not, then United likely is liable under Article 19 . . . . [T]hat question might *possibly* be answered on a flight-by-flight basis, but not across the hundreds or thousands of delayed flights since [July 19, 2014]. It follows that the General United Class could not possibly be certified, meaning that it is appropriate to strike those class allegations at the pleading stage.

Pumputiena, 2017 WL 66823, at *10 (quotations omitted) (emphasis in original).

Because it is clear at this stage that the General United Class could not possibly be certified, the court strikes those allegations. It is not possible at this point, however, to determine whether the Flight UA 104 Class could be certified. Accordingly, United's motion to strike is denied as to that putative class.

**B.     Claims Seeking Reimbursement of the Cost of Airfare and the Non-Economic Damages Claims**

United argues that the court should dismiss plaintiff's claims for reimbursement of the cost of airfare and for non-economic damages, including plaintiff's claims for damages associated with being inconvenienced during her and her minor child's delayed international travel, as unrecoverable under Article 19 of the Montreal Convention. Article 19 of the Montreal Convention, upon which plaintiff seeks damages, provides that:

---

[13] Plaintiff's reasoning in selecting this date is unclear to the court. Flight UA 104 was scheduled to depart on July 19, 2015.

8

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

S. Treaty Doc. No. 106-45 (internal quotations omitted).

The parties agree that Article 19 does not provide damages for the delay itself, but rather provides only for damages caused by the delay. The parties further agree that federal courts have interpreted Article 19 as permitting recovery of only economic damages. See, e.g., Dochak v. Polskie Linie Lotnicze LOT S.A., 2016 WL 3027896, at *8 (N.D. Ill. May 27, 2016) ("Article 19 permits the payment of economic damages from a delayed flight but disallows compensation for emotional loss, physical injury, or inconvenience."); see also Barrett v. United Airlines, Inc., 1994 WL 419637, at *3 (N.D. Ill. Aug. 5, 1994); Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1170 (11th Cir. 2014); Vumbaca v. Terminal One Group Ass'n L.P., 859 F. Supp. 2d 343, 367 (E.D.N.Y. 2012).

Plaintiff, however, argues that all of the damages she seeks are recoverable as economic damages because they have a nexus to a financial injury. In particular, plaintiff contends that the damages she seeks for the inconvenience of being "forced to dwell on floors of various airports without any meaningful help from [United]" have a nexus to a financial injury because she and her minor child were deprived of their "bargained for contractual benefit and tendered consideration in the sum of air fare purchasing price in the sum to be determined at trial." According to plaintiff, this creates a sufficient nexus between the inconvenience she experienced as a result of the delay and a financial injury. The court disagrees.

As an initial matter, and contrary to plaintiff's assertion, she and her minor child lost neither their bargained-for benefit nor their consideration, as they were in fact transported to their desired destination. Because United performed on the parties' ticketing contracts, even if the performance was delayed, plaintiff and her minor child did not suffer a financial loss from purchasing the ticket. See, e.g., Wolgel v. Mexicana Airlines, 821 F.2d 442, 445 (7th Cir. 1987) (distinguishing between nonperformance of a contract where the plaintiff was bumped[14] and delayed air travel); see also Fields v. BWIA Int'l Airways Ltd., 2000 WL 1091129, at *5 (E.D.N.Y. July 7, 2000) (holding that because the plaintiff was transported to her final destination, albeit one day late, the defendant airline performed its obligations under the contract); Rubin v. Air China Ltd., 2011 WL 2463271, at *5 (N.D. Cal. June 21, 2011) (holding that the plaintiff received the benefit of his round-trip airline ticket, and thus he could not claim the cost of the ticket as an economic loss occasioned by the delay). Consequently, plaintiff's alleged loss of her bargained-for benefit cannot be used as a basis for her to recover a broader swath of damages than permissible under Article 19.

Rubin, on which plaintiff relies for her "nexus to financial injury" theory, stands for nothing more than the already accepted proposition that to be recoverable under Article 19, the damages must have caused an economic loss. As the Rubin court held, "in order to be recoverable, such inconvenience damages must truly encompass economic damages," – i.e. have caused an economic loss – "and cannot simply be based upon the discomfort, annoyance, and

---

[14] "Bumping" occurs when an airline carrier refuses to seat a ticketed passenger with a confirmed reservation due to purposeful over-booking of the flight, which is meant to minimize the number of empty seats on a flight due to cancellations. See Weiss v. El Al Israel Airlines, 309 Fed. Appx. 483 (2d Cir. 2009); see also Campbell, 760 F.3d at 1172.

10

irritation Plaintiff experienced during the delay." Rubin, 2011 WL 2463271 at * 4 (internal quotations omitted). Without having identified an economic loss resulting from the inconvenience plaintiff and her minor child experienced while being forced to dwell at the airport (separate and apart from food, water, medications, telecommunication services, and lodging expenses she allegedly spent), she has not stated a claim on which she can recover such damages. See, e.g., Lee v. American Airlines, Inc., 2002 WL 1461920, at *4 (N.D. Tex. July 2, 2002, aff'd, 355 F.3d 386, 387 (5th Cir. 2004) (affirming judgment on the pleadings for defendant airline where the plaintiff's inconvenience damages did not result in real economic loss). Consequently, plaintiff's individual and class claims for the cost of airfare and for non-economic damages,[15] including damages associated with being inconvenienced, are dismissed.

    **C.**    **Duplicative Claims**

Individual Count I and Class Count I assert claims for damages pursuant to Article 19 of the Montreal Convention. Individual Count II and Class Count II assert claims for failure to compensate under Article 19 of the Montreal Convention. Individual Counts III and IV and Class Counts III and IV assert breach of contract claims pursuant to United's "self-imposed" contractual obligation to comply with Article 19 and compensate passengers for cancellations and delays. All four counts seek damages under Article 19 of the Montreal Convention that resulted from the delay of flight UA 104. United argues that the court should dismiss Individual and Class Counts II, III, and IV as duplicative of Individual Count I and Class Count I. Because

---

[15] Nor is the court convinced that plaintiff and her minor child are entitled to damages for their alleged physical injuries that did not result in economic loss. Courts across the country appear to be divided with respect to whether Article 19 permits damages for physical injuries occasioned by the delay, but at least one court in this district has indicated that such damages are not covered by Article 19. See Dochak, 2016 WL 3027896 at *8.

11

United's liability and plaintiff's relief are identical with respect to each count, the court dismisses Individual and Class Counts II, III, and IV as duplicative of Individual Count I and Class Count I. See, e.g., DeGeer v. Gillis, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010).

### CONCLUSION

For the foregoing reasons, Lufthansa's motion to dismiss (doc. 31) is granted. United's partial motion to dismiss (doc. 29) is granted in part and denied in part. Plaintiff's individual and class claims for the cost of airfare and non-economic damages, including damages associated with being inconvenienced, are dismissed. Individual and Class Counts II, III, and IV are also dismissed. The only economic damages plaintiff can seek for herself or the putative class are lost wages and expenses incurred for food, beverages, lodging, medication, telecommunication services, and other out-of-pocket expenses under Individual and Class Counts I. Plaintiff is directed to file a second amended complaint conforming to this opinion on or before March 14, 2017. United shall respond to the second amended complaint on or before April 7, 2017. The parties are directed to file a joint status report using this court's form on or before April 14, 2017. This matter is set for a report on status on April 20, 2017, at 9:00 a.m.

**ENTER:** February 15, 2017

_____
**Robert W. Gettleman
United States District Judge**