# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER, LEONID ADLER, NICOLE ADLER, ILYA TARKOV, RIMMA TARKOV <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES, <br><br> Defendant. | No. 15 C 03430 <br><br> Judge John J. Tharp, Jr. |

## ORDER

For the reasons stated below, Defendant's motion to dismiss and sever [24] is granted. All claims for non-economic damages are dismissed with prejudice. Claims brought by the Adler Plaintiffs (who were joined after the Tarkov Plaintiffs) are severed pursuant to Fed. R. Civ. P. 21; if they wish to pursue their claims further, the Adler Plaintiffs are required to refile their claims in a new complaint and as a separate case; they will also be required to pay a separate filing fee. Further, the Adler Plaintiffs are directed when filing the new case to indicate on the Civil Cover Sheet (Section X) that their case is a refiling of case number 15-cv-3430 previously dismissed by Judge Tharp; the Clerk of the Court is directed to assign this new case directly to Judge Tharp's docket. The Tarkov Plaintiffs will be required to file a fifth amended complaint that omits allegations relevant only to the Adler claims. Neither revised complaint should be prepared or filed, however, until after a status hearing to be held on May 23, 2017 at 9:00 a.m. Defendant's motion for leave to supplement its motion to dismiss instanter [47] is denied without prejudice as moot in light of this ruling.

## STATEMENT

The plaintiffs' claims in this case are simple (even if the 282-paragraph, 57-page fourth amended complaint that describes them clearly violates Fed. R. Civ. P. 8(a)'s call for a "short and plain statement"). Illinois residents Alyona, Leonid, and Nicole Adler ("the Adlers") were scheduled to return to Chicago from Punta Cana on October 24, 2015 on a Frontier Airlines flight. Fourth Am. Compl. ("Compl.") ¶ 251. According to the complaint, that flight was delayed for four hours, during which time the Adlers were confined to the airplane without adequate food or lavatories. *Id.* at ¶ 254. As a result, the Adlers confusingly assert that they both missed an "entire day of work" and that they "lost their unique sight-seeing reservations and pre-paid sight-seeing excursions." *Id.* at ¶ 258-59. They also claim damages for "travel cancelation expenses, loss of vacation time, loss of benefits of their bargain, per diem and lodging expenses, indifferent treatment, physical inconvenience, physical discomfort, physical exhaustion, loss of time, delay,

uncertainty, loss of use of money, loss of use of benefit of bargain and other legally cognizable damages." *Id.* at ¶ 263.[1]

Some seven months earlier, Ilya and Rimma Tarkov ("the Tarkovs") had been scheduled to return to Chicago from Punta Cana on March 28, 2015 on a Frontier Airlines flight. Compl. ¶ 194. Their flight was delayed and eventually canceled, forcing the Tarkovs to spend an additional night at a hotel before being able to return on a Frontier Airlines flight the following morning.[2] *Id.* at ¶ 196-98. The Tarkovs claim they lost "one day of their employment," as well as "additional transportation expenses incurred at the port of departure and port of arrival, loss of benefit of their bargain, per diem and local foodstuffs/refreshment expenses, medicine procurement expenses," "physical inconvenience, physical discomfort, physical exhaustion," "loss of time, delay, physical anxiety, physical frustration, loss of use of money and other legally cognizable economic damages, losses and injuries." *Id.* at ¶ 208, 210, 212.

Defendant Frontier Airlines filed a two-part motion to dismiss. First, it asked the Court to dismiss all claims for non-economic damages. Second, it requested the remaining claims be dismissed or severed under Fed. R. Civ. P. 21. Because non-economic damages are unavailable and the claims have been misjoined, the Court grants the motion.

To survive a Fed. R. Civ. P. 12(b)(6) motion, a claim must have facial plausibility meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "a motion to dismiss tests the legal sufficiency of a pleading." *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). All well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiffs. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016).

The parties agree that all the plaintiffs' claims are brought under Article 19 of the Montreal Convention, which provides that international "carriers shall be liable for delay of passengers, baggage, or cargo" and allows for the collection of "damages occasioned by delay." Convention for International Carriage by Air, S. Treaty Doc. No. 106-45, 1999 WL 33292734, May 28, 1999. The parties agree that a carrier like Frontier is not liable for the delay itself, only damages resulting from the delay. The plaintiffs concede that "purely emotional damages" are not allowable damages. *See* Pl.'s Resp. at 6, ECF No. 31. Instead, the plaintiffs contend they are not seeking non-economic damages, because all their asserted damages *are* economic damages. *See id.* at 8. Specifically, they contend that "inconvenience damages with nexuses to finical [sic]

---

[1] The Court notes that some of the claimed damages appear to be inconsistent with the fact, also alleged in the complaint, that the Adlers were returning to Chicago at the end of their vacation in Punta Cana. Presumably, they would not have "lost their unique sight-seeing reservations and pre-paid sight-seeing excursions," or suffered "travel cancellation expenses" by virtue of a delayed return to Chicago.

[2] Confusingly, the complaint alleges that the Tarkov Plaintiffs were delayed "in excess of 24 hours" despite the fact that they were scheduled to arrive in Chicago at 8:36 p.m. on the 28th and allege that they arrived in Chicago at 3:45 p.m. the following day and were able to exit the plane by 4:45 p.m., 20 hours after their scheduled arrival time. *See* Compl. ¶¶ 195, 201, 202.

injury" are allowed.³ *Id*. at 9. No argument is made by the plaintiffs with regard to the other damages identified by Frontier as non-economic, including "discomfort, exhaustion anxiety, frustration, spoliation of their memorable trip and loss of time." Def.'s Mot. at 3, ECF No. 24. It is not clear if the plaintiffs mean to contend these are encompassed by "inconvenience damages" or if they intended to waive argument with regard to these other claims.

The parties also do not dispute that there are some economic damages that have been alleged by the plaintiffs, including commonly accepted "travel cancellation expenses such as the cost of food, a hotel room, and loss of wages." *See Dochak v. Polskie Linie Lotnicze LOT S.A.*, No. 15 C 4344, 2016 WL 3027896, at *8 (N.D. Ill. May 27, 2016). However, the Court agrees with the well-reasoned opinion by Judge Gettleman that at a minimum "inconvenience damages must truly encompass economic damages" that are not duplicative of other economic damages claimed. *Serpytiene v. United Airlines, Inc.*, No. 1:15-cv-00832, Doc #93 (Aug. 03, 2016). Here, the plaintiffs have alleged, among other damages, "delay" (which is clearly not compensable under the terms of the Montreal Convention itself), "anxiety," "inconvenience," "frustration," and at one point "spoliation of their memorable trip." Compl. ¶ 17-18. These damages have not been connected to any particular economic damages and are purely emotional. While the plaintiffs tout the Eleventh Circuit's decision in *Campbell*, the court there ***rejected*** the plaintiff's claims for inconvenience damages because "Campbell has not pled that he suffered any harm due to inconvenience." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1171 (11th Cir. 2014). As here, the plaintiffs have not explained what economic harms, other than the ones listed elsewhere in their complaint, arose from their various feelings.

The Court dismisses with prejudice the non-economic injury claims because the plaintiffs cannot recover damages for such injuries under the Montreal Convention. The Court agrees with Frontier's summary that this leaves the Tarkovs and Adlers with their claims for lost wages, missed pre-paid sight-seeing, and out-of-pocket expenses for food, transportation, lodging, beverages, and medication. *See* Def.'s Reply at 6, ECF No. 6. The question is then whether the claims should proceed as one lawsuit or be severed under Fed. R. Civ. P. 21.

Rule 21 provides that "misjoinder of parties is not a ground for dismissing an action" although a court may add or drop a party or sever claims. Fed. R. Civ. P. 21. The plaintiffs claim the parties were not misjoined because "all the above-named Plaintiffs were subjected to travel delays and cancellations" of their Frontier flights from Punta Cana to Chicago. Pl.'s Resp. at 7. Generally, parties may be joined in a lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). There are no hard and fast rules for determining if conduct is a part of the same transaction or series of transactions; "[a]mong the factors considered are when the alleged conduct occurred, whether the same people were involved, whether the conduct was similar, and whether it implicated a system of decision-making or widely-held policy." *Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555, at *3 (N.D. Ill. Mar. 30, 2010). Here, the Adlers and Tarkovs flew seven months apart, and there is nothing to suggest any of the same personnel were involved on Frontier's side. Furthermore, the

---

³ Plaintiffs also cite a number of cases apply New York law rather than the Montreal Convention. No party has suggested that New York law in any way applies.

conduct alleged is different and presents different factual questions – the Tarkovs' flight was canceled and they were forced to stay another night, while the Adlers merely suffered a few hours of delay. The Adlers seem to have alleged they were forced to stay on an airplane for the entirety of their delay, away from restrooms and food, while the Tarkovs complain they were forced to spend money acquiring food and a place to stay. The plaintiffs have not suggested that the delays themselves were the result of any sort of Frontier-wide policy or other common cause.[4] Therefore, the parties were misjoined and the Tarkovs' claims are severed from the Adlers' under Fed. R. Civ. P. 21.

Finally, the Court admonishes Plaintiff's counsel, Vladimir M. Gorokhovsky, for the quality of his filings to date in this case. In addition to filing a massive complaint in a relatively simple case in violation of Rule 8, Mr. Gorokhovsky has been unable to even keep straight who the defendant is in this case. Apparently reflecting a use of boilerplate pleadings, the complaint in this case refers twice to "United Airlines" (which is not, and has never been, a party in this case) and Mr. Gorokhovsky refers to "United Airlines" three times in his four-paragraph opposition to the motion to dismiss. *See* Compl. ¶ 43, 103; Pl.'s Opp. at 2, ECF No. 31 ¶ 2, 3. Other legal and factual inconsistencies have abounded in Mr. Gorokhovsky's filings. For example, the complaint alleges jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332, despite the fact that the complaint pleads an amount in controversy below $5,000,000, which renders jurisdiction under CAFA legally impossible on the terms of the complaint.[5] The Court expects Mr. Gorokhovsky to proceed with greater diligence going forward.

---

[4] Frontier's original motion sought only severance of the Tarkov and Adler plaintiffs and did not challenge the complaint's class allegations. Frontier has very recently moved to expand its motion to dismiss to challenge the plaintiffs' class allegations, but in light of this ruling and the timing of that request, the Court is denying it without prejudice to its reassertion once the plaintiffs' claims have been severed. The complaint indicates that the plaintiffs seek to certify a class of "passengers of canceled flights operated by the above-named defendant." Compl. ¶ 55. As should be clear from the Court's rationale for severing the Turkov and Adler claims, an effort to certify a class that expands across multiple flights would face significant obstacles, chief among them the predominance requirement of Fed. R. Civ. P. 23(b)(3). *See Pumputiena v. Deutsche Lufthansa, AG*, No. 16 C 4868, 2017 WL 66823, at *10 (N.D. Ill. Jan. 6, 2017) ("it is impossible to imagine that the reasonableness of an airline's efforts could be the same for the hundreds or thousands of delayed flights that occur in any given year"); *see also Shabotinsky v. Deutsche Lufthansa AG*, No. 16 C 4865, 2017 WL 1134475, at *7 (N.D. Ill. Mar. 27, 2017). The plaintiffs are encouraged to think hard before refiling their complaints about whether a class action is a viable vehicle for the claims of other passengers and, if so, the appropriate scope of such a class.

[5] The failure to plead adequately diversity jurisdiction under CAFA is not fatal to the complaint, however, because federal question jurisdiction under 28 U.S.C. § 1331 exists by virtue of the plaintiffs' claims under the Montreal Convention and 28 U.S.C. § 1367 provides supplemental jurisdiction over the related state law claims. *See Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 386 (E.D.N.Y. 2010) ("Because the Montreal Convention does in fact provide a federal cause of action, a claim under the Montreal Convention presents a federal question sufficient to invoke federal jurisdiction.").

Dated: May 19, 2017

John J. Tharp, Jr.
United States District Judge