IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ILYA TARKOV and RIMMA TARKOV; ) <br> on behalf of themselves, and all other similarly ) <br> situated passengers of proposed class, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FRONTIER AIRLINES ) <br> ) <br> Defendant. ) | Case No.: 1:15-cv-03430 <br><br> Honorable John J. Tharp, Jr. |

### FRONTIER AIRLINES, INC.'S MOTION TO COMPEL DISCOVERY

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned counsel, and in accordance with Fed. R. Civ. P. 37 and Local Rule 37.2, hereby moves this Court to compel Plaintiffs to (1) supplement their answers to Frontier's First Set of Interrogatories; (2) respond to Frontier First Set of Requests for Production of Documents, (3) respond to Frontier's Second and Third Sets of Interrogatories and Requests for Production of Documents; (4) provide signed verifications by each plaintiff regarding answers to Frontier's First, Second and Third Sets of Interrogatories and any supplement thereto; (5) provide signed authorizations for the release of each plaintiff's bank records, credit card records, cell phone records and employment records held at the time of the subject delay; and (6) present themselves for deposition by July 14, 2017. In further support of said motion, Frontier states as follows:

### I. INTRODUCTION

On July 25, 2015, Ilya and Rimma Tarkov ("Tarkov Plaintiffs") were added as plaintiffs to this litigation, asserting individual and class action claims against Frontier pursuant to Article 19 of the Montreal Convention and Frontier's contract of carriage. Tarkov Plaintiffs seek

1

economic and non-economic damages relating to the cancellation of Frontier flight 41, Punta Cana, Dominican Republic to Chicago, Illinois on March 28, 2015. On January 12, 2016, Tarkov Plaintiffs filed a Fourth Amended Complaint, adding Alyona and Leonid Adler ("Adler Plaintiffs") as Plaintiffs.[1]

Frontier's formal discovery efforts in this case began in March 2016.[2] Since that time, Frontier has issued six (6) sets of written discovery requests (3 for each set of plaintiffs), drafted countless correspondence requesting responses to written discovery, issued numerous deposition notices, scheduled, arranged and prepared for depositions that were ultimately cancelled by Plaintiffs without good cause, and spent numerous hours entreating Plaintiffs to cooperate in discovery. Despite such efforts, Plaintiffs have refused to provide responses to written discovery or present themselves for deposition.

Accordingly, Frontier seeks an order compelling Plaintiffs to: (1) properly respond to written discovery, and (2) attend depositions by July 14, 2017. Frontier also seeks attorney's fees for bringing this motion given that it has gone to great efforts, incurring significant costs, in attempting to obtain discovery from Plaintiffs. Plaintiffs' failure to cooperate in discovery has not been substantially justified.

## II. STATEMENT OF RELEVANT FACTS

3/14/16   Frontier served on Tarkov Plaintiffs and Adler Plaintiffs (collectively "Plaintiffs") its First Set of Interrogatories and First Set of Requests of Production of Documents. (*See* Frontier's First Set of Interrogatories and Requests for Production of Documents to Tarkov Plaintiffs and Adler Plaintiffs, attached as Ex. A)

4/22/16   Frontier contacted Plaintiffs' counsel, inquiring about the status of Plaintiffs' responses to Frontier's written discovery. (*See* 4/22/16 Correspondence, attached as Ex. B)

---

1  On May 19, 2017, the Court severed the Adler claims from this case. The Court also dismissed with prejudice Plaintiffs' non-economic damages claims.

2  On March 3, 2016, Court directed the parties to begin discovery. (*See* Doc. No. 29)

2

| | |
|---|---|
| 4/27/16 | After not receiving a response, counsel for Frontier spoke with Plaintiff's counsel on numerous occasions regarding the outstanding written discovery. After not receiving written responses, Frontier sent a correspondence to Plaintiffs' counsel again inquiring about the status of Plaintiffs' responses to Frontier's written discovery. (*See* 4/27/16 Correspondence, attached as Ex. C) |
| 4/29/16 | Plaintiffs served their Answers to Frontier's First Set of Interrogatories (*See* Tarkov and Adler[3] Plaintiffs' Answers to Interrogatories, attached as Ex. D) |
| 5/9/16 | Frontier sent a correspondence to Plaintiffs' counsel inquiring about the status of Plaintiffs' responses to Frontier's First Set of Requests for Production of Documents. (*See* 5/9/16 Correspondence, attached as Ex. E) |
| 6/9/16 | Frontier sent a detailed correspondence to Plaintiffs' counsel pursuant to Rule 37, notifying him that it deemed Plaintiffs' responses to written discovery inadequate. (*See* 6/9/16 Correspondence, attached as Ex. F. Frontier explained that Plaintiffs failed to provide (1) adequate information regarding their alleged expenses, (2) signed authorizations that would permit Frontier to subpoena bank, credit card, cell phone and employment records, and (3) respond to Frontier's First Set of Requests for Production of Documents. |
| 9/16/16 | Frontier issued Frontier's Second Set of Interrogatories and Requests for Production of Documents. (*See* Frontier's Second Set of Interrogatories and Requests for Production of Documents to Tarkov and Adler Plaintiffs, attached as Ex. G) |
| 10/12/16 | Frontier sent Plaintiffs' counsel authorizations for the release of employment records to be signed by Plaintiffs. (*See* 10/12/16 Correspondence, attached as Ex. H) |
| 10/13/16 | Frontier sent another detailed correspondence to Plaintiffs' counsel pursuant to Rule 37 regarding outstanding discovery (*See* 10/13/16 Correspondence, attached as Ex. I; *see* 10/13/16 Emails, attached as Ex. J) Frontier explained that Plaintiffs failed to provide (1) adequate information regarding their alleged expenses, (2) signed verifications by Plaintiffs relating to answers to interrogatories, (3) signed authorizations that would permit Frontier to subpoena bank, credit card, cell phone and employment records, and (4) respond to Frontier's First Set of Requests for Production of Documents. |
| 10/13/16 | Frontier sent a correspondence to Plaintiffs' counsel notifying him that Plaintiffs failed to serve initial disclosures. Counsel for Frontier emphasized the need for a computation of damages. (*See* 10/13/16 Correspondence, attached as Ex. K) |
| 10/14/16 | Plaintiffs' counsel provided Statements of Damages for Tarkov and Adler Plaintiffs. (*See* 10/14/16 Statements of Damages, attached as Ex. L) |

---

3 We note that the Adler Answers to Interrogatories were incorrectly entitled Tarkov Answers.

| | |
|---|---|
| 10/19/16 | Frontier sent a correspondence to Plaintiffs' counsel inquiring about lack of specificity and support for alleged damages. (*See* 10/19/16 Correspondence, attached as Ex. M) |
| 10/19/16 | Frontier issued notices of deposition of Plaintiffs Ilya Tarkov, Rimma Tarkov, Alyona Adler, Leonid Adler and Nicole Adler. The Adler depositions were noticed for November 3, 2016; Tarkov depositions were noticed for November 10, 2016 (*See* 10/19/16 Correspondence and Notices of Deposition, attached as Ex. N) |
| 11/10/16 | Frontier sent a detailed correspondence to Plaintiffs' counsel regarding Plaintiffs' failure to provide (1) responses to Frontier's First Set of Requests for Production of Documents, (2) responses to Frontier's Second Set of Interrogatories and Requests for Production of Documents, (3) detailed itemization of expenses; (4) signed authorizations for bank, credit card, cell phone and employment records; and (5) responses to Frontier's notices of depositions. (*See* 11/10/16 Correspondence, attached as Ex. O) |
| 11/17/16 | Counsel for the parties discussed scheduling the depositions of Plaintiffs. Plaintiffs' counsel represented that Frontier was only entitled to depose two Plaintiffs: Ilya Tarkov and Alyona Adler. Plaintiffs' counsel stated that depositions of the remaining plaintiffs would be redundant, and, therefore, he would not allow them to go forward. Frontier objected, asserting that it was entitled to depose all Plaintiffs claiming individual damages. Frontier asked for deposition dates in December for all plaintiffs. (*See* 11/17/16 Correspondence, attached as Ex. P) |
| 11/22/16 | Plaintiffs' counsel agreed to present Ilya Tarkov and Alyona Adler for deposition on December 15, 2016. Plaintiffs' counsel failed to provide deposition dates for the remaining plaintiffs. (*See* 11/22/16 Correspondence, attached as Ex. Q) |
| 12/13/16 | Plaintiffs' counsel notifies counsel for Frontier that Ilya Tarkov and Alyona Adler are not available for their scheduled depositions on December 15, 2016. Frontier cancels court reporter, videographer and Russian translator. (*See* 12/13/16 Correspondence, attached as Ex. R) |
| 1/12/17 | Frontier sent another detailed correspondence to Plaintiffs' counsel pursuant to Rule 37 regarding outstanding discovery (*See* 1/12/17 Correspondence, attached as Ex. S) |
| 1/12/17 | Frontier sent a correspondence to Plaintiffs' counsel seeking dates for Plaintiffs' depositions. (*See* 1/12/17 Correspondence, attached as Ex. T) |
| 1/24/17 | Frontier served Requests to Admit and Third Sets of Interrogatories on Plaintiffs. (*See* RTAs and Third Sets of Interrogatories, attached as Ex. U) Plaintiffs responded to Frontier's Requests to Admit but failed to respond to its Third Sets of Interrogatories. |
| 2/10/17 | Counsel for the parties participated in a Rule 37 conference regarding outstanding written discovery and depositions. (*See* 2/10/17 Correspondence, attached as Ex. V) |

4

2/13/17   Frontier sent a correspondence to Plaintiffs' counsel memorializing the substance of the Rule 37 conference. Counsel for Frontier again asked for responses to written discovery and dates for depositions. *Id.*

2/17/17   Counsel for the parties participated in another Rule 37 conference regarding outstanding written discovery and depositions. (*See* 2/17/17 Correspondence, attached as Ex. W)

2/20/17   Frontier sent a correspondence to Plaintiffs' counsel memorializing the agreement reach between the parties during the Rule 37 conference on February 17, 2017. Plaintiffs' counsel agreed to present Ilya and Rimma Tarkov for deposition on April 28, 2017. Plaintiffs' counsel also agreed to (1) respond to Frontier's written discovery immediately, (2) provide signed verifications by Plaintiffs relating to answers to interrogatories immediately, and (3) provide the status of Plaintiffs' counsel's inquiry into bank, credit card and out-of-pocket expense records by February 24, 2017. (*See* 2/10/17 Correspondence, attached as Ex. X)

3/30/17   Pursuant to agreement, Frontier served on Plaintiffs' counsel notices of deposition regarding Alonya and Leonid Adler. Their depositions were scheduled for April 10, 2017. (*See* 3/30/17 Correspondence and deposition notices, attached as Ex. Y)

4/6/17    Plaintiffs' counsel cancelled the Adler depositions, representing that his clients were not available. (*See* 4/6/17 Correspondence, attached as Ex. Z)

4/13/17   Adler depositions were rescheduled for May 19, 2017. (*See* 4/13/17 Correspondence and deposition notices, attached as Ex. AA)

4/27/17   Plaintiffs' counsel cancelled the Tarkov depositions scheduled for April 28, 2017. (*See* 4/6/17 Correspondence, attached as Ex. BB)

5/17/17   Plaintiffs' counsel cancelled the Adler depositions scheduled for May 19, 2017. (*See* 5/17/17 Correspondence, attached as Ex. CC)

### III.     LEGAL STANDARD

District courts have broad discretion when ruling on discovery-related issues, including motions to compel brought under Rule 37(a). *See Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 629 (7th Cir. 2008); *see* also Fed. R. Civ. P. 37(a).  If a party fails to answer written discovery the party that propounded the discovery may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B). "For the purposes of a motion to compel under Rule 37(a), 'an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose,

answer or respond." *Jones v. Syntex Labs.*, 2001 U.S. Dist. LEXIS 17926, at *4 (N.D. Ill. Oct. 24, 2011) (*citing* Fed. R. Civ. P. 37(a)(3)). Generally, a motion to compel, if granted, obligates the party whose conduct necessitated the motion to pay the movant's reasonable expenses, unless the Court finds that the party's "nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). *Stanfield v. Dart*, 2012 U.S. Dist. LEXIS 131764, at *4 (N.D. Ill., 2012).

It is well established that federal district courts have the authority "to dismiss a plaintiff's action with prejudice because of his failure to prosecute." *Foodworks USA, Inc. v. Foodworks of Arlington Heights, LLC*, 2012 U.S. Dist. LEXIS 114349, at *7-9 (N.D. Ill. 2012). While the power to sanction via dismissal is one which should be exercised with great care, it is essential to a court's ability to efficiently manage its caseload." *Lewis v. Sch. Dist. # 70*, 648 F.3d 484, 488 (7th Cir. 2011) (citation omitted). Generally, when a plaintiff fails to prosecute her case, the defendant may move the court to dismiss the action. Fed. R. Civ. P. 41(b). When considering whether to dismiss a case for failure to prosecute, the court "should consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents." *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

## IV. ARGUMENT

Plaintiffs filed their claims against Frontier nearly two years ago. Since that time, Plaintiffs have not provided any documentation or other evidence to substantiate their alleged

incurred expenses, and refuse to sit for their depositions. Further, Plaintiffs have either failed to respond to written discovery, or, if they have responded, provided incomplete and/or vague responses, impeding Frontier's ability to obtain information relating to Plaintiffs' alleged damages. In short, Plaintiffs' refusal to cooperate in the discovery process represents a blatant disregard for what is required from a litigant.

As to their failure to identify any documents to support their claims, Plaintiffs are required to make a reasonable inquiry before responding to discovery. *See* Fed. R. Civ. P. 26(g); *Hobley v. Burge*, 2003 U.S. Dist. LEXIS 18363, at *3-4 (N.D. Ill. 2003). Specifically, Plaintiffs are required to make reasonable efforts to obtain details about the expenses they claim were incurred. If an expense were paid for using a credit card, debit card or check, Plaintiffs are required to provide sufficient information regarding the credit card, debit card or check to enable Frontier to subpoena records associated with such financial transaction. If an expense were paid for using cash, Plaintiffs are required to provide sufficient information regarding the account from which the cash was withdrawn. If the cash used came from some other source, Plaintiffs must provide the details regarding such source.

Regarding Plaintiffs' failure to make themselves available for deposition, they are in clear violation of the federal rules. It was Plaintiffs who brought these claims, setting in motion a process that requires the expenditure of valuable resources. If a plaintiff refuses to cooperate in the litigation, the resources required to support the litigation only increases. At some point, a plaintiff's total disregard for the rules justifies a denial of access to the courts.

Accordingly, Frontier asks this Court to order Plaintiffs to provide the following within fourteen (14) days: (1) supplemental responses to Frontier's First Set of Interrogatories, including, but not limited to, (a) the name, address and account number for each bank, credit card

and cell phone account held by Plaintiffs at the time of the delay; (b) name and address of each business from which Plaintiffs were required to purchase a product or service as a result of the delay; and (c) a detailed computation of damages, including an itemization of each expense incurred; (2) responses to Frontier's First Set of Requests for Production of Documents; (3) responses to Frontier's Second Set of Interrogatories and Requests for Production of Documents; (4) responses to Frontier's Third Set of Interrogatories; (5) signed verifications by every plaintiff regarding Plaintiffs' answers to Frontier's First, Second and Third Sets of Interrogatories and any supplements thereto; and (6) signed authorizations for the release of bank, credit card, cell phone and employment records (covering the relevant time period). Frontier also asks this Court to order Plaintiffs to be presented for deposition by July 14, 2017.

## V.     LOCAL RULE 37.2 STATEMENT

After numerous consultations in person, by telephone and through correspondence over the last thirteen (13) months, Frontier's counsel's good faith attempts to secure responses to written discovery and dates for Plaintiffs' depositions have been unsuccessful.

## VI.     CONCLUSION

For these reasons, Frontier Airlines, Inc. requests that the Court enter an Order compelling Plaintiffs to **(1)** supplement their responses to Frontier's First Set of Interrogatories, including, but not limited to, (a) providing the name, address and account number for each bank, credit card and cell phone account held by Plaintiffs at the time of the delay; (b) providing the name and address of each business from which Plaintiffs were required to purchase a product or service as a result of the delay; and (c) providing the a detailed computation of damages, including an itemization of each expense incurred; **(2)** respond to Frontier's First Set of Requests for Production of Documents; **(3)** respond to Frontier's Second Set of Interrogatories and

Requests for Production of Documents; **(4)** respond to Frontier's Third Set of Interrogatories; **(5)** provide signed verifications by each plaintiff regarding Plaintiffs' answers to Frontier's First, Second and Third Sets of Interrogatories and any supplements thereto; **(6)** provide signed authorizations for the release of bank, credit card, cell phone and employment records (covering the relevant time period); **(7)** present themselves for deposition by July 14, 2017; and **(8)** pay Frontier Airlines, Inc.'s attorney's fees relating to bringing this motion. If Plaintiffs cannot comply with such an order, Plaintiffs' claims should be dismissed with prejudice.

Dated: May 19, 2017

Respectfully submitted,

/s/ Brian T. Maye

Brian T. Maye
Matthew S. Dowling
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
bmaye@amm-law.com
mdowling@amm-law.com

Attorneys for Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on May 19, 2017, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye