## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALYONA ADLER and LEONID ADLER, | ) | |
| on their own behalf and on behalf of minor child | ) | |
| NICOLE ADLER; and ILYA TARKOV and | ) | Case No.: 1:15-cv-03430 |
| RIMMA TARKOV; on behalf of themselves, and | ) | |
| all other similarly situated passengers of proposed | ) | |
| class, | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES | ) | |
| | ) | |
| Defendant. | ) | |

### FRONTIER AIRLINES, INC.'S FIRST SET OF INTERROGATORIES TO
### PLAINTIFFS ILYA AND RIMMA TARKOV

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys,

Adler Murphy & McQuillen LLP, and pursuant to Federal Rules of Civil Procedure 26 and 33,

hereby propounds its First Set of Interrogatories to Plaintiffs ILYA AND RIMMA TARKOV,

who are directed to answer each Interrogatory separately, in writing, and under oath, and to serve

a copy of their answers within thirty (30) days of service on the attorneys identified below.

### DEFINITIONS

As used herein, the term(s):

1.     "Incidents" means the events and/or circumstances that occurred on March 28,
2015 and March 29, 2015 related to the subject flights and any cancelation or delay of the subject
flights, which are the subject of the Complaint.

2.     Subject flights or flights means the Frontier flights scheduled to depart on March
28, 2015 and March 29, 2015 from Punta Cana, Dominican Republic going to Chicago, Illinois,
which are the subject of the Complaint.

3.     "Complaint" means the fourth amended complaint and all amendments thereto
filed by Plaintiffs Ilya and Rimma Tarkov pertaining to the Incidents.

4.      "Person" or "persons" means any natural person or any entity including, but not limited to, any corporation, partnership, association, company, estate, business, or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

5.      "You," "your" or "yourself" means Plaintiffs Ilya and Rimma Tarkov, together with any attorneys, agents, or representatives, including, but not limited to, consulting experts or investigators and persons and entities acting on Plaintiffs' behalf or in their interest for any purpose.

6.      "Physician," "medical provider," and "health care professional" include any and all medical doctors, including, but not limited to, internists, surgeons, orthopedists, psychiatrists, anesthesiologists, pathologists, radiologists, gynecologists, urologists, obstetricians, dermatologists, oncologist, pathologists, pediatricians and all other medical specialists and primary care physicians. The terms "physician," "medical provider" and "health care professional" also include all persons who provide examination, consultation, care, service and/or treatment of body or mind, irrespective of whether they are in fact medical doctors, including, but not limited to, chiropractors, psychologists, podiatrists, dentists, counselors, physical therapists, acupuncture specialists, medical personnel, medical assistant, oral hygienists, medical interns, medical residents and nurses.

7.      "Regarding," "relating to" or "related to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

8.      "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, digital or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRIs, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

## **INSTRUCTIONS**

In construing these Interrogatories, the following instructions shall apply:

1.      Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

2.      All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

3.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

4.      Reference to any specific document, object, tangible thing, or group of persons (e.g., committee, counsel or task force) includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any Interrogatory.  Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

5.      To the extent that you believe that any of the Interrogatories are objectionable, answer so much of each Interrogatory as is, in your view, not objectionable and separately state the portion of each Interrogatory to which you object and the grounds for your objection.

6.      If you are withholding any information from your response to the Interrogatories, please state in your response: (1) that you are withholding information or materials, (2) the Interrogatory to which the information relates, and (3) the privilege(s) asserted.

7.      Where the identity of a person is requested, state each person's full name, home address, home telephone number, employer, profession or trade, business address, and business telephone number.

8.      Where the identity of a corporation, business, partnership, hospital, medical center, medical provider, clinic, institution or other entity is requested, for each such entity state its full legal name, its popular or "d/b/a" name(s) (if different), its address and its telephone number.

9.      Where you are asked to identify documents, for each document state its type (e.g., letter, video tape, memorandum, etc.), its location, and the custodian or bearer of each such document.

10.      Unless otherwise indicated, the interrogatories propounded herein refer to the time, place and circumstances of the occurrences and events mentioned, referred to or complained of in the Complaint and any amendments thereto.

## INTERROGATORIES

1.      Provide the following information for each Plaintiff and any other person who assisted or contributed to Plaintiffs' answers to these interrogatories: full name, present address, current employer, date of birth, marital status, and place of birth.

**ANSWER:**

2.      State the full name, current residential address and phone number of each and every person who you believe has, or may have, knowledge of the facts related to your alleged injuries, losses or damages resulting from the Incidents.

**ANSWER:**

3.      Describe with specificity each and every injury, damage, and/or loss sustained by you related to the Incidents, including (a) identifying the location and date on which you sustained each injury, damage and/or loss, and (b) itemizing the incurred expense and/or economic, monetary or financial loss caused by the Incidents.

**ANSWER**:

4.      Identify with specificity each document you intend to rely on to support claims that you incurred expenses and/or sustained economic, monetary or financial losses caused by the Incidents, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

5.       For each expense incurred and/or economic, monetary or financial loss sustained as a result of the Incidents, explain how the Incidents caused such expense and/or loss.

**ANSWER**:

6.      Are you seeking damages for lost wages or lost earnings?  If so, state, the name and address of your employer at the time of the Incidents, your wage and/or salary, the date or inclusive dates on which you were unable to work, and the amount of wage and/or income loss claimed by you.

**ANSWER:**

7.      Identify with specificity each document you intend to rely on to support any lost earnings claim, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

4

8. Are you seeking damages for any physical injuries? If so, (a) describe the physical injury suffered, (b) explain how the Incidents caused the physical injury, and (c) identify the name and address of each physician and/or health care professional from which you sought treatment, the date or inclusive dates on which each of them rendered you service, and the amounts to date of their respective bills for services.

**ANSWER:**

9. Identify with specificity each document you intend to rely on to support any economic, monetary or financial loss associated with any physical injury you may have suffered as a result of the Incidents, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

10. Are you seeking damages for any mental or emotional injuries? If so, (a) describe the mental or emotional injury suffered, (b) explain how the Incidents caused the mental or emotional injury, and (c) identify the name and address of each physician and/or health care professional from which you sought treatment, the date or inclusive dates on which each of them rendered you service, and the amounts to date of their respective bills for services.

**ANSWER:**

11. Identify with specificity each document you intend to rely on to support any economic, monetary or financial loss associated with any mental or emotional injury you may have suffered as a result of the Incidents, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

12. To the extent you are claiming physical or mental injuries as a result of the Incidents, identify all medical providers seen by you in the five (5) years prior to the Incidents through the present, including, but not limited to, medical doctors, general physicians, primary care physicians, specialists, psychiatrists, psychologists, neurologists, therapists, counselors, social workers, health care providers, chiropractors, and all hospital admissions during this timeframe including the reason(s) for each.

**ANSWER:**

13. In regard to your allegations that you suffered "inconvenience" damages, describe with specificity each and every loss related to the alleged "inconvenience" caused by the Incidents, including itemizing the expenses incurred and/or economic, monetary or financial losses sustained as a result of the "inconvenience" caused by the Incidents.

**ANSWER:**

14.     Identify with specificity each document you intend to rely on to support any claim that you incurred expenses and/or sustained economic, monetary or financial losses related to "inconvenience" caused by the Incidents, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

15.     State the full name, current residential address and phone number of each and every witness who will support your claims that you incurred expenses and/or sustained economic, monetary or financial losses related to the Incidents.

**ANSWER:**

16.     Did you receive any compensation, discount, credit, voucher, payment and/or any consideration or accommodation from Frontier related to the Incidents?  If your answer is in the affirmative, state:

      a.     The compensation, discount, credit, voucher, payment, consideration or accommodation you received from Frontier as a result of the Incidents;

      b.     The amount or value of what you received;

      c.     The specific date(s) on which you received the compensation, discount, credit, voucher, payment, consideration or accommodation.

**ANSWER:**

17.     Before, during or after the Incidents, were you aware of any measures or actions taken by Frontier, its employees or agents, to assist you or other passengers to avoid the incurring of economic, monetary or financial damages related to the Incidents?  If so, explain what measures or actions taken by Frontier of which you became aware.

**ANSWER:**

18.     Have you ever filed any other lawsuits related to physical or emotional injuries? If so, for each lawsuit, state the nature of the injuries claimed, the date on which the alleged injuries were sustained, the description of the circumstances that caused the alleged injuries, the court and caption of the filed lawsuit, the date the lawsuit was filed, and the identity of the defendant against whom the lawsuit was filed.

**ANSWER:**

19.     Have you ever filed any other lawsuits based on the Montreal Convention?  If so, for each lawsuit, state the nature of the injuries claimed, the date on which the alleged injuries were sustained, the description of the circumstances that caused the alleged injuries, the court and caption of the filed lawsuit, the date the lawsuit was filed, and the identity of the defendant against whom the lawsuit was filed.

**ANSWER:**

20.     Have you ever been convicted of a felony or a misdemeanor involving dishonesty or false statement?  If so, state the nature thereof, the date of the conviction, and the court and the caption in which the conviction occurred.  For the purpose of this Interrogatory, a plea of guilty shall be considered as a conviction.

**ANSWER:**

Dated: March 14, 2016                              Respectfully submitted,

_____

Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on March 14, 2016.

Counsel for Plaintiffs
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln., Mequon, WI 53092
(414)-581-1582

_____

Brian T. Maye

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ALYONA ADLER and LEONID ADLER, | ) | |
| on their own behalf and on behalf of minor child | ) | |
| NICOLE ADLER; and ILYA TARKOV and | ) | Case No.: 1:15-cv-03430 |
| RIMMA TARKOV; on behalf of themselves, and | ) | |
| all other similarly situated passengers of proposed | ) | |
| class, | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES | ) | |
| | ) | |
| Defendant. | ) | |

**FRONTIER AIRLINES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFFS ILYA AND RIMMA TARKOV**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP, and pursuant to Federal Rules of Civil Procedure 26 and 34, hereby propounds its First Set of Requests for Production of Documents to Plaintiffs ILYA AND RIMMA TARKOV, who are directed to respond to each Request separately, in writing, and to serve a copy of their responses within thirty (30) days of service on the attorneys identified below.

**DEFINITIONS**

As used herein, the term(s):

1. "Incidents" means the events and/or circumstances that occurred on March 28, 2015 and March 29, 2015 related to the subject flights and any cancelation or delay of the subject flights, which are the subject of the Complaint.

2. Subject flights or flights means the Frontier flights scheduled to depart on March 28, 2015 and March 29, 2015 from Punta Cana, Dominican Republic going to Chicago, Illinois, which are the subject of the Complaint.

3. "Complaint" means the fourth amended complaint and all amendments thereto filed by Plaintiffs Ilya and Rimma Tarkov pertaining to the Incidents.

1

4.     "Person" or "persons" means any natural person or any entity including, but not limited to, any corporation, partnership, association, company, estate, business, or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

5.     "You," "your" or "yourself" means Plaintiffs Ilya and Rimma Tarkov, together with any attorneys, agents, or representatives, including, but not limited to, consulting experts or investigators and persons and entities acting on Plaintiffs' behalf or in their interest for any purpose.

6.     "Physician," "medical provider," and "health care professional" include any and all medical doctors, including, but not limited to, internists, surgeons, orthopedists, psychiatrists, anesthesiologists, pathologists, radiologists, gynecologists, urologists, obstetricians, dermatologists, oncologist, pathologists, pediatricians and all other medical specialists and primary care physicians. The terms "physician," "medical provider" and "health care professional" also include all persons who provide examination, consultation, care, service and/or treatment of body or mind, irrespective of whether they are in fact medical doctors, including, but not limited to, chiropractors, psychologists, podiatrists, dentists, counselors, physical therapists, acupuncture specialists, medical personnel, medical assistant, oral hygienists, medical interns, medical residents and nurses.

7.     "Regarding," "relating to" or "related to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

8.     "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, digital or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRIs, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

## **INSTRUCTIONS**

In construing the Requests for Production, the following instructions shall apply:

1.     Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

2.    All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these requests any information and documents which might otherwise be construed to be outside their scope.

3.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production any information which might otherwise be construed to be outside their scope.

4.    Reference to any specific document, object, tangible thing, or group of persons (e.g., committee, counsel or task force) includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any Request.  Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

5.    To the extent that you believe that any of the Requests for Production are objectionable, answer so much of each Request as is, in your view, not objectionable and separately state the portion of each Request for Production to which you object and the grounds for your objection.

6.    If you are withholding any information, documents, or tangible things from your response to the Requests for Production, please state in your response: (1) that you are withholding information or materials, (2) the Request to which the information or material relates, and (3) the privilege(s) asserted.

## REQUESTS FOR PRODUCTION TO TARKOV PLAINTIFFS

1.    All documents identified in your answers to Frontier's First Set of Interrogatories to Plaintiffs.

**RESPONSE:**

2.    All documents related to any contact or communication between Plaintiffs and Frontier regarding the Incidents.

**RESPONSE:**

3.    All statements of every person who witnessed or claims to have witnessed any physical health condition or mental health condition you suffered as a result of the Incidents.

**RESPONSE:**

3

4.    All emails and text messages sent or received by you relating to the Incidents or related to injuries, losses, damages, expenses sustained/incurred by you as a result of the Incidents.

**RESPONSE:**

5.    Any and all documents you intend to rely on to support claims that the Incidents caused you to sustain injuries, damages and/or losses.

**RESPONSE:**

6.    Any and all documents you intend to rely on to support claims that you incurred expenses or sustained economic, monetary or financial losses as a result of the Incidents.

**RESPONSE:**

7.    Any and all documents you intend to rely on to support claims that you suffered lost wages or earnings as a result of the Incidents.

**RESPONSE:**

8.    Any and all documents you intend to rely on to support claims that you incurred expenses and/or sustained an economic, monetary or financial loss associated with a physical injury caused by the Incidents.

**RESPONSE:**

9.    Any and all documents you intend to rely on to support claims that you incurred expenses and/or economic, monetary or financial losses associated with a mental or emotional injury caused by the Incidents.

**RESPONSE:**

10.    To the extent you are claiming physical or mental injuries as a result of the Incidents, all documents related to treatment you received from a medical provider for physical or mental injuries related to the Incidents.

**RESPONSE:**

11.     To the extent you are claiming physical or mental injuries as a result of the Incidents, all documents and records pertaining to treatment you received from medical providers in the five (5) years prior to the Incidents through the present, including, but not limited to, medical doctors, general physicians, primary care physicians, specialists, psychiatrists, psychologists, neurologists, therapists, counselors, social workers, health care providers, chiropractors, and all hospital admissions during this timeframe.

**RESPONSE:**

12.     Any and all documents you intend to rely on to support claims that you incurred expenses and/or sustained economic, monetary or financial losses related to "inconvenience" caused by the Incidents.

**RESPONSE:**

13.     Any and all documents regarding medical or hospital expenses incurred as a result of the Incidents, including, but not limited to, bills, invoices, receipts, insurance claim forms, etc.

**RESPONSE:**

14.     Any and all documents regarding medication prescribed to you to treat a condition that resulted from the Incidents.

**RESPONSE:**

15.     Any and all documents regarding medication taken by you to treat a condition that resulted from the Incidents.

**RESPONSE:**

16.     Any and all documents you intend to rely on to support claims that you incurred expenses related to taking medication to treat a condition that resulted from the Incidents.

**RESPONSE:**

17.     All documents regarding costs, out-of-pocket expenses and/or monetary expenses, incurred as a result of the Incidents alleged in the Complaint, including, but not limited to, bills, invoices, expense statements, estimates, receipts, notices, correspondence, bank statements, insurance claim forms, verifications of lost wages and earnings.

**RESPONSE:**

18.     If you are making a claim for lost wages, earnings or income, all payroll, personnel, and employment records maintained by any person, corporation, partnership or other organization who or which employed you at the time of the Incidents.

**RESPONSE:**

19.     If you are making a claim for lost wages, earnings or income, produce signed copies of your income tax returns, including but not limited to all schedules, W-2s, K-1s, 1098s, 1099s, and all amendments/revisions to the same, and all other supporting documentation, for the years 2010 to present.

**RESPONSE:**

20.     All profiles, postings, status updates, comments, and messages made by you on any social networking site, including, but not limited to, Facebook, MySpace, Google+, LinkedIn, and/or Twitter, from March 28, 2015 to present, which in any way relate to the Incidents, any injuries allegedly suffered therefrom, or your physical and mental condition.

**RESPONSE:**

21.     All postings, entries, diaries, descriptions, captions, notes, and/or comments made by you on any blog or web-based journal site, including, but not limited to, LiveJournal, Blogster, My Opera, Open Diary, Tumblr and/or WordPress, from March 28, 2015 to present, which in any way relate to the Incidents, any injuries allegedly suffered therefrom, or your physical and mental condition.

**RESPONSE:**

22.     All photographs and/or videos of Plaintiffs posted by you or in which you were "tagged" or otherwise identified on any social networking site, including, but not limited to, Facebook, MySpace, Google+, LinkedIn, Twitter, Flickr, and/or YouTube, from March 28, 2015 to present, which in any way relate to the Incidents, any injuries allegedly suffered therefrom, or your physical and mental condition.

**RESPONSE:**

23.     All documents related to injuries you sustained or treatment you received prior to the Incidents that involved the same part or system of your body claimed to have been injured in or affected by the Incidents.

**RESPONSE:**

24.     All documents related to compensation, discounts, credits, vouchers, payment and/or any consideration or accommodation provided to you by Frontier related to the Incidents

**RESPONSE:**

25.     Cell phone billing statements, invoices, receipts and records for all Plaintiffs pertaining to use of cell phone services on March 28, 2015 and March 29, 2015.

**RESPONSE:**

26.     Billing statements, invoices, receipts and records for all Plaintiffs pertaining to use of telecommunication services on March 28, 2015 and March 29, 2015.

**RESPONSE:**

27.     All billing statements, invoices, receipts and records supporting claims that you incurred expenses related to services or products purchased by you as a result of the Incidents.
**RESPONSE:**

28.     Any and all documents provided to you by Frontier related to the Incidents.

**RESPONSE:**

29.     Each and every exhibit, model, diagram, picture, motion picture, videotape, slide, graph, chart, sketch, drawing, or other graphic or tangible reproduction or representation of any person, object, condition, scene or injury which is, or may be, related to your claims against Frontier.

**RESPONSE:**

30.     All documents supporting class action claims alleged in the Complaint.

**RESPONSE:**

31.     All documents that support any class certification motion.

**RESPONSE:**

32.     All documents in your possession related to any other lawsuit filed by you.

**RESPONSE:**

33.     All documents you intend to utilize at trial.

**RESPONSE:**

Dated: March 14, 2016                    Respectfully submitted,


_____
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on March 14, 2016.

                  Counsel for Plaintiffs
                  Gorokhovsky Law Office, LLC
                  10919 N. Hedgewood Ln., Mequon, WI 53092
                  (414)-581-1582

                  _____

                  Brian T. Maye

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ALYONA ADLER and LEONID ADLER,<br>on their own behalf and on behalf of minor child<br>NICOLE ADLER; and ILYA TARKOV and<br>RIMMA TARKOV; on behalf of themselves, and<br>all other similarly situated passengers of proposed<br>class, | )<br>)<br>)<br>)<br>)<br>) | Case No.: 1:15-cv-03430 |
| | )<br>) | Honorable John J. Tharp, Jr. |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| FRONTIER AIRLINES | )<br>) | |
| Defendant. | )<br>) | |

**FRONTIER AIRLINES, INC.'S FIRST SET OF INTERROGATORIES TO
PLAINTIFFS ALYONA, LEONID AND NICOLE ADLER**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP, and pursuant to Federal Rules of Civil Procedure 26 and 33, hereby propounds its First Set of Interrogatories to Plaintiffs ALYONA, LEONID AND NICOLE ADLER, who are directed to answer each Interrogatory separately, in writing, and under oath, and to serve a copy of their answers within thirty (30) days of service on the attorneys identified below.

**DEFINITIONS**

As used herein, the term(s):

     1.    "Incident" means the events and/or circumstances that occurred on October 24, 2015, related to the subject flight or the delay of the subject flight, which is the subject of the Complaint.

     2.    Subject flight or flight means Frontier flight 41 taken by Adler Plaintiffs on October 24, 2015, from Punta Cana, Dominican Republic to Chicago, Illinois, which is the subject of the Complaint.

     3.    "Complaint" means the fourth amended complaint and all amendments thereto filed by Plaintiffs Alyona, Leonid Adler and Nicole Adler pertaining to the Incident.

1

4.      "Person" or "persons" means any natural person or any entity including, but not limited to, any corporation, partnership, association, company, estate, business, or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

5.      "You," "your" or "yourself" means Plaintiffs Alyona and Leonid Adler, on their own behalf and on behalf of minor child Nicole Adler, together with any attorneys, agents, or representatives, including, but not limited to, consulting experts or investigators and persons and entities acting on Plaintiffs' behalf or in their interest for any purpose.

6.      "Physician," "medical provider," and "health care professional" include any and all medical doctors, including, but not limited to, internists, surgeons, orthopedists, psychiatrists, anesthesiologists, pathologists, radiologists, gynecologists, urologists, obstetricians, dermatologists, oncologist, pathologists, pediatricians and all other medical specialists and primary care physicians. The terms "physician," "medical provider" and "health care professional" also include all persons who provide examination, consultation, care, service and/or treatment of body or mind, irrespective of whether they are in fact medical doctors, including, but not limited to, chiropractors, psychologists, podiatrists, dentists, counselors, physical therapists, acupuncture specialists, medical personnel, medical assistant, oral hygienists, medical interns, medical residents and nurses.

7.      "Regarding," "relating to" or "related to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

8.      "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, digital or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRIs, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

## __INSTRUCTIONS__

In construing these Interrogatories, the following instructions shall apply:

1.      Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

2

2. All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

4. Reference to any specific document, object, tangible thing, or group of persons (e.g., committee, counsel or task force) includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any Interrogatory. Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

5. To the extent that you believe that any of the Interrogatories are objectionable, answer so much of each Interrogatory as is, in your view, not objectionable and separately state the portion of each Interrogatory to which you object and the grounds for your objection.

6. If you are withholding any information from your response to the Interrogatories, please state in your response: (1) that you are withholding information or materials, (2) the Interrogatory to which the information relates, and (3) the privilege(s) asserted.

7. Where the identity of a person is requested, state each person's full name, home address, home telephone number, employer, profession or trade, business address, and business telephone number.

8. Where the identity of a corporation, business, partnership, hospital, medical center, medical provider, clinic, institution or other entity is requested, for each such entity state its full legal name, its popular or "d/b/a" name(s) (if different), its address and its telephone number.

9. Where you are asked to identify documents, for each document state its type (e.g., letter, video tape, memorandum, etc.), its location, and the custodian or bearer of each such document.

10. Unless otherwise indicated, the interrogatories propounded herein refer to the time, place and circumstances of the occurrences and events mentioned, referred to or complained of in the Complaint and any amendments thereto.

## INTERROGATORIES

1.      Provide the following information for each Plaintiff and any other person who assisted or contributed to Plaintiffs' answers to these interrogatories: full name, present address, current employer, date of birth, marital status, and place of birth.

**ANSWER:**

2.      State the full name, current residential address and phone number of each and every person who you believe has, or may have, knowledge of the facts related to your alleged injuries, losses or damages resulting from the Incident.

**ANSWER:**

3.      Describe with specificity each and every injury, damage, and/or loss sustained by you related to the Incident, including (a) identifying the location and date on which you sustained each injury, damage and/or loss, and (b) itemizing the incurred expense and/or economic, monetary or financial loss caused by the Incident.

**ANSWER**:

4.      Identify with specificity each document you intend to rely on to support claims that you incurred expenses and/or sustained economic, monetary or financial losses caused by the Incident, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

5.       For each expense incurred and/or economic, monetary or financial loss sustained as a result of the Incident, explain how the Incident caused such expense and/or loss.

**ANSWER**:

6.      Are you seeking damages for lost wages or lost earnings?  If so, state, the name and address of your employer at the time of the Incident, your wage and/or salary, the date or inclusive dates on which you were unable to work, and the amount of wage and/or income loss claimed by you.

**ANSWER:**

7.      Identify with specificity each document you intend to rely on to support any lost earnings claim, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

8.      Are you seeking damages for any physical injuries? If so, (a) describe the physical injury suffered, (b) explain how the Incident caused the physical injury, and (c) identify the name and address of each physician and/or health care professional from which you sought treatment, the date or inclusive dates on which each of them rendered you service, and the amounts to date of their respective bills for services.

**ANSWER:**

9.      Identify with specificity each document you intend to rely on to support any economic, monetary or financial loss associated with any physical injury you may have suffered as a result of the Incident, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

10.     Are you seeking damages for any mental or emotional injuries? If so, (a) describe the mental or emotional injury suffered, (b) explain how the Incident caused the mental or emotional injury, and (c) identify the name and address of each physician and/or health care professional from which you sought treatment, the date or inclusive dates on which each of them rendered you service, and the amounts to date of their respective bills for services.

**ANSWER:**

11.     Identify with specificity each document you intend to rely on to support any economic, monetary or financial loss associated with any mental or emotional injury you may have suffered as a result of the Incident, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

12.     To the extent you are claiming physical or mental injuries as a result of the Incident, identify all medical providers seen by you in the five (5) years prior to the Incident through the present, including, but not limited to, medical doctors, general physicians, primary care physicians, specialists, psychiatrists, psychologists, neurologists, therapists, counselors, social workers, health care providers, chiropractors, and all hospital admissions during this timeframe including the reason(s) for each.

**ANSWER:**

13.     In regard to your allegations that you suffered "inconvenience" damages, describe with specificity each and every loss related to the alleged "inconvenience" caused by the Incident, including itemizing the expenses incurred and/or economic, monetary or financial losses sustained as a result of the "inconvenience" caused by the Incident.

**ANSWER:**

14.     Identify with specificity each document you intend to rely on to support any claim that you incurred expenses and/or sustained economic, monetary or financial losses related to "inconvenience" caused by the Incident, including identifying the date and person or entity who prepared or generated the document.

**ANSWER:**

15.     State the full name, current residential address and phone number of each and every witness who will support your claims that you incurred expenses and/or sustained economic, monetary or financial losses related to the Incident.

**ANSWER:**

16.     Did you receive any compensation, discount, credit, voucher, payment and/or any consideration or accommodation from Frontier related to the Incident?  If your answer is in the affirmative, state:

      a.     The compensation, discount, credit, voucher, payment, consideration or accommodation you received from Frontier as a result of the Incident;

      b.     The amount or value of what you received;

      c.     The specific date(s) on which you received the compensation, discount, credit, voucher, payment, consideration or accommodation.

**ANSWER:**

17.     Before, during or after the Incident, were you aware of any measures or actions taken by Frontier, its employees or agents, to assist you or other passengers to avoid the incurring of economic, monetary or financial damages related to the Incident?  If so, explain what measures or actions taken by Frontier of which you became aware.

**ANSWER:**

18.     Have you ever filed any other lawsuits related to physical or emotional injuries? If so, for each lawsuit, state the nature of the injuries claimed, the date on which the alleged injuries were sustained, the description of the circumstances that caused the alleged injuries, the court and caption of the filed lawsuit, the date the lawsuit was filed, and the identity of the defendant against whom the lawsuit was filed.

**ANSWER:**

19.    Have you ever filed any other lawsuits based on the Montreal Convention? If so, for each lawsuit, state the nature of the injuries claimed, the date on which the alleged injuries were sustained, the description of the circumstances that caused the alleged injuries, the court and caption of the filed lawsuit, the date the lawsuit was filed, and the identity of the defendant against whom the lawsuit was filed.

**ANSWER:**

20.    Have you ever been convicted of a felony or a misdemeanor involving dishonesty or false statement? If so, state the nature thereof, the date of the conviction, and the court and the caption in which the conviction occurred. For the purpose of this Interrogatory, a plea of guilty shall be considered as a conviction.

**ANSWER:**

Dated: March 14, 2016            Respectfully submitted,

_____
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on March 14, 2016.

Counsel for Plaintiffs
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln., Mequon, WI 53092
(414)-581-1582

_____
Brian T. Maye

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ALYONA ADLER and LEONID ADLER, | ) | |
| on their own behalf and on behalf of minor child | ) | |
| NICOLE ADLER; and ILYA TARKOV and | ) | Case No.: 1:15-cv-03430 |
| RIMMA TARKOV; on behalf of themselves, and | ) | |
| all other similarly situated passengers of proposed | ) | |
| class, | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES | ) | |
| | ) | |
| Defendant. | ) | |

**FRONTIER AIRLINES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS TO PLAINTIFFS ALYONA, LEONID AND NICOLE ADLER**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP, and pursuant to Federal Rules of Civil Procedure 26 and 34, hereby propounds its First Set of Requests for Production of Documents to Plaintiffs ALYONA, LEONID AND NICOLE ADLER, who are directed to respond to each Request separately, in writing, and to serve a copy of their responses within thirty (30) days of service on the attorneys identified below.

**DEFINITIONS**

As used herein, the term(s):

1.      "Incident" means the events, circumstances and/or delay alleged to have occurred on October 24, 2015, related to Adler Plaintiffs' travel from Punta Cana, Dominican Republic to Chicago, Illinois on Frontier flight 41, which is the subject of your Complaint.

2.      "Complaint" means the fourth amended complaint and all amendments thereto filed by Plaintiffs Alyona, Leonid Adler and Nicole Adler pertaining to the Incident.

1

3. "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, digital or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRIs, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

4. "Person" or "persons" means any natural person or any entity including, but not limited to, any corporation, partnership, association, company, estate, business, or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

5. "You," "your" or "yourself" means Plaintiffs Alyona and Leonid Adler, on their own behalf and on behalf of minor child Nicole Adler, together with any attorneys, agents, or representatives, including, but not limited to, consulting experts or investigators and persons and entities acting on Plaintiff's behalf or in her interest for any purpose.

6. "Physician," "medical provider," and "health care professional" include any and all medical doctors, including, but not limited to, internists, surgeons, orthopedists, psychiatrists, anesthesiologists, pathologists, radiologists, gynecologists, urologists, obstetricians, dermatologists, oncologist, pathologists, pediatricians and all other medical specialists and primary care physicians. The terms "physician," "medical provider" and "health care professional" also include all persons who provide examination, consultation, care, service and/or treatment of body or mind, irrespective of whether they are in fact medical doctors, including, but not limited to, chiropractors, psychologists, podiatrists, dentists, counselors, physical therapists, acupuncture specialists, medical personnel, medical assistant, oral hygienists, medical interns, medical residents and nurses.

7. "Regarding," "relating to" or "related to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

8. Subject flight or flight means the flight taken by Plaintiffs on October 24, 2015, from Punta Cana, Dominican Republic to Chicago, Illinois on Frontier flight 41, which is the subject of your Complaint.

2

## INSTRUCTIONS

In construing the Requests for Production, the following instructions shall apply:

1.      Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

2.      All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these requests any information and documents which might otherwise be construed to be outside their scope.

3.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production any information which might otherwise be construed to be outside their scope.

4.      Reference to any specific document, object, tangible thing, or group of persons includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any Request.  Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

5.      To the extent that you believe that any of the Requests for Production are objectionable, answer so much of each Request as is not objectionable and separately state the portion of each Request for Production to which you object and the grounds for your objection.

6.      If you are withholding any information, documents, or tangible things from your response to the Requests for Production, please state in your response: (1) that you are withholding information or materials, (2) the Request to which the information or material relates, and (3) the privilege(s) asserted.

## REQUESTS FOR PRODUCTION TO ADLER PLAINTIFFS

1.      All documents identified in your answers to Frontier's First Set of Interrogatories to Plaintiffs.

**RESPONSE:**

2.      All documents related to any contact or communication between Plaintiffs and Frontier regarding the Incident.

**RESPONSE:**

3.      All statements of every person who witnessed or claims to have witnessed any physical health condition or mental health condition you suffered as a result of the Incident.

**RESPONSE:**

3

4.      All emails and text messages sent or received by you relating to the Incident or related to injuries, losses, damages, expenses sustained/incurred by you as a result of the Incident.

**RESPONSE:**

5.      Any and all documents you intend to rely on to support claims that the Incident caused you to sustain injuries, damages and/or losses.

**RESPONSE:**

6.      Any and all documents you intend to rely on to support claims that you incurred expenses or sustained economic, monetary or financial losses as a result of the Incident.

**RESPONSE:**

7.      Any and all documents you intend to rely on to support claims that you suffered lost wages or earnings as a result of the Incident.

**RESPONSE:**

8.      Any and all documents you intend to rely on to support claims that you incurred expenses and/or sustained an economic, monetary or financial loss associated with a physical injury caused by the Incident.

**RESPONSE:**

9.      Any and all documents you intend to rely on to support claims that you incurred expenses and/or economic, monetary or financial losses associated with a mental or emotional injury caused by the Incident.

**RESPONSE:**

10.      To the extent you are claiming physical or mental injuries as a result of the Incident, all documents related to treatment you received from a medical provider for physical or mental injuries related to the Incident.

**RESPONSE:**

11.      To the extent you are claiming physical or mental injuries as a result of the Incident, all documents and records pertaining to treatment you received from medical providers in the five (5) years prior to the Incident through the present, including, but not limited to, medical doctors, general physicians, primary care physicians, specialists, psychiatrists, psychologists, neurologists, therapists, counselors, social workers, health care providers, chiropractors, and all hospital admissions during this timeframe.

**RESPONSE:**

12.    Any and all documents you intend to rely on to support claims that you incurred expenses and/or sustained economic, monetary or financial losses related to "inconvenience" caused by the Incident.

**RESPONSE:**

13.    Any and all documents regarding medical or hospital expenses incurred as a result of the Incident, including, but not limited to, bills, invoices, receipts, insurance claim forms, etc.

**RESPONSE:**

14.    Any and all documents regarding medication prescribed to you to treat a condition that resulted from the Incident.

**RESPONSE:**

15.    Any and all documents regarding medication taken by you to treat a condition that resulted from the Incident.

**RESPONSE:**

16.    Any and all documents you intend to rely on to support claims that you incurred expenses related to taking medication to treat a condition that resulted from the Incident.

**RESPONSE:**

17.    All documents regarding costs, out-of-pocket expenses and/or monetary expenses, incurred as a result of the Incident alleged in the Complaint, including, but not limited to, bills, invoices, expense statements, estimates, receipts, notices, correspondence, bank statements, insurance claim forms, verifications of lost wages and earnings.

**RESPONSE:**

18.    If you are making a claim for lost wages, earnings or income, all payroll, personnel, and employment records maintained by any person, corporation, partnership or other organization who or which employed you at the time of the Incident.

**RESPONSE:**

19.    If you are making a claim for lost wages, earnings or income, produce signed copies of your income tax returns, including but not limited to all schedules, W-2s, K-1s, 1098s, 1099s, and all amendments/revisions to the same, and all other supporting documentation, for the years 2010 to present.

**RESPONSE:**

20.     All profiles, postings, status updates, comments, and messages made by you on any social networking site, including, but not limited to, Facebook, MySpace, Google+, LinkedIn, and/or Twitter, from March 28, 2015 to present, which in any way relate to the Incident, any injuries allegedly suffered therefrom, or your physical and mental condition.

**RESPONSE:**

21.     All postings, entries, diaries, descriptions, captions, notes, and/or comments made by you on any blog or web-based journal site, including, but not limited to, LiveJournal, Blogster, My Opera, Open Diary, Tumblr and/or WordPress, from March 28, 2015 to present, which in any way relate to the Incident, any injuries allegedly suffered therefrom, or your physical and mental condition.

**RESPONSE:**

22.     All photographs and/or videos of Plaintiffs posted by you or in which you were "tagged" or otherwise identified on any social networking site, including, but not limited to, Facebook, MySpace, Google+, LinkedIn, Twitter, Flickr, and/or YouTube, from March 28, 2015 to present, which in any way relate to the Incident, any injuries allegedly suffered therefrom, or your physical and mental condition.

**RESPONSE:**

23.     All documents related to injuries you sustained or treatment you received prior to the Incident that involved the same part or system of your body claimed to have been injured in or affected by the Incident.

**RESPONSE:**

24.     All documents related to compensation, discounts, credits, vouchers, payment and/or any consideration or accommodation provided to you by Frontier related to the Incident

**RESPONSE:**

25.     Cell phone billing statements, invoices, receipts and records for all Plaintiffs pertaining to use of cell phone services on March 28, 2015 and March 29, 2015.

**RESPONSE:**

26.     Billing statements, invoices, receipts and records for all Plaintiffs pertaining to use of telecommunication services on March 28, 2015 and March 29, 2015.

**RESPONSE:**

27. All billing statements, invoices, receipts and records supporting claims that you incurred expenses related to services or products purchased by you as a result of the Incident.

**RESPONSE:**

28. Any and all documents provided to you by Frontier related to the Incident.

**RESPONSE:**

29. Each and every exhibit, model, diagram, picture, motion picture, videotape, slide, graph, chart, sketch, drawing, or other graphic or tangible reproduction or representation of any person, object, condition, scene or injury which is, or may be, related to your claims against Frontier.

**RESPONSE:**

30. All documents supporting class action claims alleged in the Complaint.

**RESPONSE:**

31. All documents that support any class certification motion.

**RESPONSE:**

32. All documents in your possession related to any other lawsuit filed by you.

**RESPONSE:**

33. All documents you intend to utilize at trial.

**RESPONSE:**

Dated: March 14, 2016                    Respectfully submitted,


_____
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on March 14, 2016.

Counsel for Plaintiffs
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln., Mequon, WI 53092
(414)-581-1582

_____

Brian T. Maye