**IN THE UNITED STATES FEDERAL COURT
OF NORTHERN DISTRICT OF ILLINOIS**

**ILYA TARKOV, *et., al.,***                                      Case No.  **1:15-cv-3430**

                              **Plaintiff,**

              **vs.**                                            **HON. JOHN THARP**

**FRONTIER AIRLINES INC,**

                              **Defendant.**

---

**ANSWER OF PLAINTIFFS ILYA TARKOV AND RIMMA TARKOV TO
DEFENDANT'S INTERROGATORIES**

---

TO: Brian Maye, Esq.
    Adler Murphy & McQuillen LLP.
    20 S. Clark Street, Suite 2500,
    Chicago, Illinois, IL 60603          ***Copy Via U.S.P.S. With Certificate of Mailing***

        The above-named Plaintiffs, ILYA TARKOV and RIMMA TARKOV by their

counsel of record, Attorney Vladimir M. Gorokhovsky of GOROKHOVSKY LAW

OFFICE LLC, submit the following answer to defendant's 1st set of interrogatories

pursuant to the Rule 33 of Federal Rules of Civil Procedure:

PRELIMINARY STATEMENT

        The above-named Plaintiffs through their counsel of record is still conducting

discovery, investigation of the matters relating to this case. These Answers are therefore

based upon information and documents known or believed by the Plaintiffs at the time of

answering these discovery requests. Since Plaintiff's investigation is ongoing, and will

continue up until the time of trial, it provides these responses without prejudice to its

EXHIBIT D

rights to modify and/or supplement the responses, and to introduce evidence, up until the time of trial, and its further investigation warrants.

## I. __GENERAL OBJECTIONS:__

1.    Plaintiffs object to the discovery requests to the extent that they call for information that is subject to and protected by the attorney-client privilege, the attorney work-product privilege, or any other statutory or common law privileges, including, without limitation, any and all applicable evidentiary privileges.  Inadvertent disclosure of information subject to any privilege does not waive the privilege as to other information or documents regarding the same subject or content and does not waive Plaintiff's right to object to the introduction of such privileged information or documents into evidence.

2.    Plaintiffs object to discovery requests to the extent that they seek confidential, proprietary or trade secret information.  Such information or documents, if any, that are not otherwise objectionable, shall be produced only pursuant to an appropriate protective order.

3.    Plaintiffs object to each discovery request to the extent that it calls for a legal conclusion.

4.    Plaintiffs incorporate these General Objections in each and every specific response set forth below.

5.    Plaintiffs reserve the right to supplement, alter or amend these responses as necessary or appropriate.

## II. __ANSWER TO DEFENDANT'S INTERROGATORIES:__

**Interrogatory No. 1**:  **Provide the following information for each Plaintiff and any other person who assisted or contributed to Plaintiffs' answers to these interrogatories: full name, present address, current employer, date of birth, marital status, and place of birth.**

**Response to Interrogatory No. 1**:   Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs objects to disclosure of plaintiff's social security numbers on relevancy and privacy grounds on the ground that disclosure of this personal information is prohibited by pertinent state and federal laws.  Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows:

**Ilya Tarkov, 421 Swan Blvd. Deerfield, Il 60015**

**DOB: 05-25-1945**

**Rimma Tarkov, 421 Swan Blvd. Deerfield, Il 60015**

**DOB: 2-20-1951**

**Interrogatory No. 2**:  **State the full name, current residential address and phone number of each and every person who you believe has, or may have, knowledge of the facts related to your alleged injuries, losses or damages resulting from the Incidents.**

**Response to Interrogatory No. 2**:  Plaintiffs object to this Interrogatory on the grounds that it is vague, unintelligible, and overbroad. Subject to these objections, those incorporated by reference, without waiving the same, the above-named Plaintiffs state as follows:

- All passengers of canceled flight 41 identities of which are known to the above-named defendant but yet unknown to the above-named Plaintiff.

- defendant's employees stationed at Philadelphia Airport on March 28, 2015, and March 29, 2015 identities of which are being determined.

**Interrogatory No. 3**:  **Describe with specificity each and every injury, damage, and/or loss sustained by you related to the Incidents, including (a) identifying the location and date on which you sustained each injury, damage and/or loss, and (b) itemizing the incurred expense and/or economic, monetary or financial loss caused by the Incidents.**

**Response to Interrogatory No. 3**:

**3.1. Actual Damages**:

a. As direct and proximate cause of cancellation of flight 41 on March 28, 2015 the above-named Plaintiffs incurred the aggregated sum of $**615** for an additional local Per Diem, food, refreshments, transportation and telecommunication services.

b.  As direct and proximate cause of cancellation of flight 41 on March 28, 2015 Plaintiffs incurred the sum of $**400.00** of lost wages and another damages in approximate sum of $400 or in the sum to be determined at trial for loss of ever-time and one-day of no-show record detrimentally impacted upon plaintiffs' employment history.

c.  As direct and proximate cause of delay of departing flight 41 on March 29, 2015 the above-named Plaintiffs incurred the aggregated sum of $**500** for an additional

local Per Diem, food, refreshments, medications, transportation and telecommunication services.

     d.    As direct and proximate cause of delay of departing flight 41 on March 29, 2015 and late arrival of said flight to Chicago on March 29, 2015 the above-named Plaintiffs incurred the aggregated sum of $**20** for an additional transportation taxi expenses on March 29, 2015 at Punta Cana as well as the sum of $**80** from OHare to place of their residency.

     e.    As direct and proximate cause of delayed departure of flight 41 on March 29, 2015 the above-named Plaintiffs incurred the sum of $**600.00** of lost of pre-paid symphony tickets for theatrical performance which was scheduled for evening of  March 29, 2015.

    **Total Actual Damages: $2215.00.**

    **3.2.**  **Attorneys Fees and Costs**:[1]

     a.   Pursuant to the Article 22(6) of Montreal Convention the above-named Plaintiffs are entitle to their reasonable attorneys fees in the amount of $**13,881.13** including the sum of allowable costs in the amount of $**750.00**, as incurred by the above-

---

[1] Request for an award of plaintiff's attorney's fees as sought by Plaintiffs in this action is based on the pertinent rules of Fed. R. Civ. Procedure and in particular on so-called settlement inducement provision contained in Article 22(4) of the Hague Protocol amendments, as preserved by Article 22(6) of the 1999 Montreal Convention, which provides: "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest.  The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

named Plaintiffs as direct and proximate cause of defendant's failure to respond to written request for Rule (4) waiver.

**Total Up-to-date Attorneys Fees and Costs**: $**14,631.13**.

**Total Amount of Judgment**: $**16,846.13.**

**Interrogatory No. 4**: **Identify with specificity each document you intend to rely on to support claims that you incurred expenses and/or sustained economic, monetary or financial losses caused by the Incidents, including identifying the date and person or entity who prepared or generated the document.**

**Response to Interrogatory No. 4**: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, duplicate, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case as they relate to the above-named Plaintiff. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answers as follows: **See answer to Interrogatory No. 3.**

**Interrogatory No. 5**: **For each expense incurred and/or economic, monetary or financial loss sustained as a result of the Incidents, explain how the Incidents caused such expense and/or loss.**

**Response to Interrogatory No. 5**: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope

by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. To the extent that this Interrogatory is a request for the production of documents, this responding Plaintiffs object to its form and substance. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the above-named Plaintiffs answers as follows: **All actual out of-pocket economical damages identified in Interrogatory No. 3 were directly and proximately caused by cancellation of flight 41 on March 28, 2015 and by delayed departure of flight No. 41 on March 29, 2015. Attorneys fees claimed herein are recoverable pursuant to Art 11 of the Hague Protocol as incorporated by Art. 22(6) of the Montreal Convention for defendant's rejection of plaintiff's pre-suit notice of claim and demand for compensation on 09-15-15, which submitted to defendant on 06-26-15 via certified USPS mail, and which was rejected by defendant's counsel Atty. Brian T. Maye on 9-1-15.**

**Interrogatory No. 6**:   **Are you seeking damages for lost wages or lost earnings? If so, state, the name and address of your employer at the time of the Incidents, your wage and/or salary, the date or inclusive dates on which you were unable to work, and the amount of wage and/or income loss claimed by you.**

 **Response to Interrogatory No. 6**: Responding to this Interrogatory the above-named Plaintiffs state as follows:  **Since June of 2001 the above-named Plaintiff Ilya Tarkov is employed by Hudro Force Inc as skilled technician making $28.50 per hour at: 700 Woodland Parkway, Vernon Hills ILL 60061. Since March of 1995 the above-named Plaintiff Rimma Tarkov is employed by North Shore Medical Center**

**as medical billing specialist earning $17 per hour at: 3000 Dundee Rd, Northbrook Ill 60062.**

**Interrogatory No. 7**:  **Identify with specificity each document you intend to rely on to support any lost earnings claim, including identifying the date and person or entity who prepared or generated the document.**

**Response to Interrogatory No. 7**: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answers as follows: **Plaintiffs will rely on their testimony at open court.**

**Interrogatory No. 8**:  **Are you seeking damages for any physical injuries? If so, (a) describe the physical injury suffered, (b) explain how the Incidents caused the physical injury, and (c) identify the name and address of each physician and/or health care professional from which you sought treatment, the date or inclusive dates on which each of them rendered you service, and the amounts to date of their respective bills for services.**

**Response to Interrogatory No. 8**: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope

by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **No.**

**Interrogatory No. 9**:  **Identify with specificity each document you intend to rely on to support any economic, monetary or financial loss associated with any physical injury you may have suffered as a result of the Incidents, including identifying the date and person or entity who prepared or generated the document.**

**Response to Interrogatory No. 9**:  Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answers as follows: **See answer to Interrogatory No. 3**.

**Interrogatory No. 10**:  **Are you seeking damages for any mental or emotional injuries? If so, (a) describe the mental or emotional injury suffered, (b) explain how the Incidents caused the mental or emotional injury, and (c) identify the name and address of each physician and/or health care professional from which you sought treatment, the date or inclusive dates on which each of them rendered you service, and the amounts to date of their respective bills for services.**

**Response to Interrogatory No. 10**: Responding to this Interrogatory the above-named Plaintiffs state as follows: **No.**

**Interrogatory No. 11**:   **Identify with specificity each document you intend to rely on to support any economic, monetary or financial loss associated with any mental or emotional injury you may have suffered as a result of the Incidents, including identifying the date and person or entity who prepared or generated the document.**

**Response to Interrogatory No. 11**:   Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs further object to this Request on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **Plaintiffs will rely on their testimony at open court.**

**Interrogatory No. 12**:   **To the extent you are claiming physical or mental injuries as a result of the Incidents, identify all medical providers seen by you in the five (5) years prior to the Incidents through the present, including, but not limited to, medical doctors, general physicians, primary care physicians, specialists, psychiatrists, psychologists, neurologists, therapists, counselors, social workers, health care providers, chiropractors, and all hospital admissions during this timeframe including the reason(s) for each.**

**Response to Interrogatory No. 12**:   Plaintiffs object to this Interrogatory as it is vague, unduly burdensome, harassing, calls for information already in possession of defense counsel, and seeks information and documentation not reasonably calculated to lead to admissible evidence. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows:  **None**.

**Interrogatory No. 13**:   **In regard to your allegations that you suffered "inconvenience" damages, describe with specificity each and every loss related to the alleged "inconvenience" caused by the Incidents, including itemizing the expenses incurred and/or economic, monetary or financial losses sustained as a result of the "inconvenience" caused by the Incidents.**

**Response to Interrogatory No. 13**:    Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. . In addition to its General Objections, Plaintiffs further object to this Request on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answers as follows: **Inconvenience damages were inflicted by Frontier upon the above-named Plaintiffs by cancellation of their flight 41 on March 28, 2015 and by an additional delayed of departure of flight No. 41 on March 29, 2015. Said inconvenience damages are with nexus to loss of wages and actual out-of-pocket expenses as identified in Plaintiff's response to Interrogatory No. 3.**

**Interrogatory No. 14**:   **Identify with specificity each document you intend to rely on to support any claim that you incurred expenses and/or sustained economic, monetary or financial losses related to "inconvenience" caused by the Incidents, including identifying the date and person or entity who prepared or generated the document.**

**Response to Interrogatory No. 14**: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object to this Interrogatory on the ground of information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, the Plaintiffs further objects to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **Plaintiffs will rely on their in-court testimony. Additionally, please see plaintiff's answer to Interrogatory No. 3.**

**Interrogatory No. 15**:   **State the full name, current residential address and phone number of each and every witness who will support your claims that you incurred expenses and/or sustained economic, monetary or financial losses related to the Incidents**.

**Response to Interrogatory No. 15:**   Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege.  Plaintiffs further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not

reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, the Plaintiffs further object to this Request on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **Plaintiffs intend to call all other passengers of canceled flight No. 41 on March 28, 2015 and of delayed flight No. 41 on March 29, 2015. Identity of said passengers are currently unknown to the Plaintiffs and are subject to ongoing discovery.**

**Interrogatory No. 16**:  **Did you receive any compensation, discount, credit, voucher, payment and/or any consideration or accommodation from Frontier related to the Incidents? If your answer is in the affirmative, state:**

**a. The compensation, discount, credit, voucher, payment, consideration or accommodation you received from Frontier as a result of the Incidents;**

**b. The amount or value of what you received;**

**c. The specific date(s) on which you received the compensation, discount, credit, voucher, payment, consideration or accommodation..**

**Response to Interrogatory No. 16:**  Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege.  Plaintiffs further object to this Interrogatory on the grounds  that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object to this interrogatory on the ground that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General

Objections, the Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows:  **None.**

**Interrogatory No. 17**:  **Before, during or after the Incidents, were you aware of any measures or actions taken by Frontier, its employees or agents, to assist you or other passengers to avoid the incurring of economic, monetary or financial damages related to the Incidents? If so, explain what measures or actions taken by Frontier of which you became aware.**

**Response to Interrogatory No. 17:**  Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege.  Plaintiffs further object to this Interrogatory on the grounds  that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows:  **Before during and after Incident the above-named defendant Frontier failed to advise the above-named Plaintiffs of any reasons of cancellation of flight 41 on March 28, 2015 as well as failed to advise the above-named Plaintiffs of any actions taking by Frontier to mitigate our damages caused by cancellation. Customer service of Frontier at Punta Cana Airport was very poorly organized. An employees of Frontier stationed at**

**Punta Cana Airport were rude, irresponsive and visibly indifferent to plaintiffs travel-related problems and to interruption of plaintiffs international travel.**

**Interrogatory No. 18**:  **Have you ever filed any other lawsuits related to physical or emotional injuries? If so, for each lawsuit, state the nature of the injuries claimed, the date on which the alleged injuries were sustained, the description of the circumstances that caused the alleged injuries, the court and caption of the filed lawsuit, the date the lawsuit was filed, and the identity of the defendant against whom the lawsuit was filed.**

**Response to Interrogatory No. 18:**  Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege.  Plaintiffs further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case.  In addition to its General Objections, the Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **None**.

**Interrogatory No. 19**:  Have you ever filed any other lawsuits based on the Montreal Convention? If so, for each lawsuit, state the nature of the injuries claimed, the date on which the alleged injuries were sustained, the description of the circumstances that caused the alleged injuries, the court and caption of the filed lawsuit, the date the lawsuit was filed, and the identity of the defendant against whom the lawsuit was filed.

**Response to Interrogatory No. 19:**  Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege.  Plaintiffs further object to this

Interrogatory on the grounds  that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case.  In addition to its General Objections, the Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows:  **None.**

**Interrogatory No. 20**:  **Have you ever been convicted of a felony or a misdemeanor involving dishonesty or false statement? If so, state the nature thereof, the date of the conviction, and the court and the caption in which the conviction occurred. For the purpose of this Interrogatory, a plea of guilty shall be considered as a conviction.**

**Response to Interrogatory No. 20:**  Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege.  Plaintiffs further object to this Interrogatory on the grounds  that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case.  In addition to its General Objections, the Plaintiffs further objects to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows:  **No. Plaintiffs were never charged or convicted of a misdemeanor involving dishonesty, fraud, false statement or a felony.**

Dated this Response on this 29th day of April 2016.

Plaintiff, Ilya Tarkov:

BY: _____
        Ilya Tarkov

Plaintiff, Rimma Tarkov:

BY: _____
        Rimma Tarkov

As to objections stated above:
GOROKHOVSKY LAW OFFICES, LLC
Attorneys for Plaintiffs

BY: /s/ Vladimir Gorokhovsky, Esq.
        Vladimir M. Gorokhovsky, LL.M.
        ILND TR. 10994

**P.O. Business Address**:
10919 N. Hedgewood Ln.,
Mequon, WI 53092
 (414)-581-1582 Direct Line

**PROOF OF SERVICE:**

**I the undersigned attorney hereby
certify that on April 29th, 2016
I served the within document via
e-mail, and via USPS pursuant to
the Federal Rules of Civil Procedure
to the defendant's counsel of record as
listed below:**

TO: Brian Maye, Esq.
        Adler Murphy & McQuillen LLP.
        20 S. Clark Street, Suite 2500,
        Chicago, Illinois, IL 60603

**BY: /s/ Vladimir Gorokhovsky, Esq.**
        **Vladimir M. Gorokhovsky, LL.M.**
        **Attorney and Counselor at Law**

**IN THE UNITED STATES FEDERAL COURT**
**OF NORTHERN DISTRICT OF ILLINOIS**

**ALYONA ADLERS, *et., al.*,**                          **Case No.  1:15-cv-3430**

**Plaintiff,**

**vs.**                                    **HON. JOHN THARP**

**FRONTIER AIRLINES INC,**

**Defendant.**

---

**ANSWER OF PLAINTIFFS ILYA TARKOV AND RIMMA TARKOV TO**
**DEFENDANT'S INTERROGATORIES**

TO: Brian Maye, Esq.
    Adler Murphy & McQuillen LLP.
    20 S. Clark Street, Suite 2500,
    Chicago, Illinois, IL 60603    ***Copy Via U.S.P.S. With Certificate of Mailing***

      The above-named Plaintiffs, ALYONA ADLER, LEONID ADLER on her own behalf and on behalf of her minor child NICOLE ADLER by their counsel of record, Attorney Vladimir M. Gorokhovsky of GOROKHOVSKY LAW OFFICE LLC, submit the following answer to defendant's 1st set of interrogatories pursuant to the Rule 33 of Federal Rules of Civil Procedure:

PRELIMINARY STATEMENT

      The above-named Plaintiffs through their counsel of record is still conducting discovery, investigation of the matters relating to this case. These Answers are therefore based upon information and documents known or believed by the Plaintiffs at the time of answering these discovery requests. Since Plaintiff's investigation is ongoing, and will continue up until the time of trial, it provides these responses without prejudice to its

rights to modify and/or supplement the responses, and to introduce evidence, up until the time of trial, and its further investigation warrants.

## I.  GENERAL OBJECTIONS:

1.      Plaintiffs object to the discovery requests to the extent that they call for information that is subject to and protected by the attorney-client privilege, the attorney work-product privilege, or any other statutory or common law privileges, including, without limitation, any and all applicable evidentiary privileges.  Inadvertent disclosure of information subject to any privilege does not waive the privilege as to other information or documents regarding the same subject or content and does not waive Plaintiff's right to object to the introduction of such privileged information or documents into evidence.

2.      Plaintiffs object to discovery requests to the extent that they seek confidential, proprietary or trade secret information.  Such information or documents, if any, that are not otherwise objectionable, shall be produced only pursuant to an appropriate protective order.

3.      Plaintiffs object to each discovery request to the extent that it calls for a legal conclusion.

4.      Plaintiffs incorporate these General Objections in each and every specific response set forth below.

5.       Plaintiffs reserve the right to supplement, alter or amend these responses as necessary or appropriate.

## II.  ANSWER TO DEFENDANT'S INTERROGATORIES:

**Interrogatory No. 1**: **Provide the following information for each Plaintiff and any other person who assisted or contributed to Plaintiffs' answers to these interrogatories: full name, present address, current employer, date of birth, marital status, and place of birth.**

**Response to Interrogatory No. 1**:   Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs objects to disclosure of plaintiff's social security numbers on relevancy and privacy grounds on the ground that disclosure of this personal information is prohibited by pertinent state and federal laws.  Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows:

**Alyona Adler, 307 Greenbrier ln. Vernon Hills,IL,60061**

**DOB: 06-30-67**

**Rimma Tarkov, 307 Greenbrier ln. Vernon Hills,IL,60061**

**DOB: 04-13-68**

**Nicole Adlers, 307 Greenbrier ln. Vernon Hills,IL,60061**

**DOB: 5-31-06**

**Interrogatory No. 2**: **State the full name, current residential address and phone number of each and every person who you believe has, or may have,**

**knowledge of the facts related to your alleged injuries, losses or damages resulting from the Incidents.**

<u>**Response to Interrogatory No. 2**</u>:  Plaintiffs object to this Interrogatory on the grounds that it is vague, unintelligible, and overbroad. Subject to these objections, and those incorporated by reference, without waiving the same, the above-named Plaintiffs state as follows:

- All passengers of canceled flight 41 identities of which are known to the above-named defendant but yet unknown to the above-named Plaintiff.

- defendant's employees stationed at Philadelphia Airport on October 24, 2015, identities of which are being determined.

<u>**Interrogatory No. 3**</u>:  **Describe with specificity each and every injury, damage, and/or loss sustained by you related to the Incidents, including (a) identifying the location and date on which you sustained each injury, damage and/or loss, and (b) itemizing the incurred expense and/or economic, monetary or financial loss caused by the Incidents.**

<u>**Response to Interrogatory No. 3**</u>: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs object to disclosure of plaintiff's social security numbers and alien numbers on relevancy and privacy grounds on the ground that disclosure of this personal information is prohibited by pertinent state and federal laws.

**Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows**:

    **3.1. <u>Actual Damages</u>**:

    a. As direct and proximate cause of cancellation of flight 41 on October 24, 2015 the above-named Plaintiffs incurred the aggregated sum of $**285** for an additional local meals, refreshments, medication and international telecommunication services.

    b. As direct and proximate cause of cancellation of flight 41 on October 24, 2015 Plaintiff Alyona Adler incurred the sum of $**1000.00** of lost of wages and another actual economic damages in approximate sum of $100 or in the sum to be determined at trial for loss of over-time and one-day of no-show record detrimentally impacted upon plaintiffs' employment history.

    c. As direct and proximate cause of cancellation of flight 41 on October 24, 2015 Plaintiff Leonid Adler incurred the sum of $**500.00** of lost wages and another damages in approximate sum of $500 or in the sum to be determined at trial for loss of over-time and two-day of no-show record detrimentally impacted upon plaintiffs' employment history.

    d. As direct and proximate cause of cancellation of flight 41 on October 24, 2015 the Plaintiffs missed pre-scheduled and pre-paid important family reunion which was pre-scheduled to transpire on the evening of October 24, 2015, whereby incurring actual pecuniary loss at approximate sum of $**200.00**.

    e. As direct and proximate cause of delay of departing flight 41 on October 24, 2015 and late arrival of said flight to Chicago on March 29, 2015 the above-named Plaintiffs incurred the aggregated sum of $**20** for an additional transportation taxi

expenses on As direct and proximate cause of cancellation of flight 41 on October 24, 2015.

     f.     Plaintiff Alyona Adler incurred the sum of $**60.00** of lost wages and another damages in approximate sum of $60 from OHare to place of their residency.

     g.     As direct and proximate cause of delayed departure of flight 41 on October 24, 2015 Plaintiffs incurred the sum of inconvenience damages with nexus to financial injury in the sum of $**1000.00** with nexus to loss of wages and another actual damages in approximate sum of $2165 or in the sum to be determined at trial for loss of ever-time and one-day of no-show record detrimentally impacted upon plaintiffs' employment history.

     **Total Actual Damages: $3165.00.**

     **2.0.**   **Attorneys Fees and Costs**:[1]

     a.  Pursuant to the Article 22(6) of Montreal Convention the above-named Plaintiffs are entitle to their reasonable attorneys fees in the amount of $**8,564.93** as well as the sum of allowable costs in the amount of $**750.00**, as incurred by the above-named Plaintiffs as direct and proximate cause of defendant's failure to respond to written request for Rule (4) waiver.

---

[1] Request for an award of plaintiff's attorney's fees as sought by Plaintiffs in this action is based on the pertinent rules of Fed. R. Civ. Procedure and in particular on so-called settlement inducement provision contained in Article 22(4) of the Hague Protocol amendments, as preserved by Article 22(6) of the 1999 Montreal Convention, which provides: "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

**Total Up-to-date Attorneys Fees and Costs**: $**9,314.93**.

**Total Amount of Judgment**: $**12479.93.**

**Interrogatory No. 4**:  **Identify with specificity each document you intend to rely on to support claims that you incurred expenses and/or sustained economic, monetary or financial losses caused by the Incidents, including identifying the date and person or entity who prepared or generated the document.**

**Response to Interrogatory No. 4**: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, duplicate, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case as they relate to the above-named Plaintiff. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answers as follows: **See answer to Interrogatory No. 3.**

**Interrogatory No. 5**:  **For each expense incurred and/or economic, monetary or financial loss sustained as a result of the Incidents, explain how the Incidents caused such expense and/or loss.**

**Response to Interrogatory No. 5**: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case.

To the extent that this Interrogatory is a request for the production of documents, this responding Plaintiffs object to its form and substance. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the above-named Plaintiffs answers as follows: **All actual out of-pocket economical damages identified in Interrogatory No. 3 were directly and proximately caused by cancellation of flight 41 on March 28, 2015 and by delayed departure of flight No. 41 on March 29, 2015. Attorneys fees claimed herein are recoverable pursuant to Art 11 of the Hague Protocol as incorporated by Art. 22(6) of the Montreal Convention for defendant's rejection of plaintiff's pre-suit notice of claim and demand for compensation on 09-15-15, which submitted to defendant on 06-26-15 via certified USPS mail.**

**Interrogatory No. 6**:   **Are you seeking damages for lost wages or lost earnings? If so, state, the name and address of your employer at the time of the Incidents, your wage and/or salary, the date or inclusive dates on which you were unable to work, and the amount of wage and/or income loss claimed by you.**

**Response to Interrogatory No. 6**: Responding to this Interrogatory the above-named Plaintiffs state as follows:  **Plaintiff Alyona Adler is employed as a caregiver at Addus Health Care, 14 E. Jackson Blvd, Chicago 60004. Plaintiff Leonid Adler is employed at a taxicab driver by "303 Cabs" at: 5200 Otto Street, Chicago, Illinois.**

**Interrogatory No. 7**:   **Identify with specificity each document you intend to rely on to support any lost earnings claim, including identifying the date and person or entity who prepared or generated the document.**

**Response to Interrogatory No. 7**: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answers as follows: **Plaintiffs will rely on their testimony at open court.**

**Interrogatory No. 8**:  **Are you seeking damages for any physical injuries? If so, (a) describe the physical injury suffered, (b) explain how the Incidents caused the physical injury, and (c) identify the name and address of each physician and/or health care professional from which you sought treatment, the date or inclusive dates on which each of them rendered you service, and the amounts to date of their respective bills for services.**

**Response to Interrogatory No. 8**: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **No.**.

**Interrogatory No. 9**:  **Identify with specificity each document you intend to rely on to support any economic, monetary or financial loss associated with any physical injury you may have suffered as a result of the Incidents, including identifying the date and person or entity who prepared or generated the document.**

**Response to Interrogatory No. 9**:   Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answers as follows: **See answer to Interrogatory No. 3**.

**Interrogatory No. 10**:   **Are you seeking damages for any mental or emotional injuries? If so, (a) describe the mental or emotional injury suffered, (b) explain how the Incidents caused the mental or emotional injury, and (c) identify the name and address of each physician and/or health care professional from which you sought treatment, the date or inclusive dates on which each of them rendered you service, and the amounts to date of their respective bills for services.**

**Response to Interrogatory No. 10**: Responding to this Interrogatory the above-named Plaintiffs state as follows: **No.**

**Interrogatory No. 11**:   **Identify with specificity each document you intend to rely on to support any economic, monetary or financial loss associated with any mental or emotional injury you may have suffered as a result of the Incidents,**

including identifying the date and person or entity who prepared or generated the document.

**Response to Interrogatory No. 11**:   Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs further object to this Request on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **Plaintiffs will rely on their testimony at open court.**

**Interrogatory No. 12**:   **To the extent you are claiming physical or mental injuries as a result of the Incidents, identify all medical providers seen by you in the five (5) years prior to the Incidents through the present, including, but not limited to, medical doctors, general physicians, primary care physicians, specialists, psychiatrists, psychologists, neurologists, therapists, counselors, social workers, health care providers, chiropractors, and all hospital admissions during this timeframe including the reason(s) for each.**

**Response to Interrogatory No. 12**:   Plaintiffs object to this Interrogatory as it is vague, unduly burdensome, harassing, calls for information already in possession of defense counsel, and seeks information and documentation not reasonably calculated to lead to admissible evidence. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows:  **None.**

**Interrogatory No. 13**:   **In regard to your allegations that you suffered "inconvenience" damages, describe with specificity each and every loss related to the alleged "inconvenience" caused by the Incidents, including itemizing the expenses incurred and/or economic, monetary or financial losses sustained as a result of the "inconvenience" caused by the Incidents.**

**Response to Interrogatory No. 13**:   Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. . In addition to its General Objections, Plaintiffs further object to this Request on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answers as follows: **Inconvenience damages were inflicted by Frontier upon the above-named Plaintiffs by cancellation of their flight 41 on March 28, 2015 and by an additional delayed of departure of flight No. 41 on March 29, 2015. Said inconvenience damages are with nexus to loss of wages and actual out-of-pocket expenses as identified in Plaintiff's response to Interrogatory No. 3.**

**Interrogatory No. 14**:   **Identify with specificity each document you intend to rely on to support any claim that you incurred expenses and/or sustained economic, monetary or financial losses related to "inconvenience" caused by the Incidents, including identifying the date and person or entity who prepared or generated the document.**

**Response to Interrogatory No. 14**: Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object to this Interrogatory on the ground of information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, the Plaintiffs further objects to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **Plaintiffs will rely on their in-court testimony. Additionally, please see plaintiff's answer to Interrogatory No. 3.**

**Interrogatory No. 15**:   **State the full name, current residential address and phone number of each and every witness who will support your claims that you incurred expenses and/or sustained economic, monetary or financial losses related to the Incidents**.

**Response to Interrogatory No. 15:**   Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege.  Plaintiffs further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, the Plaintiffs further object to this Request on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows:  **Plaintiffs intend to**

call all other passengers of canceled flight No. 41 on March 28, 2015 and of delayed flight No. 41 on March 29, 2015. Identity of said passengers are currently unknown to the Plaintiffs, known by the defendant and are subject to ongoing discovery.

**Interrogatory No. 16**: **Did you receive any compensation, discount, credit, voucher, payment and/or any consideration or accommodation from Frontier related to the Incidents? If your answer is in the affirmative, state:**

**a. The compensation, discount, credit, voucher, payment, consideration or accommodation you received from Frontier as a result of the Incidents;**

**b. The amount or value of what you received;**

**c. The specific date(s) on which you received the compensation, discount, credit, voucher, payment, consideration or accommodation..**

**Response to Interrogatory No. 16**:   Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege.  Plaintiffs further object to this Interrogatory on the grounds  that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object to this interrogatory on the ground that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, the Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows:  **None.**

**Interrogatory No. 17**:   **Before, during or after the Incidents, were you aware of any measures or actions taken by Frontier, its employees or agents, to assist you or**

**other passengers to avoid the incurring of economic, monetary or financial damages related to the Incidents? If so, explain what measures or actions taken by Frontier of which you became aware.**

**Response to Interrogatory No. 17:** Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege. Plaintiffs further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **Before during and after Incident the above-named defendant Frontier failed to advise the above-named Plaintiffs of any reasons of cancellation of flight 41 on March 28, 2015 as well as failed to advise the above-named Plaintiffs of any actions taking by Frontier to mitigate our damages caused by cancellation. Customer service of Frontier at Punta Cana Airport was very poorly organized. An employees of Frontier stationed at Punta Cana Airport were rude, irresponsive and visibly indifferent to plaintiffs travel-related problems and to interruption of plaintiffs international travel.**

**Interrogatory No. 18:** **Have you ever filed any other lawsuits related to physical or emotional injuries? If so, for each lawsuit, state the nature of the injuries claimed, the date on which the alleged injuries were sustained, the description of the circumstances that caused the alleged injuries, the court and caption of the filed**

**lawsuit, the date the lawsuit was filed, and the identity of the defendant against whom the lawsuit was filed.**

    <u>**Response to Interrogatory No. 18**</u>**:**  Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege.  Plaintiffs further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case.  In addition to its General Objections, the Plaintiffs further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **None**.

    <u>**Interrogatory No. 19**</u>:  Have you ever filed any other lawsuits based on the Montreal Convention? If so, for each lawsuit, state the nature of the injuries claimed, the date on which the alleged injuries were sustained, the description of the circumstances that caused the alleged injuries, the court and caption of the filed lawsuit, the date the lawsuit was filed, and the identity of the defendant against whom the lawsuit was filed.

    <u>**Response to Interrogatory No. 19:**</u>  Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege.  Plaintiffs further object to this Interrogatory on the grounds  that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case.  In addition to its General Objections, the Plaintiffs

further object to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **None.**

**Interrogatory No. 20**: **Have you ever been convicted of a felony or a misdemeanor involving dishonesty or false statement? If so, state the nature thereof, the date of the conviction, and the court and the caption in which the conviction occurred. For the purpose of this Interrogatory, a plea of guilty shall be considered as a conviction.**

**Response to Interrogatory No. 20:** Plaintiffs object to this Interrogatory on the grounds of attorney – client and work product privilege. Plaintiffs further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unduly vague and ambiguous, and not calculated to the discovery of admissible evidence, is not reasonably limited in scope by time or subject matter. Plaintiffs specifically object that the information sought is not directed to evidence related to the subject matter of the litigation or the issues of the case. In addition to its General Objections, the Plaintiffs further objects to this Interrogatory on relevancy grounds. Subject to the above-stated objection and without waiving the objection, the Plaintiffs answer as follows: **No. Plaintiffs were never charged or convicted of a misdemeanor involving dishonesty, fraud, false statement or a felony.**

Dated this Response on this 29th day of April 2016.

Plaintiff, Alyona Adler:

BY: _____
       Alyona Adler

Plaintiff, Leonid Adler:


BY: _____
     Leonid Adler



As to objections stated above:
GOROKHOVSKY LAW OFFICES, LLC
Attorneys for Plaintiffs


BY: /s/ Vladimir Gorokhovsky, Esq.
     Vladimir M. Gorokhovsky, LL.M.
     ILND TR. 10994

**P.O. Business Address**:
10919 N. Hedgewood Ln.,
Mequon, WI 53092
 (414)-581-1582 Direct Line


**PROOF OF SERVICE:**

**I the undersigned attorney hereby
certify that on April 29,  2016
I served the within document via
e-mail, and via USPS pursuant to
the Federal  Rules of Civil Procedure
to the defendant's counsel of record as
listed below:**

TO: Brian Maye, Esq.
     Adler Murphy & McQuillen LLP.
     20 S. Clark Street, Suite 2500,
     Chicago, Illinois, IL 60603

**BY:** /s/ Vladimir Gorokhovsky, Esq.
     **Vladimir M. Gorokhovsky, LL.M.**
     **Attorney and Counselor at Law**