

20 South Clark Street, Suite 2500, Chicago, Illinois 60603-1804
Telephone: 312.345.0700   Facsimile: 312.345.9860
www.amm-law.com

Brian T. Maye
312.422.5713
bmaye@amm-law.com

June 9, 2016

**VIA U.S. Mail & E-Mail (*gorlawoffice@yahoo.com*)**

Vladimir M. Gorokhovsky, Esq.
GOROKHOVSKY LAW OFFICE, LLC
10919 North Hedgewood Lane
Mequon, WI  53092

      Re:    *Tarkov, et al. v. Frontier Airlines, Inc.*

Dear Mr. Gorokhovsky:

      We are in receipt of Tarkov Plaintiffs' answers to Frontier's First Set of Interrogatories. The answers, however, are deficient in many respects. We identify the deficiencies as follows:

Interrogatory No 1.    Plaintiffs' answer is unresponsive in that it fails to provide the names of Plaintiffs' current employers. Please provide the information requested.

Interrogatory No 2.    Plaintiffs' answer is unresponsive in that it fails to identify any witnesses who have knowledge of Plaintiffs' alleged damages.  Specifically, Plaintiffs failed to identify witnesses who have knowledge of facts supporting their alleged out-of-pocket expenses and lost earnings claims. Please provide the information requested.

Interrogatory No 3.     Plaintiffs' answer is unresponsive in that it fails to identify specific expenses resulting from the alleged delay. Please provide an itemization of all out-of-pocket expenses incurred, including the exact amount of each out-of-pocket expense, the name and address of the business from which you purchased the goods or services, and the date and time you incurred each expense. Additionally, provide the name and address of the business that was associated with Plaintiffs' alleged lost earnings, and identify the date and time during which Plaintiffs incurred lost earnings.

Interrogatory No 4.    Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.



Vladimir M. Gorokhovsky, Esq.
June 9, 2016
Page 2

Interrogatory No 5. Plaintiffs provide no information regarding how the alleged out-of-pocket expenses were caused by the alleged delays. Further, Plaintiffs provide no information regarding their alleged lost earnings. Please provide specific facts evidencing how their alleged lost earnings were caused by the delays.

Interrogatory No 6. Plaintiffs failed to identify the date and times during which Plaintiffs were unable to work as a result of the delays. Plaintiffs also fail to specifically identify the amount of lost earnings.

Interrogatory No 9. Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.

Interrogatory No 13 Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any specific expenses. Please provide an itemization of all out-of-pocket expenses incurred, including the exact amount of each out-of-pocket expense, the name and address of the business from which you purchased the goods or services, and the date and time you incurred the expense. Additionally, provide the name and address of the business that was associated with Plaintiffs' alleged lost earnings.

Interrogatory No 14. Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.

Interrogatory No 15. Plaintiffs' answer is unresponsive in that it fails to identify any witnesses who have knowledge of Plaintiffs' alleged expenses and economic or monetary losses. Specifically, Plaintiffs failed to identify witnesses who have knowledge of facts supporting their alleged out-of-pocket expenses and lost earnings claims. Please provide the information requested.



Vladimir M. Gorokhovsky, Esq.
June 9, 2016
Page 2

      Regarding Frontier's Requests for Production of Documents served on Tarkov Plaintiffs on March 14, 2016, Plaintiffs have not yet responded. Please provide us with a formal written response.

      If you have any questions or would like to discuss this matter, feel free to give me a call at 312-422-5713. Thank you.

      Very truly yours,

      ADLER MURPHY & McQUILLEN LLP

      Brian T. Maye

BTM:rs

# Adler Murphy & McQuillen LLP

20 South Clark Street, Suite 2500, Chicago, Illinois 60603-1804
Telephone: 312.345.0700   Facsimile: 312.345.9860
www.amm-law.com

Brian T. Maye
312.422.5713
bmaye@amm-law.com

June 9, 2016

**VIA U.S. Mail & E-Mail (*gorlawoffice@yahoo.com*)**

Vladimir M. Gorokhovsky, Esq.
GOROKHOVSKY LAW OFFICE, LLC
10919 North Hedgewood Lane
Mequon, WI  53092

      Re:    *Adler, et al. v. Frontier Airlines, Inc.*

Dear Mr. Gorokhovsky:

      We are in receipt of Adler Plaintiffs' answers to Frontier's First Set of Interrogatories. The answers, however, are deficient in many respects. We identify the deficiencies as follows:

Interrogatory No 1.    Plaintiffs' answer is unresponsive in that it fails to provide the names of Plaintiffs' current employers. Please provide the information requested.

Interrogatory No 2.    Plaintiffs' answer is unresponsive in that it fails to identify any witnesses who have knowledge of Plaintiffs' alleged damages.  Specifically, Plaintiffs failed to identify witnesses who have knowledge of facts supporting their alleged out-of-pocket expenses and lost earnings claims. Please provide the information requested.

Interrogatory No 3.    Plaintiffs' answer is unresponsive in that it fails to identify specific expenses resulting from the alleged delay. Please provide an itemization of all out-of-pocket expenses incurred, including the exact amount of each out-of-pocket expense, the name and address of the business from which you purchased the goods or services, and the date and time you incurred each expense. Additionally, provide the name and address of the business that was associated with Plaintiffs' alleged lost earnings, and identify the date and time during which Plaintiffs incurred lost earnings.

Interrogatory No 4.    Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.



Vladimir M. Gorokhovsky, Esq.
June 9, 2016
Page 2

Interrogatory No 5. Plaintiffs provide no information regarding how the alleged out-of-pocket expenses were caused by the alleged delays. Further, Plaintiffs provide no information regarding their alleged lost earnings. Please provide specific facts evidencing how their alleged lost earnings were caused by the delays.

Interrogatory No 6. Plaintiffs failed to identify the date and times during which Plaintiffs were unable to work as a result of the delays. Plaintiffs also fail to specifically identify the amount of lost earnings.

Interrogatory No 9. Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.

Interrogatory No 13 Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any specific expenses. Please provide an itemization of all out-of-pocket expenses incurred, including the exact amount of each out-of-pocket expense, the name and address of the business from which you purchased the goods or services, and the date and time you incurred the expense. Additionally, provide the name and address of the business that was associated with Plaintiffs' alleged lost earnings.

Interrogatory No 14. Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.

Interrogatory No 15. Plaintiffs' answer is unresponsive in that it fails to identify any witnesses who have knowledge of Plaintiffs' alleged expenses and economic or monetary losses. Specifically, Plaintiffs failed to identify witnesses who have knowledge of facts supporting their alleged out-of-pocket expenses and lost earnings claims. Please provide the information requested.



Vladimir M. Gorokhovsky, Esq.
June 9, 2016
Page 2

      Regarding Frontier's Requests for Production of Documents served on Adler Plaintiffs on March 14, 2016, Plaintiffs have not yet responded. Please provide us with a formal written response.

      If you have any questions or would like to discuss this matter, feel free to give me a call at 312-422-5713. Thank you.

                                Very truly yours,

                                ADLER MURPHY & McQUILLEN LLP

                                Brian T. Maye

BTM:rs