IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, ) <br> on their own behalf and on behalf of minor child ) <br> NICOLE ADLER; and ILYA TARKOV and ) <br> RIMMA TARKOV; on behalf of themselves, and ) <br> all other similarly situated passengers of proposed ) <br> class, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FRONTIER AIRLINES ) <br> ) <br> Defendant. ) | Case No.: 1:15-cv-03430 <br><br> Honorable John J. Tharp, Jr. |

**FRONTIER AIRLINES, INC.'S SUPPLEMENTAL SET OF INTERROGATORIES TO
PLAINTIFFS ILYA AND RIMMA TARKOV**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP, and pursuant to Federal Rules of Civil Procedure 26 and 33, hereby propounds its Supplemental Set of Interrogatories to Plaintiffs ILYA AND RIMMA TARKOV, who are directed to answer each Interrogatory separately, in writing, and under oath, and to serve a copy of their answers within thirty (30) days of service on the attorneys identified below.

**DEFINITIONS**

As used herein, the term(s):

1.  "Incident" means the events and/or circumstances that occurred on October 24, 2015, related to the subject flight or the delay of the subject flight, which is the subject of the Complaint.

2.  Subject flight or flight means Frontier flight 41 taken by Tarkov Plaintiffs on October 24, 2015, from Punta Cana, Dominican Republic to Chicago, Illinois, which is the subject of the Complaint.

3.  "Complaint" means the fourth amended complaint and all amendments thereto filed by Plaintiffs Ilya and Rimma Tarkov pertaining to the Incidents.

4.     "Person" or "persons" means any natural person or any entity including, but not limited to, any corporation, partnership, association, company, estate, business, or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

5.     "You," "your" or "yourself" means Plaintiffs Ilya and Rimma Tarkov, together with any attorneys, agents, or representatives, including, but not limited to, consulting experts or investigators and persons and entities acting on Plaintiffs' behalf or in their interest for any purpose.

6.     "Physician," "medical provider," and "health care professional" include any and all medical doctors, including, but not limited to, internists, surgeons, orthopedists, psychiatrists, anesthesiologists, pathologists, radiologists, gynecologists, urologists, obstetricians, dermatologists, oncologist, pathologists, pediatricians and all other medical specialists and primary care physicians. The terms "physician," "medical provider" and "health care professional" also include all persons who provide examination, consultation, care, service and/or treatment of body or mind, irrespective of whether they are in fact medical doctors, including, but not limited to, chiropractors, psychologists, podiatrists, dentists, counselors, physical therapists, acupuncture specialists, medical personnel, medical assistant, oral hygienists, medical interns, medical residents and nurses.

7.     "Regarding," "relating to" or "related to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

8.     "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, digital or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRIs, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

## INSTRUCTIONS

In construing these Interrogatories, the following instructions shall apply:

1.     Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

2. All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

4. Reference to any specific document, object, tangible thing, or group of persons (e.g., committee, counsel or task force) includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any Interrogatory. Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

5. To the extent that you believe that any of the Interrogatories are objectionable, answer so much of each Interrogatory as is, in your view, not objectionable and separately state the portion of each Interrogatory to which you object and the grounds for your objection.

6. If you are withholding any information from your response to the Interrogatories, please state in your response: (1) that you are withholding information or materials, (2) the Interrogatory to which the information relates, and (3) the privilege(s) asserted.

7. Where the identity of a person is requested, state each person's full name, home address, home telephone number, employer, profession or trade, business address, and business telephone number.

8. Where the identity of a corporation, business, partnership, hospital, medical center, medical provider, clinic, institution or other entity is requested, for each such entity state its full legal name, its popular or "d/b/a" name(s) (if different), its address and its telephone number.

9. Where you are asked to identify documents, for each document state its type (e.g., letter, video tape, memorandum, etc.), its location, and the custodian or bearer of each such document.

10. Unless otherwise indicated, the interrogatories propounded herein refer to the time, place and circumstances of the occurrences and events mentioned, referred to or complained of in the Complaint and any amendments thereto.

## **INTERROGATORIES**

1. Identify all banking, debit card, credit card and/or financial transactions that were made as a result of the Incident.

**ANSWER:**

2. Identify all savings and checking accounts you held at banking institutions, credit accounts, and financial accounts you held from which you withdraw proceeds or were extended credit at the time of the Incident.

**ANSWER:**

3. Identify all documents provided to you by Apple Vacations related to the Incident.

**ANSWER:**

4. Identify all documents related to compensation, discounts, credits, vouchers, payment and/or any consideration or accommodation provided to you by Apple Vacations related to the Incident.

**ANSWER:**

5. Did you receive any compensation, reimbursement, discount, credit, voucher, payment and/or any consideration or accommodation from Apple Vacations related to the Incident? If your answer is in the affirmative identify:

    a. The compensation, reimbursement, discount, credit, voucher, payment, consideration or accommodation your received from Frontier and/or Apple Vacations as a result of the Incident;
    b. The amount or value of what you received;
    c. The specific date(s) on which you received the compensation, discount, credit, voucher, payment, consideration or accommodation.

**ANSWER:**

Dated: September 16, 2016            Respectfully submitted,

                                   /s/ Matthew S. Dowling
                                   Matthew S. Dowling
                                   Adler Murphy & McQuillen LLP
                                   20 S. Clark Street, Suite 2500
                                   Chicago, Illinois 60603
                                   Telephone: (312) 422-5713
                                   mdowling@amm-law.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on September 16, 2016.

        Counsel for Plaintiffs
        Gorokhovsky Law Office, LLC
        10919 N. Hedgewood Ln., Mequon, WI 53092
        (414)-581-1582


        /s/ Matthew S. Dowling
        Matthew S. Dowling

Case: 1:15-cv-03430 Document #: 52-7 Filed: 05/19/17 Page 6 of 20 PageID #:1016

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE ADLER; and ILYA TARKOV and RIMMA TARKOV; on behalf of themselves, and all other similarly situated passengers of proposed class, <br><br>  Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES <br><br>  Defendant. | Case No.: 1:15-cv-03430 <br><br> Honorable John J. Tharp, Jr. |

### FRONTIER AIRLINES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS ILYA AND RIMMA TARKOV

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP, and pursuant to Federal Rules of Civil Procedure 26 and 34, hereby propounds its Second Set of Requests for Production of Documents to Plaintiffs ILYA AND RIMMA TARKOV, who are directed to respond to each Request separately, in writing, and to serve a copy of their responses within thirty (30) days of service on the attorneys identified below.

### DEFINITIONS

As used herein, the term(s):

1. "Incidents" means the events and/or circumstances that occurred on March 28, 2015 and March 29, 2015 related to the subject flights and any cancelation or delay of the subject flights, which are the subject of the Complaint.

2. Subject flights or flights means the Frontier flights scheduled to depart on March 28, 2015 and March 29, 2015 from Punta Cana, Dominican Republic going to Chicago, Illinois, which are the subject of the Complaint.

3. "Complaint" means the fourth amended complaint and all amendments thereto filed by Plaintiffs Ilya and Rimma Tarkov pertaining to the Incidents.

4. "Person" or "persons" means any natural person or any entity including, but not limited to, any corporation, partnership, association, company, estate, business, or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

5. "You," "your" or "yourself" means Plaintiffs Ilya and Rimma Tarkov, together with any attorneys, agents, or representatives, including, but not limited to, consulting experts or investigators and persons and entities acting on Plaintiffs' behalf or in their interest for any purpose.

6. "Physician," "medical provider," and "health care professional" include any and all medical doctors, including, but not limited to, internists, surgeons, orthopedists, psychiatrists, anesthesiologists, pathologists, radiologists, gynecologists, urologists, obstetricians, dermatologists, oncologist, pathologists, pediatricians and all other medical specialists and primary care physicians. The terms "physician," "medical provider" and "health care professional" also include all persons who provide examination, consultation, care, service and/or treatment of body or mind, irrespective of whether they are in fact medical doctors, including, but not limited to, chiropractors, psychologists, podiatrists, dentists, counselors, physical therapists, acupuncture specialists, medical personnel, medical assistant, oral hygienists, medical interns, medical residents and nurses.

7. "Regarding," "relating to" or "related to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

8. "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, digital or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRIs, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

## **INSTRUCTIONS**

In construing the Requests for Production, the following instructions shall apply:

1. Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

2. All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these requests any information and documents which might otherwise be construed to be outside their scope.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production any information which might otherwise be construed to be outside their scope.

4. Reference to any specific document, object, tangible thing, or group of persons (e.g., committee, counsel or task force) includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any Request. Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

5. To the extent that you believe that any of the Requests for Production are objectionable, answer so much of each Request as is, in your view, not objectionable and separately state the portion of each Request for Production to which you object and the grounds for your objection.

6. If you are withholding any information, documents, or tangible things from your response to the Requests for Production, please state in your response: (1) that you are withholding information or materials, (2) the Request to which the information or material relates, and (3) the privilege(s) asserted.

## REQUESTS FOR PRODUCTION TO TARKOV PLAINTIFFS

1. All bank statements, credit card statements and/or other financial statements showing cash withdrawals, purchases and/or financial transactions that were made necessary as a result of the Incident.

**RESPONSE:**

2. Any and all documents provided to you by Apple Vacations related to the Incident.

**RESPONSE:**

3. All monthly statements covering the period January 14, 2016 through January 29, 2016 for all savings and checking accounts you hold at any banking institution.

**RESPONSE:**

4. All monthly statements covering the period January 14, 2016 through January 29, 2016 for all credit card accounts you hold.

**RESPONSE:**

3

5. All monthly statements covering the period January 14, 2016 through January 29, 2016 for all financial accounts you hold from which you withdraw proceeds or are extended credit.

**RESPONSE:**

6. All documents related to compensation, discounts, credits, vouchers, payment and/or any consideration or accommodation provided to you by Apple Vacations related to the Incident.

**RESPONSE:**

Dated: September 16, 2016　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/ Matthew S. Dowling
　　　　　　　　　　　　　　　　　　　　Matthew S. Dowling
　　　　　　　　　　　　　　　　　　　　Adler Murphy & McQuillen LLP
　　　　　　　　　　　　　　　　　　　　20 S. Clark Street, Suite 2500
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　Telephone: (312) 422-5713
　　　　　　　　　　　　　　　　　　　　mdowling@amm-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on September 16, 2016.

Counsel for Plaintiffs
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln., Mequon, WI 53092
(414)-581-1582

/s/ Matthew S. Dowling
Matthew S. Dowling

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ALYONA ADLER and LEONID ADLER, )
on their own behalf and on behalf of minor child )
NICOLE ADLER; and ILYA TARKOV and ) Case No.: 1:15-cv-03430
RIMMA TARKOV; on behalf of themselves, and )
all other similarly situated passengers of proposed )
class, )
 )
                                                  ) Honorable John J. Tharp, Jr.
                         Plaintiffs, )
 )
v. )
 )
FRONTIER AIRLINES )
 )
                         Defendant. )

**FRONTIER AIRLINES, INC.'S SUPPLEMENTAL SET OF INTERROGATORIES TO
PLAINTIFFS ALYONA, LEONID AND NICOLE ADLER**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP, and pursuant to Federal Rules of Civil Procedure 26 and 33, hereby propounds its Supplemental Set of Interrogatories to Plaintiffs ALYONA, LEONID AND NICOLE ADLER, who are directed to answer each Interrogatory separately, in writing, and under oath, and to serve a copy of their answers within thirty (30) days of service on the attorneys identified below.

**DEFINITIONS**

As used herein, the term(s):

     1.    "Incident" means the events and/or circumstances that occurred on October 24, 2015, related to the subject flight or the delay of the subject flight, which is the subject of the Complaint.

     2.    Subject flight or flight means Frontier flight 41 taken by Adler Plaintiffs on October 24, 2015, from Punta Cana, Dominican Republic to Chicago, Illinois, which is the subject of the Complaint.

     3.    "Complaint" means the fourth amended complaint and all amendments thereto filed by Plaintiffs Alyona, Leonid Adler and Nicole Adler pertaining to the Incident.

4. "Person" or "persons" means any natural person or any entity including, but not limited to, any corporation, partnership, association, company, estate, business, or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

5. "You," "your" or "yourself" means Plaintiffs Alyona and Leonid Adler, on their own behalf and on behalf of minor child Nicole Adler, together with any attorneys, agents, or representatives, including, but not limited to, consulting experts or investigators and persons and entities acting on Plaintiffs' behalf or in their interest for any purpose.

6. "Physician," "medical provider," and "health care professional" include any and all medical doctors, including, but not limited to, internists, surgeons, orthopedists, psychiatrists, anesthesiologists, pathologists, radiologists, gynecologists, urologists, obstetricians, dermatologists, oncologist, pathologists, pediatricians and all other medical specialists and primary care physicians. The terms "physician," "medical provider" and "health care professional" also include all persons who provide examination, consultation, care, service and/or treatment of body or mind, irrespective of whether they are in fact medical doctors, including, but not limited to, chiropractors, psychologists, podiatrists, dentists, counselors, physical therapists, acupuncture specialists, medical personnel, medical assistant, oral hygienists, medical interns, medical residents and nurses.

7. "Regarding," "relating to" or "related to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

8. "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, digital or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRIs, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

## INSTRUCTIONS

In construing these Interrogatories, the following instructions shall apply:

1. Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

2. All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

4. Reference to any specific document, object, tangible thing, or group of persons (e.g., committee, counsel or task force) includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any Interrogatory. Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

5. To the extent that you believe that any of the Interrogatories are objectionable, answer so much of each Interrogatory as is, in your view, not objectionable and separately state the portion of each Interrogatory to which you object and the grounds for your objection.

6. If you are withholding any information from your response to the Interrogatories, please state in your response: (1) that you are withholding information or materials, (2) the Interrogatory to which the information relates, and (3) the privilege(s) asserted.

7. Where the identity of a person is requested, state each person's full name, home address, home telephone number, employer, profession or trade, business address, and business telephone number.

8. Where the identity of a corporation, business, partnership, hospital, medical center, medical provider, clinic, institution or other entity is requested, for each such entity state its full legal name, its popular or "d/b/a" name(s) (if different), its address and its telephone number.

9. Where you are asked to identify documents, for each document state its type (e.g., letter, video tape, memorandum, etc.), its location, and the custodian or bearer of each such document.

10. Unless otherwise indicated, the interrogatories propounded herein refer to the time, place and circumstances of the occurrences and events mentioned, referred to or complained of in the Complaint and any amendments thereto.

## INTERROGATORIES

1. Identify all banking, debit card, credit card and/or financial transactions that were made as a result of the Incident.

**ANSWER:**

    2.    Identify all savings and checking accounts you held at banking institutions, credit accounts, and financial accounts you held from which you withdraw proceeds or were extended credit at the time of the Incident.

**ANSWER:**

    3.    Identify all documents provided to you by Apple Vacations related to the Incident.

**ANSWER:**

    4.    Identify all documents related to compensation, discounts, credits, vouchers, payment and/or any consideration or accommodation provided to you by Apple Vacations related to the Incident.

**ANSWER:**

    5.    Did you receive any compensation, reimbursement, discount, credit, voucher, payment and/or any consideration or accommodation from Apple Vacations related to the Incident? If your answer is in the affirmative identify:

    a. The compensation, reimbursement, discount, credit, voucher, payment, consideration or accommodation your received from Frontier and/or Apple Vacations as a result of the Incident;
    b. The amount or value of what you received;
    c. The specific date(s) on which you received the compensation, discount, credit, voucher, payment, consideration or accommodation.

**ANSWER:**

Dated: September 16, 2016             Respectfully submitted,

                                          /s/ Matthew S. Dowling
                                          Matthew S. Dowling
                                          Adler Murphy & McQuillen LLP
                                          20 S. Clark Street, Suite 2500
                                          Chicago, Illinois 60603
                                          Telephone: (312) 422-5713
                                          mdowling@amm-law.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on September 16, 2016.

        Counsel for Plaintiffs
        Gorokhovsky Law Office, LLC
        10919 N. Hedgewood Ln., Mequon, WI 53092
        (414)-581-1582


        /s/ Matthew S. Dowling
        Matthew S. Dowling

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE ADLER; and ILYA TARKOV and RIMMA TARKOV; on behalf of themselves, and all other similarly situated passengers of proposed class, <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES <br><br> Defendant. | Case No.: 1:15-cv-03430 <br><br> Honorable John J. Tharp, Jr. |

**FRONTIER AIRLINES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS ALYONA, LEONID AND NICOLE ADLER**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP, and pursuant to Federal Rules of Civil Procedure 26 and 34, hereby propounds its Second Set of Requests for Production of Documents to Plaintiffs ALYONA, LEONID AND NICOLE ADLER, who are directed to respond to each Request separately, in writing, and to serve a copy of their responses within thirty (30) days of service on the attorneys identified below.

## DEFINITIONS

As used herein, the term(s):

1. "Incident" means the events, circumstances and/or delay alleged to have occurred on October 24, 2015, related to Adler Plaintiffs' travel from Punta Cana, Dominican Republic to Chicago, Illinois on Frontier flight 41, which is the subject of your Complaint.

2. "Complaint" means the fourth amended complaint and all amendments thereto filed by Plaintiffs Alyona, Leonid Adler and Nicole Adler pertaining to the Incident.

3. "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, digital or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRIs, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

4. "Person" or "persons" means any natural person or any entity including, but not limited to, any corporation, partnership, association, company, estate, business, or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

5. "You," "your" or "yourself" means Plaintiffs Alyona and Leonid Adler, on their own behalf and on behalf of minor child Nicole Adler, together with any attorneys, agents, or representatives, including, but not limited to, consulting experts or investigators and persons and entities acting on Plaintiff's behalf or in her interest for any purpose.

6. "Physician," "medical provider," and "health care professional" include any and all medical doctors, including, but not limited to, internists, surgeons, orthopedists, psychiatrists, anesthesiologists, pathologists, radiologists, gynecologists, urologists, obstetricians, dermatologists, oncologist, pathologists, pediatricians and all other medical specialists and primary care physicians. The terms "physician," "medical provider" and "health care professional" also include all persons who provide examination, consultation, care, service and/or treatment of body or mind, irrespective of whether they are in fact medical doctors, including, but not limited to, chiropractors, psychologists, podiatrists, dentists, counselors, physical therapists, acupuncture specialists, medical personnel, medical assistant, oral hygienists, medical interns, medical residents and nurses.

7. "Regarding," "relating to" or "related to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

8. Subject flight or flight means the flight taken by Plaintiffs on October 24, 2015, from Punta Cana, Dominican Republic to Chicago, Illinois on Frontier flight 41, which is the subject of your Complaint.

## INSTRUCTIONS

In construing the Requests for Production, the following instructions shall apply:

1. Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

2. All words or phrases shall be construed as either singular, plural, masculine, feminine, or neuter as necessary to bring within the scope of these requests any information and documents which might otherwise be construed to be outside their scope.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production any information which might otherwise be construed to be outside their scope.

4. Reference to any specific document, object, tangible thing, or group of persons includes all predecessor and successor documents, objects, tangible things or groups of persons which are substantially similar to the specific document, object, tangible thing, or group of persons identified in any Request. Reference to any corporation or other business organization includes all predecessor or successor corporations or organizations.

5. To the extent that you believe that any of the Requests for Production are objectionable, answer so much of each Request as is not objectionable and separately state the portion of each Request for Production to which you object and the grounds for your objection.

6. If you are withholding any information, documents, or tangible things from your response to the Requests for Production, please state in your response: (1) that you are withholding information or materials, (2) the Request to which the information or material relates, and (3) the privilege(s) asserted.

## REQUESTS FOR PRODUCTION TO ADLER PLAINTIFFS

1. All bank statements, credit card statements and/or other financial statements showing cash withdrawals, purchases and/or financial transactions that were made necessary as a result of the Incident.

**RESPONSE:**

2. Any and all documents provided to you by Apple Vacations related to the Incident.

**RESPONSE:**

3. All monthly statements covering the period January 14, 2016 through January 29, 2016 for all savings and checking accounts you hold at any banking institution.

**RESPONSE:**

4. All monthly statements covering the period January 14, 2016 through January 29, 2016 for all credit card accounts you hold.

**RESPONSE:**

5. All monthly statements covering the period January 14, 2016 through January 29, 2016 for all financial accounts you hold from which you withdraw proceeds or are extended credit.

**RESPONSE:**

6. All documents related to compensation, discounts, credits, vouchers, payment and/or any consideration or accommodation provided to you by Apple Vacations related to the Incident.

**RESPONSE:**

Dated: September 16, 2016                Respectfully submitted,


    /s/ Matthew S. Dowling
Matthew S. Dowling
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
mdowling@amm-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on September 16, 2016.

Counsel for Plaintiffs
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln., Mequon, WI 53092
(414)-581-1582


/s/ Matthew S. Dowling
Matthew S. Dowling