

20 South Clark Street, Suite 2500, Chicago, Illinois 60603-1804
Telephone: 312.345.0700   Facsimile: 312.345.9860
www.amm-law.com

Brian T. Maye
312.422.5713
bmaye@amm-law.com

October 13, 2016

**VIA U.S. Mail & E-Mail (gorlawoffice@yahoo.com)**
Vladimir M. Gorokhovsky, Esq.
GOROKHOVSKY LAW OFFICE, LLC
10919 North Hedgewood Lane
Mequon, WI 53092

  Re: *Tarkov, et al. v. Frontier Airlines, Inc.*

Dear Mr. Gorokhovsky:

  On April 29, 2016, Tarkov Plaintiffs responded to Frontier Airlines' First Set of Interrogatories. Many of the responses, however, were deficient. Therefore, in a June 9, 2016 correspondence, we specifically identified responses that we deemed inadequate and requested that Plaintiffs supplement their answers. To date, we have not received any further responses. Additionally, Plaintiffs still have not formally responded to Frontier's First Set of Requests for Production of Documents served on March 14, 2016, nor have Plaintiffs produced any documents to support their claims against Frontier. Accordingly, we respectfully request that Plaintiffs supplement their answers to Frontier Airlines' First Set of Interrogatories to remedy the deficiencies identified below. We also request that Plaintiffs formally respond to Frontier's First Set of Requests for Production of Documents. Finally, please provide us with signed answers to Frontier's First Set of Interrogatories.

**Deficiencies in Plaintiffs' Answers to Frontier's First Set of Interrogatories:**

Interrogatory No 2. Plaintiffs' answer is unresponsive in that it fails to identify any witnesses who have knowledge of Plaintiffs' alleged damages. Specifically, Plaintiffs failed to identify witnesses who have knowledge of facts supporting their alleged out-of-pocket expenses and lost earnings claims. Passengers on the subject flight and Frontier employees would have no knowledge about Plaintiffs' out-of-pocket expenses or lost earnings.

Interrogatory No 3. Plaintiffs' answer is unresponsive in that it fails to identify specific expenses resulting from the alleged delay. Please provide an itemization of all out-of-pocket expenses incurred, including the exact amount of each out-of-pocket expense, the name and address of the business from which you purchased the goods or services, and the date and time you incurred each expense. Additionally, please provide the date and time during which

EXHIBIT I



Vladimir M. Gorokhovsky, Esq.
October 13, 2016
Page 2

Plaintiffs incurred their alleged lost earnings, and provide the specific amount of their alleged lost earnings.

Interrogatory No 4. Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, credit card statements, bank statements, financial statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.

Interrogatory No 5. Plaintiffs provide no information regarding how the alleged out-of-pocket expenses were caused by the alleged delays. Further, Plaintiffs provide no information regarding their alleged lost earnings. Please provide specific facts evidencing how their alleged lost earnings were caused by the delays.

Interrogatory No 6. Plaintiffs failed to identify the date and times during which Plaintiffs were unable to work as a result of the delays. Plaintiffs also fail to specifically identify the amount of lost earnings.

Interrogatory No 9. Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, credit card statements, bank statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.

Interrogatory No 13 Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any specific expenses. Please provide an itemization of all out-of-pocket expenses incurred, including the exact amount of each out-of-pocket expense, the name and address of the business from which you purchased the goods or services, and the date and time you incurred the expense. Additionally, provide the name and address of the business that was associated with Plaintiffs' alleged lost earnings.

Interrogatory No 14. Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.



Vladimir M. Gorokhovsky, Esq.
October 13, 2016
Page 3

Interrogatory No 15. Plaintiffs' answer is unresponsive in that it fails to identify any witnesses who have knowledge of Plaintiffs' alleged expenses and economic or monetary losses. Specifically, Plaintiffs failed to identify witnesses who have knowledge of facts supporting their alleged out-of-pocket expenses and lost earnings claims. Passengers on the subject flight would have no knowledge about Plaintiffs' out-of-pocket expenses or lost earnings.

    If you have any questions or would like to discuss this matter further, please contact me at 312-422-5713. Thank you.

                    Very truly yours,

                    ADLER MURPHY & McQUILLEN LLP

                    Brian T. Maye

BTM:rs



20 South Clark Street, Suite 2500, Chicago, Illinois 60603-1804
Telephone: 312.345.0700   Facsimile: 312.345.9860
www.amm-law.com

Brian T. Maye
312.422.5713
bmaye@amm-law.com

October 13, 2016

**VIA U.S. Mail & E-Mail (*gorlawoffice@yahoo.com*)**
Vladimir M. Gorokhovsky, Esq.
GOROKHOVSKY LAW OFFICE, LLC
10919 North Hedgewood Lane
Mequon, WI 53092

      Re:    *Adler, et al. v. Frontier Airlines, Inc.*

Dear Mr. Gorokhovsky:

      On April 29, 2016, Adler Plaintiffs responded to Frontier Airlines' First Set of Interrogatories. Many of the responses, however, were deficient. Therefore, in a June 9, 2016 correspondence, we specifically identified responses that we deemed inadequate and requested that Plaintiffs supplement their answers. To date, we have not received any further responses. Additionally, Plaintiffs still have not formally responded to Frontier's First Set of Requests for Production of Documents served on March 14, 2016, nor have Plaintiffs produced any documents to support their claims against Frontier. Accordingly, we respectfully request that Plaintiffs supplement their answers to Frontier Airlines' First Set of Interrogatories to remedy the deficiencies identified below. We also request that Plaintiffs formally respond to Frontier's First Set of Requests for Production of Documents. Finally, please provide us with signed answers to Frontier's First Set of Interrogatories.

**Deficiencies in Plaintiffs' Answers to Frontier's First Set of Interrogatories:**

Interrogatory No 2.   Plaintiffs' answer is unresponsive in that it fails to identify any witnesses who have knowledge of Plaintiffs' alleged damages. Specifically, Plaintiffs failed to identify witnesses who have knowledge of facts supporting their alleged out-of-pocket expenses and lost earnings claims. Passengers on the subject flight and Frontier employees would have no knowledge about Plaintiffs' out-of-pocket expenses or lost earnings.

Interrogatory No 3.   Plaintiffs' answer is unresponsive in that it fails to identify specific expenses resulting from the alleged delay. Please provide an itemization of all out-of-pocket expenses incurred, including the exact amount of each out-of-pocket expense, the name and address of the business from which you purchased the goods or services, and the date and time you incurred each expense. Additionally, please provide the date and time during which



Vladimir M. Gorokhovsky, Esq.
October 13, 2016
Page 2

Plaintiffs incurred their alleged lost earnings, and provide the specific amount of their alleged lost earnings.

Interrogatory No 4.    Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, credit card statements, bank statements, financial statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.

Interrogatory No 5.    Plaintiffs provide no information regarding how the alleged out-of-pocket expenses were caused by the alleged delays. Further, Plaintiffs provide no information regarding their alleged lost earnings. Please provide specific facts evidencing how their alleged lost earnings were caused by the delays.

Interrogatory No 6.    Plaintiffs failed to identify the date and times during which Plaintiffs were unable to work as a result of the delays. Plaintiffs also fail to specifically identify the amount of lost earnings.

Interrogatory No 9.    Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, credit card statements, bank statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.

Interrogatory No 13    Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any specific expenses.  Please provide an itemization of all out-of-pocket expenses incurred, including the exact amount of each out-of-pocket expense, the name and address of the business from which you purchased the goods or services, and the date and time you incurred the expense. Additionally, provide the name and address of the business that was associated with Plaintiffs' alleged lost earnings.

Interrogatory No 14.    Plaintiffs' answer was unresponsive in that it states "See answer to Interrogatory No. 3. Plaintiffs' answer to Interrogatory No. 3, however, does not identify any documents. Please identify documents associated with the out-of-pocket expenses allegedly incurred, including the description of any receipts, invoices, statements, employment pay stubs, tax returns or any other document to substantiate that Plaintiffs incurred losses associated with the delays.



Vladimir M. Gorokhovsky, Esq.
October 13, 2016
Page 3

Interrogatory No 15. Plaintiffs' answer is unresponsive in that it fails to identify any witnesses who have knowledge of Plaintiffs' alleged expenses and economic or monetary losses. Specifically, Plaintiffs failed to identify witnesses who have knowledge of facts supporting their alleged out-of-pocket expenses and lost earnings claims. Passengers on the subject flight would have no knowledge about Plaintiffs' out-of-pocket expenses or lost earnings.

      If you have any questions or would like to discuss this matter further, please contact me at 312-422-5713. Thank you.

      Very truly yours,

      ADLER MURPHY & McQUILLEN LLP

      Brian T. Maye

BTM:rs