IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE ADLER; and ILYA TARKOV and RIMMA TARKOV; on behalf of themselves, and all other similarly situated passengers of proposed class, | Case No.: 1:15-cv-03430 |
| Plaintiffs, | Honorable John J. Tharp, Jr. |
| v. | |
| FRONTIER AIRLINES | |
| Defendant. | |

**DEFENDANT FRONTIER AIRLINES, INC.'S
REQUESTS FOR ADMISSION TO TARKOV PLAINTIFFS**

To: *Plaintiffs, Rimma and Ilya Tarkov*
c/o, Vladimir Gorokhovsky, Esq.
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln.,
Mequon, WI 53092

NOW COMES Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, pursuant to Rule 36 of the Federal Rules of Civil Procedure and all other applicable rules and case law, and hereby propounds the following Requests for Admissions ("Requests") to Plaintiffs Ilya and Rimma Tarkov (hereinafter "Plaintiffs"). The parties so identified are directed to serve a copy of the responses within thirty (30) days of service on the attorneys identified below.

**DEFINITIONS**

As used herein, the term(s):

1. "Incidents" means the events and/or circumstances that occurred on March 28, 2015 and March 29, 2015 related to the subject flights and any cancelation or delay of the subject flights, which are the subject of the Complaint.

1

2. Subject flights or flights means the Frontier flights scheduled to depart on March 28, 2015 and March 29, 2015 from Punta Cana, Dominican Republic going to Chicago, Illinois, which are the subject of the Complaint.

3. "Complaint" means the Complaint and all amendments thereto filed by Plaintiffs pertaining to the Incident.

## REQUESTS TO ADMIT FACTS

1. Plaintiff Ilya Tarkov incurred a hotel expense totaling no more than $115 as a result of the Incident.

2. Plaintiff Rimma Tarkov incurred a hotel expense totaling no more than $115 as a result of the Incident.

3. Plaintiff Ilya Tarkov did **not** incur loss of earnings, separate and distinct from Plaintiff Rimma Tarkov, as a result of the Incident.

4. Plaintiff Rimma Tarkov did **not** incur loss of earnings, separate and distinct from Plaintiff Ilya Tarkov, as a result of the Incident.

5. Plaintiff Ilya Tarkov did **not** incur international telecommunication expenses, separate and distinct from Plaintiff Rimma Tarkov, as a result of the Incident.

6. Plaintiff Rimma Tarkov did **not** incur international telecommunication expenses, separate and distinct from Plaintiff Ilya Tarkov, as a result of the Incident.

7. Plaintiffs Ilya and Rimma Tarkov collectively incurred a transportation expense of $35 in Punta Cana, DR as a result of the Incident.

8. Plaintiffs Ilya and Rimma Tarkov did **not** incur transportation expenses related to the Incident other than $35 in Punta Cana, DR.

9. As a result of the Incident, Plaintiffs Ilya and Rimma Tarkov incurred food, meal and beverage expenses only between 10:30 a.m. and 11:50 a.m. (local time) on March 29, 2015 at the Punta Cana Airport.

10. Plaintiffs Ilya and Rimma Tarkov did not incur food, meal and beverage expenses as a result of the Incident other than those incurred between 10:30 a.m. and 11:50 a.m. (local time) on March 29, 2015 at the Punta Cana Airport.

11. Plaintiff Ilya Tarkov did **not** incur medical expenses, separate and distinct from Plaintiff Rimma Tarkov, as a result of the Incident.

12. Plaintiff Rimma Tarkov did **not** incur medical expenses, separate and distinct from Plaintiff Ilya Tarkov, as a result of the Incident.

13. Plaintiffs did <u>not</u> suffer any losses or damages as a result of not attending the symphony or a theatrical performance on March 29, 2015.

14. Total expenses incurred by Plaintiffs as a result of the Incident, <u>not</u> including loss of earnings, does <u>not</u> exceed $315.

15. Total expenses incurred by Plaintiffs as a result of the Incident, not including loss of earnings, does not exceed $365.

16. Total expenses incurred by Plaintiffs as a result of the Incident, <u>not</u> including loss of earnings, does <u>not</u> exceed $470.

17. Total expenses incurred by Plaintiffs as a result of the Incident, <u>not</u> including loss of earnings, does <u>not</u> exceed $1,215.

18. Rimma Tarkov received a $75 voucher (a credit to be used for future travel) from Apple Vacations following the Incident.

19. Ilya Tarkov received a $75 voucher (a credit to be used for future travel) from Apple Vacations following the Incident.

Dated: January 24, 2017			Respectfully submitted,

_____
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on January 24, 2017.

                Counsel for Plaintiffs
                Gorokhovsky Law Office, LLC
                10919 N. Hedgewood Ln., Mequon, WI 53092
                (414)-581-1582

                _____
                Brian T. Maye

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALYONA ADLER, *ET AL.* | ) | Case No.: 1:15-cv-03430 |
| | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES | ) | |
| | ) | |
| Defendant. | ) | |

### FRONTIER AIRLINES, INC.'S THIRD SET OF INTERROGATORIES TO PLAINTIFFS ILYA AND RIMMA TARKOV

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 33, hereby propounds its Third Set of Interrogatories to Plaintiffs ILYA AND RIMMA TARKOV, who are directed to answer each Interrogatory separately, in writing, and under oath, and to serve a copy of their answers within thirty (30) days of service on the attorneys identified below.

### INTERROGATORIES

1. For every request to admit that you deny, provide a detailed factual basis for your denial of same.

**ANSWER:**

Dated: January 24, 2017

Respectfully submitted,

_____
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

1

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on January 24, 2017.

      Counsel for Plaintiffs
      Gorokhovsky Law Office, LLC
      10919 N. Hedgewood Ln., Mequon, WI 53092
      (414)-581-1582

      _____
      Brian T. Maye

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE ADLER; and ILYA TARKOV and RIMMA TARKOV; on behalf of themselves, and all other similarly situated passengers of proposed class, <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES <br><br> Defendant. | Case No.: 1:15-cv-03430 <br><br> Honorable John J. Tharp, Jr. |

## DEFENDANT FRONTIER AIRLINES, INC.'S
## REQUESTS FOR ADMISSION TO ADLER PLAINTIFFS

To:   *Plaintiffs, Alyona, Leonid Adler and Nicole Adler*
      c/o, Vladimir Gorokhovsky, Esq.
      Gorokhovsky Law Office, LLC
      10919 N. Hedgewood Ln.,
      Mequon, WI 53092

NOW COMES Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, pursuant to Rule 36 of the Federal Rules of Civil Procedure and all other applicable rules and case law, and hereby propounds the following Requests for Admissions ("Requests") to Plaintiffs Alyona, Leonid and Nicole Adler (hereinafter "Plaintiffs"). The parties so identified are directed to serve a copy of the responses within thirty (30) days of service on the attorneys identified below.

## DEFINITIONS

As used herein, the term(s):

1.   "Incident" means the events and/or circumstances that occurred on October 24, 2015, related to the subject flight or the delay of the subject flight, which is the subject of the Complaint and all amendments thereto.

1

2. Subject flight or flight means Frontier flight 41 taken by Adler Plaintiffs on October 24, 2015, from Punta Cana, Dominican Republic to Chicago, Illinois, which is the subject of the Complaint and all amendments thereto.

3. "Complaint" means the Complaint and all amendments thereto filed by Plaintiffs pertaining to the Incident.

**REQUESTS TO ADMIT FACTS**

1. Plaintiff Alyona Adler did <u>not</u> incur hotel, lodging or housing expenses, separate and distinct from other plaintiffs, as a result of the Incident.

2. Plaintiff Leonid Adler did <u>not</u> incur hotel, lodging or housing expenses, separate and distinct from other plaintiffs, as a result of the Incident.

3. Plaintiff Nicole Adler did <u>not</u> incur hotel, lodging or housing expenses, separate and distinct from other plaintiffs, as a result of the Incident.

4. Plaintiff Alyona Adler did <u>not</u> incur loss of earnings, separate and distinct from other plaintiffs, as a result of the Incident.

5. Plaintiff Leonid Adler did <u>not</u> incur loss of earnings, separate and distinct from other plaintiffs, as a result of the Incident.

6. Plaintiff Nicole Adler did <u>not</u> incur loss of earnings, separate and distinct from other plaintiffs, as a result of the Incident.

7. Plaintiff Alyona Adler did <u>not</u> incur international telecommunication expenses, separate and distinct from other plaintiffs, as a result of the Incident.

8. Plaintiff Leonid Adler did <u>not</u> incur international telecommunication expenses, separate and distinct from other plaintiffs, as a result of the Incident.

9. Plaintiff Nicole Adler did <u>not</u> incur international telecommunication expenses, separate and distinct from other plaintiffs, as a result of the Incident.

10. Plaintiff Alyona Adler did <u>not</u> incur transportation expenses, separate and distinct from other plaintiffs, as a result of the Incident.

11. Plaintiff Leonid Adler did <u>not</u> incur transportation expenses, separate and distinct from other plaintiffs, as a result of the Incident.

12. Plaintiff Nicole Adler did <u>not</u> incur transportation expenses, separate and distinct from other plaintiffs, as a result of the Incident.

13. Plaintiff Alyona Adler did <u>not</u> incur food, meal or beverage expenses, separate and distinct from other plaintiffs, as a result of the Incident.

14. Plaintiff Leonid Adler did <u>not</u> incur food, meal or beverage expenses, separate and distinct from other plaintiffs, as a result of the Incident.

15. Plaintiff Nicole Adler did <u>not</u> incur food, meal or beverage expenses, separate and distinct from other plaintiffs, as a result of the Incident.

16. Plaintiff Alyona Adler did <u>not</u> incur medical expenses, separate and distinct from other plaintiffs, as a result of the Incident.

17. Plaintiff Leonid Adler did <u>not</u> incur medical expenses, separate and distinct from other plaintiffs, as a result of the Incident.

18. Plaintiff Nicole Adler did <u>not</u> incur medical expenses, separate and distinct from other plaintiffs, as a result of the Incident.

19. Plaintiffs did <u>not</u> incur expenses for "missed pre-scheduled and pre-paid important family reunion" as a result of the Incident.

20. Plaintiffs did <u>not</u> incur any expenses as a result of the Incident.

21. Total expenses incurred by Plaintiffs as a result of the Incident, <u>not</u> including loss of earnings, does <u>not</u> exceed $285.

22. Total expenses incurred by Plaintiffs as a result of the Incident, <u>not</u> including loss of earnings, does <u>not</u> exceed $670.

23. The delay of the departure of Plaintiffs' flight, Frontier flight 41, Punta Cana, Dominican Republic to Chicago, Illinois on October 24, 2015 did not exceed ninety (90) minutes.

Dated: January 24, 2017                Respectfully submitted,

_[signature]_

_____
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

3

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on January 24, 2017.

      Counsel for Plaintiffs
      Gorokhovsky Law Office, LLC
      10919 N. Hedgewood Ln., Mequon, WI 53092
      (414)-581-1582

      _____
      Brian T. Maye

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALYONA ADLER, *ET AL.* | ) | Case No.: 1:15-cv-03430 |
| | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES | ) | |
| | ) | |
| Defendant. | ) | |

**FRONTIER AIRLINES, INC.'S THIRD SET OF INTERROGATORIES TO
PLAINTIFFS ALYONA, LEONID AND NICOLE ADLER**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 33, hereby propounds its Third Set of Interrogatories to Plaintiffs ALYONA, LEONID AND NICOLE ADLER, who are directed to answer each Interrogatory separately, in writing, and under oath, and to serve a copy of their answers within thirty (30) days of service on the attorneys identified below.

**INTERROGATORIES**

1. For every request to admit that you deny, provide a detailed factual basis for your denial of same.

**ANSWER:**

Dated: January 24, 2017                    Respectfully submitted,

_____
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

1

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on January 24, 2017.

                Counsel for Plaintiffs
                Gorokhovsky Law Office, LLC
                10919 N. Hedgewood Ln., Mequon, WI 53092
                (414)-581-1582

                _____
                Brian T. Maye