**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ILYA TARKOV,** *et. al* | **Case No. <u>2015-CV-3430</u>** |
| **individually and on behalf of** | |
| **themselves and all others** | |
| **similarly situated members of** | |
| **proposed Class of passengers,** | |
| **Plaintiffs,** | |
| **and** | **HON. JOHN J. THARP, JR.** |
| **FRONTIER AIRLINES INC.,** | |
| **Defendant** | |

**MOTION FOR ORDER TO COMPEL DISCOVERY PURSUANT TO RULE 37**
**OF FEDERAL RULES OF CIVIL PROCEDURE**

**NOW COMES** the above-named Plaintiffs by their counsel of record, Attorney

Vladimir M. Gorokhovsky of Gorokhovsky Law Offices LLC, and pursuant to Rule 37 of

Federal Rules of Civil Procedure and in accordance with Local Rule 37.2 hereby

respectfully moves this Honorable Court for an order compelling defendant's discovery

in the above-captioned matter.

FURTHER in support of this motion the above-named Plaintiffs by their

undersigned counsel are stating as follows:

1.     That on March 11, 2016 the undersigned attorney for the above-named

plaintiff submitted to defense counsel Atty. Brian Maye plaintiff's discovery requests

including interrogatories and request for production of documents.

2.     That true and correct copy of said discovery demands is appended herewith

marked as Exhibit A, incorporated by reference and made a part of this motion to compel.

3.     That on April 11, 2016 the defense counsel forwarded to plaintiff's counsel

its client's responses to Plaintiff's 1st Set of Interrogatories.

4.     That true and correct copy of Frontier's Response to Plaintiff's 1st Set of Interrogatories is appended herewith marked as Exhibit B, incorporated by reference and made a part of this entire motion to compel.

5.     That in particular, in its answer to interrogatory No 4 asking defendant to disclose names of passengers the defendant refused to provide meaningful answer. The Plaintiff shall be entitle to production of Passenger's Manifest. *See*, *e.g*., Nathaniel v. American Airlines (D. Virgin Islands Nov. 20, 2008)(holding that despite a federal regulation requiring that airlines keep passenger contact information confidential per 14 C.F.R. § 243.9, the airline was required to produce such information subject to a protective confidentiality order)(the court reasoned that other passengers on the aircraft had apparently witnessed the incident at issue and that the passenger had no other means of obtaining their contact information, and the court took note of two other cases in which the courts had held passenger manifests to be discoverable subject to confidentiality orders).  The Parties discussed this issue during their recent telephone conference conducted on 2-10-17 and 2-17-17 pursuant to Local Rule 37 but the above-named Defendant by its defense counsel firmly refused to produce Passenger Manifest for Flight at issue as cancelled by the Defendant.

6.     That similarly the defendant refused to provide meaningful responses to Interrogatories No. 4, 7, 8, 9, 11, 13, 14, 17, 18, 19, 20, 23, 24, 25, 27, 28, 29, 30, 31.

7.     That for example Interrogatory No. 4 states as follows: "Please identify each and every passenger of Frontier flight 41 of March 28 and 29, 2015 from Punta Cana to Chicago by his or her name, address and telephone number."

8.     That defendant responded "Frontier objects to Interrogatory No. 7 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim

or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation. Subject to and without waiving the foregoing objections, any requests for compensation would have been directed to Apple Vacations, which contracted with passengers for the subject flights." No further answer was adduced, which is blatant violation of discovery rules.

9. That for example Interrogatory No. 7 states as follows: "Please identify by name, address and telephone number each and every passenger of flight 41, who had ever requested any compensation from FRONTIER AIRLINE INC in regard to delayed departure of flight 41 from Punta Cana to Chicago on March 28 and 29, 2015."

10. That defendant responded "Frontier objects to Interrogatory No. 4 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation." No further answer was adduced, which is blatant violation of discovery rules.

11. That for further example Interrogatory No. 8 states as follows: "Please identify by name, address and telephone number each and every passenger of flight 41, who had ever received any pecuniary compensation from FRONTIER for delayed departure of flight 41 from Punta Cana to Chicago on March 28 and 29, 2015."

12. That defendant responded "Frontier objects to Interrogatory No. 8 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds

that such information is confidential pursuant to federal regulation. Subject to and without waiving the foregoing objections, any requests for compensation would have been directed to Apple Vacations, which contracted with passengers for the subject flights."

13.     That the same none-meaningful and improper responses to Interrogatory No. 9, 10, 11, 14 was tendered by defendant without any required reference to defendant's efforts to locate and to identify said information, its current location, its source, its scope and etc, which is blatant violation of discovery rules.

14.     That furthermore, in its answers to Interrogatories No. 17, 18, 19, 20, 23, 24, 25, 27, 28, 29, 30, 31 the defendant failed to state that Frontier searched for information requested but did not located any.

15.     That in essence, in it answers to the above-identified interrogatories the defendant failed to identify its efforts to obtain such information, current custodian of requested information, its source, its extend, its current location and current custody and control of person or entity over said information.

16.     That also on March 11, 2016 the defense counsel forwarded to plaintiff's counsel its client's responses to Plaintiff's Requests for Production of Documents.

17.     That the true and correct copy of Frontier's response to Plaintiff's Requests for Production of Documents is appended herewith marked as Exhibit C, incorporated by reference and made a part of this entire motion to compel discovery.

18.     That in its responses No. 2 through 10 to plaintiff's requests for production of documents the defendant refused to provide any documents so identified by said requests.

19.     That instead the defendant engaged in responses which are not meaningful, none-complete and evasive.

20.     That furthermore defendant's answers No. 7 and 10 are not proper answers at all, but rather direct reference to prior answers, which is totally improper and evasive practice as utilized by defendant.

21.     That furthermore, in its answers to Requests No. 2 to 10 the defendant failed to state that Frontier  searched for information requested but did not located any.

22.     That finally in further apparent violation of discovery rules at all times material hereto the above-named defendant failed to provide the above-named Plaintiff with verified answers to plaintiff's discovery requests.

**WHEREFORE** the above-named Plaintiffs by their undersigned counsel of record is respectfully requesting the following relief:

(1)   Pursuant to Rule 37 of Federal Rules of Civil Procedure, an order compelling the above-named defendant FRONTIER to respond to plaintiff's 1st set of interrogatories and requests for production of documents; and

(2)   Award of attorneys fees and cost for defendant's counsel's egregious failure to cooperate in discovery; and or

(3)     Any other and further relief this Court deems to be just and proper.

PLEASE TAKE NOTICE that on February 10, 2017 and February 17, 2017 in compliance with Rule 37 of Federal Rules of Civil Procedure and Local Rule 37.2  the undersigned counsel for the plaintiff attempted to resolve in good faith the above-identified discovery issue with opposing counsel Atty. Brian Maye, but said effort was unsuccessful due to fault of defense counsel.

Dated this Motion on this 2<u>nd</u> day of <u>June</u> 2017.

Respectfully submitted by
GOROKHOVSKY LAW OFFICES, LLC
Attorneys for Plaintiffs


BY: <u>/s/ Vladimir M. Gorokhovsky, Esq.</u>
Vladimir M. Gorokhovsky, LL.M.
ILND TR. 10994


**P.O. Business Address**:
Gorokhovsky Law Offices, LLC
10919 N. Hedgewood Ln.,
Mequon, WI 53092
(414)-581-1582


CERTIFICATE OF SERVICE:

I hereby certify that on June 3<u>rd</u>, 2017 the undersigned counsel of record for the above-named plaintiff caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

**Vladimir Gorokhovsky, Esq.**
_____
/s/ VLADIMIR GOROKHOVSKY

## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**ILYA TARKOV,** *et. al*                              Case No. <u>**2015-CV-3430**</u>
**individually and on behalf of**
**themselves and all others**
**similarly situated members of**
**proposed Class of passengers**
                    **Plaintiffs**

        **and**                                          **HON. JOHN J. THARP, JR.**

**FRONTIER AIRLINES INC**
                    **Defendant**

## STATEMENT OF COMPLIANCE WITH RULE 37 OF F.R.CIV.PRO. AND LOCAL RULE 37.2

Pursuant to Rule 37(a)(2)(A) and (B) of Federal Rules of Civil Procedure as well as in compliance with the Local Rule 37.2 titled LR37.2. "Motion for Discovery and Production" the undersigned counsel of record for the above-named Plaintiffs hereby certifies that after consultation via written e-mail correspondence, and via telephone conference on 2-10-2017 and 2-17-17 with defense counsel Atty. Brian T. Maye and good faith attempts to resolve differences with opposing counsel, the undersigned attorney was unable to reach an accord due to fault and lack of defendant's cooperation.

Dated this Notice on this <u>**2 nd**</u> day of <u>**June**</u> 2017.

Respectfully submitted by:
GOROKHOVSKY LAW OFFICES, LLC
Attorney for Plaintiffs

BY: <u>/s/ Vladimir M. Gorokhovsky</u>
        Vladimir M. Gorokhovsky, LL.M.
        ILND TR 10994

<u>**P.O Business Address**</u>**:**
10919 N. Hedgewood Ln.,
Mequon, WI 53092
(414)-581-1582

## Exhibit A:

**IN THE UNITED STATES FEDERAL COURT
OF NORTHERN DISTRICT OF ILLINOIS**

**ILYA TARKOV**, *et., al.,*                              **Case No.  1:15-cv-3430**

**Plaintiff**

**vs.**                                                          **HON. JOHN THARP**

**FRONTIER AIRLINES INC**

**Defendant.**

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES PURSUANT TO RULE 33;
FIRST REQUEST FOR ADMISSION PURSUANT TO RULE 36;
REQUEST FOR IDENTIFICATION OF WITNESSES;
AND DEMAND FOR PRODUCTION OF DOCUMENTS
PURSUANT TO RULE 34 OF FEDERAL RULES OF CIVIL PROCEDURE TO
DEFENDANT FRONTIER AIRLINES INC**

---

TO: Brian Maye, Esq.
     Adler Murphy & McQuillen LLP.
     20 S. Clark Street, Suite 2500,
     Chicago, Illinois, IL 60603

The above-named Plaintiffs, ILYA TARKOV and RIMMA TARKOVA, by their

counsel of record, Attorney Vladimir M. Gorokhovsky of GOROKHOVSKY LAW

OFFICE LLC, submit the following interrogatories to all the above-named Defendant

FRONTIER AIRLINES INC pursuant to the Rule 33 of Federal Rules of Civil

Procedure; as well as the following Requests for Identification of Witnesses and

Production of Documents to be answered within thirty (30) calendar days of the time

service is made on you.

I. INSTRUCTIONS:

In answering these interrogatories, the Defendant shall furnish all requested information, not subject to a valid objection, that is known by, possessed by, or otherwise available to this Plaintiff, or his attorneys, representatives, consultants or other agents acting in behalf of the Plaintiff.

If the Defendant is unable to answer fully any of these interrogatories, answers must still be given to the fullest extent possible, specifying the reasons for the inability of the Defendant to answer the remainder, and stating whatever information, knowledge, or belief the Intervener maintain concerning the unanswered portion. An evasive or incomplete answer is deemed to be a failure to answer under the terms of the Rule 33 of Federal Rules of Civil Procedure, and may render the Intervener, or their attorney, or both, liable for the cost of a motion pursuant to that statute.

Each lettered subpart of a numbered interrogatory is to be considered a separate interrogatory for the purpose of objection. The defendant must object separately to each subpart, and if an objection is made to less than all of the subparts of a numbered interrogatory, then the defendant must answer the remaining subparts. In addition, if the defendant objects to less than all of the subparts of a numbered interrogatory, then defendant must answer the remaining subparts. In addition, if the defendant object to an interrogatory or subpart thereof as calling for information which is beyond the scope of discovery, defendant must, nevertheless, answer the interrogatory or subpart thereof to the extent that is not objectionable.

These interrogatories shall be deemed continuing and the defendant shall supplement answers to these interrogatories when so requested by plaintiff prior to the trial. In addition, without being requested to do so by plaintiff, the defendant shall

reasonably supplement the answers to all interrogatories requesting the identification and location of persons having knowledge of discoverable matters, and the identification and location of persons expected to be called as expert witnesses at trial. Without being so requested to do so by plaintiff, the defendant shall also amend and answer when it is discovered to have been incorrect when made or when it is discovered to be no longer true, and circumstances are such that a failure to supplement is in substance a knowing concealment.

## II.  DEFINITIONS

For the purpose of these interrogatories and wherever used herein, the terms set forth below shall have the following meaning:

(a)      "Identify" (when used with reference to a person) requires that the answer include the person's full name, current residential and business address, telephone number, job title or occupation and place of employment.

(b)      "Identify" (when used in reference to a document) means to state the date and author, type of document (e.g. letter, memorandum, telegram, chart, etc), addressee or other intended recipient or audience, a summary of its contents and its present location and custodian. In the event there are some documents fitting the description set forth of which you are aware, which are no longer in your possession, custody or control, state the deposition and location of such documents and identify the person (s) who have or had possession, custody or control of such documents.

(c)      "Identify" (when used in reference to a conversation, conference, meeting or other oral communication) means to identify all persons participating or attending and to identify all documents, recording, summarizing or otherwise arising from the

conversation, conference, meeting or other oral communication in accordance with the definitions above. In addition, a request to identify a conversation, conference, meeting or other oral communication means to state its purpose, the subject matter discussed, the method of communication used (e.g. telephone, in person, or other means) and if by telephone, specify the caller and the person called, the action taken at and following it, and the date, place and purpose of such action, and to identify the person(s) taking such action.

(d)     "Person" refers to any individual person (whether living or deceased), partnership, firm, cooperation, company, association, joint venture or other entity.

(e)     "Statement" refers to any written, sound-recorded or steno-graphically reported summary, account, narrative or other declaration.

(f)     "Describe" or "describe in detail" when used in reference to a factual situation or allegation, means to state with particularity all facts known to you connected with, bearing upon, or relating in any way to the matters of which inquiry is made. Where an interrogatory requests such a description and list by way of example several categories, classes, or things which may be related to the general interrogatory, the description requested shall treat each thing or category individually, and if you know of no instance or factual matter relating to such category, class or thing, you should specifically so state.

(g)     "Documents" shall mean any printed, written, recorded, typed, drawn, taped, electronic, electromagnetic, graphic, photographic, or any other tangible matters or documentary materials from whatever source, however produced or reproduced, whether sent or received or neither, whether originals, copies, drafts, translations or otherwise,

including the original and any non-identical copy (whether different from the original because of notes made on or attached to such copy or the presence of signatures indicating execution of otherwise), including but not limited to and all writings, correspondence, letters, telegrams, telex communications, cables, advises, orders, invoices, work orders, opinions, notes, notations, papers, memoranda, interoffice communications, intra-office communications, inspection reports, tapes, disks, brokerage account monthly statements, minutes of meetings, recordings or other memorials of any type of personal or telephone conversations, powers of attorney, meetings or conferences, reports, studies, analyses, evaluations, estimates, projections, forecasts, ledgers, books of account, computer printouts, hard copy printouts, programs, manuals, diaries, other means, and if by telephone, specify the caller and the persons called, the action taken at and following it, and the date, place and purpose of such action, and to identify the person(s) taking such action.

Furthermore in order to avoid repetition, when the following words are used in these Interrogatories, they have the following meaning:

1.      The term "**Person(s)**" means not only the above-named corporate defendant FRONTIER AIRLINES INC, as well as also any and all officers, directors, agents and employees of the defendant who investigation of plaintiff's notice of erroneous credit reporting or any other persons, ether natural or juridical, including any employees of the above-named defendants, its directors, shareholders, incorporators, agents, servants, partnership(s), firm(s), corporation(s), or other such business entities.

2.      The term "**Document**" means any form of written, recorded, or graphic matters pertaining to the subject matter of this action, including but not limited to notes,

records, summaries, drawing, diaries, reports, memoranda, letters, tapes, transcripts, recordings photographs and pictures.

      3.      The term "**Extraordinary Circumstances**" as evolved under the Montreal Convention jurisprudence is very limited and applies only in certain circumstances where the airline can prove the cancellation or delay was caused by political instability, meteorological conditions incompatible with the operation of the flight concerned, security risks, unexpected flight safety shortcomings and strikes that affect the operation of an operating aircraft."  Wallentin-Hermann v. Alitalia, European Court of Justice, Case No C-549/07, Judgment of December 22, 2008, ¶22.  Furthermore, the term "extraordinary circumstances" do *not* include technical or mechanical problems except in the rare instances where the airline can prove those problems are due to hidden, inherent manufacturing defects or aircraft damage caused by sabotage.  *Id.* at ¶26 (mechanical problems may constitute extraordinary circumstances only when "it was revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to aircraft caused by acts of sabotage); *see also* Sturgeon v. Condor Flugdienst GmbH, European Court of Justice, Case No. C-402/7, Judgment of November 19, 2009 (reiterating that technical problems are not extraordinary circumstances in context of "technical faults on the plane and illness among the crew"). Lastly, the term "extraordinary circumstances" also include circumstances which could not have been avoided in due exercise of due diligence or another pertinent legal standard of care by the above-named defendants. Id.

4.     The terms "**Montreal Convention**" or "Montreal Protocol" refers to the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45.

5.     The terms "**FRONTIER AIRLINES INC**" and or "**FRONTIER**" refers to the above-named defendant airline.

6.     The term "**You**" refers to the above-named defendant FRONTIER AIRLINES INC and to any and all its officers, directors, promoters, incorporators, shareholders, employees and agents as well as to any party to whom these Interrogatories and Requests are addressed or to the party by whom those documents are prepared.

7.     The term "**Pre-Suit Notice of Claim and Demand for Settlement**" refers to plaintiff's pre-suit notice of claim and pre- suit demand for settlement, which was served upon FRONTIER AIRLINES Inc prior to filing of this civil action.

8.     The term "**Frontier Flight 41**" refers to the flight No. 41, as operated by FRONTIER AIRLINE INC and as delayed on its departure by the above-named defendant from Punta Cana to Chicago on March 28, 2015 and March 29, 2015.

9.     The term "**Subject matter of this litigation**" refers to specific instance of delayed departure  and cancellation on March 28, 2015 and March 29, 2015 of defendant's flight 41 from Punta Cana to Chicago.

10.     The term "**Tariff**" refers to specific International Airfare Tariff as filed by FRONTIER AIRLINES INC with pertinent governmental authorities.

11.     The term "**Delayed Departure**" refers to delay of scheduled departure of airline flight as identified in Art. 19 of the Montreal Convention.

### III. **INTERROGATORIES**

**Interrogatory No. 1**:      Please identify each and every cause and or reason for delay of departure and cancellation of flight 41 operated by the defendant FRONTIER on March 28, 2015 from Punta Cana to Chicago.

**Interrogatory No. 2**:      Please identify and disclose each and every document in your possession related to any cause and or any and all reasons for delayed departure and cancellation of Frontier flight 41 operated by the defendant on March 28, 2014 and March 29, 2015 from Punta Cana to Chicago.

**Interrogatory No. 3**:      Please identify and disclose each and every reason for delayed departure and cancellation of Frontier flight 41 operated by the defendant on March 28, 2014 and March 29, 2015 from Punta Cana to Chicago.

**Interrogatory No. 4**:      Please identify each and every passenger of Frontier flight 41 of March 28 and 29, 2015 from Punta Cana to Chicago by his or her name, address and telephone number.

**Interrogatory No 5**:      Please identify each and every effort undertaking by the defendant to mitigate and or to avoid consequences of delayed and cancelled departure of flight 41 from Punta Cana to Chicago on March 28, 2015 and March 29, 2015.

**Interrogatory No. 6**:      Please identify each and every document in your possession related to operation, maintenance, servicing and repairs of flight 41 from Punta Cana to Chicago on March 28 and 29, 2015.

**Interrogatory No. 7**:      Please identify by name, address and telephone number each and every passenger of flight 41, who had ever requested any compensation

from FRONTIER AIRLINE INC in regard to delayed departure of flight 41 from Punta Cana to Chicago on March 28 and 29, 2015.

**Interrogatory No. 8**:      Please identify by name, address and telephone number each and every passenger of flight 41, who had ever received any pecuniary compensation from FRONTIER for delayed departure of flight 41 from Punta Cana to Chicago on March 28 and 29, 2015.

**Interrogatory No. 9**:      Please identify by name, address and telephone number each and every passenger of flight  41, who had ever requested but did not received a compensation from FRONTIER  for delayed departure of flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago.

**Interrogatory No. 10**:      Please identify duration of delayed departure of flight 41 on March 28 and 29, 2015 which was scheduled to transport the above-named Plaintiffs from Punta Cana to Chicago.

**Interrogatory No. 11**:      Please identify by name, address and telephone number each and every employee of FRONTIER AIRLINES INC who posses any knowledge as to any reasons and circumstances of delayed and cancelled departure of flight 41 on March 28 and 29, 2015 for Punta Cana to Chicago.

 **Interrogatory No. 12**:      Please identify each and every document related to maintenance and repairs of airplane performing the flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago.

**Interrogatory No. 13**:      Please identify and disclose each and every offer of compensation, which was ever made by defendant to the above-named Plaintiff for

delayed and canceled departure of flight 41 on March 28 and 29, 2015 which was scheduled to transport the above-named Plaintiff from Punta Cana to Chicago.

**Interrogatory No. 14**:    Please identify and disclose each and every instance of delayed and cancellations of defendant's flights as effectuated by said defendant starting March 28 and 29, 2015 and up to the date of your answer to this interrogatory.

**Interrogatory No. 15**:    Did you conducted any internal investigation regarding delay and cancellation of departure of flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago?  If so, please identify and disclose each and every document generated by such investigation

**Interrogatory No. 16**:    Please identify and disclose the particular date of receipt in your office of plaintiff's pre-suit notice of claim and demand for settlement.

**Interrogatory No. 17**:    Please identify and disclose the name of person who reviewed plaintiff's pre –suit notice of claim and demand for settlement.

**Interrogatory No. 18**:    Please identify name and address of business entity rendering air traffic control services at Punta Cana International Airport.

**Interrogatory No. 19**:    Please identify and disclose the name of person who reviewed plaintiff's pre –suit notice of claim and demand for settlement.

**Interrogatory No. 20**:    Please identify and disclose particular reasons for denial of plaintiff's pre-suit notice of claim and demand for settlement.

**Interrogatory No. 21**:    Please identify and disclose particular factual basis for assertion by you of defense of extraordinary circumstances in the above-captioned matter.

**Interrogatory No. 22**:     Please identify and disclose each and every effort made by you to prevent occurrence of extraordinary circumstances as to delayed departure of flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago.

**Interrogatory No. 23**:     Please identify and disclose each and every action performed by you to prevent occurrence of extraordinary circumstances as to flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago.

**Interrogatory No. 24**:     Please identify and disclose each and every contingency plan(s), which were designed, promulgated and implemented by FRONTIER AIRLINES INC  to rectify and or mitigate consequences of effect of extraordinary circumstances upon your scheduled flights.

**Interrogatory No. 25**:     Please identify and disclose each and every document which was designed and implemented by FRONTIER AIRLINES INC  to rectify and or mitigate consequences of effect of extraordinary circumstances upon your scheduled flights.

**Interrogatory No. 26**:     Please identify and disclose all circumstances of delayed departure of flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago.

**Interrogatory No. 27**:     Please adduce any and all documentary evidence in your possession to support of your contention that flight 41 was delayed on its departure from Punta Cana to Chicago on March 28 and 29, 2015.

**Interrogatory No. 28**:     Please identify each and every reasonable measures undertaking by you on or before March 28 and 29, 2015 to prevent occurrence of extraordinary circumstances as invoked by you in defense of this action.

**Interrogatory No. 29**:　　Please identify name address and telephone company of business entirety managing Punta Cana International Airport.

**Interrogatory No. 30**:　　Please identify and disclose by name, address and telephone number each and every passenger who had ever contacted FRONTIER (between March 28, 2015 and up to the date of your answer to this complaint), requesting compensation for delayed or canceled international airfare.

**Interrogatory No. 31**:　　Please identify and disclose by name, address and telephone number each and every passenger, who had ever received from FRONTIER (between March 28, 2014 and up to the date of your answer to this complaint) any pecuniary compensation for delayed or canceled international airfare.

**Please describe and provide all records or documents of any kind in your possession which support or contradict your answers made in your response to interrogatories No. 1-31.**

### IV.  REQUEST FOR ADMISSION PURSUANT TO RULE 36

Please admit or deny the truth of the following statements:

1.　　Do you admit that the above-named plaintiffs were holding confirming airfare tickets issued by FRONTIER AIRLINES INC for airfare transportation on the board of FRONTIER flight 41 departing from Punta Cana to Chicago on March 28, 2015?

2.　　Do you admit that the above-named plaintiffs were holding confirming airfare tickets issued by FRONTIER for airfare transportation on the board of flight 41 departing from Punta Cana to Chicago on March 29, 2015?

3.      Do you admit that on or about March 28, 2015 the flight 41, as operated by FRONTIER AIRLINES INC from Punta Cana to Chicago was delayed and was subsequently canceled?

4.      Do you admit that on or about March 28, 2015 the flight 41 as operated by FRONTIER AIRLINES INC from Punta Cana to Chicago was delayed for five (5) hours before being canceled?

5.      Do you admit that delayed departure and cancellation of flight 41 on March 28, 2014 from Punta Cana to Chicago was not caused by extraordinary circumstances?

6.      Do you admit that delayed departure of flight 41 on March 29, 2014 from Punta Cana to Chicago was not caused by extraordinary circumstances?

7.      Do you admit that term "extraordinary circumstances" do not include technical or mechanical problems except in the rare instances where the airline can prove those problems are due to hidden, inherent manufacturing defects or aircraft damage caused by sabotage?

8.      Do you admit receiving plaintiff's pre-suit notice of claim and demand for settlement in this matter?

9.      Do you admit rejecting to plaintiffs pre - suit notice of claim and settlement demand for compensation?

10.      Do you admit that plaintiff's pre-suit notice of claim was rejected by your counsel, Attorney Brian Maye?

11.     Do you admit that subsequent to delayed and canceled departure of flight 41 on March 28, 2015 the above-named plaintiffs were not provided by any meaningful care and assistance by Frontier Airlines?

12.     Do you admit that subsequent to delayed departure of flight 41 on March 29, 2015 the above-named plaintiffs were not provided by any meaningful care and assistance by Frontier Airlines?

13.     Do you admit that on March 28, 2015 the above-named Plaintiffs were forced to pay additional lodging expenses?

14.     Do you admit that said notice of claim and pre-suit settlement demand in this matter was submitted to you pursuant "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments and ii the Article 22(6) of the 1999 Montreal Convention?

15.     Do you admit that plaintiff's pre-suit notice of claim and demand for pre-suit settlement was denied by FRONTIER AIRLINES INC?

16.     Do you admit that, despite receiving said pre-suit notice of claim, you have failed to effectuate pre-suit settlement with the above-named plaintiffs?

17.     Do you admit that pursuant to so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments and in accordance with Article 22(6) of the 1999 Montreal Convention the above-named Plaintiff is entitle to their attorneys fees and costs due to your failure to comply with so-called "settlement inducement provision."?

18.     Do you admit receiving receipt in this case showing the actual damages incurred by the Plaintiffs?

19.     Do you admit not promulgating any plans related to mitigation of consequences of delayed or canceled flights upon your passengers?

20.     Do you admit that you did not undertake all reasonable measures on March 28, 2015 to avoid cancellation of departure of flight 41?

21.      Do you admit that you did not undertake all reasonable measures on March 28, 2015 to avoid delayed of departure of flight 41?

22.      Do you admit that you did not undertake all reasonable measures on March 29, 2015 to avoid delayed of departure of flight 41?

**Please describe and provided all records or documents of any kind in your possession which support or contradict your admissions or denials made in your response to Requests for Admission No. 1-22.**

## V. <u>REQUEST TO PRODUCE DOCUMENTS</u>:

The above-named Tarkovs Plaintiffs, by their attorneys, GOROKHOVSKY LAW OFFICE LLC, pursuant to the Rule 34 of Federal Rules of Civil Procedure, hereby requests that defendant produce the documents described below within thirty (30) calendar days from the date of service of this document at the offices of GOROKHOVSKY LAW OFFICE LLC, located at: 10919 N. Hedgewood Ln., Mequon, WI 53092. The mailing of certified copies of the documents described below within thirty (30) calendar days of the date of service of this document to the law offices of GOROKHOVSKY LAW OFFICE LLC, located at: 10919 N. Hedgewood Ln., Mequon, WI 53092, shall be deemed to constitute compliance with this request.

The above-named Tarkovs Plaintiffs are hereby respectfully requesting the above-named Defendant to produce the following documents:

(1)  The true and correct copy of defendant's FRONTIER AIRLINES INC tariff filed with pertinent U.S. federal authorities.

(2)  The true and correct copy of complete manifest of passengers of flight No. 41, delayed on its departure by the above-named defendant from Punta Cana to Chicago on March 28, 2014.

(3)  The true and correct copy of complete manifest of passengers of flight No. 41, delayed on its departure by the above-named defendant from Punta Cana to Chicago on March 29, 2014.

(4)  The true and correct copies of flight plan or flight manifest filed for flight No. 41 by the above-named defendant with Federal Aviations Administration on or before March 28, 2015.

(5) The true and correct copies of flight plan or flight manifest filed for flight No. 41 by the above-named defendant with Federal Aviations Administration on or before March 29, 2015.

(6)  The true and correct copies of any and all documents relating to maintenance and repairs of aircraft performing flight 41 on March 28, 2015.

(7) The true and correct copies of any and all documents relating to maintenance and repairs of aircraft performing flight 41 on March 28, 2015.

(8)  The true and correct copies of any and all defendant's internal documents related to cancellation of flight 41 on March 28, 2015.

(9) The true and correct copies of any and all defendant's internal documents related to cancellation of flight 41 on March 29, 2015.

(10) The true and correct copy of each and every document in your possession as identified in Interrogatories No. 1 to 31 and in your answers to those interrogatories.

In this request, any copy of a document that is not identical to the original constitutes a separate document. The response should specify which documents are responsive to which request.

Service of a written response to this request is due from you in accordance with the provisions of Rule 34 of Federal Rules of Civil Procedure.

**Please describe and provide all records or documents of any kind in your possession which support or contradict your answers made in your response to Request for Production of Documents No. 1-10.**

### VI. REQUEST FOR IDENTIFICATION OF "EMPLOYEES WITH KNOWLEDGE", WITNESSES AND EXPERTS WHICH YOU WILL CALL TO TESTIFY ON YOUR BEHALF AT TRIAL

Please identify by the name, street address and the telephone number the following persons:

(1) any and all employees of the above-named defendants "with knowledge" on issues of circumstances of delayed departure of defendant's flight 41 on March 28, 2015;

(2) any and all employees of the above-named defendants "with knowledge" on issues of circumstances of delayed departure of defendant's flight 41 on March 29, 2015;

(3) any and all employees of the above-named defendants "with knowledge" on issues of circumstances of handling of plaintiff's baggage checked in with the above-named defendants for defendant's flight 41 on March 28, 2915;

(4) any and all employees of the above-named defendants "with knowledge" on issues of circumstances of handling of plaintiff's baggage checked in with the above-named defendants for defendant's flight 41 on March 29, 2915;

(5) any and all witnesses and experts, whom you intend to call to testify at trial;

(6) any and all persons who assisted in the preparation of answers to these Interrogatories, Request for Identification of Witnesses and Request for Production of Documents;

(7) any and all persons who have knowledge of the circumstances of this entire subject matter of this litigation.

**Please describe and provide all records or documents of any kind in your possession which support or contradict your answers made in your response to Request for Identification of Witnesses and Experts No. 1-5.**

Your written response hereto must be served in accordance with pertinent rules as set forth in Fed.R.Civ. Procedure.

Dated this 11th day of <u>March</u> 2016.

Respectfully submitted by,
GOROKHOVSKY LAW OFFICE, LLC
Attorneys for Plaintiffs

BY: <u>/s/ Vladimir M. Gorokhovsky, Esq.</u>
Vladimir M. Gorokhovsky, LL.M.
SBN: 1036040

<u>**P.O. Business Address**</u>:
10919 North Hedgewood Ln.
Mequon, WI 53092
(414)-581-1582 Direct Line

I, the undersigned attorney hereby certify that on this 11th date of March 2016 the within legal document was duly served upon defendant's counsel via e-mail pursuant to Rules 33 and 36 of Fed. R. Civil Procedure

BY: /s/ Vladimir M. Gorokhovsky
Vladimir M. Gorokhovsky
Attorney at Law