**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| AILYA TARKOV and RIMMA TARKOV;<br>on behalf of themselves, and all other similarly<br>situated passengers of proposed class, | ) ) ) | Case No.: 1:15-cv-03430 |
| | ) | Honorable John J. Tharp, Jr. |
| Plaintiffs, | ) ) | |
| | ) | Honorable Young B. Kim |
| v. | ) ) | |
| FRONTIER AIRLINES, | ) ) | |
| Defendant. | ) | |

---

**DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned attorneys, respectfully responds to Plaintiffs' motion to compel as follows:

## I.  INTRODUCTION

On March 11, 2016, Plaintiffs Ilya and Rimma Tarkov ("Plaintiffs") served on Frontier their first set of interrogatories and requests for production of documents. On April 11, 2016, Frontier served its responses to Tarkov Plaintiffs' interrogatories and requests for production of documents. (*See* Frontier's Responses, attached as Ex. A)  On May 9, 2016, Plaintiffs' filed a motion to compel seeking (1) production of flight manifests (passenger names) for the subject flights and (2) information about delayed flight unrelated to the subject flights. (*See* Plaintiffs' First Motion to Compel, attached as Ex. B; Doc. No. 38)  On May 16, 2016, Frontier filed its response to Plaintiffs' First Motion to Compel. (*See* Frontier's Response to Plaintiffs' First Motion to Compel, attached as Ex. C; Doc. No. 43)  On May 19, 2017, the Court denied Plaintiffs' motion to compel. Specifically, the Court limited discovery to Plaintiffs' individual claims. (*See* Court Order, attached as Ex. D; Doc. No. 44)

1

On June 3, 2017, Plaintiffs filed another motion to compel regarding Frontier's responses served more than one year earlier. (*See* Doc. No. 56)  Plaintiffs' motion seeks the same information sought in the first motion to compel: (1) production of flight manifests (passenger names) for the two subject flights (*See* Doc. No. 56; Plaintiffs' Interrogatory Nos. 4, 7, 8, 9; Plaintiffs' RFPDs Nos. 2, 3, 4, 5), and (2) information about delayed flight unrelated to the subject flights. (*See* Doc. No. 56; Plaintiffs' Interrogatory No. 14)

Despite the Court already having denied Plaintiffs' request for flight manifests and information about unrelated flights, and the courts denying Plaintiffs' counsel's requests for flight manifests and information about unrelated flights in three other cases in which Plaintiffs' counsel is involved (*Serpytiene*, *Pumputyte,* and *Godun*)[1], Plaintiffs' counsel has inexplicably filed another Motion to Compel in this matter.  (*See Serpytiene*, *Godun* and *Pumputyte* Court Orders, attached as Ex. E)  Frontier requests that the Court (1) deny Plaintiffs' Motion to Compel and (2) award attorneys' fees to Frontier pursuant to Rule 37(a)(5)(B) for Frontier having to oppose a motion already denied by the Court.

## II. <u>ARGUMENT</u>

### A. Plaintiffs' Objections to Frontier's Discovery Responses

The subject matter of the interrogatories and requests for production of documents that are at issue in Plaintiffs' motion to compel appear to fall into three general categories: (1) the names and contact information of all passengers on the Tarkov flights (March 28 and 29, 2015); (2) the identification of every Frontier flight that was delayed or cancelled during the period of March 28, 2015 through the present; and (3) the names of all persons who sought compensation from Frontier relating to the subject flights.

---

[1] *Pumputyte v. United Airlines* (1:16-cv-04868), *Serpytiene v. United Airlines* (1:15-cv-00832) and *Godun v. United Airlines* (1:16-cv-04869).

**B.      Basis for Frontier's Objections**

    1.      <u>Disclosure of Flight Manifest Is A Violation of Federal Law</u>

Frontier objects to Plaintiffs' request for the names and contact information of all passengers on the Tarkov and Adler flights on the grounds that the disclosure of the flight manifests would violate federal law.  According to CFR 243.9, an airline cannot disclose the name or contact information of a passenger except when provided to the family of a passenger, the State Department or the National Transportation Safety Board (NTSB) . . . following an aviation disaster. *See* CFR 243.9. In their motion, Plaintiffs cite to *Nathaniel v. Am. Airlines*, 2008 U.S. Dist. LEXIS 95336, *15 (D.V.I. 2008) in support of their position that the passenger manifest should be produced despite CFR 243.9. *Nathaniel*, however, supports Frontier's position that the list should not be disclosed.

In *Nathaniel*, the court held that when a flight manifest includes potential witnesses who are likely to have discoverable information, and the plaintiff has no other means of obtaining such information, the manifest can be released subject to a protective order. *Id.* at *14-16.  Here, the only discoverable information the other passengers may possess is the fact that the flights were delayed. Such information, however, is not in dispute in this case. Indeed, Frontier has admitted that the flights were delayed. Therefore, the flight manifests have no relevance as it would not provide the names of any percipient witnesses. *Id.* at * 16; *see also Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, 2007 U.S. Dist. LEXIS 2298, *14 (D. Nev. 2007) (Because the manifest is not a necessary component of the factual bases on which plaintiff seeks to prove its claim, the disclosure of such information would violate federal law).  Additionally, the other passengers would have no information regarding the Plaintiffs' alleged damages such as out-of-pocket expenses incurred during the delays.

3

(2)    Identification of All Flight Delays And Cancellations Since March 28, 2015

Plaintiffs have requested that Frontier identify every flight delay and cancellation since March 28, 2015.  However, flight delays and cancellations, other than the subject flights, are not relevant to this matter, because Plaintiffs do not allege that they were passengers on flights other than the subject flights.   As such, Plaintiffs cannot serve as class representatives for other flights, because they do not possess the same interest or suffer the same injury as the putative class members. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (A class representative must possess the same interest and suffer the same injury as the class members.). Relatedly, claims related to flights other than the subject flights cannot be joined in the same lawsuit as they do not arise out of the same occurrence or transaction or series of occurrences or transactions. (*See* Court Order at Doc. # 51)  Accordingly, the identification of flight delays and cancellation since March 28, 2015, has no relevance to this litigation.

(3)    Names of Passenger Who Sought Compensation from Frontier

Plaintiffs have requested the names of passengers who sought compensation from Frontier related to the subject flights.  Frontier objects to these requests on the grounds that they are irrelevant. To date, Plaintiffs have not articulated a legitimate basis for the disclosure of such information.

(4)    Finally, Frontier objects to Plaintiffs' Interrogatories Nos. 26 through 31 on the grounds that they exceed the limit set forth in Rule 33.  There is no basis for Plaintiffs' motion to compel regarding Frontier's responses to Interrogatories Nos. 26 through 31.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order denying Plaintiffs' Motion to Compel Discovery Responses. Additionally, pursuant to Rule 26(c) and Rule 37(a)(5)(B), Frontier seeks a protective order regarding (1)

flight manifests, (2) names of other passengers on Frontier flights, (3) the identification of other flight delays or cancellations, and (4) the names of passengers who sought compensation from Frontier. Frontier also seeks attorney's fees pursuant to Rule 37(a)(5)(B) for having to oppose a motion already denied in this case, and for such further relief as this Court deems just and reasonable.

Dated: June 23, 2017                    Respectfully submitted,

                                        /s/ Brian T. Maye
                                        _____

                                        Brian T. Maye
                                        Matthew S. Dowling
                                        Adler Murphy & McQuillen LLP
                                        20 S. Clark Street, Suite 2500
                                        Chicago, Illinois 60603
                                        Telephone: (312) 345-0700
                                        bmaye@amm-law.com
                                        mdowling@amm-law.com

                                        Attorneys for Defendant Frontier Airlines, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on June 23, 2017, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye