**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ILYA TARKOV, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 1:15-cv-03430 |
| v. | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| FRONTIER AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**FRONTIER AIRLINES, INC.'S ANSWERS TO TARKOV PLAINTIFFS'
INTERROGATORIES**

Defendant, **FRONTIER AIRLINES, INC.** ("Frontier"), by its undersigned counsel,

ADLER MURPHY & McQUILLEN LLP, pursuant to Rule 33 of the Federal Rules of Civil

Procedure, hereby answers Tarkov Plaintiffs' Interrogatories as follows:

**GENERAL OBJECTIONS TO PLAINTIFFS' INTERROGATORIES**

1.      These general objections are incorporated in response to each and every

Interrogatory set forth below as if individually and fully set out verbatim in response thereto.

2.      By responding to these Interrogatories, Frontier expressly reserves its right to

supplement its answers based on information learned during discovery and after further

investigation.  Frontier does not in any way waive or intend to waive: (a) objections related to

competency, relevancy, materiality, privilege or admissibility; or (b) the right to revise, correct,

supplement or clarify any of its objections and answers as set forth below.

3.      Frontier objects to these Interrogatories because, as phrased, they seek to impose

obligations on Frontier beyond those required by the applicable Rules of Civil Procedure (the

"Rules").  In responding to these Interrogatories, Frontier will comply with the Rules.

4.      Frontier objects to these Interrogatories on the grounds that that the terms

contained therein are either not defined, or if they are defined, are not properly defined or are

EXHIBIT A

defined in a manner that is overly broad, inaccurate and assumes facts not in evidence and purports to impose obligations upon Frontier beyond those set forth in the Rules or otherwise imposed by law.

5.     Frontier objects to these Interrogatories to the extent that they are generally vague, ambiguous, and confusing.  Frontier further objects to these Interrogatories on the grounds that they contain undefined terms, which terms are vague, ambiguous, and confusing in their entirety.

6.     Frontier objects to these Interrogatories on the grounds that they are generally overly broad, unduly burdensome, and seek information and/or documentation that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

7.     Frontier objects to these Interrogatories to the extent that they are not limited in time. Frontier will provide its Objections and Answers to Plaintiffs' Interrogatories in accordance with the Rules.

8.     Frontier objects to these Interrogatories to the extent that they seek information and/or documentation to which Plaintiff has equal or superior access, including but not limited to, information and/or documentation in the public domain.

9.     Frontier generally objects if any Interrogatory is intended to encroach upon attorney-client privilege, attorney work product privilege, or any other applicable protection from discovery. Unless otherwise advised, Frontier will assume that this is not the case.  Any response inconsistent with the foregoing is inadvertent and shall not constitute a waiver of any such privilege, immunity, or other protection. Further, to the extent these Interrogatories seek to impose requirements, obligations and duties not prescribed by the Rules and/or seek information, which is privileged and/or exempt from discovery, and otherwise imposes burdens

that exceed the obligations set forth under applicable law, Frontier objects to such Interrogatories.

     10.    Any Frontier employee identified herein or otherwise referenced in any document described herein or otherwise produced during the course of discovery in this matter shall be contacted solely and exclusively through Adler Murphy & McQuillen LLP, 20 S. Clark Street, Suite 2500, Chicago, Illinois, 60603, (312) 345-0700.

## ANSWERS TO INTERROGATORIES

1.    Please identify each and every cause and or reason for delay of departure and cancellation of flight 41 operated by the defendant Frontier on March 28, 2015 from Punta Cana to Chicago.

**ANSWER:**    Frontier objects to Interrogatory No. 1 on the grounds that it is confusing, overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Subject to and without waiving the foregoing objections, the subject flight was cancelled due to a radar outage (ATC) in Punta Cana, Dominican Republic.

2.    Please identify and disclose each and every document in your possession related to any cause and or any and all reasons for delayed departure and cancellation of Frontier flight 41 operated by the defendant on March 28, 2014 (*sic*) and March 29, 2015 from Punta Cana to Chicago.

**ANSWER**:    Frontier objects to Interrogatory No. 2 on the grounds that it is overly broad, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. To the extent this interrogatory is a request for the production of documents, Frontier objects to its form and substance. Subject to and without waiving the foregoing objections, SCSM Ops Alerts provide information on the duration and cause of flight delays.

3.    Please identify and disclose each and every reason for delayed departure and cancellation of Frontier flight 41 operated by the defendant on March 28, 2014 and March 29, 2015 from Punta Cana to Chicago.

**ANSWER**:    Frontier objects to Interrogatory No. 3 on the grounds that it is overly broad, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Subject to and without waiving the foregoing objections, the March 28, 2015 flight was cancelled due to a radar outage (ATC) in Punta Cana, Dominican Republic. The replacement flight on March 29, 2015 departed later than scheduled because the radar outage affected the legal rest requirements of a flight attendant assigned to the crew of the flight.

4.    Please identify each and every passenger of Frontier flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago by his or her name, address and telephone number.

**ANSWER**:    Frontier objects to Interrogatory No. 4 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation.

5.    Please identify each and every effort undertaking by the defendant to mitigate and or to avoid consequences of delayed and cancelled departure of flight 41 from Punta Cana to Chicago on a March 28, 2015 and March 29, 2015.

**ANSWER**:    Frontier objects to Interrogatory No. 5 on the grounds that it is vague, overly broad, confusing, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Frontier owed no obligation to Plaintiffs regarding mitigating or avoiding any potential consequences of the delay and/or cancellation of the subject flights because Plaintiffs contracted with Apple Vacations, not Frontier. Notwithstanding, the March 28, 2015 cancellation and the March 29, 2016 delay were

4

impossible to avoid because they were caused by a radar outage (ATC) in Punta Cana, Dominican Republic.

6.      Please identify each and every document in your possession related to operation, maintenance, servicing and repairs of flight 41 from Punta Cana to Chicago on March 28 and 29, 2015.

**<u>ANSWER</u>**:    Frontier objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Subject to and without waiving the foregoing objections, there were no aircraft maintenance or repairs issues that caused the cancellation of flight 41 on March 28, 2015 or the delay of flight 41 on 29, 2015.

7.      Please identify by name, address and telephone number each and every passenger of flight 41, who had ever requested any compensation from Frontier Airlines, Inc. in regard to delayed departure of flight 41 from Punta Cana to Chicago March 28 and 29, 2015.

**<u>ANSWER</u>**:    Frontier objects to Interrogatory No. 7 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation. Subject to and without waiving the foregoing objections, any requests for compensation would have been directed to Apple Vacations, which contracted with passengers for the subject flights.

8.      Please identify by name, address and telephone number each and every passenger of flight 41, who had ever received any pecuniary compensation from Frontier for delayed departure of flight 41 from Punta Cana to Chicago on March 28 and 29, 2015.

**<u>ANSWER</u>**:    Frontier objects to Interrogatory No. 8 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential

pursuant to federal regulation. Subject to and without waiving the foregoing objections, any requests for compensation would have been directed to Apple Vacations, which contracted with passengers for the subject flights.

      9.    Please identify by name, address and telephone number each and every passenger of flight 41, who had ever requested but did not receive a compensation from Frontier for delayed departure of flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago.

      **ANSWER**:    Frontier objects to Interrogatory No. 9 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation. Subject to and without waiving the foregoing objections, any requests for compensation would have been directed to Apple Vacations, which contracted with passengers for the subject flights.

      10.    Please identify duration of delayed departure of flight 41 on March 28 and 29, 2015 which was scheduled to transport the above-named plaintiffs from Punta Cana to Chicago.

      **ANSWER**:    Frontier flight 41 on March 28, 2015 was cancelled due to a radar outage (ATC) in Punta Cana, Dominican Republic. Frontier flight 41 on March 29, 2015 was delayed by 3 hours and 32 minutes due to a radar outage (ATC) in Punta Cana, Dominican Republic.

      11.    Please identify by name, address and telephone number each and every employee of Frontier Airlines, Inc. who possess any knowledge as to any reasons and circumstances of delayed and cancelled departure of flight 41 on March 28 and 29, 2015 for Punta Cana to Chicago.

      **ANSWER**:    Frontier objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects on the grounds that personal information of employees is confidential and private. Subject to and without waiving the foregoing objections, investigation continues.

12.   Please identify each and every document related to maintenance and repairs of airplane performing the flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago.

**ANSWER**:   Frontier objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it is not limited in time or scope. Subject to and without waiving the foregoing objections, there were no aircraft maintenance or repairs issues that caused the cancellation of flight 41 on March 28, 2015 or the delay of flight 41 on 29, 2015.

13.   Please identify and disclose each and every offer of compensation, which was ever made by defendant to the above-named plaintiff for delayed and canceled departure of flight 41 on March 28 and 29, 2015, which was scheduled to transport the above-named plaintiff from Punta Cana to Chicago.

**ANSWER**:   Frontier objects to Interrogatory No. 13 on the grounds that it is vague, ambiguous, confusing and does not specify the information sought with sufficient particularity. Subject to and without waiving the foregoing objections, any information regarding offers made to Plaintiffs would be in the possession of Plaintiffs.

14.   Please identify and disclose each and every instance of delayed and cancellations of defendant's flights as effectuated by said defendant starting March 28 and 29, 2015 and up to the date of your answer to this interrogatory.

**ANSWER**:   Frontier objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

15.   Did you conduct any internal investigation regarding delay and cancellation of departure of flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago?  If so, please identify and disclose each and every document generated by such investigation.

**ANSWER**:   Frontier objects to Interrogatory No. 15 on the grounds that it is overly broad, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. To the extent this

interrogatory is a request for the production of documents, Frontier objects to its form and substance. Subject to and without waiving the foregoing objections, SCSM Ops Alerts provide information on the duration and cause of flight delays.

16. Please identify and disclose the particular date of receipt in your office of plaintiff's pre-suit notice of claim and demand for settlement.

**ANSWER**: Frontier objects to Interrogatory No. 16 on the grounds that it seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Frontier was served with the Tarkov Plaintiffs' pre-suit notice of claim on February 1, 2016.

17. Please identify and disclose the name of person who reviewed plaintiff's pre-suit notice of claim and demand for settlement.

**ANSWER**: Frontier objects to Interrogatory No. 17 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

18. Please identify name and address of business entity rendering air traffic control services at Punta Cana International Airport.

**ANSWER**: Frontier objects to Interrogatory No. 18 on the grounds it is vague, ambiguous and confusing. Frontier also objects to the extent Interrogatory No. 18 is not limited in time. Additionally, Frontier objects to the extent it seeks information to which Plaintiffs have equal access to information in the public domain.

19. Please identify and disclose the name of person who reviewed plaintiff's pre-suit notice of claim and demand for settlement.

**ANSWER**: See Frontier's Response to Interrogatory No. 17.

20. Please identify and disclose particular reasons for denial of plaintiff's pre-suit notice of claim and demand for settlement.

**ANSWER**: Frontier objects to Interrogatory No. 20 on the grounds it is vague, overbroad, confusing and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

21. Please identify and disclose particular factual basis for assertion by you of defense of extraordinary circumstances in the above-captioned matter.

**ANSWER**: Frontier objects to Interrogatory No. 21 on the grounds that it is overly broad, vague, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, the March 28, 2015 flight was cancelled due to a radar outage (ATC) in Punta Cana, Dominican Republic. The replacement flight on March 29, 2015 departed later than scheduled because the radar outage affected the legal rest requirements of a flight attendant assigned to the crew of the flight.

22. Please identify and disclose each and every effort made by you to prevent occurrence of extraordinary circumstances as to delayed departure of flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago.

**ANSWER**: Frontier objects to Interrogatory No. 22 on the grounds that it is overly broad, vague, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it is not limited in time or scope. Subject to and without waiving the foregoing objections, the March 28, 2015 cancellation and the March 29, 2016 delay were impossible to avoid because they were caused by a radar outage (ATC) in Punta Cana, Dominican Republic.

9

23.     Please identify and disclose each and every action performed by you to prevent occurrence of extraordinary circumstances as to flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago.

**ANSWER**:     See Frontier's response to Interrogatory No. 22.

24.     Please identify and disclose each and every contingency plan(s), which were designed, promulgated and implemented by Frontier Airlines, Inc. to rectify and or mitigate consequences of effect of extraordinary circumstances upon your scheduled flights.

**ANSWER**:     Frontier objects to Interrogatory No. 24 on the grounds that it is overly broad, ambiguous, confusing, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it is not limited in time or scope. Subject to and without waiving the foregoing objections, it is impossible to avoid delays caused by extraordinary circumstances.

25.     Please identify and disclose each and every document which was designed and implemented by Frontier Airlines, Inc. to rectify and or mitigate consequences of effect of extraordinary circumstances upon your scheduled flights.

**ANSWER**:     Frontier objects to Interrogatory No. 25 on the grounds that it is overly broad, ambiguous, confusing, vague, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it is not limited in time or scope. Subject to and without waiving the foregoing objections, it is impossible to avoid delays caused by extraordinary circumstances.

26.     Please identify and disclose all circumstances of delayed departure of flight 41 on March 28 and 29, 2015 from Punta Cana to Chicago.

**ANSWER**:     Frontier objects to Interrogatory No. 26 on the grounds that it is overly broad, vague, unduly burdensome, duplicative, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Additionally, this request exceeds the limits set forth in Rule 33(a)(1).

27.     Please adduce any and all documentary evidence in your possession to support of your contention that flight 41 was delayed on its departure from Punta Cana to Chicago on March 28 and 29, 2015.

**ANSWER**:     Frontier objects to Interrogatory No. 27 on the grounds that it is overly broad, ambiguous, vague, unduly burdensome, duplicative, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine.   To the extent this interrogatory is a request for the production of documents, Frontier objects to its form and substance. Additionally, this request exceeds the limit set forth in Rule 33(a)(1).

28.     Please identify each and every reasonable measures undertaking by you on or before March 28 and 29, 2015 to prevent occurrence of extraordinary circumstances as invoked by you in defense of this action.

**ANSWER**:     Frontier objects to Interrogatory No. 28 on the grounds that it is overly broad, ambiguous, vague, unduly burdensome, duplicative, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Frontier also objects to the extent it is not limited in time or scope. Additionally, this request exceeds the limit set forth in Rule 33(a)(1).

29.     Please identify name, address and telephone company (*sic*) of business entirety (*sic*) managing Punta Cana International Airport.

**ANSWER**:     Frontier objects to Interrogatory No. 29 on the grounds it is vague, ambiguous and confusing. Frontier also objects to the extent it is not limited in time and scope. Further, Frontier objects to the extent it seeks information to which Plaintiffs have equal access to information in the public domain. Additionally, this request exceeds the limit set forth in Rule 33(a)(1).

30.     Please identify and disclose by name, address and telephone number each and every passenger who had ever contacted Frontier (between March 28, 2015 and up to the date of your answer to this complaint), requesting compensation for delayed or canceled international airfare.

**ANSWER**:     Frontier objects to Interrogatory No. 30 on the grounds that it is overly broad, unduly burdensome, duplicative, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Frontier further objects on the grounds that such information is confidential pursuant to federal regulation. Additionally, this request exceeds the limit set forth in Rule 33(a)(1).

31.     Please identify and disclose by name, address and telephone number each and every passenger, who had ever received from Frontier (between March 28, 2014 and up to the date of your answer to this complaint) any pecuniary compensation for delayed or canceled international airfare.

**ANSWER**:     Frontier objects to Interrogatory No. 31 on the grounds that it is overly broad, unduly burdensome, duplicative, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Frontier further objects on the grounds that such information is confidential pursuant to federal regulation. Additionally, this request exceeds the limit set forth in Rule 33(a)(1).

Dated: April 11, 2016                    Respectfully submitted,

_____
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

12

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on April 11, 2016.

Counsel for Plaintiffs
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln., Mequon, WI 53092
(414)-581-1582


_____
Brian T. Maye

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ILYA TARKOV, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 1:15-cv-03430 |
| v. | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| FRONTIER AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |

**FRONTIER AIRLINES, INC.'S RESPONSE TO TARKOV PLAINTIFFS'
<u>REQUEST TO PRODUCE</u>**

Defendant, **FRONTIER AIRLINES, INC.** ("Frontier"), by its undersigned counsel,

ADLER MURPHY & McQUILLEN LLP, pursuant to Rule 34 of the Federal Rules of Civil

Procedure, hereby responds to Tarkov Plaintiffs' Request to Produce Documents as follows:

<u>**GENERAL OBJECTIONS AND PREFATORY STATEMENTS**</u>

1.      These general objections and prefatory statements apply to each of Plaintiffs'

Rule 34 Request for Production of Documents.  To the extent that certain of these general

objections and prefatory statements are cited in response to a particular Request, these specific

citations are provided because they are believed to be particularly applicable and are not to be

construed as a waiver of any other general objection or prefatory statement applicable to

information or documents falling within the scope of the Request.

2.      Frontier reserves the right to amend, revise, correct, supplement or clarify any of

the responses herein pursuant to facts or information gathered at any time subsequent to the date

of these responses.  Moreover, Frontier's responses to the Requests are made to the best of its

present knowledge, information, and belief.

3.      To the extent the Requests seek information or documents not within Frontier's

possession, custody, or control, Frontier states additional objections or privilege assertions only

in the interest of providing a comprehensive response. No objection or assertion of privilege should be construed as implying that the requested information or document is within Frontier's possession, custody, or control.

4.      Frontier objects to the Requests to the extent that they seek information not within Frontier's possession, custody or control.

5.      Frontier objects to the Requests to the extent that they are vague and ambiguous.

6.      Frontier objects to the Requests to the extent that they are overly broad, unduly burdensome, oppressive, seek information that is not relevant to the subject matter of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

7.      Frontier objects to the Requests to the extent they seek information that is publicly available or available to Plaintiffs from third-parties.

8.       Frontier objects to the Requests to the extent that they purport to impose upon Frontier obligations inconsistent with or in addition to those set forth in the Federal Rules of Civil Procedure.

9.      Frontier objects to the Requests to the extent that they violate the Local Civil Rules of the U.S. District Court for the N.D. of Illinois.

10.     Frontier objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the work-product doctrine, or any other privilege, doctrine or immunity. No objection or assertion of privilege should be construed as implying that the requested information is within Frontier's possession, custody, or control. In the event that any privileged or protected information is disclosed by Frontier, such disclosure is inadvertent and will not constitute waiver of privilege or protection.

11.     If Frontier, in response to the Requests, inadvertently produces information that is or may be subject to any of the foregoing objections, such production is not intended to be, nor shall it be construed to be, a waiver of objections with respect to such information or any withheld information.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     The true and correct copy of defendant's Frontier Airlines, Inc. tariff filed with pertinent U. S. federal authorities.

**RESPONSE**: See Frontier's contract of carriage, effective date 3/6/15, hereby produced as Frontier 000026-000050.

2.     The true and correct copy of complete manifest of passengers of flight no. 41, delay on its departure by the above-named defendant from Punta Cana to Chicago on March 28, 2015.

**RESPONSE**: Frontier objects to Request No. 2 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation.

3.     The true and correct copy of complete manifest of passengers of flight no. 41, delayed on its departure by the above-named defendant from Punta Cana to Chicago on March 29, 2015.

**RESPONSE**: Frontier objects to Request No. 3 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation.

4.      The true and correct copies of flight plan or flight manifest filed for flight no. 41 by the above-named defendant with Federal Aviation Administration on or before March 28, 2015.

**RESPONSE**: Frontier objects to Request No. 4 on the grounds that it is vague, overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

5.      The true and correct copies of flight plan or flight manifest filed for flight no. 41 by the above-named defendant with Federal Aviation Administration on or before March 29, 2015.

**RESPONSE**: Frontier objects to Request No. 5 on the grounds that it is vague, overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

6.      The true and correct copies of any and all documents relating to maintenance and repairs of aircraft performing flight 41 on March 28, 2015.

**RESPONSE**: Frontier objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it is not limited in time or scope. Subject to and without waiving the foregoing objections, there were no aircraft maintenance or repairs issues that caused the cancellation of flight 41 on March 28, 2015 or the delay of flight 41 on 29, 2015.

7.      The true and correct copies of any and all documents relating to maintenance and repairs of aircraft performing flight 41 on March 28, 2015.

**RESPONSE**:  See Frontier's Response to Request No. 6.

8.      The true and correct copies of any and all defendant's internal documents related to cancellation of flight 41 on March 28, 2015.

**RESPONSE**: Frontier objects to Request No. 8 on the grounds that it is vague, overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or

4

defense and/or not proportional to the needs of the case. Frontier further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, see SCSM Ops Alert related to flight 41 on March 28, 2015, hereby produced as Frontier 000051.

9.      The true and correct copies of any and all defendant's internal documents related to cancellation (*sic*) of flight 41 on March 29, 2015.

**RESPONSE**: Frontier objects to Request No. 9 on the grounds that it is vague, confusing, overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, see Frontier 000051.

10.     The true and correct copy of each and every document in your possession as identified in Interrogatories No. 1 to 31 and in your answers to those interrogatories.

**RESPONSE**:  See Frontier's Response to Request No. 9.

Dated: April 11, 2016                    Respectfully submitted,

                                         _____
                                         Brian T. Maye
                                         Adler Murphy & McQuillen LLP
                                         20 S. Clark Street, Suite 2500
                                         Chicago, Illinois 60603
                                         Telephone: (312) 422-5713
                                         bmaye@amm-law.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on April 11, 2016.

Counsel for Plaintiffs
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln., Mequon, WI 53092
(414)-581-1582

_____
Brian T. Maye