THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**ILYA TARKOV,** *et. al*  
individually and on behalf of  
themselves and all others  
similarly situated members of  
proposed Class of passengers,  
                  Plaintiffs,  
  and  

Case No. <u>2015-CV-3430</u>

HON. JOHN J. THARP, JR.

**FRONTIER AIRLINES INC.,**  
          Defendant

**MOTION FOR ORDER TO COMPEL DISCOVERY PURSUANT TO RULE 37 OF FEDERAL RULES OF CIVIL PROCEDURE**

    **NOW COMES** the above-named Plaintiffs by their counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices LLC, and pursuant to Rule 37 of Federal Rules of Civil Procedure and in accordance with Local Rule 37.2 hereby respectfully moves this Honorable Court for an order compelling defendant's discovery in the above-captioned matter. In support of this motion the undersigned counsel of record for the above-named Plaintiffs states and alleges as follows:

    1.    That on March 14, 2016 the undersigned counsel of record for the above-named plaintiff served upon the defense counsel the Plaintiff's 1 Set of Interrogatories, Requests for Admissions and Request for Production of Documents.

    2.    That the true and correct copy of is appended herewith marked as Exhibit A, incorporated by reference and made a part of this entire motion to compel.

    3.    That on April 9, 2016 the undersigned counsel of record for the above-named defendant served upon the plaintiff's counsel his client's Response to Plaintiff's Requests for Admissions, the true and correct copy of which is appended herewith

EXHIBIT B

marked as Exhibit B, incorporated by reference and made a aprt of this entire motion to compel discovery.

    4.    That in its response to Request for Admission No. 9 the above-named Defendant denied "rejecting to plaintiffs pre - suit notice of claim and settlement demand for compensation prior to filing of this action by Adlers plaintiffs." <u>Defendant's Response to Adlers Plaintiffs Request for Production of Documents, par. 9, p.5</u>.

    5.    That in its response to Request for Admission No. 9 and 10 the above-named Defendant denied "rejecting to plaintiffs pre - suit notice of claim and settlement demand for compensation prior to filing of this action by Tarkovs plaintiffs." <u>Defendant's Response to Tarkovs Plaintiffs Request for Production of Documents, par. 9; par. 10 p.5</u>.

    6.    That however as to the Adlers Plaintiffs, the defendant cannot dispute in good faith that on November 11, 2015 the defense counsel told the plaintiff's counsel that his client will not consider any pre-suit settlement and will not settle this matter without further litigation.

    7.    That similarly, the defendant cannot deny in good faith that on 9-01-15 the defense counsel told the plaintiff's counsel that his client is not willing to consider any pre-suit settlement of this matter.

    8.    That therefore as to both Plaintiffs the above-named defendant through its attorney cannot deny in good faith that their pre-suit settlement demands were rejected.

    9.    That therefore the above-named Plaintiffs are now moving pursuant to Rule 36 to determine the sufficiency of defendant's answers No. 9, 10, 15 and 16 of defendant's response to Plaintiff's Requests for Admissions.

10. That furthermore on April 11, 2016 the above-named defendant responded to Plaintiff's 1st Set of Interrogatories.

11. That in its response the defendant refused to meaningfully respond to Interrogatory No. 4, 7, 8, 9, 13, 30, 31 requesting defendant to "identify each and every passenger of Frontier flight 41 of October 24, 2015 from Punta Cana to Chicago by his or her name, address and telephone number." See, Defendant's Response to Plaintiffs 1st Set of Interrogatories, par. 4, 7, 8, 9, 13, 30, 31, p.5 -11.

12. That in essence as to both Plaintiffs, the above-named Defendant is refusing to produce flight manifest for Flight 41 as cancelled by the Defendant on March 28, 2015, March 29, 2015 and October 24, 2015. The Plaintiffs are entitled to production of Passenger's Manifest of all the above-referenced flights. *See*, *e.g.*, Nathaniel v. American Airlines, (D. Virgin Islands Nov. 20, 2008)(holding that despite a federal regulation requiring that airlines keep passenger contact information confidential per 14 C.F.R. § 243.9, the airline was required to produce such information subject to a protective confidentiality order)(the court reasoned that other passengers on the aircraft had apparently witnessed the incident at issue and that the passenger had no other means of obtaining their contact information, and the court took note of two other cases in which the courts had held passenger manifests to be discoverable subject to confidentiality orders).

13. That as to this particular issue the identities of the other potential class members is relevant information here in light of their class allegations.

14. That essentially, the names of those passengers on the flight 41 are relevant information subject to discovery because those passengers would be potential class members.

15. That the Parties discussed this issue during their recent telephone conference conducted on 4-12-16 pursuant to Local Rule 37.2 but the above-named Defendant by its defense counsel Atty. Maye firmly refused to produce Passenger Manifest for Flight 41 as delayed on departure by the Defendant on or about March 28, 2015, March 29, 2015 and October 24, 2015.

16. That furthermore, the defendant refused to meaningfully answer to Interrogatory No. 11 requesting the defendant to "identify by name, address and telephone number each and every employee of FRONTIER AIRLINES INC who posses any knowledge as to any reasons and circumstances of delayed and cancelled departure of flight 41 on October 24, 2015 for Punta Cana to Chicago." See, Interrogatory 11. p.9.

17. That furthermore, the defendant refused to effectuate meaningful answer to Interrogatory No. 14 requesting the defendant to "identify and disclose each and every instance of delayed and cancellations of defendant's flights as effectuated by said defendant starting October 24, 2015 and up to the date of your answer to this interrogatory." See, Defendant's Response to Plaintiffs 1st Set of Interrogatories, par. 14, p.7.

18. That furthermore, the defendant refused to effectuate meaningful answer to Interrogatory No. 17 and 19 requesting the defendant to "Please identify and disclose the name of person who reviewed plaintiff's pre –suit notice of claim and demand for

Page 4 of 7

settlement.." See, Defendant's Response to Plaintiffs 1st Set of Interrogatories, par. 17, par. 19, p.8.

**WHEREFORE** the above-named Plaintiffs by their undersigned counsel of record is respectfully requesting the following relief:

(1) Pursuant to Rule 37 of Federal Rules of Civil Procedure, an order compelling the above-named defendant Frontier to effectuate meaningful answers to the above-identified requests for admissions and interrogatories; and

(2) Pursuant to Rule 36 of Federal Rules of Civil Procedure, to determine sufficiency of defendant's answers to the above-identified requests for admissions; and

(3) Any other and further relief this Court deems to be just and proper.

PLEASE TAKE NOTICE that in compliance with Rule 37 of Fed R. Civil Procedure and Local Rule 37.2 on 4-12-16 the undersigned counsel for the above-named plaintiffs attempted to resolve in good faith the above-identified discovery issue with opposing counsel Atty. Brian T. Maye, but said effort was unsuccessful due to fault of defense counsel.

Dated this Motion on this 8th day of May 2016.

    Respectfully submitted by
    GOROKHOVSKY LAW OFFICES, LLC
    Attorneys for Plaintiffs

    BY: /s/ Vladimir M. Gorokhovsky, Esq.
        Vladimir M. Gorokhovsky, LL.M.
        ILND TR. 10994

**P.O. Business Address**:
Gorokhovsky Law Offices, LLC
10919 N. Hedgewood Ln.,
Mequon, WI 53092
(414)-581-1582

CERTIFICATE OF SERVICE:

I hereby certify that on May 9th, 2016 I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

**Vladimir Gorokhovsky, Esq.**

_____
/s/ VLADIMIR GOROKHOVSKY

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**ILYA TARKOV,** *et. al*
individually and on behalf of
themselves and all others
similarly situated members of
proposed Class of passengers,
                Plaintiffs,
  and

**FRONTIER AIRLINES INC.,**
                Defendant

Case No. **2015-CV-3430**

HON. JOHN J. THARP, JR.

**STATEMENT OF COMPLIANCE WITH RULE 37 OF F.R.CIV.PRO. AND LOCAL RULE 37.2**

_____

      Pursuant to Rule 37(a)(2)(A) and (B) of Federal Rules of Civil Procedure as well as in compliance with the Local Rule 37.2 titled LR37.2. "Motion for Discovery and Production" the undersigned counsel of record for the above-named Plaintiffs hereby certifies that after consultation via written e-mail correspondence, and via telephone conference on 4-12-2016 with defense counsel Atty. Brian T. Maye and good faith attempts to resolve differences with opposing counsel, the undersigned attorney was unable to reach an accord due to fault and lack of defendant's cooperation.

      Dated this Notice on this **12**<sup>th</sup> day of **April** 2016.

                              Respectfully submitted by:
                              GOROKHOVSKY LAW OFFICES, LLC
                              Attorney for Plaintiffs


                     BY: /s/ Vladimir M. Gorokhovsky
                         Vladimir M. Gorokhovsky, LL.M.
                         ILND TR 10994

**P.O Business Address:**
10919 N. Hedgewood Ln.,
Mequon, WI 53092
(414)-581-1582