UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1.2
Eastern Division

Ramune Serpytiene, et al.
                  Plaintiff,

v.                                        Case No.: 1:15−cv−00832
                                        Honorable Robert W. Gettleman

United Airlines Inc, et al.
                  Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, May 30, 2017:

      MINUTE entry before the Honorable Maria Valdez: Status and Motion hearing held on defendant United Airlines, Inc.'s Motion to Compel Discovery [105] and Plaintiff's Motion for Order to Compel Discovery [114]. Defendant's motion [105] is granted. Plaintiff is ordered to submit amended discovery responses within 15 days, including obtaining Plaintiff's signature on the interrogatory responses as required by Federal Rule of Civil Procedure 33(b)(5). Defendant's request for fees is taken under advisement. Defendant is to submit a fee petition within 7 days, and Plaintiff may respond within 7 days thereafter. Plaintiff's motion [114] is denied. As an initial matter, it should be noted that for 18 interrogatories and 10 document requests with allegedly deficient responses, the motion does not specify how they are deficient or incomplete. The only deficiency identified in the motion is Defendant's response to Interrogatory Number 4, which seeks the passenger manifest of the flight at issue. Defendant did respond to the interrogatory by way of objections. The Court agrees with Defendant that the manifest is not relevant to any of the claims or defenses currently in the case. Should class action status be granted, it may then be relevant for notice issues. The single case cited by Plaintiff, Nathaniel v. American Airlines, No. 2007/0033, 2008 WL 5046848, at *6 (D.V.I. Nov. 20, 2008), held only that the manifest was discoverable under a protective order when passengers were potential witnesses, and the plaintiff had no other means to discover their identities. Plaintiff's counsel acknowledged that he seeks the manifest in order to identify additional named plaintiffs, but he failed to offer any case law holding that such a purpose makes the material relevant to the claims and defenses in the case. In addition, Plaintiff's counsel admitted in open court that he has known of the alleged deficiencies for over three months and brought the motion only in response to Defendant's having filed its own motion to compel, belying his claim that he has a substantial need for the materials. All discovery will close on 8/31/17. Status hearing set for 7/11/17 at 10:00 a.m. Mailed notice(lp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

EXHIBIT E

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1.2
### Eastern Division

Natalia Godun
                       Plaintiff,

v.                                           Case No.: 1:16–cv–04869
                                          Honorable Robert W. Gettleman

United Airlines, Inc., et al.
                       Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, June 9, 2017:

      MINUTE entry before the Honorable Young B. Kim: Plaintiffs' motion to compel [70] is denied. First, Godun failed to comply with Local Rule 5.2(f) and the court's order of June 5, 2017, by failing to provide a courtesy copy of the motion, which is 40 pages in length, by June 8, 2017. Second, Plaintiffs fail to comply with Local Rule 37.2 prior to filing the motion. Third, the court finds that the motion is untimely in that Plaintiffs were aware of alleged deficiencies in Defendant's discovery responses six months ago in November 2016, but did not file their motion to compel until May 29, 2016. (R. 70.) Fourth, the court finds that the motion, as it pertains to Defendant's response to Plaintiffs' requests for production of documents and requests for admissions, wholly undeveloped. The motion hearing scheduled for today is cancelled. Defendant's motion for attorney fees [77] is entered and continued. The court will rule on the motion electronically. Mailed notice (ma,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1.2
### Eastern Division

Neringa Pumputyte, et al.
                                    Plaintiff,

v.                                            Case No.: 1:16–cv–04868
                                            Honorable Gary Feinerman

United Airlines, Inc., et al.
                                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 30, 2017:

      MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 7/12/2017 at 9:00 a.m. Motion hearing held. For the reasons stated on the record, Plaintiffs' motion for order to compel discovery [75] and motion for order to extend time to conduct discovery [77] are denied without prejudice. For the reasons stated on the record, Defendant United's motion to compel [63] is granted. By 6/2/2017, Plaintiff shall serve written response to Defendant's second set interrogatories and second set of document requests; shall serve proper verifications for the written responses to the first set of written discovery requests; and shall serve authorizations with respect to the bank, cellphone, and credit card records. (Even if the court mistakenly attributed to this Plaintiff a claim for $150 in conjunction with the borrowed cell phone, the records are still pertinent to Defendant's testing Plaintiff's damage claims.) In addition, Plaintiff shall present herself for deposition by 6/29/2017. The dispositive motion deadline is extended to 7/27/2017.Mailed notice.(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.