**IN THE UNITED STATES FEDERAL COURT**
**OF NORTHERN DISTRICT OF ILLINOIS**

**ILYA TARKOV**  **Case No. <u>2015-CV-3430</u>**
**RIMMA TARKOV**
**on behalf of themselves and all others**
**similarly situated passengers of**
**proposed Classes**
**Plaintiffs**

            **vs.**  **HON. JOHN THARP. JR.**

**FRONTIER AIRLINES**
**7001 TOWER ROAD,**
**Denver, Colorado 80249**
**a foreign corporation**
          **Defendant**  **JURY DEMAND ON ALL COUNTS**
_____

**5TH AMENDED CLASS ACTION COMPLAINT AT LAW**
_____

     **NOW COMES** the above-named Plaintiffs, ILYA TARKOV and RIMMA

TARKOV, individually and on behalf of all other similarly situated members of proposed

Classes of passengers**,** by their counsel of record, Attorney Vladimir M. Gorokhovsky of

Gorokhovsky Law Offices LLC, and as their 5TH AMENDED CLASS ACTION

COMPLAINT AT LAW pursuant to the Articles 19 and 22(6) of the Montreal

Convention for the Unification of Certain Rules for International Carriage by Air, May

28, 1999 for compensable economic actual, general, punitive, statutory, incidental and

consequential damages for violation of the Article 19 of said Montreal Convention for the

Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered

into force on Nov. 4, 2003)(Montreal Convention), _reprinted in_ S. Treaty Doc. No. 106-

45;  49 U.S.C.A.App. § 1502 (49 USCA § 40105, _et. seq_.), against the above-named

defendant, FRONTIER AIRLINES, jointly and severally, alleges as follows:

## I. NATURE OF THIS ACTION:

1.     That this civil action arises under the Treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in note following 49 U.S.C. § 1502 (1976) or in alternative under Article 19 of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, which is the supreme law of this land.[1]

2.     That at all times material hereto the Plaintiffs purchased international airfare transportation from Chicago to and from PuntaCana, Dominican Republic.

3.     That the United States and Dominican Republic are signatories to the Montreal Convention.[2]

4.     That by procuring this international airfare from the place of their residence located within Cook County, Illinois the above-named Plaintiffs entered into binding legal contract with the above-named defendant for international transportation by air from the place of their domicile at Chicago, Illinois to Punta Cana, Dominican Republic and back to Chicago, Illinois.

5.     That on March 21, 2015 the above-named Plaintiffs were scheduled to fly from Chicago to Punta Cana and back from Punta Cana, Dominican Republic to Chicago.

6.     That on March 21, 2015 defendant's departing flight from Chicago to Punta Cana was delayed for more than three hours and were canceled.

---

[1] http://www.state.gov/e/eb/rls/othr/ata/114157.htm
[2] http://legacy.icao.int/icao/en/leb/mtl99.pdf

7.      That on March 28, 2015 the defendant's flight departing form Punta Cana was delayed on departure from Punta Cana for approximately 12 to 24 hours.

8.      That on March 28, 2015 for entire duration of 12 to 24 hours the above-named Plaintiffs were confined at various areas of Punta Cana Airport operated by Frontier Airline without or with very limited access to food, refreshments and lavatories.

9.      That upon information and believe, such delay on departure of defendant's flights at all times material hereto were caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

10.      That at all times material hereto, while being estranged at various airports the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

11.      That at all times material hereto while being estranged at O'Hare and at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising their passengers as to cause, nature, extent, duration of delay of departing flights operated by Frontier Airlines.

12.      That subsequently, more than 12 to 24 hours later the above-named Plaintiffs arrived to their destination being more than 12 to 24 hours late of their preplanned arrival and missed several days of their pre-paid vacation time as well as several days of their work, thereby incurring economic damages of lost wages in the sum to be proven at trial.

13.     That concomitantly the Plaintiffs also incurred compensable economic out-of-pocket expenses for additional Per Diem, local accommodation, food, water, medication, substituted clothing and transportation expenses.

14.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flights operated by Frontier Airlines on March 21, 2015 and on March 28, 2015 are actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45;  49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq*.).

15.     That as a direct and proximate cause of said delayed departure of international air flights operated by Frontier, the Plaintiffs incurred similar actual out-of-pocket economic expenses in approximate sum in the sum to be proven at trial.

16.     That, at all times material hereto, as a direct and proximate cause of the above-identified willful indifference by Frontier and its employees, and delay of international airfare in excess of many hours the Plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages, including but not limited to per diem expenses, in the sum to be proven at trial.

17.     That as a direct and proximate cause of delayed departure of flights operated by the above-named defendants, the Plaintiffs were needlessly subjected to compensable economic damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, additional per diem and lodging expenses, indifferent treatment, physical discomfort, physical exhaustion,

financial injury of loss of time and loss of benefit of their bargain; loss of use of money and other legally cognizable economic damages.

18. That, at all times material hereto, the above-named defendant was recklessly indifferent to travel-related needs of the above-named plaintiffs and to its own voluntarily assumed contractual obligations.

19. That, upon information and believe, delay of the above-referenced defendant's flights were not caused by extraordinary circumstances, which could not have been avoided in due exercise of due diligence and pertinent legal standard of care owed to the plaintiffs by the above-named defendant.

20. That, upon information and believe, Frontier Airlines did not pursue all meaningful actions required to avoid or mitigate impact of extraordinary circumstances.

21. That therefore the above-named plaintiffs are now seeking, among other relief, to recover compensable economic actual, general and special damages in aggregate sum of $12,951.02; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from Frontier Airlines for delay in international air transportation as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

22. That, additionally, pursuant to the Article 22(5) of the Montreal Convention, the Plaintiffs are also asserting claim for economic compensatory damages in the excess of the above-referenced cap on damages imposed by the Article 22(1) of Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from defendant on the theory of "reckless indifference" of defendant's

employees while acting in the scope of their employment and for benefit of their employer.

23.     That pursuant to Article 19 of the Montreal Convention, the defendant is liable for damages caused by delays of international air carriage of its passengers.

24.     That the above-named Plaintiffs, on their own behalf and on behalf of all similarly situated members of Class of Passengers of delayed air flights are bringing this action for compensation for damages caused by delays of international flights.

## II. JURISDICTION AND VENUE:

25.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-24 of preceding section of this entire 5th Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

26.     That the court's subject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, and doctrine of pendent jurisdiction.

27.     That, additionally the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.[3]

28.     That Art. 19 of the Montreal Convention set forth the private cause of action for money damages caused by delay or cancellation of international airfare transportation against the above-named defendant.[4]

---

[3] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.
[4] See, Article 19 of the Montreal Convention, The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier

29.     That the United States is signatory to Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.[5]

30.     That Dominican Republic is signatory to the Montreal Convention.

31.     That this class action also arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, as well as the Class Action Fairness Act, 28 U.S.C. § 1332(d); as well as under the doctrine of pending jurisdiction.

32.     That the court's jurisdiction is also invoked under Art 33 of the Montreal Convention and the doctrine of pendent jurisdiction.

33.     That the matter in controversy, exclusive of interest and costs, far exceeds the sum or value of $1,864,946.88 and is a class action in which some of the members of the Class of plaintiffs, whose number exceeds 100, are citizens of states different from the above-named defendant.

34.     That further, greater than two-thirds of the class members reside in states other than the states in which defendant is a citizen.

35.     That venue is proper in this Court under 28 U.S.C. § 1391 because all the above and below alleged actions of defendant took place, in whole or in part, within O'Hare International Airport located within this district.

36.     That the above-named defendant FRONTIER AIRLINES INC is doing business and are soliciting airline passengers by selling airfare tickets and are conducting its business of air transportation within the State of Illinois.

---

shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

[5] http://legacy.icao.int/icao/en/leb/mtl99.pdf

37.     That Frontier Airline is domiciled at the State of Colorado and / or are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

38.     That the above-named Plaintiffs, on their own behalf and on behalf of all Class Members, is seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,487.80 per passenger in aggregated sum to be determined at trail; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the defendant for delay of international air flights in a course of international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

39.     That, upon information and believe, the matter in controversy exceeds $1,864,946.88 exclusive of interest and costs, in that the above-named plaintiff is alleging actual damages in the sum of $6,475.51 per passenger and member of purported Class, as well as compensatory, actual, general, special, incidental and consequential damages in the sum not yet certain but to be ascertained and proven at trial.

40.     That, additionally, pursuant to Article 22(5) of Montreal Convention, the above-named Plaintiffs on their own behalf and on behalf of all other Class Members is also asserting claim for compensatory, additional, general, special, incidental and consequential damages in the excess of the above-referenced cap on damages imposed by Warsaw Convention and or by Article 22(1) of Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from the defendant on the theory of "reckless indifference" by the defendant to plaintiff's travel-related ordeal

allegedly perpetrated by certain employees of Frontier Airlines while acting in the scope

of their employment and for benefit of their employer.

41.     That additionally this Court has jurisdiction over this class action matter

pursuant to 28 U.S.C. § 1337 as well as the Class Action Fairness Act, 28 U.S.C. § 1332

(d), in that:

> (a)   This is a class action involving 100 or more class members; and
>
> (b)   Plaintiffs, permanent residents of Illinois, are diverse in citizenship
>
>       to defendant United Airlines, which are incorporated in the State of
>
>       Delaware, USA.

42.     This case is properly maintainable as a class action pursuant to and in

accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

> (a)   The Class is so numerous that joinder of all members is
>       impractical;
>
> (b)   There are substantial questions of law and fact common to the
>       Class including those set forth in greater particularity below;
>
> (c)   This case is properly maintainable as a class action pursuant to
>       Rule 23(b) of the Federal Rules of Civil Procedure, in that:
>
>> i.    Questions of law and fact enumerated below, which are all
>>       common to the Class, predominate over any questions of
>>       law or fact affecting only individual members of the Class;
>>
>> ii.   A class action is superior to any other type of action for the
>>       fair and efficient adjudication of the controversy;
>>
>> iii.  The relief sought in this class action will effectively and
>>       efficiently provide relief to all members of the class; and
>>
>> iv.   There are no unusual difficulties foreseen in the
>>       management of this class action.

43.     That this Court has personal jurisdiction over the above-named

defendant, Frontier Airlines, who is maintaining at least minimum contacts with the State

of Illinois through a conduct of air transportation business within State of Illinois and by otherwise availing themselves of Illinois' markets through their air travel operations, offices, logistical services, sales, and marketing efforts.

44.     That as to their individual claims the above-named plaintiffs are seeking, among other relief, to recover their actual, general and special damages in aggregate sum exceeding $6,897.82 per passenger;  as well as their incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the defendant for delay in international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

### III.   PARTIES:

45.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-44 of preceding sections of this entire 5th Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

46.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-6 of Jurisdiction Section as set forth fully herein and incorporates them by reference:

47.     That at all times material hereto the above-named Plaintiffs, ILYA TARKOV and RIMMA TARKOV were adult citizens of the USA, residing at: <u>421 Swan Blvd., Deerfield, Il 60015</u>.

48.     That the above-named Defendant, FRONTIER AIRLINES is believed to be domestic U.S. air transportation carrier with principal place of business at: 7001 TOWER ROAD, Denver, Colorado 80249.

49.     That the defendant is domiciliary of the country –signatory to the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.

50.     That the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, and pursuant to 28 U.S.C. § 1337.

51.     That the defendant is doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

52.     That the matter in controversy exceeds $1,864,946.88 exclusive of interest and costs, in that the above-named plaintiffs are alleging actual damages to the class of passengers of canceled flights operated by the above-named defendant; as well as their similar damages in the sum not yet certain but to be ascertained and proven at trial.

53.     That the above-cited federal treaties provide for the private cause of action against the above-named defendant.

IV. **STATEMENT OF CLAIM AND PLAINTIFF'S FACTUAL ALLEGATIONS AS TO RELEVANT TO INDIVIDUAL AND CLASS ACTION CLAIMS.**:

54.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-53 of preceding sections of this entire 5th Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

55.     That at all times material hereto the above-named Plaintiffs purchased airfare transportation from and to Chicago to Punta Cana, Dominican Republic.

56. That by procuring this international airfare from the place of their residences at Cook County, Illinois the Plaintiffs entered into binding legal contract with the above-named defendant for international transportation by airfare transportation.

57. That at all times material hereto various flights operated by the above-named defendant were delayed and or canceled.

58. That at all times material hereto airfare purchased by the above-named plaintiffs were delayed for more than 24 hours.

59. That at all times material hereto the above-named Plaintiffs were confined at departure area of various airports by Frontier Airline without access to food, refreshments and lavatories.

60. That upon information and believe such delays or cancellations of the above-identified flights were caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

61. That at all times material hereto the defendant did not pursue all reasonable measure to avoid ramifications of the above-identified delays or cancellations.

62. That at all times material hereto the defendant did not pursue all reasonable measure to avoid ramifications of the above-identified delays or cancellations which could not have been avoided even if all reasonable measures had been taken.

63. That while being estranged at various airports the above-named Plaintiffs were not provided with any care by the above-named defendant.

64. That while being estranged at various airports the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant,

who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of their the above-identified departing flights.

65. That at all times material hereto the above-named Plaintiffs arrived to their international destinations more than 12 hours late of their preplanned arrival and missed one day of their pre-planned and pre-paid vacation.

66. That at all times material hereto the Plaintiffs also lost several days of their employment, incurring economic damages of lost wages.

67. That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flights is actionable pursuant to Article 19 of Montreal Convention.

68. That as a direct and proximate cause of said delayed and or cancelled departures of the above-identified international airfare flights, the plaintiffs incurred substantially similar actual out-of-pocket expenses in the sum to be proven at trial.

69. That, as a direct and proximate cause of the above-identified willful indifference by the defendant, and delays of the above-identified international airfare flights in excess of 12 to 24 hours the plaintiffs incurred compensable economic damages in the sum to be proven at trial.

70. That as a direct and proximate cause of delayed and or cancelled departures of the above-identified airfare flights, the above-named Plaintiffs were needlessly subjected to similar economic compensable actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation

expenses, loss of wages, loss of pre-paid vacation time, loss of benefit of their bargain, additional per diem and lodging expenses and other legally cognizable damages.

71.      That, at all times material hereto, subsequently upon plaintiff's late arrival to their international destinations the above-named Plaintiffs submitted to local office of the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of Montreal Convention.

72.      That due to refusal of pre-suit settlement demand by defendant, the above-named plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of Montreal Convention.

73**.**      That, upon information and believe, the above-named passengers of the above-referenced delayed and or cancelled international airfare flights submitted to the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of Montreal Convention.

74.      That such pre-suit claims and demands for settlement were rejected by the defendant.

75.      That due to rejection of pre-suit settlement claim by the above-named defendant, the above-named plaintiffs are entitled to reasonable attorneys fees pursuant to Article 22(6) of Montreal Convention, [6]  incorporating so-called "settlement inducement provision" contained in Article 22(4) of Hague Protocol amendments.

_____

[6] Montreal Convention preserved the so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments.  To that extent settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments was codified in the Article 22(6) of the Montreal Convention, which states as follows:

    "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law [6], in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest.  The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses

76.     That the Hague Protocol as ratified by the U.S. Senate on July 31, 2002 is supreme law of this land, thereby establishing procedure for award of attorney's fees in the matter *sub judice*. [7]

### V.     CLASS ACTION ALLEGATIONS:

77.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-76 of preceding sections of this entire 5th Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

78.     That the above-named Plaintiffs are bringing this action on their own behalf and on behalf of a class of all other passengers similarly situated (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover compensation required to be paid under Art 19 of the Montreal Convention.

79.     That this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a) and (b).

80.     That the Plaintiffs seek certification of the following class:

(1)     All persons residing in the United States who meet the following requirements:

(1)  Such person had a confirmed reservation on flight No. 40 operated by Frontier Airlines on March 21, 2015 from Chicago to Punta Cana, Dominican Republic;

(2)  Such person had a confirmed reservation on flight No. 40 operated as operated by Frontier Airlines on March 21, 2015 from Chicago to PuntaCana, Dominican Republic to Chicago;

---

of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

[7]  http://www.gpo.gov/fdsys/pkg/CDOC-107tdoc14/html/CDOC-107tdoc14.htm

(3)  Such flight was delayed or cancelled for a reason other than extraordinary circumstances;

(4)  Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

(5)  Such person affected by said delay or cancellation for at least three hours; and

(6)  Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 40 as scheduled to depart from Chicago to Punta Cana, Dominican Republic to Chicago, Illinois on March 21, 2015.

(7)  Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 40 as scheduled to depart from Chicago to Punta Cana, Dominican Republic on March 21, 2015.

(8)  Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 40 as scheduled to depart from Chicago to Punta Cana, Dominican Republic on March 21, 2015.

(9)  Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

  (10) Such person affected by said delay or cancellation for at least three hours.

(11)    Such person has not received n advance notice of cancellation of Frontier Airlines flight No. 40 as scheduled to depart from Chicago to PuntaCana, Dominican Republic to Chicago on March 21, 2015.

(12) Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

(13) Such person affected by said delay or cancellation for at least three hours.

(2)     All persons residing in the United States who meet the following requirements:

(1)  Such person had a confirmed reservation on flight No. __ operated by Frontier Airlines on March 28, 2015 from Punta Cana, Dominican Republic to Chicago;

(2)  Such person had a confirmed reservation on flight No. __ operated as operated by Frontier Airlines on March 28, 2015 from Punta Cana, Dominican Republic to Chicago;

(3)  Such flight was delayed or cancelled for a reason other than extraordinary circumstances;

(4)  Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

(5)  Such person affected by said delay or cancellation for at least three hours; and

(6)  Such person has not received n advance notice of cancellation of Frontier Airlines flight No. __ as scheduled to depart from Punta Cana, Dominican Republic to Chicago, Illinois on March 28, 2015.

(7)  Such person has not received n advance notice of cancellation of Frontier Airlines flight No. __ as scheduled to depart from Punta Cana, Dominican Republic to Chicago, Illinois USA on March 28, 2015.

(8) Such person has not received n advance notice of cancellation of Frontier Airlines flight No. __ as scheduled to depart from Punta Cana, Dominican Republic to Chicago, Illinois USA on March 28, 2015.

(12) Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

(13) Such person affected by said delay or cancellation for at least three hours.

81. That excluded from the above-identified Classes are:

(1) Defendant and any entities in which Defendant has a controlling interest;

(2) Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendant;

(3) The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

(4) All persons or entities that properly execute and timely file a request for exclusion from the Class;

(5) Any attorneys representing the Plaintiff or the Class; and

(6) All governmental entities.

82. That the Plaintiff reserves the right to modify or amend the definition of all Classes before the Court determines whether certification is appropriate.

83. That the Class and or both Classes are numerously comprised of over 100 people and most likely over ten thousand people who were passengers on flights operated by Frontier Airlines Inc, the joinder of which in one action would be impracticable.

84.     That the exact number or identification of the Class members is presently unknown, but identity of the Class members is ascertainable.

85.     That in addition to manifests, databases and rolls maintained by defendant and its agents, the Class members may be located and informed of the pendency of this action by a combination of electronic bulletins, e-mail, direct mail and public notice, or other means.

86.     That the disposition of the claims of the proposed class members through this class action will benefit both the parties and the Court.

87.     That common questions of law and fact predominate over individual issues.

88.     That there is a well-defined community of interest in the questions of law and fact involved affecting members of the Class.

89.     That the questions of law and fact common to the Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

> a)    Whether FRONTIER AIRLINES is required to pay compensation to the members of both Classes pursuant to art 19 of the Montreal Convention;
>
> b)    Whether FRONTIER AIRLINES is continually engaged in sabotaging of remedies available to members of both Classes in accordance with Art. 19 of the Montreal Convention;
>
> c)    Whether the "extraordinary circumstances" exception only applies in certain circumstances where the airline can prove that the cancellation or delay was caused by (i) political instability, (ii) meteorological conditions incompatible with the operation of the flight concerned, (ii) security risks, (iii) technical or mechanical problems where it was "revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to

aircraft caused by acts of sabotage" or (v) strikes that affect the operation of an operating aircraft;

d) Whether FRONTIER AIRLINES failed to compensate members of both Classes by erroneously raising defenses of extraordinary circumstances";

e) Whether defense of extraordinary circumstances is a valid defense in an action for breach of contract of voluntary undertaking;

f) Whether FRONTIER AIRLINES failed to compensate the Class Members in the amounts specified in Art. 19 and 22 of Montreal Convention.

90. That the Plaintiffs are asserting a claims that are typical of all Classes, having all been entitled to receive financial compensation pursuant to the Art 19 of Montreal Convention and having not received such compensation.

91. That the Plaintiffs and the Classes members have similarly suffered harm arising from defendant's failure to pay compensation as alleged in this Complaint.

92. That the Plaintiffs are adequate representatives of the Classes because they fit within the class definition and their interests do not conflict with the interests of the members of the Classes they seek to represent.

93. That the Plaintiffs will prosecute this action vigorously for the benefit of the entire Class.

94. That the above-named Plaintiffs are represented by experienced and able attorneys from law firm, which will serve as class counsel.

95. That the undersigned Class counsel has litigated several class actions, and Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of all Classes.

96. That the Plaintiffs and class counsel can and will fairly and adequately

protect the interests of all of the members of the Class.

97.     That a class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts.

98.     That due to the size of each individual Class member's claims, it would not be practicable for Class members to individually seek legal redress for the wrongs identified in this Complaint.

99.     That without the class action vehicle, the Classes would have no reasonable remedy and would continue to suffer losses, as United Airlines Inc continues to fail to compensate passengers as required under Art. 19, 22 of Montreal Convention.

100.     That further, individual litigation has the potential to result in inconsistent or contradictory judgments.

101.     That a class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## VI. <u>CLASS AND INDIVIDUAL CLAIMS</u>:

**CLASS ACTION AND INDIVIDUAL CLAIM COUNT ONE:**
<u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Article 19 of the Montreal Convention</u>

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES, jointly and severally, the above-named Plaintiffs, ILYA TARKOV and RIMMA TARKOV on behalf of the Class of passengers of flight 41 operated by defendant on March 28, 2015 are alleging as follows:

102.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-101 of preceding sections of this entire 5th Amended Class Complaint at Law as set forth fully herein and incorporates them by reference:

103.     That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. 41 operated as operated by Frontier Airlines on March 28 and March 29, 2015 from Punta Cana, Dominican Republic Chicago, Illinois, which were delayed and canceled, causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for damages caused by delay or cancellation of international airfare pursuant Art. 19 of Montreal Convention.

104.     That at all times material hereto the above-named Plaintiffs purchased airfare transportation to be performed by Frontier Airlines on March 21, 2015 from Chicago to Punta Cana, Dominican Republic, and on March 28, 2015 flying back from Punta Cana to Chicago on the board of Frontier's flight 41.

105.     That on March 28, 2015, the above-named Plaintiffs were scheduled to depart from Punta Cana, Dominican Republic to Chicago on Frontier Airlines Flight 41.

106.     That the above-referenced flight was scheduled to depart from Punta Cana to Chicago at 4:25 P.M and to arrive to Chicago at 08:36PM.

107.     That the above-identified flight was delayed on departure from Chicago to Punta Cana to Chicago for six (6) hours and thereafter was cancelled.

108.    That upon such cancellation the above-named Plaintiffs were ordered by Frontier to go back to their hotel and to stay there for additional night at their own expense.

109.    That on the following day of March 29, 2015 the Plaintiffs were ordered by Frontier to show up at 6:30 AM at Punta Cana International Airport for boarding of flight 2041 which was scheduled to depart from PuntaCana to Chicago at 08:00AM.

110.    That said flight was delayed as well.

111.    That finally the above-named Plaintiffs were able to depart from PuntaCana at 11:50AM on March 29, 2015.

112.    That upon their arrival to Chicago at 3:45PM the above-named Plaintiffs were kept in the plane for additional one hour.

113.    That, upon information and believe, such delay on departure of defendant's flight No. 41 on March 28, 2015 in excess of 24 hours was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

114.    That while being estranged at PuntaCana International Airport the above-named Plaintiffs were not provided with any meaningful care by Frontier Airlines.

115.    That while being estranged at PuntaCana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing and cancellation of flight No. 41 on March 28 and March 29, 2015.

116.     That due to cancellation of departing flight No. 41 on March 28 and March 29, 2015 the above-named Plaintiffs were subjected to severe physical inconvenience resulting in financial injury at the sum to be determined at trial.

117.     That due to entire duration of cancellation for 24 hours the above-named Plaintiffs and subsequent late arrival to Chicago at 3:45PM on March 29, 2015 the above-named Plaintiffs lost one day of their employment, whereby incurring actual economic damages in the sum to be proven at trial.

118.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 41 on March 28 and March 29, 2015 is actionable pursuant to Article 19 of the Montreal Convention.

119.     That as a direct and proximate cause of said delayed departure of international air flight No. 41 on March 28 and March 29, 2015, and while being confined within a departure area of Punta Cana International Airport, the Plaintiffs incurred similar actual out-of-pocket economic expenses in the sum to be proven at trial.

120.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 24 hours the above-named Plaintiffs missed one day of their employment, thereby incurring actual economic pecuniary damages in the sum to be proven at trial.

121.     That as a direct and proximate cause of delayed departure of flight No 41 on March 28 and March 29, 2015, the Plaintiffs were subjected to compensable economic damages, including but not limited to loss of wages, additional transportation expenses incurred at the port of arrival, loss of benefit of their bargain, additional per diem and out-of-pocket expenses for local foodstuffs / refreshment expenses, medicine

procurement expenses, as well as other legally cognizable economic damages, losses and injuries.

122.    That under the Article 36 of the Montreal Convention, FRONTIER AIRLINES is liable for damages caused by delay of international airfare carriage of its passengers.

123.    That the Contract of International Airfare Carriage and Tariff[8] filed by FRONTIER incorporates liability pursuant o Art 19 of the Montreal Convention under the paragraph 16(B) of "Limitation of Liability", which states in pertinent part that:

> "International Transportation – With respect to international transportation, as defined in the following referenced conventions, as applicable, Frontier's liability will be limited as specified in, as and if applicable,
>
> (i) the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw, October 12, 1929, as amended ("Warsaw Convention"), but subject to the Agreement entered into by Frontier pursuant to 14 C.F.R. Part 203 or
>
> (ii) the Convention for the Unification of Certain Rules for International Carriage by Air, signed at Montreal, May 28, 1999 ("Montreal Convention").

124.    That furthermore pursuant to par 16(B) titled 'Additional Liability Limitations," the above-named defendant voluntarily assumed the above-cited self-imposed contractual liability.

125.    That as a direct and proximate cause of delayed departure of international air flight No. 41 on March 28 and March 29, 2015, the above-named Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their memorable trip, inconvenience, financial injury, physical discomfort, loss of time, loss

---

[8] www.flyfrontier.com/customer-service/faqs/~/media/Files/docs/CS_COC.ashx

of use of their monies, and was subjected to various economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

126. That, thereafter the above-named defendant was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation in violation of the Montreal Convention.

127. That said demand was unambiguously and willfully rejected by the above-named defendant prior to filing of this action.

128. That due to defendant's willful rejection of pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

129. That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the US Senate on July 31, 2002.

**WHEREFORE,** the above-named Plaintiffs on behalf of entire class of passengers of flight 41 on March 28 and March 29, 2015 are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,475.51; or in the sum to be proven at trial; and additional amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

**CLASS ACTION COUNT TWO**:

<u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Article 19 of the Montreal Convention</u>

As a separate cause of action against the above-named Defendant, FRONTIER

AIRLINES, the above-named Plaintiffs ILYA TARKOV and RIMMA TARKOV

individually, on their own behalf are alleging as follows:

130.    That the above-named Plaintiffs are repeating, re-alleging, and adopting

§§ 1-129 of preceding sections of this entire Second Amended Class Action Complaint at

Law as set forth fully herein and incorporates them by reference:

131.    That on or about March 1, 2015 the above-named Plaintiffs purchased a

vacation package at purchasing cost of $2,879.56 per two passengers for vacation at

PuntaCana, Dominican Republic, including airfare on March 21, 2015 from Chicago,

Illinois to PuntaCana, Dominican Republic and on March 28, 2015 returning back to

Chicago, Illinois, USA.

132.    That the United States and the Dominican Republic are signatories to the

Montreal Convention.[9]

133.    That by procuring this international airfare from the place of their

residence at: <u>421 Swan Blvd. Deerfield, Il 60015</u> the above-named Plaintiffs entered into

binding legal contract with all the above-named defendant for international transportation

by air on March 21, 2015 from the place of their domicile at Chicago, Illinois to

PuntaCana, Dominican Republic, and than on March 28, 2015 flying back to Chicago,

Illinois, USA.

134.    That true and correct copy of plaintiff's travel –related documents are

appended herewith marked as <u>Exhibit A: Travel Itineraries Booking Confirmation  No.</u>

---

[9] http://legacy.icao.int/icao/en/leb/mtl99.pdf

0053232022, pp. 1-3, incorporated by reference and made a part of this entire complaint-at-law.

135.    That on March 21, 2015, the above-named Plaintiffs were scheduled to depart from Chicago to PuntaCana on the board of departing flight operated by Frontier Airlines.

136.    That on March 21, 2015 the above-identified flight was delayed on departure from Chicago to Punta Cana to Chicago for six (6) hours and thereafter was cancelled.

137.    That upon such cancellation the above-named Plaintiffs were ordered by Frontier to go back to their local hotel or to place of their domicile and to stay there for additional night at their own expense.

138.    That on the following day of March 22, 2015 the above-named Plaintiffs were ordered by Frontier to show up at 6:30 AM at Chicago Cana International Airport for boarding of departing flight 2041 which was scheduled to depart from Chicago to PuntaCana to Chicago at 08:00AM.

139.    That said flight was delayed as well

140.    That finally the above-named Plaintiffs were able to depart from Chicago to PuntaCana during the day of March 22, 2015.

141.    That, upon information and believe, such delay on departure of defendant's flight No. 2041 on March 21 and March 22, 2015 in excess of 24 hours was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

142.      That while being estranged at O'Hare International Airport the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

143.      That, upon information and believe, such delay on departure and subsequent cancellation of defendant's departing flight on March 21, 2015 was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

144.      That while being estranged at O'Hare International Airport the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

145.      That while being estranged at O'Hare International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any meaningful care for estranged passengers and who were not advising its passengers as to cause, nature, extent, duration of delay of departure and subsequent cancellation of Frontier's departing flight on March 21, 2015.

146.      That due to cancellation of departing flight on March 21, 2015 the above-named Plaintiffs were subjected to severe physical inconvenience with nexus to compensable economic financial injury at the sum to be determined at trial.

147.      That due to entire duration of travel interruption for 24 hours the above-named Plaintiffs and subsequent late arrival to Punta Cana on March 22, 2015 the above-named Plaintiffs lost one day of pre-paid vacation, whereby incurring compensable economic actual damages in the sum to be proven at trial.

148.     That the above-identified circumstances of delay or cancellation of departing flight on March 21, 2015 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45;  49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

149.      That as a direct and proximate cause of said delayed departure of and or cancellation of departing international air flight on March 21, 2015, and while being confined within a departure area of O'Hare International Airport the above-named plaintiffs incurred compensable economic actual out-of-pocket expenses for procurement of food, refreshments and medications and international telecommunication services in the sum of $580 or in the sum to be proven at trial.

150.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 24 hours the above-named Plaintiffs missed one day of pre-paid vacation, thereby incurring compensable economic actual pecuniary damages in the sum to be proven at trial.

151.      That as a direct and proximate cause of delayed departure and or cancellation of defendant's departing flight on March 21, 2015, the above-named Plaintiffs were needlessly subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to loss of vacation time; out-of-pockets expenses for purchases of local foodstuffs, water, medication, telecommunication services wages, additional transportation expenses incurred at the port of departure and port of arrival, loss of benefit of their bargain,

additional per diem and local foodstuffs / refreshment expenses, medicine procurement expenses, as well as another legally cognizable economic damages, losses and injuries.

152.    That under the Article 19 and 36 of the Montreal Convention, the above-identified common carrier FRONTIER AIRLINES is liable for damages caused by delay or cancellation of international airfare carriage of passengers.

153.    That as a direct and proximate cause of delayed departure of defendant's departing international flight on March 21, 2015, the above-named Plaintiffs were subjected to additional lodging and per diem expenses, loss of pre-paid vacation time and other cognizable economic damages in the sum to be ascertained at trial.

154.    That, thereafter the above-named defendant FRONTIER AIRLINES was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation in violation of the Montreal Convention.

155.    That upon information and believe, said demand was rejected or not meaningfully considered by the above-named defendant.

156.    That due to defendant's failure to answer pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

157.    That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the US Senate on July 31, 2002.

**WHEREFORE,** both the above-named Plaintiffs are hereby respectfully pray that this Honorable Court shall award them an amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,475.51 per passenger in aggregated sum of $12,951.82; or in the sum to be proven at trial due to the above-named plaintiffs from the above-named defendants, jointly and severally; and additional economic amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

## XX.   INDIVIDUAL CLAIMS RELEIF

**WHEREFORE,** the above-named Plaintiffs, individually on their own behalf are hereby respectfully requesting this Honorable Court to award them with final order of judgment in the sum of $6,475.51 per plaintiff passenger against the above-named Defendant for all the above-stated causes of action as follows:

A.      The amount of compensatory  economic actual and general damages in the sum of 4604 SDR (Special Drawing Rights) or in the sum of $6,475.51 per individual passenger, or in the sum to be proven at trial; and

B.       The amount of compensatory economic special, incidental, consequential and inconvenience damages or in the sum to be proven at trial; and

C.      Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance with "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments as

incorporated by Article 22(6) of Montreal Convention for defendant's rejection of written notice of claim and to pre-suit settlement demand; and

      D.      Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of attorneys fees costs and disbursements of this action; and

      E.      Plaintiffs are also moving this Court for scheduling of evidentiary hearing on the issue of award of attorney's fees and costs upon entry of order of judgment pursuant to Rule 54 (d)(1) and (2) of Federal Rules of Civil Procedure; and

      F.      Such other and further relief as the Court deems just and proper.

## XXI.  CLASS ACTION RELEIF:

      G.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-160 of preceding sections of this entire 5th Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

      H.      That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure; that the Plaintiffs are proper class representative; and that the best practicable notice of this action be given to members of the Class represented by the Plaintiffs;

      I.      That the judgment be entered against FRONTIER AIRLINES and in favor of Plaintiffs and the Class on the Cause of Action in this Complaint, in an amount of compensable economic damages in the sum of $6,487.80 per member of the above-asserted Class; or in the sum to be determined at trial;

      J.      That judgment be entered imposing interest on damages, litigation costs, and attorneys' fees against FRONTIER AIRLINES; and

K.     For all other and further relief as this Court may deem necessary and appropriate.

PLEASE TAKE NOTICE that the above-named Plaintiffs, on their own behalf and on behalf of all Class Members are hereby respectfully requesting the trial by jury on all counts asserted herein.

PLEASE TAKE FURTHER NOTICE that the undersigned counsel of record as member of bar of the United States District Court for Northern District of Illinois is hereby designated as lead trial counsel in the above-captioned matter.

Dated this 5th Amended Class Action Complaint at Law on this 24th day of June 2017.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, L.L.C.
Attorneys for Plaintiffs

BY: *Vladimir M. Gorokhovsky, Esq.*
        /S/ VLADIMIR M. GOROKHOVSKY, LL.M.
        ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
10919 North Hedgewood Ln.,
Mequon, WI  53092
Telephone: (414)-581-1582
gorlawoffice@yahoo.com

CERTIFICATE OF SERVICE:

I hereby certify that on July 5, 2017, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

BY:     **Vladimir Gorokhovsky, Esq.**
        _____

        /s/ VLADIMIR GOROKHOVSKY