UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE ADLER, ILYA TARKOV, RIMMA TARKOV, and all other similarly situated passengers of proposed class, <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES, <br><br> Defendant. | No. 15 CV 3430 <br><br><br><br><br><br><br><br> Magistrate Judge Young B. Kim <br><br> July 10, 2017 |

**ORDER**

Defendant's motion to compel is granted in part and denied in part. In its motion, Defendant asks the court to compel Plaintiffs Alyona Adler, Leonid Adler, Ilya Tarkov, and Rimma Tarkov (collectively, "Plaintiffs") to: (1) supplement their answers to First Set of Interrogatories, more specifically Interrogatory Nos. 1-6, 9, and 13-15; (2) respond to Defendant's First and Second Set of Requests for Production of Documents and its Second Set of Interrogatories; (3) respond to Defendant's Third Set of Interrogatories; (4) provide signed authorization for the release of certain records; (5) present themselves for their depositions by July 14, 2017; and (6) pay Defendant's attorney's fees associated with the filing of this motion. On June 9, 2017, the court ordered Plaintiffs to file a response to the motion by June 23, 2017. (R. 63.) Then on June 26, 2017, in response to Plaintiffs'

motion, the court granted them an extension until July 7, 2017, to file their response. (R. 67.) Despite the fact that Plaintiffs had seven weeks since Defendant filed its motion to compel to file a response, Plaintiffs failed to do so. For the following reasons, and without the benefit of Plaintiffs' response, the motion to compel is granted in part and denied in part:

A.  **First Set of Interrogatories**

Defendant asserts that it is entitled to supplemental answers to Interrogatory Nos. 1-6, 9, and 13-15 because Plaintiffs' answers are not responsive or adequate. The motion is granted as to Nos. 1-6, 9, and 15, and denied as to Nos. 13 and 14.

| No. | Ruling |
|---|---|
| 1 | Defendant argues that Plaintiffs' answers are not adequate because they failed to provide information on their current employers. The court agrees, but Plaintiffs, as the individuals answering the interrogatories, provide the responsive information in answer to Interrogatory No. 6. However, Plaintiffs are ordered to provide a signed authorization for the release of employment records so that Defendant may verify their employment and to subpoena records related to their claim of wage loss. |
| 2 | Defendant argues that Plaintiffs' answers are not adequate because they failed to identify individuals who may have knowledge about their claimed damages. The answers may or may not be adequate depending on whether there are other individuals with knowledge about Plaintiffs' damages besides themselves. If there are other individuals with knowledge, Plaintiffs must identify them as requested. If Plaintiffs do not supplement their answers, they will be limited to their own statements to support their damages. |
| 3 | Defendant argues that Plaintiffs' answers are not responsive. The court agrees. Although Plaintiffs detailed the categories of their damages, they failed to itemize their losses and expenses and failed to provide any details regarding those expenses and losses. |
| 4 | Defendant argues that Plaintiffs' answers are not responsive. The court agrees. Plaintiffs must identify the documents they intend on using to support their financial losses or provide a copy of those documents to Defendant. If Plaintiffs identify any bank, credit card, or cell phone |

| | |
|---|---|
| | records as supporting documentation, they must also provide a signed authorization for the release of those records from the relevant third party. |
| 5 | Defendant argues that Plaintiffs' answers are not responsive. The court agrees that Plaintiffs' answers to No. 3 are only partially responsive to this interrogatory. Here, Defendant asks Plaintiffs to explain how the flight delays caused their financial losses they claim in this matter. For each loss they claim, Plaintiffs must explain the connection between such loss and the flight delays. |
| 6 | Defendant argues that Plaintiffs' answers are incomplete. The court agrees. Plaintiffs are to specify the dates and times they were unable to work as a result of the flight delays. |
| 9 | Defendant argues that Plaintiffs' answers are not responsive. The court agrees but only because Plaintiffs failed to identify any documents in support of their claim of physical injury. Answers to No. 3 are not clear as to whether Plaintiffs are claiming "financial loss associated with physical injury" they may have suffered as a result of the flight delays, but Plaintiffs do say that they incurred expenses for "medications." |
| 13, 14 | Defendant argues that Plaintiffs' answers are not responsive. The court agrees that the answers are not responsive but these interrogatories are duplicative in light of Defendant's Interrogatory Nos. 3-5. |
| 15 | Defendant argues that Plaintiffs' answers are not responsive. The court agrees. While "all other passengers of canceled flight No. 41" may be qualified to testify about the flight delays, they are most likely not qualified to testify about Plaintiffs' damages. Plaintiffs must identify the witnesses who will support their damage claims. |

**B. First and Second Set of Requests for Production of Documents and Second Set of Interrogatories**

Defendant explains that its First Set of Requests for Production of Documents, served on March 16, 2016, and its Second Set of Interrogatories and Requests for production of documents, served on September 16, 2016, still remain unanswered despite its repeated requests for a response. The motion is granted as to these written discovery requests.

### C. Third Set of Interrogatories

The motion is denied as to this set of interrogatories. On March 14, 2016, Defendant served 20 interrogatories to be answered by Plaintiffs. Then on September 16, 2016, Defendant served an additional 5 interrogatories. With this second set of interrogatories, Defendant served the maximum number of interrogatories permitted pursuant to Rule 33(a)(1).

### D. Depositions and Attorney Fees

As to Defendant's request to schedule Plaintiffs' depositions, the motion is granted to the extent that Plaintiffs are ordered to appear for their depositions no later than August 11, 2017. As to Defendant's request for fees, the court agrees with Defendant's explanation that it should not have had to incur additional fees to bring the instant motion. The court finds that Defendant made good faith attempts to secure discovery from Plaintiffs without filing a motion to compel and Plaintiffs failed to demonstrate why an award of attorney's fees is not warranted here. The court further finds that Plaintiffs must pay Defendant up to four hours of attorney's fees Defendant incurred in connection with the filing of the motion to compel, (R. 52.)

                                                  **ENTER:**

                                                  **Young B. Kim**
                                                  **United States Magistrate Judge**