IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ILYA TARKOV, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 1:15-cv-03430 |
| v. ) | |
| ) | Honorable John J. Tharp, Jr. |
| FRONTIER AIRLINES, ) | |
| ) | |
| Defendant. ) | |

**FRONTIER AIRLINES, INC.'S RESPONSE TO TARKOV PLAINTIFFS'
REQUEST TO PRODUCE**

Defendant, **FRONTIER AIRLINES, INC.** ("Frontier"), by its undersigned counsel, ADLER MURPHY & McQUILLEN LLP, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Tarkov Plaintiffs' Request to Produce Documents as follows:

**GENERAL OBJECTIONS AND PREFATORY STATEMENTS**

1. These general objections and prefatory statements apply to each of Plaintiffs' Rule 34 Request for Production of Documents. To the extent that certain of these general objections and prefatory statements are cited in response to a particular Request, these specific citations are provided because they are believed to be particularly applicable and are not to be construed as a waiver of any other general objection or prefatory statement applicable to information or documents falling within the scope of the Request.

2. Frontier reserves the right to amend, revise, correct, supplement or clarify any of the responses herein pursuant to facts or information gathered at any time subsequent to the date of these responses. Moreover, Frontier's responses to the Requests are made to the best of its present knowledge, information, and belief.

3. To the extent the Requests seek information or documents not within Frontier's possession, custody, or control, Frontier states additional objections or privilege assertions only

in the interest of providing a comprehensive response. No objection or assertion of privilege should be construed as implying that the requested information or document is within Frontier's possession, custody, or control.

4. Frontier objects to the Requests to the extent that they seek information not within Frontier's possession, custody or control.

5. Frontier objects to the Requests to the extent that they are vague and ambiguous.

6. Frontier objects to the Requests to the extent that they are overly broad, unduly burdensome, oppressive, seek information that is not relevant to the subject matter of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

7. Frontier objects to the Requests to the extent they seek information that is publicly available or available to Plaintiffs from third-parties.

8. Frontier objects to the Requests to the extent that they purport to impose upon Frontier obligations inconsistent with or in addition to those set forth in the Federal Rules of Civil Procedure.

9. Frontier objects to the Requests to the extent that they violate the Local Civil Rules of the U.S. District Court for the N.D. of Illinois.

10. Frontier objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the work-product doctrine, or any other privilege, doctrine or immunity. No objection or assertion of privilege should be construed as implying that the requested information is within Frontier's possession, custody, or control. In the event that any privileged or protected information is disclosed by Frontier, such disclosure is inadvertent and will not constitute waiver of privilege or protection.

11. If Frontier, in response to the Requests, inadvertently produces information that is or may be subject to any of the foregoing objections, such production is not intended to be, nor shall it be construed to be, a waiver of objections with respect to such information or any withheld information.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. The true and correct copy of defendant's Frontier Airlines, Inc. tariff filed with pertinent U. S. federal authorities.

**RESPONSE**: See Frontier's contract of carriage, effective date 3/6/15, hereby produced as Frontier 000026-000050.

2. The true and correct copy of complete manifest of passengers of flight no. 41, delay on its departure by the above-named defendant from Punta Cana to Chicago on March 28, 2015.

**RESPONSE**: Frontier objects to Request No. 2 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation.

3. The true and correct copy of complete manifest of passengers of flight no. 41, delayed on its departure by the above-named defendant from Punta Cana to Chicago on March 29, 2015.

**RESPONSE**: Frontier objects to Request No. 3 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier also objects on the grounds it seeks private information. Additionally, Frontier objects on the grounds that such information is confidential pursuant to federal regulation.

4. The true and correct copies of flight plan or flight manifest filed for flight no. 41 by the above-named defendant with Federal Aviation Administration on or before March 28, 2015.

**RESPONSE**: Frontier objects to Request No. 4 on the grounds that it is vague, overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

5. The true and correct copies of flight plan or flight manifest filed for flight no. 41 by the above-named defendant with Federal Aviation Administration on or before March 29, 2015.

**RESPONSE**: Frontier objects to Request No. 5 on the grounds that it is vague, overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

6. The true and correct copies of any and all documents relating to maintenance and repairs of aircraft performing flight 41 on March 28, 2015.

**RESPONSE**: Frontier objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it is not limited in time or scope. Subject to and without waiving the foregoing objections, there were no aircraft maintenance or repairs issues that caused the cancellation of flight 41 on March 28, 2015 or the delay of flight 41 on 29, 2015.

7. The true and correct copies of any and all documents relating to maintenance and repairs of aircraft performing flight 41 on March 28, 2015.

**RESPONSE**: See Frontier's Response to Request No. 6.

8. The true and correct copies of any and all defendant's internal documents related to cancellation of flight 41 on March 28, 2015.

**RESPONSE**: Frontier objects to Request No. 8 on the grounds that it is vague, overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or

4

defense and/or not proportional to the needs of the case. Frontier further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, see SCSM Ops Alert related to flight 41 on March 28, 2015, hereby produced as Frontier 000051.

9. The true and correct copies of any and all defendant's internal documents related to cancellation (*sic*) of flight 41 on March 29, 2015.

**RESPONSE**: Frontier objects to Request No. 9 on the grounds that it is vague, confusing, overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Frontier further objects to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objections, see Frontier 000051.

10. The true and correct copy of each and every document in your possession as identified in Interrogatories No. 1 to 31 and in your answers to those interrogatories.

**RESPONSE**: See Frontier's Response to Request No. 9.

Dated: April 11, 2016        Respectfully submitted,

_____
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the foregoing was served on the attorney(s) listed below in accordance with Federal Rule of Civil Procedure 5(a) by electronic mail and by depositing the same in a U.S. Postal Mail chute located at 20 S. Clark Street, Chicago, Illinois 60603 with proper postage prepaid on April 11, 2016.

      Counsel for Plaintiffs
      Gorokhovsky Law Office, LLC
      10919 N. Hedgewood Ln., Mequon, WI 53092
      (414)-581-1582

      _____
      Brian T. Maye