THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ILYA TARKOV,** *et. al*                                        Case No. **2015-CV-3430**
**individually and on behalf of**
**themselves and all others**
**similarly situated members of**
**proposed Class of passengers,**
                       **Plaintiffs**
            **-vs-**                                            HON. JOHN J. THARP, JR.

**FRONTIER AIRLINES INC.,**
                     **Defendant**                 Request to Appear Telephonically

**PLAINTIFF'S MOTION FOR RELEIF FROM PRIOR DISCOVERY ORDER OF DISCOVERY SANCTIONS OF THIS COURT DATED 7-10-17.**

    **NOW COMES** the above-named Plaintiffs, ILYA TARKOV and RIMMA TARKOVA, by their undersigned counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Office LLC and hereby moving this Honorable Court for an Order of Relief form Discovery Sanctions as imposed by this Court via its prior Order dated July 10, 2017.

    FURTHER, in support of this motion the undersigned counsel for the above-named Plaintiffs is hereby stating as follows:

    (1)    That on 7-10-16 this Court issued an order ordering the above-named defendant to submit its time sheets or invoice (with redaction of work product) showing the fees it incurred in connection with the filing of the motion to compel and a total amount to be paid by Plaintiff (not to exceed four hours of fees) by no later than July 12, 2017. Dkt. 70.

    (2)    That this court also ordered the above-named plaintiffs to pay the total amount

of fees to Defendant by no later than July 25, 2017. Dct. 70.

(3) That however the above-named defendant failed to effectuate its timely compliance with said order.

(4) That after completion of business day on July 12, 2017 the under-signed counsel for the above-named plaintiff did not received defendant's time sheet or invoice from the defendant.

(5). That rather upon completion of business day on July 12, 2017 the above-named defendant forwarded to the undersigned counsel for the above-named plaintiff generic letter requesting payment of his fees exceeding the sum of $1000.

(6). That, importantly, this particular letter omitted any detailed billings of the defense counsel extended by him in litigation of his motion to compel discovery, and further omitted any reference to particular billing rate charged by defense counsel to his client, defendant's insurer.

(7) That in response the undersigned counsel immediately contacted the office of defense counsel requesting disclosure of time Atty Time Sheet or invoice as ordered by this Court.

(8) That said request was ignored despite defense counsel's burden of proof on issue of reasonableness of his fees.

(9) That based on prior conversations previously transpired between the defense counsel and the plaintiff's counsel, the plaintiff's counsel is particularly informed that defense counsel is being compensated by his client (defendant insurer) on the basis of reduced rate fluctuating between $40 to $70 dollars per hours.

(10) That therefore the undersigned counsel for the above-named plaintiff believes that said amount in excess of $1000 is highly inflated, and thus is *prima facie* unreasonable.

(11) That if the defense counsel is being compensated by defendant's insurer at the rate of $70 per hour, it was incumbent upon him in compliance with his ethical obligations not to inflate his billing demand to the plaintiff, but truthfully request the true and correct sum of $280 reflecting four hours of his work on his motion to compel, as ordered by this Court on July 10, 2017.  Dct. 70.

(12) That instead he submitted to plaintiff's counsel highly inflated billing falsely claiming compensation for his billing at the rate of $250 per hour.

(13) That the defense counsel acted in the above-described manner despite remembering his prior representation to plaintiff's counsel that he is charging defendant's insurer a reduced defense rate based upon retainer engagement with said insurer and based on quantity of business regularly handled by defense counsel for said insurer.

(14) That this Court shall also notice persistent refusal of defense counsel to disclose his billing rate and consequential failure to met his burden of proof of reasonableness of his billings incurred in connection with motion to compel discovery

(15) That while determining the appropriate amount of attorney's fees to award this Court enjoy wide discretion. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999), yet in Hensley v. Eckerhart, 461 U.S. 424 (1982), the Supreme Court observed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." Hensley, 461 U.S. at 433; accord Spegon, 175 F.3d at 550. This calculation is commonly referred to as the "lodestar." Spegon, 175 F.3d at 550.

(16)  That it is fundamental that the party seeking the fee award bears the burden to prove the reasonableness of the number of hours and the hourly rates claimed. See Hensley, 461 U.S. at 433. In determining the ward, the Court must "exclude from this initial fee calculation hours that were not 'reasonably expended'" on the litigation. Id. at 434. The Court may then increase or reduce the modified lodestar amount by considering a variety of factors, *see id.* at 434-35, the most important of which is the "degree of success obtained." *Id.* at 436; accord Spegon, 175 F.3d at 550.

(17)  That the burden of establishing of reasonable attorneys fees incurred in connection with litigating its motion to compel discovery is on the defendant's counsel in this case. Cf, Dct. 70 *with* Eckerhart, 461 U.S. at 424 (holding that Plaintiff bears the burden of demonstrating that the fees he requests are reasonable). By applying its guesswork this Court improperly shifted this burden on the plaintiff , which is violation of well-settled controlling legal postulate. Cf, Dct. 127-128 *with* Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n, 188 F.Supp.3d 776 (N.D. Ill., 2016); Sottoriva, 617 F.3d at 97 (7th Cir. 2010).

(18)  That due to the above-identified conduct of defense counsel and his apparent failure to disclose his billing rate; as well as his apparent failure to comply with Court order of this Court dated July 10 2017 this Court should relieve the above-named plaintiffs from said prior order dated July 10, 2017. Cf, Dct. 70 *with* Eckerhart, 461 U.S. at 424 (holding that Plaintiff bears the burden of demonstrating that the fees he requests are reasonable); Sottoriva, 617 F.3d at 971.

(19) That, additionally the above-referenced order dated July 10, 2017 shall be vacated due to the above-explained failure of defense counsel to diligently discharge his burden of proof on issue of reasonableness of his attorneys fees incurred in connection with his client's motion to compel discovery. Cf, Dct. 70 *with* Spegon, 175 F.3d at 550.

**WHEREFORE,** the above-named Plaintiffs are in good faith praying for an Order of Relief from prior Order of Discovery Sanctions of this Court dated July 10, 2017; as well as for any other and further relief this Court deems to be proper and just.

**PLEASE TAKE FURTHER NOTICE** that the undersigned counsel of record for the above-named Plaintiff is hereby respectfully requesting permission of this Court to appear telephonically for the above-adduced motion.

Dated this Motion on this 20th day of July 2017.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, L.L.C.
Attorney for Plaintiffs

*Vladimir M. Gorokhovsky, Esq.*
BY: _____
/s/VLADIMIR M. GOROKHOVSKY, LL.M.
ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
10919 North Hedgewood Ln.,
Mequon, WI 53209
Telephone: (414)-581-1582
gorlawoffice@yahoo.com

CERTIFICATE OF SERVICE:

I hereby certify that on July 22, 2017 I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

*Vladimir M. Gorokhovsky, Esq.*
_____
/s/ VLADIMIR GOROKHOVSKY