UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALYONA ADLER and LEONID ADLER, on their own behalf and on behalf of minor child NICOLE ADLER, ILYA TARKOV, RIMMA TARKOV, and all other similarly situated passengers of proposed class,<br><br>     Plaintiffs,<br><br> v.<br><br>FRONTIER AIRLINES,<br><br>     Defendant. | No. 15 CV 3430<br><br><br><br><br><br><br><br>Magistrate Judge Young B. Kim<br><br><br>July 25, 2017 |

**ORDER**

  Plaintiffs' motion to compel, (R. 73), is granted in part and denied in part. In the current motion, Plaintiffs move the court to compel Defendant to provide supplemental answers to several interrogatories and requests in Plaintiffs' First Set of Interrogatories and First Set of Requests for Production of Documents and to pay their attorney's fees related to this motion. In its response, Defendant asserts that a nearly identical motion has already been ruled on in this case and requests that Plaintiffs pay its attorneys' fees related to this motion. (R. 64 at 1-2 (citing R. 44).) Regarding Plaintiffs' interrogatories and several of their requests for production of documents, Plaintiffs are attempting to take a second bite at the apple. Plaintiffs neglected to cite to their previous motion to compel where they raised many of the same issues and the exact same interrogatories with nearly the exact same

arguments. (See R. 38, Pls.' Mot. to Compel dated May 9, 2016; R. 43, Def.'s Resp.; R. 44, Order dated May 19, 2016.)

A.  **Plaintiffs' First Motion to Compel**

This court will not overrule the previous ruling on the same issues without good cause. The doctrine of the law of the case explains that "a ruling made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it." *Tice v. Am. Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004). A party might argue that an intervening change in the law or some special circumstance calls for a different ruling. *Id.* at 854; *see also Krieger v. United States*, 842 F.3d 490, 505 (7th Cir. 2016) (explaining a Supreme Court decision inconsistent with the earlier ruling may provide good reason to change an earlier ruling). In Plaintiffs' previous motion to compel filed in May 2016, they asked the court to compel Defendant to provide, among other things, the identities of passengers who were booked to fly on its flight from Punta Cana to Chicago on March 28 and March 29, 2015. (R. 38 at 3.) They also requested information about Defendant's employees who had knowledge of flight delays and cancellations. (Id. at 4.) Plaintiffs further requested, without limitation, information about every instance of delay or cancellation of certain regularly scheduled flights and the identity of employees who reviewed Plaintiffs' pre-litigation demand for settlement. Last, in support of that motion, Plaintiffs cited *Nathaniel v. Am. Airlines*, No. 07 CV 33, 2008 WL 5046848 (D.V.I. Nov. 20, 2008), the same case cited in the current motion. The court denied Plaintiffs' 2016 motion to compel. (See R. 44.)

B.     **Plaintiffs' Current Motion to Compel**

As it pertains to Plaintiffs' interrogatories, the current motion is essentially the same as the first motion to compel filed in 2016. Plaintiffs ask for most of the same information without addressing the standard described in *Tice* that might allow this court to alter the earlier discovery rulings in this case. Plaintiffs describe Defendant's answers to Plaintiffs' First Set of Interrogatories with nothing more than conclusory statements, asserting without explanation that Defendant has "refused to provide meaningful responses" or has committed "blatant violation of discovery rules" or has "failed to state that [Defendant] searched for information requested but did not locate any." (R. 73, Pls.' Mot. at ¶¶ 6, 8, 10, 13, 14, 15.) None of those reasons relate to any possible changed circumstances that were unknown at the time Plaintiffs filed their 2016 motion to compel, which the court denied. Because Plaintiffs failed to even mention their previous motion to compel and the earlier ruling and because Plaintiffs' analysis of Defendant's responses is undeveloped, it is impossible for the court to identify how circumstances might have changed in a manner that would allow the court to rule differently this time around on Defendant's interrogatory answers. In accordance with the law of the case doctrine, Plaintiffs' current motion to compel is denied as to Plaintiffs' First Set of Interrogatories Nos. 4, 7-9, 11, 13-14, 17-20, and 23-31. To the extent that Defendant did not properly verify its interrogatory answers, it must do so by August 4, 2017.

Next, as to Plaintiffs' First Set of Requests for Production of Documents, while the parties did not litigate these requests in Plaintiffs' first motion to compel, for the sake of consistency the court denies the current motion as far as it requests documents that would relate to the same categories of information that were denied in the first ruling. (See R. 38; R. 44.) For example, information related to flight manifests requested in Request Nos. 2 through 5 are denied because responsive documents would cover the same category of information that the court previously ruled as unnecessary. And even if other passengers could testify that the flights at issue were delayed, their identities are not relevant to establish that fact because Defendant admits that the flights were delayed. (See R. 64, Def.'s Resp. at 3.) Next, Defendant responded to Request Nos. 6 and 7 by explaining that "there were no aircraft maintenance or repairs issues that caused the cancellation of flight 41 on March 28, 2015 or the delay of flight 41 on [March] 29, 2015." The court interprets this as Defendant's declaration that no responsive relevant documents exist. If that is true, Defendant need not supplement its production to Request Nos. 6 and 7. Next, Frontier responded to Request Nos. 8 and 9 by producing the "SCSM Ops Alert related to Flight 41 on March 28, 2015" (Bates No. Frontier 000051). If a separate document that could be referred to as SCSM Ops Alert related to Flight 41 on March 29, 2015, also exists then logically it would appear to be directly responsive to Request No. 9 and must be produced. Last, regarding Request No. 10, Defendant responded without objection by referencing its response to Request No. 9, which identified Bates No. Frontier 000051. The court takes this to mean that

Defendant relied on that document—and only that document—to respond to Plaintiffs' First Set of Interrogatories. If Defendant relied on additional documents in responding to Plaintiffs' First Set of Interrogatories, then it must supplement its response to Request No. 10.

Without any developed analysis whatsoever from Plaintiffs as to how each of Defendant's responses to the Requests are inadequate, the court has no way to further evaluate how Defendant's responses may or may not be adequate. As such, Plaintiffs' motion to compel is denied as to Request Nos. 2-5 and 8, and granted as outlined above as to Request Nos. 6-7 and 9-10. In other words, Defendant must either supplement its responses to Request Nos. 6-7 and 9-10 or provide Plaintiffs a written confirmation that its responses are complete by August 4, 2017. Plaintiffs' and Defendant's separate request for attorney's fees are denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**