## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ILYA TARKOV,** *et. al* **individually and on behalf of themselves and all others similarly situated members of proposed Class of passengers** | **Case No. <u>2015-CV-3430</u>** |
| **Plaintiffs** | |
| **-vs-** | **HON. JOHN J. THARP, JR.** |
| **FRONTIER AIRLINES INC.** | |
| **Defendant** | |

## MEMORANDUM OF LAW AND FACTS IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO RULE 12(f)(c)(2) OF FED. R. CIV. PROCEDURE TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

**NOW COMES** the above-named Plaintiffs, ILYA TARKOV and RIMMA TARKOVA, by their counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Office LLC and hereby propounds this Memorandum of Law and Facts in support of Plaintiff's Motion for an Order of Striking Defendant's Affirmative Defenses pursuant to Rue 12(f)(c)(2) of Fed.R.Civ. Pro. on the grounds that said affirmative defenses No. 1 through No. 16 are legally insufficiently plead in violation of controlling legal authority of *Twombly* and *Iqbal* doctrines. [1]

### I.     NATURE OF THE CASE AND PROCEDURAL HISTORY:

---

[1] <u>Bell Atlantic Co. v. Twombly</u>, 550 U.S. 544 (2007)(holding that complaints must state claim to relief that is "plausible on its face.") *and* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (holding that " labels and conclusions" are now insufficient, as are "naked assertions devoid of further factual enhancement" and "unadorned the-defendant-unlawfully-harmed-me accusation[s]."

1.      The matter *sub judice* arises from Plaintiffs' recent international airfare travel on or about March 21, 2015 on the board of Frontier flight 40 from Chicago to Punta Cana.

2.      That said flight was delayed on departure causing the above-named plaintiff's subsequent late arrival to Punta Cana and further causing them to louse one day of their vacation

3.      That on March 28, 2015 defendant's flight from Punta Cana to Chicago was initially delayed for several hours and thereafter was cancelled due to shortage of crew and negligent maintenance of aircraft.

4.      That such cancelation caused the late arrival of plaintiffs to Chicago and further caused them to miss one day of their employments, thus causing them to incur loss of wages and other compensable economic damages..

5.      That, at all times material hereto, the above-named defendants were recklessly indifferent to travel-related needs of the above-named plaintiffs and to its own voluntarily assumed contractual obligations to render care to its estranged passengers.

6.      That subsequently the above-named plaintiffs filed this civil action against the above-named defendants for compensation of their economic damages caused by the above-identified delays in international airfare transportations.

7.      That on 07-21-17 the above-named defendant filed its Answer to 5th Amended Class Action Complaint at Law tenuously asserting various affirmative defenses. Dkt 77.

8.      The affirmative defenses No. 1 through 16 so plead by the above-named defendant as a part of its answer untimely filed on July 21, 2017 were not supported by

any "brief and concise statements of fact" required by Rule 8(b) of Fed.R.Civ. Procedure and as further required by rules of practice promulgated in this U.S. District Court for Northern District of Illinois.

9.     Therefore, this motion is brought by the above-named Plaintiffs in order to obtain an order striking defendant's answer as untimely filed or in alternative to strike those affirmative defenses as insufficiently plead.

## II. LEGAL STANDARD:

It is well settled in this Court that the Rule 8(b)(1)(A) of Federal Rule of Civil Procedure requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." [2]   The Rule 8(c)(1) states that a defendant "must affirmatively state any avoidance or affirmative defense," and provides a list of nineteen affirmative defenses.[3]   However, this list of affirmative defenses "is not intended to be exhaustive." [4]   Likewise, "affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." [5] The burden of proving an affirmative defense rests with the party asserting it.[6]   Such a defense must be proven by a preponderance of

---

[2] Rule 9(b) provides that certain defenses, fraud, mistake, and condition of the mind, must be plead with particularity. Id.

[3] Those affirmative defenses are "accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." FED.R.C IV.P. 8(c)(1).

[4] 5 CHARLES ALLEN WRIGHT AND ARTHUR R.MILLER,FEDERAL PRACTICE AND PROCEDURE, § 1271 (3d ed. 2011).

[5] *See, e.g*. Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987).

[6] Jones v. Taber, 648 F.2d 1201, 1203 (9th Cir. 1981).

credible evidence. [7]  If proven by a preponderance of the evidence, "[a]n affirmative defense will defeat the plaintiff's claim." [8] Federal courts have consistently held that the failure by a defendant to plead an affirmative defense in their answer generally results in waiver and exclusion from the action.[9]  Furthermore, Rule 12(f) of the Federal Rules of Civil Procedure permits a party, or the court acting *sua sponte*, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id *at*  R.12(f) of Fed. R. Civ. Pro.  This provides a mechanism to "'clean up the pleadings, of limitations; and waiver." streamline litigation, and avoid unnecessary forays into immaterial matters.'" FED.R.CIV.P. 8(c)(1).

Applying the above-identified legal standard to the case at bar, this Court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" Delta Consulting Group, Inc. v. R. Randle Const., Inc., 554 F.3d 1133, 1141 (7th Cir. 2009) (*quoting* Fed.R.Civ.P. 12(f)). Motions to strike pursuant to Rule 12(f) are disfavored, *see* Williams v. Jader Fuel Co., 944 F.2d 1388, 1405-1406 (7th Cir. 1991), and often squander judicial resources. Cf. Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725, 728 (7th Cir. 2006). However, in this case, given its limited dollar value this motion to strike is proper because it serves an important purpose to expedite litigation. Cf, Dkt: 77: Answer and Affirmative Defenses of Frontier Airlines Inc, 7-21-17, Affirmative Defenses, July 21, 2011, par. 1 – 16, pp. 15-16 *with* Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989); *see also* Talbot v.

---

[7] Martin v. Weaver, 666 F.2d 1013, 1019 (6th Cir. 1981).
[8] 5 WRIGHT AND MILLER, supra note 17, at § 1270.
[9] See, e.g., FDIC v. Ramirez Rivera, 869 F.2d 624, 626 (1st Cir. 1989); Ingraham v. U.S., 808 F.2d 1075, 1078 (5th Cir. 1987); *Stephenson v. Davenport Community School Dist.*, 110 F.3d 1303, 1305 n. 3 (8th Cir. 1997).

Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if the matter bears no possible relation to controversy). This Court has considerable discretion to strike allegations under Rule 12(f). See, Delta, 554 F.3d at 1141-42. "The party moving to strike has the burden of showing that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." E & J Gallo Winery v. Morand Bros. Beverage Co., 247 F.Supp.2d 979, 982 (N.D. Ill. 2003).

## III.     LEGAL ARGUMENT:

### 3.1.  Affirmative Defenses No. 1 through 16 as Asserted by Frontier Airlines in its Answer field on 07-21-17 Violate *Twombly* and *Iqbal* Pleading Standard and Therefore Shall be Stricken Pursuant to the Rule 12(f)(c)(2) of Fed.R.Civ. Procedure:

As noted by various commentators,[10] *Twombly* and *Iqbal* have also raised questions regarding how and when courts should apply the new pleading standard. [11] This Court adopted heightened plausibility pleading standard applicable to the pleading of affirmative defenses. Sloan Valve Co. v. Zurn Indus., Inc., ___ F.Supp.2d ___, 2010 WL 1780258, at *4 (N.D. Ill. May 6, 2010) (*citation omitted*). Thus, a defendants must "affirmatively state" affirmative defenses in response to a pleading. Id. If proven, an affirmative defense defeats a plaintiff's claim and bars or limits recovery even if the plaintiff also proves his or her claim. Id. Importantly, filed as part of the answer, the pleading of affirmative defenses is similar to a plaintiff's complaint. Id. Indeed, it is the defendant' s first opportunity to notify the plaintiff of the defenses he plans to raise against the plaintiff's claim. Id Likewise, pleadings of affirmative defenses must provide

---

[10] http://www.vanderbiltlawreview.org/content/articles/2011/10/Pysno_64_Vand_L_Rev_1633.pdf
[11] http://www.cetllp.com/7EA463/assets/files/News/DCJ_Oct2012_Durney_Michaud.pdf

notice of the defense and an opportunity for the plaintiff to rebut it. <u>Davis v. Elite</u>
<u>Mortgage Servs.</u>, 592 F.Supp.2d 1052, 1058 (N.D.Ill. 2009).

Therefore, in this Court affirmative defenses will be stricken if "they are
insufficient on the face of the pleadings." <u>Williams v. Jader Fuel Co.</u>, 944 F.2d 1388,
1400 (7th Cir. 1991) (*quoting* <u>Heller Financial v. Midwhey Powder Co.</u>, 883 F.2d 1286,
1294 (7th Cir. 1989)). Nevertheless, "it is appropriate for the court to strike affirmative
defenses that add unnecessary clutter to a case." <u>Davis</u>, 592 F.Supp.2d at 1052 (*citing*
<u>Heller</u>, 883 F.2d at 1295). "Courts in this Circuit apply a three-part test to affirmative
defenses subject to a motion to strike: '(1) the matter must be properly pleaded as an
affirmative defense; (2) the matter must be adequately pleaded under the requirements of
Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule
12(b)(6) challenge.'" <u>Pavlik v. FDIC</u>, No. 10 C 816, 2010 WL 3937621, at *4 (N.D. Ill.
Oct. 5, 2010) (St. Eve, J.) (applying <u>Twombly</u> and <u>Iqbal</u> to affirmative defenses); <u>Sloan</u>
<u>Valve Co.</u>, 2010 WL 1780258, at *4 (N.D. Ill. May 6, 2010)

Here, in the matter *sub judice* the defendant's affirmative defenses are bare
legal conclusions that are insufficient under the notice pleading standard pursuant to Rule
8(a). <u>See</u>, <u>Reis Robotics USA, Inc. v. Concept Indus., Inc.</u>, 462 F.Supp.2d 897, 904 (N.D.
Ill. 2006) ("affirmative defenses must set forth a 'short and plain statement' of the basis
for the defense.")

Importantly, some of the above-identified affirmative defenses as asserted by
United Airlines on May 27, 2016 are erroneous as the matter of law. <u>Cf.</u>, <u>Dkt: 77:</u>
<u>Answer and Affirmative Defenses of Frontier Airlines Inc, 7-21-17, Affirmative</u>
<u>Defenses, par. 1-16, pp. 15-16</u> *with* <u>State Farm Mutual Automobile Insurance Company</u>

v. Riley, (N.D.Ill. 2001), 199 F.R.D. 276 (holding that "it is unacceptable for a party's attorney simply to mouth ADs in formula-like fashion ("laches," "estoppel," "statute of limitations" or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense — which is after all the goal of notice pleading")(also holding that "any such AD will also be stricken, but with leave often granted to advance a properly fleshed-out AD to the same effect the next time around"). For example, an Affirmative Defense No. 9 states that "Any and all state or federal claims are preempted by the Montreal Convention." Id at par. 8-9, p. 15. Likewise, Affirmative Defense No. 10 erroneously states that: "To the extent that any of Plaintiffs' claims may not fall under the purview of the Montreal Convention, they may be preempted by the Airline Deregulation Act.". Id. at par. 9, p.15. The above-identified assertions are clearly legally erroneous. See, American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law); Narkiewicz-Laine v. Scandinavian Airlines Sys., 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008)(holding that "claims may be brought under the Montreal Convention or they may be brought 'in contract or in tort or otherwise' but such claims are subject to an affirmative defense based on the conditions and limits of liability set out in the Montreal Convention.") (quoting Montreal Convention, art. 29); accord Cosgrove-Goodman v. UAL Corp., No. 10 CV 1908, 2010 WL 2197674, at *3 (N.D. Ill. June 2, 2010). The above-identified aversion is clearly erroneous in light of Wolens doctrine as was recently explained in as recently affirmed by Supreme Court decision in Northwest, Inc. v. S. Binyomin Ginsberg, 572 U.S. __, 133 S.Ct. 2387, 185 L.Ed.2d 1103, 2014 WL 1301865

(Apr. 2, 2014) (holding that the common law cause of action *ex contractu* is not preempted by Airline Deregulation Act).

Importantly, this Court shall notice that the alleged defenses in Affirmative Defense No. 1 through 16 are merely a recitation of the standard for a motion to dismiss pursuant to Rule 12(b)(6) without any details. See, Dkt: 77: Answer and Affirmative Defenses of Frontier Airlines Inc, 7-21-17, Affirmative Defenses, par. 1-15, pp. 15-16. For further example, Affirmative Defense No. 4 does not explain and fails to allege any facts in support of its allegation of '"delay being unavoidable." Id. at par. 3, p. 15.

Similarly, Affirmative Defense No. 4 fails to plead any facts in support of defendant's assertion of taking all reasonable measures." Id. at par. 4, p. 15. This is critical defense and the above-named Plaintiffs are entitle to fair notice of facts which can be adduced by the defendant in support of this critical affirmative defense. Cf. FDIC, No. 10 C 816, 2010 WL 3937621, at *4 (N.D. Ill. Oct. 5, 2010) (St. Eve, J.) (applying Twombly and Iqbal to affirmative defenses); Sloan Valve Co.., 2010 WL 1780258, at *4 (N.D. Ill. May 6, 2010).

Furthermore, Affirmative defenses No. 8 and 9 are legally erroneous. Id. at par. 8-9, p. 15. See, American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law); Narkiewicz-Laine v. Scandinavian Airlines Sys., 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008)(holding that "claims may be brought under the Montreal Convention or they may be brought 'in contract or in tort or otherwise' but such claims are subject to an affirmative defense based on the conditions and limits of liability set out in the Montreal Convention.")

(*quoting* Montreal Convention, art. 29); *accord* <u>Cosgrove-Goodman v. UAL Corp</u>., No. 10 CV 1908, 2010 WL 2197674, at *3 (N.D. Ill. June 2, 2010). The above-identified aversion is clearly erroneous in light of <u>*Wolens*</u> doctrine as was recently explained in as recently affirmed by Supreme Court decision in <u>Northwest, Inc. v. S. Binyomin Ginsberg</u>, 572 U.S. __, 133 S.Ct. 2387, 185 L.Ed.2d 1103, 2014 WL 1301865 (Apr. 2, 2014) (holding that the common law cause of action *ex contractu* is not preempted by Airline Deregulation Act).

Finally, this Court shall notice that Affirmative Defense No. 16 is not a defense at all. <u>Id</u>. at par. 16, p. 16.

Undoubtedly, the Plaintiffs are entitled to fair notice of all facts in support of this affirmative defense, but such notice was not given. Besides being vaguely plead, some affirmative defenses alleged by defendant in its recently filed Answer are clearly immaterial and or legally erroneous. <u>Cf</u>, <u>Dkt: 77: Answer and Affirmative Defenses of Frontier Airlines Inc, 7-21-17, Affirmative Defenses, par. 1-16, pp. 15-16</u> *with* <u>Davis</u>., 592 F.Supp.2d at 1052.

Moreover, defendant's Affirmative Defenses No. 1 through No. 16 similarly fails because the above-named defendant has failed to provide enough facts to put Plaintiffs on notice as to the basis of its defense. <u>See</u>, <u>Surface Shields, Inc. v. Poly-Tak Protection Sys., Inc</u>.,213 F.R.D. 307, 308 (N.D. Ill. 2003).

*In toto*, defendant's bare legal conclusions as plead in its Answer & Affirmative Defenses No. 1 through 16, filed by Frontier Airlines Inc on or about 7-21-17 are insufficient under Rule 8(a) because these defense fails to point to the allegations in the Complaint that satisfy the elements of this defense. <u>See</u>, <u>Davis</u>, 592 F.Supp.2d at 1059.

Therefore, this Court shall strike the defendant's affirmative defenses No. 1 through 16 with or without prejudice.

### IV.    CONCLUSION:

Based on the above-espoused legal analysis and binding legal authority presented the above-named Plaintiffs are in good faith praying for an order striking of Answer due to not being timely filed or in alternative for an order striking Affirmative Defenses No 1 through 16 as plead in defendant's Answer & Affirmative Defenses filed by United Airlines on or about 7-21-17; as well as for any other and further relief this Court deems just and fair.

Dated this Motion on this 27<u>th</u> day of <u>July</u> 2017.

Respectfully submitted by
GOROKHOVSKY LAW OFFICES, L.L.C.
Attorney for Plaintiffs


BY: *Vladimir Gorokhovsky, Esq.*
/s/ VLADIMIR GOROKHOVSKY, LL.M.
ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln.,
Mequon, WI 53092
Telephone: (414)-581-1582
gorlawoffice@yahoo.com

CERTIFICATE OF SERVICE:

I hereby certify that on July 27, 2017, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

BY:     **Vladimir Gorokhovsky, Esq.**

_____

/s/ VLADIMIR GOROKHOVSKY