**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

**ILYA TARKOV, *et. al***
**individually and on behalf of themselves and all others similarly situated members of proposed Class of passengers,**
**Plaintiffs**

**Case No. 2015-CV-3430**

**-vs-**

**HON. JOHN J. THARP, JR.**

**FRONTIER AIRLINES INC.,**
**Defendant**

**Request to Appear Telephonically**

---

**PLAINTIFF'S RESPONSE BRIEF IN SUPPORT OF MOTION FOR RELEIF FROM PRIOR DISCOVERY ORDER OF DISCOVERY SANCTIONS OF THIS COURT DATED 7-10-17**

---

**NOW COMES** the above-named Plaintiffs, ILYA TARKOV and RIMMA TARKOVA, by their undersigned counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Office LLC and hereby moving this Honorable Court for an Order of Relief form Discovery Sanctions as imposed by this Court via its prior Order dated July 10, 2017.

FURTHER, in support of this motion the undersigned counsel for the above-named Plaintiffs is hereby stating as follows:

1. That in its response brief filed by the above-named defendant by his counsel Atty. Brian Maye on 7-28-17 the defense counsel Atty. Maye made the following willful misrepresentation of material fact to the Court:

> "Despite this offer, and contrary to the representation made in Plaintiffs' motion for relief, Plaintiffs' counsel never responded to our correspondence or attempted to make contact with counsel for Frontier. Instead, Plaintiffs filed the instant motion for relief, making false accusations about inflated

billing rates. This misrepresentation is false and misleading." [1]

2. That in fact in response to e-mail received from defense counsel secretary Ms. Wegman on 7-12-17 the undersigned plaintiff's counsel responded as follows:

V. Gorokhovsky <gorlawoffice@yahoo.com>
To:Paula L. Wegman
Jul 12 at 5:31 PM
there is no time sheet attached and I need to see a time sheet for all work done

3. That Ms. Wegman further responded:

Paula L. Wegman <pwegman@AMM-LAW.com>
To:V. Gorokhovsky
Cc:Brian T. Maye
Jul 12 at 8:10 PM
Yes, as mentioned in the letter, can we schedule a time for you to review the time sheet in person? Paula L. Wegman ADLER MURPHY & McQUILLEN LLP 20 S. Clark Street, 25th Floor Chicago, Illinois 60603 Main: (312) 345-0700 Direct: (312) 422-5776 Mobile: (312) 953-0035 FAX: (312) 345-9860

4. That in response the plaintiff's counsel responded to Ms. Wegman as follows:

V. Gorokhovsky <gorlawoffice@yahoo.com>
To:Paula L. Wegman
Jul 12 at 8:38 PM
you have to submit it to me.

5. That thereafter the defense counsel Atty. Maye or his secretary Ms. Wegman did not responded to this particular last e-mail further and did not otherwise contacted the plaintiff's counsel in regard to this matter.

6. That this record unequivocally shows that the defense counsel made the above-cited willful misrepresentation of material fact to this Court in his response brief dated 7-28-17 alleging that plaintiff's counsel "never responded" to his letter dated July 12, 2017.

---

[1] Dct. 89: Defendant's Response to Plaintiff's Motion for Relief From Court Order, 7-28-17, par. 2, p.2.

7. That it is fundamental that the party seeking the fee award bears the burden to prove the reasonableness of the number of hours and the hourly rates claimed. See . Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999), yet in Hensley v. Eckerhart, 461 U.S. 424 (1982), the Supreme Court observed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433; *accord* Spegon, 175 F.3d at 550. This calculation is commonly referred to as the "lodestar." Spegon, 175 F.3d at 550.

8. That in determining the ward, the Court must "exclude from this initial fee calculation hours that were not 'reasonably expended'" on the litigation. Id. at 434. The Court may then increase or reduce the modified lodestar amount by considering a variety of factors, *see id.* at 434-35, the most important of which is the "degree of success obtained." *Id.* at 436; *accord* Spegon, 175 F.3d at 550.

9. That the burden of establishing of reasonable attorneys fees incurred in connection with litigating its motion to compel discovery is on the defendant's counsel in this case. Cf, Dct. 70; Dct. 89: Defendant's Response to Plaintiff's Motion for Relief From Court Order, 7-28-17, par. 2, p.2 *with* Eckerhart, 461 U.S. at 424 (holding that Plaintiff bears the burden of demonstrating that the fees he requests are reasonable).

10. That due to the above-demonstrated persistent conduct of defense counsel this Court shall relief the above-named plaintiffs from the above-referenced prior court order. Cf, Dct. 127-128 *with* Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n, 188 F.Supp.3d 776 (N.D. Ill., 2016); Sottoriva, 617 F.3d at 97 (7th Cir. 2010).

11. That due to the above-identified conduct of defense counsel and his apparent failure to disclose his billing rate; as well as his apparent failure to comply with Court order of this Court dated July 10, 2017, this Court should relieve the above-named plaintiffs from said prior order dated July 10, 2017. Cf, Dct. 70; Dct. 89: Defendant's Response to Plaintiff's Motion for Relief From Court Order, 7-28-17, par. 2, p.2 *with* Eckerhart, 461 U.S. at 424 (holding that Plaintiff bears the burden of demonstrating that the fees he requests are reasonable); Sottoriva, 617 F.3d at 971.

**WHEREFORE,** the above-named Plaintiffs are in good faith praying for an Order of Relief from prior Order of Discovery Sanctions of this Court dated July 10, 2017; as well as for any other and further relief this Court deems to be proper and just.

**PLEASE TAKE FURTHER NOTICE** that the undersigned counsel of record for the above-named Plaintiff is hereby respectfully requesting permission of this Court to appear telephonically for the above-adduced motion.

Dated this Motion on this 29th day of July 2017.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, L.L.C.
Attorney for Plaintiffs

Vladimir M. Gorokhovsky, Esq.

BY: ______________________________
/s/VLADIMIR M. GOROKHOVSKY, LL.M.
ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
10919 North Hedgewood Ln.,
Mequon, WI 53209
Telephone: (414)-581-1582
gorlawoffice@yahoo.com

CERTIFICATE OF SERVICE:

I hereby certify that on July 30, 2017 I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

***Vladimir M. Gorokhovsky, Esq.***

______________________________
/s/ VLADIMIR GOROKHOVSKY