## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**ILYA TARKOV,** *et. al*                        Case No. <u>2015-CV-3430</u>
**individually and on behalf of**
**themselves and all others**
**similarly situated members of**
**proposed Class of passengers**

**Plaintiffs**

        **-vs-**                        **HON. JOHN J. THARP, JR.**

**FRONTIER AIRLINES INC.**

        **Defendant**

---

### PLAINTIFF'S AMENDED MOTION TO STRIKE AFFIRMATIVE DEFENSES
### PURSUANT TO RULE 12(f)(2) OF FED. R. CIV. PROCEDURE

**NOW COMES** the above-named Plaintiffs, ILYA TARKOV and RIMMA

TARKOV, by their  counsel of record, Attorney Vladimir M. Gorokhovsky of

Gorokhovsky Law Offices, LLC and pursuant to the Rule 12(f) of Fed. R. Civ. Procedure

hereby moving this Honorable Court for an Order of Striking Defendant's Affirmative

Defenses as plead by the above-named Defendant in its Answer & Affirmative Defenses

filed on 5-27-16.

First, this motion to strike affirmative defenses is brought to expedite prompt

resolution of this matter[1], pursuant to Rule 12(c)(2) of Fed.R.Civ.Pro within 21 days of

defendant's filling of an answer on the grounds that said affirmative defenses No. 1

through 8 as plead by defendant in its Answer on 5-11-16 without assertion of any factual

---

[1] ). Motions to strike are appropriate to expedite litigation. See <u>Heller Fin., Inc. v.</u> <u>Midwhey Powder Co.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also* <u>Talbot v. Robert Matthews Distrib. Co.</u>,  961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if the matter bears no possible relation to controversy).

support violate pleading standard as set forth in Rule 8(c) of Fed.R.Civ. Procedure.  See,

Rule 8(c), Fed.R.Civ.Pro, *also see* Bell Atlantic Co. v. Twombly, 550 U.S. 544

(2007)(holding that complaints must state a claim to relief that is "plausible on its face.")

*and* Ashcroft v. Iqbal, 556 U.S. 662 (2009)(holding that " labels and conclusions" are

now insufficient, as are "naked assertions devoid of further factual enhancement" and

"unadorned the-defendant-unlawfully-harmed-me accusation[s]."

Noticeably, in its answer filed on 7-21-17 the above-named defendant asserted

various affirmative defenses in par. 1 through 16, pages: §§ 15-16 of their Answer &

Affirmative Defenses, which are legally erroneous, or not relevant to allegations set forth

in plaintiff's pleadings; or plead by the defendant without any facts in support of said

affirmative defenses. See, Dkt: 77: Answer and Affirmative Defenses of Frontier Airlines

System, 7-21-17, Affirmative Defenses, par. 1 - 16, pp. 15-16. Such pleading of

affirmative defenses as asserted in Defendant's Answer & Affirmative defenses violates

standard of pleading promulgated in this Court. Cf, Dkt: 77: Answer and Affirmative

Defenses of Frontier Airlines System, 7-21-17, Affirmative Defenses, par. 1 - 16, pp. 15-

16 *with* State Farm Mutual Automobile Insurance Company v. Riley, (N.D.Ill. 2001), 199

F.R.D. 276 (holding that "it is unacceptable for a party's attorney simply to mouth ADs in

formula-like fashion ("laches," "estoppel," "statute of limitations" or what have you), for

that does not do the job of apprising opposing counsel and this Court of the predicate for

the claimed defense — which is after all the goal of notice pleading")(also holding that

"any such AD will also be stricken, but with leave often granted to advance a properly

fleshed-out AD to the same effect the next time around"); Bobbitt v. Victorian House,

Inc., 532 F. Supp. 734, 736-37 (N.D. Ill.1982), a decision later approved in Heller

Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989); Cassetica

Software, Inc. v. Computer Sciences Corp., No. 11 C 2187, 2011 WL 4431031 (N.D. Ill.

Sept. 22, 2011); Pavlik v. FDIC, No. 10 C 816, 2010 WL 3937621, at *4 (N.D. Ill. Oct. 5,

2010) (St. Eve, J.) (applying Twombly and Iqbal to affirmative defenses).

Therefore, the above-named Plaintiff submit to this Court that vaguely pleading of

affirmative defenses without any factual support by the above-named defendant in its

recently filed Answer not only violate the progeny of Twombly and Iqbal doctrines as

adopted in this Court. Yash Raj Films (USA) Inc. v. Atlantic Video, No. 03 C 7069, 2004

WL 1200184 (N.D. Ill. May 28, 2004). Importantly, such defendant's pleadings also

violate well settled standards of practice before this Court as summarized by Hon. Milton

I. Shadur in Appendix to his decision in State Farm Mutual Automobile Insurance

Company v. Riley. See, State Farm Mutual Automobile Insurance Company, (N.D.Ill.

2001), 199 F.R.D. at 276 (holding that "it is unacceptable for a party's attorney simply to

mouth ADs in formula-like fashion ("laches," "estoppel," "statute of limitations" or what

have you), for that does not do the job of apprising opposing counsel and this Court of the

predicate for the claimed defense — which is after all the goal of notice pleading")(also

holding that "any such AD will also be stricken, but with leave often granted to advance a

properly fleshed-out AD to the same effect the next time around.")

**IN FRUTHER SUPPORT** of this motion the above-named Plaintiffs are hereby

respectfully submitting her Memorandum of Law and Facts, the true and correct copy of

which is appended herewith marked as Exhibit 1, pp. 1-12 as incorporated herein by

reference and made a part of this entire motion to strike affirmative defenses.

**WHEREFORE,** the above-named Plaintiffs are in good faith praying for an order striking of an affirmative defenses No. 1 through No. 16 as plead in defendant's Answer and Affirmative Defenses filed by United Airlines Inc on 7-21-17; and for such other and further relief as the Court may deem just and proper.

Dated this Motion on this 27<u>th</u> day of <u>July</u> 2017.

Respectfully submitted by
GOROKHOVSKY LAW OFFICES, L.L.C.
Attorney for Plaintiff

*Vladimir Gorokhovsky, Esq.*

BY: <u>/s/ Vladimir Gorokhovsky</u>
VLADIMIR GOROKHOVSKY, LL.M.
ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Offices, LLC
10919 North Hedgewood Ln.,
Mequon, WI 53092
Telephone: (414)-218-1870
gorlawoffice@yahoo.com

CERTIFICATE OF SERVICE:

I hereby certify that on August 8, 2017, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

BY:     *Vladimir Gorokhovsky, Esq.*
_____
/s/ VLADIMIR GOROKHOVSKY