## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ILYA TARKOV and RIMMA TARKOV; | ) | |
| on behalf of themselves, and all other similarly | ) | Case No.: 1:15-cv-03430 |
| situated passengers of proposed class, | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES | ) | |
| | ) | |
| Defendant. | ) | |

_____

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIFTH AMENDED COMPLAINT AT LAW
_____

Now comes the Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by its attorneys, ADLER MURPHY & McQUILLEN LLP, and in answer to Plaintiffs' Fifth Amended Complaint at Law ("Complaint"), states as follows:

### I.      NATURE OF THIS ACTION

1.      Frontier admits that this civil action falls under the jurisdiction of the Montreal Convention for the Unification of Certain Rules Relating to International Transportation by Air, May 28, 1999 (entered into force on Nov. 4, 2003) ("Montreal Convention"), which is Plaintiffs' sole remedy at law for their alleged damages subject to all terms, conditions, limitations, paragraphs, and the subject case law interpreting it.

2.      Frontier admits that Plaintiffs purchased round trip airfare for travel between Chicago, Illinois and Punta Cana, Dominican Republic.

3.      Frontier admits that the United States and the Dominican Republic are signatories to the Montreal Convention.

4.      The allegations set forth in Paragraph 4 of Plaintiffs' Complaint constitute

conclusions of law to which no response is required. To the extent that a response to Paragraph 4 is deemed required, Frontier denies the allegations set forth in Paragraph 4.

5.    Frontier admits that Plaintiffs were scheduled to fly from Chicago to Punta Cana. Frontier denies the remaining allegations set forth in Paragraph 5.

6.    Frontier denies the allegations set forth in Paragraph 6.

7.    Frontier denies the allegations set forth in Paragraph 7.

8.    Frontier denies the allegations set forth in Paragraph 8.

9.    Frontier denies the allegations set forth in Paragraph 9.

10.   Frontier denies the allegations set forth in Paragraph 10.

11.   Frontier denies the allegations set forth in Paragraph 11.

12.   Frontier denies the allegations set forth in Paragraph 12.

13.   Frontier denies the allegations set forth in Paragraph 13.

14.   Frontier denies the allegations set forth in Paragraph 14.

15.   Frontier denies the allegations set forth in Paragraph 15.

16.   Frontier denies the allegations set forth in Paragraph 16.

17.   Frontier denies the allegations set forth in Paragraph 17.

18.   Frontier denies the allegations set forth in Paragraph 18.

19.   The allegations set forth in Paragraph 19 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Frontier denies that any delay alleged in Paragraph 19 was not caused by extraordinary circumstances. Frontier admits that it took all measures that could reasonably be required to avoid the alleged delay and/or that it was impossible for it to take such measures. Frontier denies the remaining allegations in Paragraph 19.

20.     The allegations set forth in Paragraph 20 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Frontier denies that any delay alleged in Paragraph 20 was not caused by extraordinary circumstances. Frontier admits that it took all measures that could reasonably be required to avoid the alleged delay and/or that it was impossible for it to take such measures. Frontier denies the remaining allegations in Paragraph 20.

21.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiffs' Complaint and therefore denies them.

22.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and therefore denies them.

23.     Frontier denies the allegations set forth in Paragraph 23.

24.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiffs' Complaint and therefore denies them.

## II.     JURISDICTION AND VENUE

25.     Frontier realleges and incorporates its responses to Paragraphs 1 through 24 of Plaintiffs' Complaint as though fully set forth herein.

26.     The allegations set forth in Paragraph 26 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 26 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to

the truth of the allegations set forth in Paragraph 26 of Plaintiffs' Complaint and therefore denies them.

27.     The allegations set forth in Paragraph 27 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 27 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and therefore denies them.

28.     The allegations set forth in Paragraph 28 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 28 is deemed required, Frontier denies that Plaintiffs are entitled to relief under Article 19 of the Montreal Convention or any other theory of liability.

29.     The allegations set forth in Paragraph 29 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 29 is deemed required, Frontier admits that the United States is a signatory to the Montreal Convention.

30.     The allegations set forth in Paragraph 30 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 30 is deemed required, Frontier admits that the Dominican Republic is a signatory to the Montreal Convention.

31.     The allegations set forth in Paragraph 31 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 31 is deemed required, Frontier denies the allegations set forth in Paragraph 31.

32.     The allegations set forth in Paragraph 32 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 32 is deemed required, Frontier admits that this Court has federal question jurisdiction. Frontier denies the remaining allegations in Paragraph 32.

33.     Frontier denies the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

34.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 34 of Plaintiffs' Complaint and therefore denies them.

35.     Frontier denies the allegations set forth in Paragraph 35 of Plaintiffs' Complaint.

36.     Frontier admits that it conducts business within the state of Illinois.

37.     Frontier admits that it conducts business within the jurisdiction of the United States District Court for the Northern District of Illinois.

38.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 38 of Plaintiffs' Complaint and therefore denies them.

39.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiffs' Complaint and therefore denies them.

40.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiffs' Complaint and therefore denies them.

41.     The allegations set forth in Paragraph 41 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to

Paragraph 41 is deemed required, Frontier denies the allegations set forth in Paragraph 41, including its subparagraphs.

42.    The allegations set forth in Paragraph 42 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 42 is deemed required, Frontier denies the allegations set forth in Paragraph 42, including its subparagraphs.

43.    The allegations set forth in Paragraph 43 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 43 is deemed required, Frontier denies the allegations set forth in Paragraph 43.

44.    The allegations set forth in Paragraph 44 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 44 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 44 of Plaintiffs' Complaint and therefore denies them.

### III.    PARTIES:

45.    Frontier realleges and incorporates its responses to Paragraphs 1 through 44 of Plaintiffs' Complaint, as though fully set forth herein.

46.    Frontier realleges and incorporates its responses to Paragraphs 1 through 6 of Plaintiffs' Complaint, as though fully set forth herein.

47.    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 47 of Plaintiffs' Complaint and therefore denies them.

48.    Frontier admits that it is a commercial air carrier with its principal place of

business located in Denver, Colorado.

49.     The allegations set forth in Paragraph 49 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 49 is deemed required, Frontier admits that this case falls under the jurisdiction of the Montreal Convention, which is Plaintiffs' sole remedy at law for their alleged damages subject to all its terms, conditions, limitations, paragraphs, and the case law interpreting it. Frontier denies the remaining allegations set forth in Paragraph 49 of Plaintiffs' Complaint.

50.     The allegations set forth in Paragraph 50 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph 50 is deemed required, Frontier admits that this Court has federal question jurisdiction. Frontier denies the remaining allegations in Paragraph 50.

51.     The allegations set forth in Paragraph 51 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 51 is deemed required, Frontier admits that it conducts business within the jurisdiction of the United States District Court for the Northern District of Illinois.

52.     Frontier denies the allegations set forth in Paragraph 52 of Plaintiffs' Complaint.

53.     The allegations set forth in Paragraph 53 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 53 is deemed required, Frontier denies the allegations set forth in Paragraph 53 of Plaintiffs' Complaint.

## IV.     STATEMENT OF CLAIM AND PLAINTIFF'S (*sic*) FACTUAL ALLEGATIONS AS TO RELEVANT TO (*sic*) INDIVIDUAL AND CLASS ACTION CLAIMS

54.     Frontier realleges and incorporates its responses to Paragraphs 1 through 53 of Plaintiffs' Complaint as though fully set forth herein.

55.     Frontier denies the allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

56.     Frontier denies the allegations set forth in Paragraph 56 of Plaintiffs' Complaint.

57.     Frontier denies the allegations set forth in Paragraph 57 of Plaintiffs' Complaint.

58.     Frontier denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

59.     Frontier denies the allegations set forth in Paragraph 59 of Plaintiffs' Complaint.

60.     Frontier denies the allegations set forth in Paragraph 60 of Plaintiffs' Complaint.

61.     Frontier denies the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62.     Frontier denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63.     Frontier denies the allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

64.     Frontier denies the allegations set forth in Paragraph 64 of Plaintiffs' Complaint.

65.     Frontier denies the allegations set forth in Paragraph 65 of Plaintiffs' Complaint.

66.     Frontier denies the allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

67.     Frontier denies the allegations set forth in Paragraph 67 of Plaintiffs' Complaint.

68.     Frontier denies the allegations set forth in Paragraph 68 of Plaintiffs' Complaint.

69.     Frontier denies the allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

70.     Frontier denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

71.     Frontier denies the allegations set forth in Paragraph 71 of Plaintiffs' Complaint.

72.     Frontier denies the allegations set forth in Paragraph 72 of Plaintiffs' Complaint.

73.     Frontier denies the allegations set forth in Paragraph 73 of Plaintiffs' Complaint.

74.     Frontier denies the allegations set forth in Paragraph 74 of Plaintiffs' Complaint.

75.     Frontier denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint.

76.     The allegations set forth in Paragraph 76 of Plaintiffs' Complaint constitute conclusions of law to which no response is required.  To the extent that a response to Paragraph

76 is deemed required, Frontier denies such allegations.

## V. CLASS ACTION ALLEGATIONS

77.    Frontier realleges and incorporates its responses to Paragraphs 1 through 76 of Plaintiffs' Complaint as though fully set forth herein.

78.    Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

79.    Frontier denies the allegations set forth in Paragraph 79 of Plaintiffs' Complaint.

80.    Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability. Frontier further denies any remaining allegations in Paragraph 80 and any of its sub-paragraphs.

81.    Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability. Frontier further denies any remaining allegations in Paragraph 81 and any of its sub-paragraphs.

82.    Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

83.    Frontier denies the allegations set forth in Paragraph 83 of Plaintiffs' Complaint.

84.    Frontier denies the allegations set forth in Paragraph 84 of Plaintiffs' Complaint.

85.    Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

86.    Frontier denies the allegations set forth in Paragraph 86 of Plaintiffs' Complaint.

87.    Frontier denies the allegations set forth in Paragraph 87 of Plaintiffs' Complaint.

88.    Frontier denies the allegations set forth in Paragraph 88 of Plaintiffs' Complaint.

89.    Frontier denies the allegations set forth in Paragraph 89 of Plaintiffs' Complaint,

including its sub-paragraphs.

90.     Frontier denies the allegations set forth in Paragraph 90 of Plaintiffs' Complaint.

91.     Frontier denies the allegations set forth in Paragraph 91 of Plaintiffs' Complaint.

92.     Frontier denies the allegations set forth in Paragraph 92 of Plaintiffs' Complaint.

93.     Frontier denies the allegations set forth in Paragraph 93 of Plaintiffs' Complaint.

94.     Frontier denies the allegations set forth in Paragraph 94 of Plaintiffs' Complaint.

95.     Frontier denies the allegations set forth in Paragraph 95 of Plaintiffs' Complaint.

96.     Frontier denies the allegations set forth in Paragraph 96 of Plaintiffs' Complaint.

97.     Frontier denies the allegations set forth in Paragraph 97 of Plaintiffs' Complaint.

98.     Frontier denies the allegations set forth in Paragraph 98 of Plaintiffs' Complaint.

99.     Frontier denies the allegations set forth in Paragraph 99 of Plaintiffs' Complaint[1].

100.    Frontier denies the allegations set forth in Paragraph 100 of Plaintiffs' Complaint.

101.    Frontier denies the allegations set forth in Paragraph 101 of Plaintiffs' Complaint.

## VI.   CLASS AND INDIVIDUAL CLAIMS

### COUNT ONE

Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Article 19 of the Montreal Convention

102.    Frontier realleges and incorporates its responses to Paragraphs 1 through 101 of Plaintiffs' Complaint, as though fully set forth herein.

103.    Frontier denies the allegations set forth in Paragraph 103 of Plaintiffs' Complaint.

104.    Frontier denies the allegations set forth in Paragraph 104 of Plaintiffs' Complaint.

105.    Frontier admits the allegations set forth in Paragraph 105 of Plaintiffs' Complaint.

---

[1] Plaintiffs' allegations in Paragraph 99 refer to United Airlines rather than Frontier. Frontier responds to Paragraph 99 as if the allegations refer to Frontier.

106.    Frontier denies the allegations set forth in Paragraph 106 of Plaintiffs' Complaint.

107.    Frontier denies the allegations set forth in Paragraph 107 of Plaintiffs' Complaint.

108.    Frontier denies the allegations set forth in Paragraph 108 of Plaintiffs' Complaint.

109.    Frontier denies the allegations set forth in Paragraph 109 of Plaintiffs' Complaint.

110.    Frontier denies the allegations set forth in Paragraph 110 of Plaintiffs' Complaint.

111.    Frontier admits that Plaintiffs were transported by Frontier from Punta Cana to Chicago on March 29, 2015. Frontier denies the remaining allegations set forth in Paragraph 111 of Plaintiffs' Complaint.

112.    Frontier admits that Plaintiffs exited the aircraft upon arrival in Chicago. Frontier denies the remaining allegations set forth in Paragraph 112 of Plaintiffs' Complaint.

113.    Frontier denies the allegations set forth in Paragraph 113 of Plaintiffs' Complaint.

114.    Frontier denies the allegations set forth in Paragraph 114 of Plaintiffs' Complaint.

115.    Frontier denies the allegations set forth in Paragraph 115 of Plaintiffs' Complaint.

116.    Frontier denies the allegations set forth in Paragraph 116 of Plaintiffs' Complaint.

117.    Frontier denies the allegations set forth in Paragraph 117 of Plaintiffs' Complaint.

118.    Frontier denies the allegations set forth in Paragraph 118 of Plaintiffs' Complaint.

119.    Frontier denies the allegations set forth in Paragraph 119 of Plaintiffs' Complaint.

120.    Frontier denies the allegations set forth in Paragraph 120 of Plaintiffs' Complaint.

121.    Frontier denies the allegations set forth in Paragraph 121 of Plaintiffs' Complaint.

122.    Frontier denies the allegations set forth in Paragraph 122 of Plaintiffs' Complaint.

123.    Frontier admits that the Montreal Convention is incorporated into its Contract of Carriage.  Frontier further admits that this case falls under the jurisdiction of the Montreal Convention, which is Plaintiffs' sole remedy at law for their alleged damages subject to all its

terms, conditions, limitations, paragraphs, and the case law interpreting it. Frontier denies the remaining allegations set forth in Paragraph 123 of Plaintiffs' Complaint.

124.     Frontier denies the allegations set forth in Paragraph 124 of Plaintiffs' Complaint.

125.     Frontier denies the allegations set forth in Paragraph 125 of Plaintiffs' Complaint.

126.     Frontier denies the allegations set forth in Paragraph 126 of Plaintiffs' Complaint.

127.     Frontier denies the allegations set forth in Paragraph 127 of Plaintiffs' Complaint.

128.     Frontier denies the allegations set forth in Paragraph 128 of Plaintiffs' Complaint.

129.     Frontier denies the allegations set forth in Paragraph 129 of Plaintiffs' Complaint.

## CLASS ACTION COUNT TWO

Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Art. 19 of the Montreal Convention

130.     Frontier realleges and incorporates its responses to Paragraphs 1 through 129 of Plaintiffs' Complaint, as though fully set forth herein.

131.     Frontier denies the allegations set forth in Paragraph 131 of Plaintiffs' Complaint.

132.     The allegations set forth in Paragraph 132 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 132 is deemed required, Frontier admits that the United States and the Dominican Republic are signatories to the Montreal Convention.

133.     Frontier denies the allegations set forth in Paragraph 133 of Plaintiffs' Complaint.

134.     Frontier denies the allegations set forth in Paragraph 134 of Plaintiffs' Complaint.

135.     Frontier denies the allegations set forth in Paragraph 135 of Plaintiffs' Complaint.

136.     Frontier denies the allegations set forth in Paragraph 136 of Plaintiffs' Complaint.

137.     Frontier denies the allegations set forth in Paragraph 137 of Plaintiffs' Complaint.

138.     Frontier denies the allegations set forth in Paragraph 138 of Plaintiffs' Complaint.

139.    Frontier denies the allegations set forth in Paragraph 139 of Plaintiffs' Complaint.

140.    Frontier admits that it transported Plaintiffs from Chicago to Punta Cana.  Frontier denies the remaining allegations set forth in Paragraph 140 of Plaintiffs' Complaint.

141.    Frontier denies the allegations set forth in Paragraph 141 of Plaintiffs' Complaint.

142.    Frontier denies the allegations set forth in Paragraph 142 of Plaintiffs' Complaint.

143.    Frontier denies the allegations set forth in Paragraph 143 of Plaintiffs' Complaint.

144.    Frontier denies the allegations set forth in Paragraph 144 of Plaintiffs' Complaint.

145.    Frontier denies the allegations set forth in Paragraph 145 of Plaintiffs' Complaint.

146.    Frontier denies the allegations set forth in Paragraph 146 of Plaintiffs' Complaint.

147.    Frontier denies the allegations set forth in Paragraph 147 of Plaintiffs' Complaint.

148.    Frontier denies the allegations set forth in Paragraph 148 of Plaintiffs' Complaint.

149.    Frontier denies the allegations set forth in Paragraph 149 of Plaintiffs' Complaint.

150.    Frontier denies the allegations set forth in Paragraph 150 of Plaintiffs' Complaint.

151.    Frontier denies the allegations set forth in Paragraph 151 of Plaintiffs' Complaint.

152.    Frontier denies the allegations set forth in Paragraph 152 of Plaintiffs' Complaint.

153.    Frontier denies the allegations set forth in Paragraph 153 of Plaintiffs' Complaint.

154.    Frontier denies the allegations set forth in Paragraph 154 of Plaintiffs' Complaint.

155.    Frontier denies the allegations set forth in Paragraph 155 of Plaintiffs' Complaint.

156.    Frontier denies the allegations set forth in Paragraph 156 of Plaintiffs' Complaint.

157.    Frontier denies the allegations set forth in Paragraph 157 of Plaintiffs' Complaint.

## XX. INDIVIDUAL CLAIMS RELEIF (*Sic*)

A.    Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

B.    Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

C.      Frontier denies that Plaintiffs are due attorney's fees, or any other damages, pursuant to Federal Rule of Civil Procedure 54(d)(2), Article 22(4) of the Hague Protocol, or Article 22(6) of the Montreal Convention as alleged in Paragraph C of Plaintiffs' Complaint.

D.      Frontier denies that Plaintiffs are due attorney's fees, disbursements, or any other damages pursuant to Federal Rule of Civil Procedure 54(d)(2).

E.      Frontier denies that Plaintiffs are due attorney's fees or any other damages.

F.      Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

## XXI. CLASS ACTION RELEIF (*Sic*)

G.      Frontier realleges and incorporates its responses to Paragraphs 1 through 157 and A-F of Plaintiffs' Complaint as though fully set forth herein.

H.      Frontier denies that Plaintiffs have alleged or proven the existence of a cognizable class required for certifying a class action.  Frontier further denies that Plaintiffs are proper class representatives for any perceived, purported or putative class.  In that there is no cognizable class of Plaintiffs, Frontier denies any notice of this action to any perceived, purported or putative class is warranted.

I.      Frontier denies any judgment is warranted against it and prays this case be dismissed on the merits with prejudice denying Plaintiffs' claims for relief.

J.      Frontier denies that Plaintiffs are entitled to any compensation, interest, costs, and/or attorney's fees as alleged in Paragraph J of Plaintiffs' Complaint.

K.      Frontier denies that Plaintiffs are due compensation for any other damages sought as alleged in Paragraph K of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1.      Any and all damages sustained by Plaintiffs, if any, were the result of an intervening and/or superseding cause or a new or unanticipated event which were a proximate and/or producing cause and/or the sole proximate cause of Plaintiffs' alleged damages, and, therefore, no act or omission on the part of Frontier was the proximate cause of the alleged damages. Specifically, a radar outage at the Punta Cana Airport caused the alleged delay of Plaintiffs' flight, which was not within Frontier's control.

2.      Plaintiffs cannot recover under Article 19 of the Montreal Convention because the alleged delay in air travel was caused by a radar outage at the Punta Cana Airport, making it impossible for Frontier to have taken measures to avoid any delay or damages that may have been caused by the radar outage.

3.      Plaintiffs cannot recover under Article 19 of the Montreal Convention because Frontier took all measures that could reasonably be required to avoid the alleged damage. Specifically, Frontier departed as soon as possible following the radar system coming back on-line at the Punta Cana Airport.

4.      Plaintiffs failed to mitigate their damages in one or more of the following ways: (a) by incurring unreasonable, excessive, and unnecessary expenses during their alleged flight delay; (b) by incurring unreasonable, excessive, and unnecessary out of pocket expenses after their flight delay; and (c) by failing to take reasonable steps to limit their out of pocket expenses and/or costs relating to the alleged flight delay.

5.      Plaintiffs' damages, if any, lack a causal relationship with any action or inaction of Frontier's. Specifically, any damages suffered by Plaintiffs were caused by a radar outage at the Punta Cana Airport, which was not within the control of Frontier.

6. Pursuant to the Montreal Convention, a qualifying passenger has two years to bring a claim against an air carrier. Upon information and belief, other than the named Plaintiffs herein, no other passengers have made a claim against Frontier in connection with the subject flight or flights. Therefore, any purported class members whom Plaintiffs seek to represent in their putative class action claims relating to the subject flight waived their ability to recover damages.

7. An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any source as a result of the alleged delay. Specifically, Plaintiffs received compensation, refunds, reimbursements, credits, vouchers and/or other benefits or accommodations from Apple Vacations and AIG.

8. Plaintiffs' claims may be barred in whole or in part because they may have already been offered full satisfaction and/or compensation for injuries and damages, if any.

9. Frontier reserves the right to add additional or amend these Affirmative Defense which arise during the course of litigation and/or discovery in this matter.

WHEREFORE, Frontier Airlines, Inc. demands judgment dismissing Plaintiffs' Complaint at Law, together with costs, disbursements and such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Frontier demands trial by jury.

Dated: August 29, 2017               Respectfully submitted,

/s/ Brian T. Maye
_____

Brian T. Maye
Matthew S. Dowling
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500

Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com
mdowling@amm-law.com

Attorneys for Defendant Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on August 29, 2017, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye