IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILYA TARKOV, *et. al* individually and on behalf of themselves and all others similarly situated members of proposed Class of passengers<br>　　　　　　Plaintiffs<br>　-vs-<br>FRONTIER AIRLINES INC.<br>　　　　　Defendant | Case No. <u>2015-CV-3430</u><br><br><br><br><br><br>HON. JOHN J. THARP, JR. |

**PLAINTIFF'S MOTION TO COMPEL NOTICE OF DEPOSITION PURSUANT TO RULE 37(d) OF FED. R. CIV. PROCEDURE AND FOR ORDER TO EXTEND TIME TO CONDUCT PLAINTIFF'S FACT DISCOVERY**

**NOW COMES** the above-named Plaintiffs, **ILYA TARKOV** and **RIMMA TARKOV**, by their counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices LLC, and pursuant to Rule 37(d) of Federal Rules of Civil Procedure and in accordance with Local Rule 37.2 hereby respectfully moves this Honorable Court for an order compelling the Notices of Depositions of defendant's employees and agents and to produce them for depositions to be conducted at Chicago, Illinois as thereafter noticed. The above-named Plaintiffs are also moving for extension of time to conduct their fact discovery in the above-captioned matter.

　　　FURTHER in support of this motion the undersigned counsel of record for the above-named Plaintiffs states and alleges as follows:

　　1.　　That on July 31, 2017 the counsel of record for the above-named

Plaintiffs served upon the defense counsel the Rule 30(b) Notice of Deposition of defendant's manager stationed at O'Hare International Airport, noticing his or her deposition to be conducted on August 18, 2017 at Chicago Illinois.

2. That the true and correct copy of said Notice of Deposition is appended herewith marked by Exhibit A, incorporated by reference and made a part of this entire Motion to Compel.

3. That thereafter on August 15, 2017 defendant's counsel refused to provide the above-named agent of Frontier Airlines Inc for her deposition to be conducted on August 18, 2017 at Chicago, Illinois, arguing that said deposition must be conducted at Denver, Colorado at defendant's headquarters.

4. That this argument is *ad absurdum* and is not viable hence defendant's manager stationed at O'Hare International Airport shall be deposed in Chicago.

5. That plaintiffs and their counsel believe that the above-identified position of defense counsel demonstrate defense constant and persistent effort to needlessly compile and increase plaintiff's litigation expenses.

6. That specifically on August 15, 2017 Atty. Brian Maye forwarded the following e-mail message to the undersigned plaintiff's counsel in response to counsel's request to confirm deposition of defendant's agent stationed at O'Hare International Airport: "We will not be presenting a Rule 30(b)(6) witness in Chicago on August 18th. Pursuant to two orders entered by the Court, such depositions shall take place in Denver only. Brian T. Maye"

7. That due to foregoing the above-named Plaintiffs are now moving this Court for an order to compel Notice of Deposition as well as for an order to extend time to conduct plaintiff's fact discovery.

8. That in accordance with Rule 37 of Federal Rules of Civil Procedure on August 15, 2017 the above-named Plaintiffs through their undersigned counsel of record attempted to resolve the above-referenced discovery issues with the counsel of record for the above-named defendants but those attempts were unsuccessful.

9. That in order to prepare for said deposition on August 18, 2017 the above-named plaintiffs incurred expenses in the sum of $1750.

10. That conduct of defendant and its counsel of multiplying plaintiffs damages in the case *sub judice* is willful, malicious an asserted in bad faith.

**WHEREFORE** the above-named Plaintiffs are respectfully requesting the following relief:

(1) Order extending time for completion of plaintiff's discovery in the above-captioned matter; and

(2) Pursuant to Rule 37 of Federal Rules of Civil Procedure, an order compelling the above-named defendant Frontier Airlines Inc to produce its agent manager stationed at O'Hare International Airport for depositions to be conducted at Chicago, Illinois as thereafter noticed; and

(3) Award of attorneys fees and costs in the sum of $1750 against the above-named defendant and its counsel of record, jointly and severally for needlessly compiling litigation expenses and refusing to produce defendant's manager stationed at O'Hare International Airport for deposition in Chicago on August 18, 2017; and

(4) Any other and further relief this Court deems to be just and proper.

PLEASE TAKE NOTICE that in compliance with Rule 37 of Federal Rules of Civil Procedure and Local Rule 37.2 the undersigned counsel attempted to resolve in good faith the above-identified discovery issue with opposing counsel Atty. Maye through multiple e-mails and correspondences on August 15, 2017 but undersigned counsel's attempts to engage in such consultation were unsuccessful due to no fault of undersigned counsel's.

Dated this Motion on this 29th day of August 2017.

        Respectfully submitted by
        GOROKHOVSKY LAW OFFICES, LLC
        Attorneys for Plaintiffs


        BY: /s/ Vladimir M. Gorokhovsky, Esq.
             Vladimir M. Gorokhovsky, LL.M.
             ILND TR # 10994

**P.O. Business Address**:
Gorokhovsky Law Offices, LLC
10919 N. Hedgewood Ln.,
Mequon, WI 53092
(414)-581-1582

**Exhibit A**:

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

---

**ILYA TARKOV,** *et. al* **individually and on behalf of themselves and all others similarly situated members of proposed Class of passengers,**
        **Plaintiffs,**
  **and**

**FRONTIER AIRLINES INC.,**
        **Defendant**.

Case No. **2015-CV-3430**

HON. JOHN J. THARP, JR.

---

NOTICE OF DEPOSITION UPON ORAL EXAMINATION PURSUANT TO RULE 30(b) OF FED. R. CIV. PROCEDURE

---

**TO THE ABOVE-NAMED DEFENDANT:**     Frontier Airlines Inc

**PLEASE TAKE NOTICE** that upon request of the above-named Plaintiff, the counsel for the above-named Plaintiff, Vladimir Gorokhovsky of Gorokhovsky Law Office, LLC and an Officer appointed under Rule 28, the Court Reporter: Ms. Sheryl Rose of 455 W. Dundee Road, Northbrook, Illinois 60675 will take the deposition by stenographical means as set forth below:

**Witnesses**: manager of Frontier Airlines stationed in Chicago as "employee of Frontier Airlines with knowledge"

**Date**:     August 18, 2017, <u>13:30</u> <u>p</u>. m.

**Place**:     Adler Murphy & McQuillen LLP, 20 S. Clark Street, Suite 2500, Chicago, Illinois 60603

**Method of Taking Deposition**: stenographical means

**Description:** Deponent will be required to testify on issues of internal policies implements by Frontier Airlines to compensate its passengers for damages caused by delays or cancellations of international air flight and on issues of handling of passengers claims submitted to SAS pursuant to Art. 19 of the Montreal Convention and EU 261/2004. Deponent is also expected to testify about structure of Frontier Airlines passengers data base maintained by Frontier Airlines, as well as about its IATA Coding

or "punctuality data" for all flights it operates to the Central Office for Delay Analysis ("CODA") of FAA; as well as about detailed procedures established by Frontier Airlines for assigning IATA Delay/Cancellation Codes to ensure their accuracy, as well as about its flight-information database. Deponent is also expected to testify in regard to any knowledge of facts related to delayed departure and or cancellation of Frontier Airlines flight 41 departing from Punta Cana to Chicago on March 28 and 29, 2015 and on October 24, 2015.

**Deponent** further required to bring to said deposition and to produce at said deposition is to produce at said time and place, originals or copies of any and all internal policies, writings, records, reports, flight plans, flight logs, FAA records, documents, statements, summaries, notes, tickets, itineraries, invoices, repairs orders and all other documents related to cancellation of Frontier Airlines flight 41 departing from Punta Cana to Chicago on March 28 and 29, 2015. Deponent is also required to bring any and all information about its passenger data base and flight-information data base. Deponent is also required to bring to said deposition and all information related to its IATA Coding or "punctuality data" for all flights operated by Frontier Airlines to the Central Office for Delay Analysis ("CODA") of FAA; as well as all documents related to internal policies implemented by Frontier Airlines to compensate its passengers for damages caused by delays and or cancellations of its international air flights and about handling by Frontier Airlines of grievances submitted by passengers to Frontier Airlines for compensation for damages caused by delays and or cancellation of international air flights. Deponent is also expected to produce at depositions any and all records related to delayed departure and or cancellation of 41 departing from Punta Cana to Chicago on March 28 and 29, 2015 and on October 24, 2015.

Dated this Notice of Deposition on this 31st day of July 2017.

                                                      GOROKHOVSKY LAW OFFICE, LLC
                                                      Attorney for Plaintiffs

                                                      By: **/s/ Vladimir M. Gorokhovsky, Esq.**
                                                        Vladimir M. Gorokhovsky, LL.M.
                                                         ILND TR. 10994

**P.O. Business Address**:
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln.,
Mequon, WI 53092
 (414)-581-1582

**I certify that on July 31, 2017 I served the within document via e-mail upon defendant's counsel of record pursuant to the Rule 30 of Fed. R. Civil Procedure By: /s/ Atty. Vladimir M. Gorokhovsky**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**ILYA TARKOV,** *et. al*            Case No. **2015-CV-3430**
**individually and on behalf of**
**themselves and all others**
**similarly situated members of**
**proposed Class of passengers**
                     **Plaintiffs**

     -vs-                             HON. JOHN J. THARP, JR.

**FRONTIER AIRLINES INC.**
         **Defendant**

### STATEMENT OF COMPLIANCE WITH RULE 37 OF F.R.CIV.PRO. AND LOCAL RULE 37.2
_____

       Pursuant to Rule 37(a)(2)(A) and (B) of Federal Rules of Civil Procedure as well as in compliance with the Local Rule 37.2 titled LR37.2. "Motion for Discovery and Production" the undersigned counsel of record for the above-named Plaintiffs hereby certifies that after consultation via written correspondence on 8-15-2017 and good faith attempts to resolve differences with opposing counsel Atty. Brian Maye, the undersigned attorney was unable to reach an accord due to fault and lack of defendant's cooperation. The undersigned counsel further states that in order to resolve discovery apparent issues he corresponded with opposing counsel via e-mail on 8-15-2015, attempting to persuade opposing counsel to find a compromise of discovery related disagreements, but those efforts were unsuccessful.

                Dated this Notice on this **18**[th] day of **August** 2017.

                          Respectfully submitted by:

                          GOROKHOVSKY LAW OFFICES, LLC
                          Attorney for Plaintiffs


                     BY: /s/ Vladimir M. Gorokhovsky
                             Vladimir M. Gorokhovsky, LL.M.
                             ILND TR # 10994

**P.O Business Address:**
10919 N. Hedgewood Ln.,
Mequon, WI 53092
(414)-581-1582