IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ILYA TARKOV,** *et. al* individually and on behalf of themselves and all others similarly situated members of proposed Class of passengers **Plaintiffs** -vs- **FRONTIER AIRLINES INC. Defendant** | Case No. **2015-CV-3430** HON. JOHN J. THARP, JR. |

**SUPPLEMENT TO PLAINTIFF'S MOTION TO COMPEL NOTICE OF DEPOSITION PURSUANT TO RULE 37(d) OF FED. R. CIV. PROCEDURE AND FOR ORDER TO EXTEND TIME TO CONDUCT PLAINTIFF'S FACT DISCOVERY**

**NOW COMES** the above-named Plaintiffs, **ILYA TARKOV** and **RIMMA TARKOV**, by their undersigned counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices LLC, and pursuant to Rule 37(d) of Federal Rules of Civil Procedure and in accordance with Local Rule 37.2 and as Supplement to Plaintiff's Motion to Compel Notice of Deposition Pursuant to Rule 37(d) of Fed. R. Civ. Procedure hereby stating and alleging as follows:

FURTHER, in response to recent Order of this Court dated August 29, 2019 (Dct. 102) the above-named Plaintiffs by their undersigned counsel are stating as following:

1. That as was recently stated in plaintiff's recently filed motion to compel notice of deposition the above-named plaintiffs needed to depose general manager of Frontier Airlines Inc stationed at O'Hare International Airport for the following particular reasons:

    a. Said general manager (identity and name of which is not yet known to the

Plaintiffs due to defendant's refusal to respond to Plaintiff's Rule 30(b) notice) is presumably aware of particular circumstances of delayed departure and cancellation on March 21, 2015 of defendant's flight departing from Chicago to Punta Cana.

    a.    Said general manager (identity and name of which is not yet known to the Plaintiffs due to defendant's refusal to respond to Plaintiff's Rule 30(b) notice) is presumably aware of particular remedial measures undertaking by Frontier Airlines to mitigate damages inflicted upon passengers of delayed and cancelled defendant's flight on March 21, 2015, departing from Chicago to Punta Cana.

    b.    That such knowledge on the part of said stationed district manager is critical to Plaintiff being placed on notice as to legal and factual validity and sufficiency of asserted defendant's affirmative defense of "undertaking all reasonable measures."[1]

    c.    That this Court shall be cognizant of the fact that the above-named defendant specifically asserted said affirmative defense under par. 3 of its recently filed Amended Answer and Affirmative Defenses, stating and asserting as follows: "Plaintiffs cannot recover under Article 19 of the Montreal Convention because Frontier took all measures that could reasonably be required to avoid the alleged damage." See, Dct. 99, Amended Answer and Affirmative Defenses of Frontier Airlines Inc, 8-29-17, p. 3, p. 15.

    d.    That said stationed general manager of Frontier Airlines at O'Hare International Airport is also reasonably expected to testify as to factual validity of any other possible defenses asserted by the defendant; as well as to particular reasons and

---

[1] Art. 19 of the Montreal Convention states as follows: "The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

causes of delayed departure and subsequent canes elation of defendant's flight on March 21, 2015 departing from Chicago to Punta Cana.  <u>See</u>, <u>Dct. 99, Amended Answer and Affirmative Defenses of Frontier Airlines Inc, 8-29-17, pp. 1-9, p. 15-16</u>.

    e.    That the fact discovery and deposition of said general manager of Frontier Airlines stationed at O'Hare International Airport is highly relevant in its focus of determination of factual basis of defendant's affirmative defenses asserted by defendant in this matter, such as e.g. offering to passengers estranged at O'Hare International Airport of "reasonable steps to limit [passengers] out of pocket expenses and/or costs relating to the alleged flight delay." <u>See</u>, <u>Dct. 99, Amended Answer and Affirmative Defenses of Frontier Airlines Inc, 8-29-17, pp. 1-9, p. 15-16</u>.

    2.    That such fact determination as to defendant's asserted affirmative defenses are needed in plaintiff's preparation for trial, and is indeed critical in avoidance of otherwise imminent unfair surprise and prejudice to the Plaintiffs at trial.

    **WHEREFORE** the above-named Plaintiffs are respectfully requesting the following relief:

    (1)  Order extending time for completion of plaintiff's fact discovery in the above-captioned matter; and

    (2)  Pursuant to Rule 37 of Federal Rules of Civil Procedure, an order compelling the above-named defendant Frontier Airlines Inc to produce its agent manager stationed at O'Hare International Airport for depositions to be conducted at Chicago, Illinois as thereafter noticed; and

    (3)  Award of attorneys fees and costs in the sum of $1750 against the above-named

defendant and its counsel of record, jointly and severally for needlessly compiling litigation expenses and refusing to produce defendant's manager stationed at O'Hare International Airport for deposition in Chicago on August 18, 2017; and

(4) Any other and further relief this Court deems to be just and proper.

Dated this Motion on this 31st day of August 2017.

Respectfully submitted by<br>
GOROKHOVSKY LAW OFFICES, LLC<br>
Attorneys for Plaintiffs<br>
<br>
BY: /s/ Vladimir M. Gorokhovsky, Esq.<br>
Vladimir M. Gorokhovsky, LL.M.<br>
ILND TR # 10994

**P.O. Business Address**:
Gorokhovsky Law Offices, LLC
10919 N. Hedgewood Ln.,
Mequon, WI 53092
(414)-581-1582

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on August 31st, 2017, he served the foregoing document by electronically filing the same with the Clerk of the U.S. Federal Court for the Northern District of Illinois, by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Vladimir M. Gorokhovsky