IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILYA and RIMMA TARKOV, | ) | |
| | ) | Case No.: 1:15-cv-03430 |
| Plaintiffs, | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| v. | ) | |
| | ) | Honorable Young B. Kim |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, Frontier Airlines, Inc. ("Frontier") hereby submits its Memorandum of Law in Support of its Motion for Summary Judgment:

## I. INTRODUCTION

On March 21, 2015, Plaintiffs Ilya and Rimma Tarkov ("Plaintiffs") flew from Chicago, Illinois to Punta Cana, Dominican Republic on Frontier flight 40. Plaintiffs' return flight, Frontier flight 41, was scheduled to depart Punta Cana on March 28, 2015. The return flight was canceled due to a radar outage at the Punta Cana Airport. Plaintiffs were thus required to fly to Chicago the following day, March 29, 2015. Pursuant to Article 19 of the Montreal Convention, Plaintiffs seek damages relating to their scheduled flights on March 21, 2015 and March 28, 2015.

As explained below, Plaintiffs' causes of action cannot survive summary judgment. Count I, which relates to the March 28, 2015 flight, fails because the cancellation was caused by a radar outage at the Punta Cana Airport, which was beyond Frontier's control. Count II, which relates to the March 21, 2015 flight, fails because Plaintiffs were successfully transported to Punta Cana ahead of schedule.

1

Even if Plaintiffs' Article 19 claims somehow pass muster, summary judgment should still be granted against them because they have not sustained any recoverable damages.

## II. RELEVANT PROCEDURAL HISTORY

On January 12, 2016, Plaintiffs Ilya and Rimma Tarkov and dismissed plaintiffs Olena, Leonid and Nicole Adler ("Adler") filed a fourth amended complaint against Frontier pursuant to Article 19 of the Montreal Convention. (Doc. No. 21) On February 22, 2016, Frontier filed a motion to dismiss, asserting that (1) all non-economic damages claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and (2) the Adler claims should be dismissed or severed pursuant to Rule 21. (Doc. No. 24) On May 19, 2017, the Court dismissed with prejudice all non-economic damages claims, and dismissed the Adler claims, leaving only economic damage claims pending. (Doc. No. 51)

On July 5, 2017, Plaintiffs filed a fifth amended complaint ("Complaint") against Frontier pursuant to Article 19 of the Montreal Convention. Counts I and II of the Complaint include individual and putative class action claims. (Doc. No. 69)

## III. FACTUAL BACKGROUND

Frontier has filed a separate Local Rule ("LR") 56.1 Statement in accordance with the District Court's local rules. The following factual recitation is provided for the Court's benefit.

On March 21, 2015, Plaintiffs were scheduled passengers on Frontier flight 40, Chicago to Punta Cana (hereinafter "Chicago-Punta Cana Flight"). (LR 56.1 ¶ 7) On March 21, 2015, the Chicago-Punta Cana Flight was scheduled to depart from O'Hare at 10:00 a.m. local time for Punta Cana, where it was scheduled to arrive at 3:30 p.m. local time. *Id.* at 8. The Chicago-Punta Cana Flight departed from O'Hare on March 21, 2015 at 10:01 a.m. *Id.* at 9. The Chicago-Punta

Cana Flight successfully arrived in Punta Cana on March 21, 2015 at 3:12 p.m., eighteen (18) minutes ahead of schedule. *Id*.

On March 28, 2015, Plaintiffs were scheduled passengers on Frontier flight 41, Punta Cana to Chicago (hereinafter "Punta Cana-Chicago Flight"). *Id.* at 10. The Punta Cana-Chicago Flight was scheduled to depart from Punta Cana at 4:25 p.m. local time for Chicago, where it was scheduled to arrive at 8:36 p.m. local time. *Id.* at 11. The Punta Cana-Chicago Flight was canceled on March 28, 2015 due to a radar outage at the Punta Cana Airport. *Id.* at 12. The cancelation was categorized as an "uncontrollable" event. *Id*. Radar is essential for the safe control of air traffic into and out of Punta Cana. *Id.* at 13. No flights were allowed in or out of Punta Cana Airport until the radar system was operational, which did not occur until March 29, 2015. *Id.* at 13-19. Plaintiffs were booked on the next available flight to Chicago, Frontier flight 2041, which successfully departed Punta Cana on March 29, 2015—after the radar system became operational. *Id*. at 17-19.

Plaintiffs allege they incurred "delay damages" consisting of expenses for the purchase of meals, telecommunication services, medication, taxi services, hotel accommodation, and the symphony. *Id.* at 20. They also claim that Plaintiff Rimma Tarkov suffered lost earnings as a result of the cancellation of the Punta Cana-Chicago Flight on March 28, 2015. *Id*.

Plaintiffs have not provided any documentary evidence to support their claimed damages. *Id.* at 22, 29, 32, 39, 51, 52. Plaintiffs also have not provided any specific information or details regarding the expenses they claim to have incurred. *Id.* at 22, 25, 27, 32, 36, 37, 38, 39, 41, 50, 52, 53. Nor have Plaintiffs provided a computation of their alleged damages as required by Rule 26(a)(1). *Id* at 50. Instead, Plaintiffs have offered only guesses regarding their alleged expenses, and have conceded they do not know or remember the details of such expenses. *Id.* at 22, 25, 27,

3

32, 36, 37, 39, 41, 50, 53. When Plaintiffs were asked at their depositions to explain the damages figures pleaded in their Complaint, they were at a total loss. *Id.* at 53. Both simply stated that they could not provide any explanation or basis for the alleged damages figures. *Id.*

### IV. STANDARD OF REVIEW

**A. Summary Judgment.**

Summary judgment is appropriate when the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record demonstrate "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(a) & (c).

In order to defeat a properly supported motion, "the nonmoving party must come forward with facts that show there is a genuine issue for trial." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013). Therefore, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 256 (1986).

**B. Damages.**

Under Illinois law, Plaintiffs have the burden of proving by a preponderance of the evidence both that they suffered damages and provide "a reasonable basis for computation of those damages." *Perfection Corp. v. Lochinvar Corp.*, 349 Ill. App. 3d 738, 744 (Ill. App. Ct. 2004). Damages may not be awarded based on conjecture. *Id.* Where a plaintiff establishes that it suffered damages, but does not provide a reasonable basis for how those damages were calculated, "only nominal damages are recoverable." *In re Estate of Halas*, 209 Ill. App. 3d 333, 349 (Ill. App. Ct. 1991).

V.  ARGUMENT

A.  Article 19 of the Montreal Convention Bars Plaintiffs' Claims.

The Montreal Convention is an international treaty entered into by its member countries to standardize liability and compensation for claims arising from international air travel. The Montreal Convention applies to all international carriage of persons, baggage or cargo. Montreal Convention, Art. 1(1); *see Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780-81 (7th Cir. 2008).

Article 19 of the Montreal Convention provides the exclusive remedy for damages in instances of delay. *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 161 (1999). Article 19 states that:

> [t]he carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the **carrier shall not be liable** for damage occasioned by delay if it proves that it and its servants and **agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.**

Montreal Convention, Art. 19. (emphasis added).

Article 19 explicitly states that a carrier shall <u>not</u> be liable for damages relating to a delay if it was "impossible" for the carrier to take measures to avoid the delay. Article 19 thus recognizes a legal defense when forces outside of an airline's control prevent it from avoiding a flight delay. Such is the case here, since Frontier had no control over the radar system in Punta Cana. (LR 56.1 ¶ 15)

Illustrative is *Cohen v. Delta Air Lines, Inc.,* 751 F. Supp.2d 677, 680 (S.D.N.Y. 2010). In *Cohen*, the court granted summary judgment to Delta when the plaintiffs' flight delay was caused by weather conditions, which prevented the carrier from avoiding the delay. The court noted that plaintiffs "point to no evidence in the record

5

from which a trier of fact could reasonably infer that Delta willfully caused their delay, or that Delta did not take all measures that could reasonably be necessary to avoid the delay, as prescribed by the Montreal Convention." *Id; see also, Helge Mgmt., Inc. v. Delta Air Lines, Inc.*, 2012 U.S. Dist. LEXIS 100474 at \*18 (D. Mass. July 19, 2012) (granting summary judgment to Delta when flight delays were caused in part by an unforeseen mechanical failure).

Similarly, in *Bernfeld v. US Airways, Inc.*, No. 14-cv-5573, 2016 U.S. Dist. LEXIS 52997, at \*5 (N.D. Ill. Apr. 20, 2016), a U.S. Airways' flight experienced a bird strike that took an aircraft out of service. Because there was no suitable replacement aircraft immediately available, U.S. Airways' booked the plaintiffs on the next available flight, causing a significant delay in their travel. *Id.* at \*2. The court granted summary judgment, concluding that the bird strike was unpredictable and unavoidable, making the delay impossible to avoid under Article 19. *Id.* at 5, 9. The court went on to observe that booking the plaintiffs on the next available flight met the carrier's burden of taking all reasonable measures to avoid or minimize the delay. *Id.* at 5-6.

Applying these principles to the present case, the cancelation of Plaintiffs' Punta Cana-Chicago Flight on March 28, 2015 was caused by forces outside of Frontier's control. (LR 56.1 ¶¶ 12-16) Therefore, Frontier cannot be held liable for Plaintiffs' alleged damages under Article 19 of the Montreal Convention. Consequently, summary judgment should be entered in Frontier's favor on Count I. As for Count II, the evidence shows that, contrary to Plaintiffs' allegations, the March 21, 2015 flight from Chicago to Punta Cana was not canceled, and Plaintiffs were successfully transported to Punta Cana on March 21, 2015 ahead of schedule. *Id.*

6

at 8, 9, 21, 31. Thus, the Court should also grant summary judgment in Frontier's favor on Count II.

    **1.   Count I - Cancellation of Punta Cana-Chicago Flight Was Impossible to Avoid.**

On March 28, 2015, Plaintiffs' Punta Cana-Chicago Flight was canceled due to a radar outage at the Punta Cana Airport. *Id.* at 12. Because the Punta Cana Airport's radar system was not operational, Frontier—and all other air carriers—were prohibited from operating flights in and out of the airport. *Id.* at 14. Not only was Frontier obligated by federal law to follow the directives of air traffic control (ATC), but to defy ATC and proceed with an unauthorized flight would have jeopardized the safety of the flight's passengers. *Id.*; *see* 14 CFR 91.123; Article 11 of the Convention on International Civil Aviation (the Chicago Convention) December 7, 1944, 61 Stat. 1180, 15 U.N.T.S. 295, T.I.A.S. No. 1591 (ratified by the United States August 9, 1946). The circumstances that prevented the Punta-Chicago flight from operating on March 28th were unpredictable and unavoidable, and no evidence presented in this case can dispute this fact. (LR 56.1 ¶¶ 12-16) Thus, summary judgement is warranted. *See Bernfeld,* 2016 U.S. Dist. LEXIS 52997, at *5.

It was impossible for Frontier to take measures to avoid the cancellation of its Punta Cana-Chicago Flight on March 28, 2015, which, by itself absolves Frontier of any potential liability. Nevertheless, Frontier took all reasonable measures to minimize any potential damage to Plaintiffs. *Id.* at *4 (carrier must only show that, on the whole, it took measures reasonably available and reasonably calculated to prevent the subject loss.). Frontier booked Plaintiffs on the next available flight, which departed as soon as the radar system was operational on March 29, 2015. (LR. 56.1 at ¶¶ 17-19) There is no evidence in the record (and none exists) from which a trier of fact could reasonably infer that Frontier willfully caused Plaintiffs'

delay, or that Frontier did not take all measures that could reasonably be necessary to avoid the delay. *See Cohen,* 751 F. Supp.2d at 680 (S.D.N.Y. 2010) (summary judgment granted where weather conditions prevented carrier from avoiding delay); *see also Helge Mgmt., Inc.*, 2012 U.S. Dist. LEXIS 100474 at *18 (granting summary judgment for Delta when flight delays were caused in part by an unforeseen mechanical failure). Frontier's only option was to book Plaintiffs on the next available flight, which departed after the radar system became operational on March 29th. (LR 56.1 ¶¶ 16-19) Simply put, there is no evidence that Frontier could have taken measures, but failed to take, in order to avoid or minimize the delay in Plaintiffs' travel.

Under these circumstances, Frontier is entitled to summary judgment as a matter of law. *See El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. at 161.

### 2. Punta Cana to Chicago Flight Was Not Canceled.

In Count II, Plaintiffs seek to impose liability on Frontier on the basis that their March 21, 2015 flight from Chicago to Punta Cana was canceled. (LR 56.1 ¶ 4) Plaintiffs allege that they did not depart for Punta Cana on a replacement flight until twenty-four (24) hours later. *Id.* As a result, Plaintiffs claim they were forced to stay at a hotel overnight and purchase food and beverages at their own expense. *Id.*

As the undisputed evidence shows, however, Frontier's Chicago to Punta Cana Flight successfully departed O'Hare on March 21, 2015 and arrived in Punta Cana ahead of schedule. *Id.* at 8, 9, 21, 31. The Chicago-Punta Cana Flight was scheduled to depart from O'Hare at 10:00 a.m. local time for Punta Cana, where it was scheduled to arrive at 3:30 p.m. local time. *Id.* at 8. The flight actually departed from O'Hare on time on March 21st at 10:01 a.m. local time and arrived in Punta Cana at 3:12 p.m., eighteen (18) minutes ahead of schedule. *Id.* at 9. Indeed,

Plaintiffs conceded as much at their depositions, testifying that they were successfully transported to Punta Cana on March 21, 2015, not March 22, 2015, as alleged in the Complaint. *Id.* at 21, 31. Thus, Count II is entirely without merit.

**B.      Plaintiffs Cannot Prove Damages under Article 19.**

**1.      Plaintiffs' Damages are Speculative.**

Even if Plaintiffs could overcome Article 19's impossibility defense, and they cannot, their claims still fail because they have suffered no damages. Since the inception of this case, Frontier has repeatedly requested that Plaintiffs provide any evidence supporting their alleged "delay" damages. To date, Plaintiffs have not provided any documentary evidence to support their claims. (LR 56.1 at ¶¶ 29, 32, 39, 51) Plaintiffs claim that no documents exist, and they will support their damages claims entirely through their testimony. *Id.* at 52. At their depositions, however, Plaintiffs could not describe one expense they incurred with any specificity. *Id.* at 22, 25, 27, 32, 36, 37, 39, 41, 50, 53. All they offered were vague descriptions and speculation regarding their alleged expenses. *Id.*

In their interrogatory answers, Plaintiffs claim they incurred the following expenses: $**1,115** for "per diem, food, refreshments, medication, transportation, and telecommunication services. All expenses were incurred in cash at restaurants and shops at O'Hare and Punta Cana Airport;" **$20** for a taxi expense on March 29, 2015 in Punta Cana, and **$80** for a taxi from O'Hare to their residence on March 29, 2015; and "**$600** for lost pre-paid symphony tickets for theatrical performance scheduled for the evening of March 29, 2015." They also claim **$400** in lost earnings and **$400** in lost overtime. *Id.* at ¶ 20.

At their depositions, however, Plaintiffs did not know the amount of the expenses they allege to have incurred and provided no documentary evidence to substantiate them:

9

>Plaintiff Ilya Tarkov testified that Plaintiffs ate a few meals between the time their flight was canceled on March 28th and their flight departed on March 29th; incurred expenses for two taxi rides and one night at a hotel; made phone calls to his daughter using his cell phone; bought some pills for his high blood pressure and prostate; and missed the symphony in the evening on March 29th. Plaintiff did not remember the cost of any of the expenses. Plaintiff also testified that he had no receipts or other documents to show the amount of any of their expenses.
>
>Plaintiff Rimma Tarkov testified that she did not recall how many meals they ate between the time their flight was cancelled on March 28th and their flight departed on March 29th; she did not know what the costs were for meals because she never paid; they texted their family about the cancellation, but did not know what the cost was for the text messages; and they purchased diarrhea medicine for her husband, but did not recall the cost of that expense. They decided not to attend a play or musical on March 29th because she was "exhausted." Regarding lost earnings, Plaintiff Rimma Tarkov testified that she thought she was late for work by a few hours on March 30, 2015 as a result of her wanting to sleep in. Ultimately, she conceded that she could not remember if she suffered any lost earnings.

*See id.* at ¶¶ 21-45.

Under Illinois law, Plaintiffs have the burden of proving by a preponderance of the evidence both that they suffered damages and "a reasonable basis for computation of those damages." *Perfection Corp.*, 349 Ill. App. 3d at 744. Damages may not be awarded on the basis of speculation and conjecture. *Id.* Here, Plaintiffs have not provided any evidence of the expenses they allegedly incurred as a result of the cancellation of their flight on March 28, 2015. (LR 56.1 at ¶¶ 22, 25, 27, 29, 32, 36, 37, 39, 41, 50, 51, 53) Rather, they have vaguely testified they paid for one night at a hotel, two taxi rides, some meals, and diarrhea medicine in Punta Cana, without providing any further details. *Id.* Plaintiffs do not recall what they paid for any of these items, and they have failed to produce any receipts or other documentary evidence to support their damages. *Id.* Plaintiffs' speculative and threadbare allegations cannot satisfy their burden of proof regarding damages. *Perfection Corp.*, 349 Ill. App. 3d at 744. For this additional reason, Frontier is entitled to summary judgment.

10

### 2. Plaintiffs' Discovery Violations Justify Exclusion of Testimony.

But there is a larger problem Plaintiffs face. Magistrate Judge Kim's July 10, 2017 order directed them to produce documents, but none were produced. (LR 56.1 at ¶¶ 46-51) Rule 37(c)(1) provides that "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." *Lancelot Inv'rs Fund, L.P. v. TSM Holdings, Ltd.*, No. 07 C 4023, 2008 U.S. Dist. LEXIS 34471, at *14-16 (N.D. Ill. Apr. 28, 2008). On July 10, 2017, the Court granted Frontier's motion to compel and ordered Plaintiffs to produce cell phone statements, bank account statements, credit card statements and employment records. (LR 56.1 at ¶¶ 46-51) The Court also ordered Plaintiffs to provide signed authorizations for cell phone records, bank records, and employment records. *Id.*

To date, Plaintiffs have failed to produce any cell phone, bank, credit card, or employment records, or authorizations for such records, all of which were court ordered[1]. *Id.* Frontier is entitled to such discovery in order to defend itself against Plaintiffs' claims. Plaintiffs cannot be permitted to testify they suffered damages while denying Frontier the right to fully explore and challenge the basis for their purported damages. *Lancelot Inv'rs Fund, L.P.,* 2008 U.S. Dist. LEXIS 34471, at *14-16 (sanction of exclusion under Rule 37 is automatic and mandatory unless party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.).

Allowing Plaintiffs to establish their damages through speculative deposition testimony while they openly defy this Court's orders would only encourage future defiance of rules and

---

[1] On its own, Frontier obtained records from AIG Travel Insurance and Apple Vacations pursuant to subpoena relating to claims Plaintiffs submitted to these entities relating to the March 28, 2015 cancelation. (LR 56.1 at ¶¶ 42, 43) Plaintiffs were paid a total of $385 from AIG Travel and Apple Vacations. *Id.*

11

court orders[2]. *See U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983) ("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.'"). Their claims should be barred.

## VI. CONCLUSION

For the reasons stated, Frontier respectfully requests that this Court grant summary judgment on all counts of Plaintiffs' complaint because (1) Frontier has no liability pursuant to Article 19 of the Montreal Convention; (2) Plaintiffs' damages are entirely speculative; and (3) Plaintiffs have failed to comply with a Court order relating to discovery.

Dated: December 8, 2017  Respectfully submitted,

/s/ Brian T. Maye

Michael G. McQuillen
Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
mmcquillen@amm-law.com
bmaye@amm-law.com

---

[2] Plaintiffs also have not paid the Court ordered sanctions relating to the granting of Frontier's motion to compel. The Court imposed a deadline of August 15, 2017 for payment. *Id.* at ¶¶ 48, 49.

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on December 8, 2017, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye