## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**ILYA TARKOV,** *et. al.*                               **Case No. 2015-CV-3430**

                 **Plaintiffs**

        **-vs-**                                  **HON. JOHN J. THARP, JR.**

**FRONTIER AIRLINES INC.**

                 **Defendant**

## MEMORANDUM OF LAW AND FACTS
## IN OPPOSITION AND IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      **NOW COMES** the above-named plaintiffs, ILYA TARKOV and RIMMA TARKOVA, by and through their counsel of record, Attorney Vladimir M. Gorokhovsky of GOROKHOVSKY LAW OFFICE, LLC, and upon all the files, records and proceedings heretofore had herein, and pursuant to the Rule 56 of Federal Rules of Civil Procedure, and in accordance with Local Rule 56.1 respectfully moves this Honorable Court for an Order of Denial of Defendant's Motion for Summary Judgment.  In further legal and factual support of this opposition, an in accordance with Local Rule 56.1(b)(2) the above-named Plaintiffs are hereby propounding their Memorandum of Law and Facts, stating as follows:

### I.  STATEMENT OF FACTS:

      Mrs. Tarkovs are citizens of the USA residing at Lake County, Illinois. On March 21, 2015 they were scheduled to depart from Chicago to Punta Cana, Dominican Republic for their vacation. Thereafter on March 28, 2015 Mrs. Tarkovs were scheduled to depart back from Punta Cana to Chicago on the board of Frontier's flight 41.  This

flight was scheduled to depart from Punta Cana to Chicago at 4:25 P.M and to arrive to Chicago at 08:36PM. But this flight was delayed on departure from Chicago to Punta Cana to Chicago for six (6) hours and thereafter was cancelled. Upon such cancellation the above-named Plaintiffs were ordered by Frontier to go back to their hotel and to stay there for additional night at their own expense. On the following day of March 29, 2015 the Plaintiffs were ordered by Frontier to show up at 6:30 AM at Punta Cana International Airport for boarding of flight 41 which was scheduled to depart from Punta Cana to Chicago at 08:00AM. Said flight was delayed on departure as well in excess of four (4) hours. Finally, the above-named Plaintiffs were able to depart from Punta Cana at 11:50AM on March 29, 2015. Upon their arrival to Chicago at 3:45PM the above-named Plaintiffs were kept in the plane for additional one hour. Such delay on departure of defendant's flight No. 41 on March 28, 2015 further exacerbated by another delayed departure of departing flight on March 29, 2015 in total excess of 24 hours was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken. While being estranged at Punta Cana International Airport the above-named Plaintiffs were not provided with any meaningful care by Frontier Airlines. Furthermore, while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising passengers as to cause, nature, extent, duration of delay of departing and cancellation of flight No. 41 on March 28 and delayed departure in excess of four (4) hours on March 29, 2015. Due to cancellation of departing flight No. 41 on March 28

and delayed departure of substitute flight on March 29, 2015 the above-named Plaintiffs were subjected to severe physical inconvenience resulting in financial injury at the sum to be determined at trial. Likewise due to entire duration of cancellation for 24 hours the above-named Plaintiffs and subsequent late arrival to Chicago at 3:45PM on March 29, 2015 the above-named Plaintiffs lost one day of their employment, whereby incurring actual economic damages in the sum to be proven at trial.  The above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 41 on March 28 and subsequently on March 29, 2015 is actionable pursuant to Article 19 of the Montreal Convention.  As a direct and proximate cause of said delayed departure of international air flight No. 41 on March 28 and March 29, 2015, and while being confined within a departure area of Punta Cana International Airport, the Plaintiffs incurred similar actual out-of-pocket economic expenses in the sum to be proven at trial.

## II. LEGAL STANDARD OF MOTION FOR SUMMARY JUDGMENT:

It is well settled that summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, affidavits and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See, Fed.R.Civ.P. 56(c). "One of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses."[1] When deciding a motion for summary judgment, the court considers those facts that are undisputed and views additional evidence, and all reasonable inferences drawn therefrom, in the light reasonably most favorable to the

---

[1] Shivers v. Honeywell, Inc 933 F.Supp. 705, 708 (*quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

nonmoving party.[2] Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment is a matter of law." See, Fed. R. Civ. P. 56(c). The court must draw all reasonable inferences in favor of the nonmoving party.[3] The moving party bears the initial burden of demonstrating that no material issue exists for trial.[4] Once the moving party has properly supported its motion, the nonmoving party must offer specific facts demonstrating that a "genuine" issue of material dispute exists, and must present more than a scintilla of evidence to support its position.[5] An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[6] A factual dispute is "material" if it might affect the outcome of the case under governing law. Id. A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[7] Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial *Celotex* burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or

---

[2] See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Celotex Corp. U.S. at 323; Baron v. City of Highland Park, 195 F.3d 333, 337-38 (7th Cir.1999).

[3] Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

[4] See, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(holding that pursuant to Fed. R. Civ. P. 56(c) the summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law").

[5] See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

[6] Anderson, 477 U.S. at 242.

[7] Celotex Corp., 477 U.S. at 317.

other wise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8]

I.   LEGAL ARGUMENT:

**This Court shall deny Defendant's Motion for Summary Judgment due to the following legal reasons:**

**3.1.   Plaintiff's Art. 19 Claim is not barred by the Montreal Convention**:

First, the defendant contends that "Art. 19 bars Plaintiff's claim."[9] Frontier further contends that: "Applying these principles to the present case, the cancelation of Plaintiffs' Punta Cana Chicago Flight on March 28, 2015 was caused by forces outside of Frontier's control. (LR 56.1 ¶¶ 12-16)  Therefore, Frontier cannot be held liable for Plaintiffs' alleged damages under Article 19 of the Montreal Convention. Consequently, summary judgment should be entered in Frontier's favor on Count I."[10]  This argument is not legally viable and shall be rejected by this Court for the following legal reason. Declaration of Mr. Tarkov, 03-08-18, par. 10, p. 2; par. 29-30, pp. 4-5; Statement of Additional Disputed Material Facts, 03-08-18, par. 1-2, pp. 1-2.

First, delayed departure of defendant's flight 41 on March 28, 2015 from Punta Cana to Chicago (coupled together with delayed departure for 4+ hours of subsequent defendant's flight on March 29, 2015) in-fact caused severe interruption of Tarkovs

---

[8] Celotex, 477 U.S. at 322.
[9] Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. A, pp. 5-6.
[10] Dct. 112: Frontier Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. A, p. 7.

international travel for more than 24 hours, causing their late arrival to Chicago more than 24 hours late of planned arrival. As direct and proximate cause of such late arrival she incurred various out-of-pocket economic damages. [11]

Secondly, contrary to defendant's assertion of "impossibility of taking all reasonable measures to avoid the delay" the facts before this court clearly shows that instances of malfunctioning of radar system at Punta Cana the record before this Court shows that malfunctioning of radar system at Punta Cana International Airport on March 28, 2015 is not an isolated event but rather repeated event which has happened in the past on multiple occasions. The record also shows that Frontier was aware of past problems caused by malfunctioning of radar system but failed to account for this recurring problems and further failed to take any steps necessary to minimize effect of such malfunctioning upon its passengers. Further, as reflected by Affidavit of Mr. Tarkovs he personally observed and witnessed another airplanes departing Punta Cana International Airport at the time of purported malfunction. Therefore, due to existing of disputed material fact, Frontier's motion for summary judgment is not proper and shall be denied on Count I.

### 3.2. Apparent presence of contradicted material facts prevents summary judgment Assertion of Frontier of specific on issue of defense of "taking all reasonable measures":

This Court shall notice that assertion of defendant of defense of "taking all reasonable measures" is contradicted by personal observations of Mr. Tarkov who observed other airplanes departing from Punta Cana International Airport at the time of purported outage. Declaration of Mr. Tarkov, 03-08-18, par. 10, p. 2; par. 29-30, pp. 4-5; Statement of Additional Disputed Material Facts, 03-08-18, par. 1-2, pp. 1-2.  Specifically, in its pleadings the defendant asserts that cancellation of flight 41 on March 28, 2015 was

---

[11] See, Transcript of Deposition of Ilya Tarkov, August 9, 2017, pp. 2-69.

caused by malfunction of radar system at Punta Cana International Airport and as such was unavoidable. [12]  Yet, this assertion of defendant is contradicted by personal observations of Mr. Tarkov who observed other airplanes departing from Punta Cana International Airport. Id.  Thus, the issue before this Court is whether Frontier took "all reasonable measures" to avoid the Plaintiff's delay as required by Art 19 of the Montreal Convention. [13]  Importantly,  in interpreting Art 19 of the Montreal Convention, several courts has stated that the party seeking to invoke the exception must show that the extra-ordinary circumstances could not have been avoided by "measures which meet, *inter alia*, conditions which are technically and economically viable for the air carrier concerned."[14] Therefore to satisfy this defense in the case at bar, Frontier must show that it took all viable measure that was reasonably calculated to avoid the Tarkovs' delay.[15]  Applying the above-identified legal standard to the case at bar, its is discernable that issue of disputed material facts now is present before this Court.[16] In essence the Defendant must prove that "it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such

---

[12] <u>Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. A, pp. 5-6.</u>

[13] <u>See</u>, <u>Giannopoulos</u>, Case No**.** 11 C 775 (N.D. Ill.,  Nov 9, 2012).

[14]  <u>Giannopoulos</u>, Case No**.** 11 C 775 (N.D. Ill.,  Nov 9, 2012) *citing* <u>Wallentin-Hermann v. Alitalia-Linee aeree Italiane SpA</u>, citing Case C-549/07, 2008 E.C.R. I-11061, at ¶ 40; *also see*, <u>Mfrs. Hanover Trust Co. v. Alitalia Airlines</u>, 429 F. Supp. 964, 967 (S.D.N.Y. 1977), *aff'd* 573 F.2d 1292 (2d Cir. 1977)); <u>Giannopoulos</u>, Case No**.** 11 C 775 (N.D. Ill., Nov 9, 2012).

[15] <u>Cf.</u>, <u>Giannopoulos</u>, Case No**.** 11 C 775 (N.D. Ill., Nov 9, 2012).

[16] <u>Cf.</u>, <u>Giannopoulos</u>, Case No**.** 11 C 775 (N.D. Ill.,  Nov 9, 2012) *citing* <u>Wallentin-Hermann</u>, Case C-549/07, 2008 E.C.R. I-11061, at ¶ 40; *also see*, <u>Mfrs. Hanover Trust Co.</u>, 429 F. Supp. at 964.

measures." [17]  Importantly, this analysis "of all reasonable measures under Art. 19" was

specifically used by hon. Lefkow in her decision in *Giannopoulos* on November 9, 2012,

whereby she wrote:

> "Thus, the issue before the court is whether Iberia took "all reasonable measures"
> to avoid the Giannopoulos plaintiffs' delay as required by EU 261. EU 261 does
> not define "all reasonable measures." This provision, however, is analogous
> to the standard set forth in Article 19 of the Montreal Convention,8 [18]which
> exempts air carriers from liability where the carrier took "all measures that could
> reasonably be required to avoid the damage." Convention for the Unification of
> Certain Rules for International Carriage by Air, May 28, 1999, 2242 U.N.T.S.
> 350 (the "Montreal Convention"). [19]  To satisfy this standard, the defendant
> carrier must show that it took "'all precautions that in sum are appropriate to the
> risk, i.e., measures reasonably available to defendant and reasonably calculated,
> in cumulation, to prevent the subject loss.'" *Helge Mgmt., Inc.* v. *Delta Air
> Lines, Inc.*, No. CIV.A. 11-10299-RBC, 2012 WL 2990728, at *3 (D. Mass. July
> 19, 2012) (quoting Palma v. Am. Airlines, Inc., No. 09–23212–CIV, 2010
> WL 5140592, at *5 (S.D. Fla. Dec.9, 2010) (interpreting a similar provision in
> the Warsaw Convention, the precursor to the Montreal Convention)). "The
> failure to take any particular precaution that might have prevented the loss does
> not necessarily prevent the carrier from relying on this defense; not every
> possible precaution must be taken." *Palma*, Moreover, in interpreting EU 261,
> the ECJ has stated that the party seeking to invoke the exception must show
> that the extraordinary circumstances could not have been avoided by "measures
> which . . . meet, *inter alia*, conditions which are technically and economically
> viable for the air carrier concerned." Case C-549/07, *Wallentin-Hermann* v.
> *Alitalia-Linee aeree Italiane SpA*, 2008 E.C.R. I-11061, at ¶ 40. Thus, to satisfy
> this defense, Iberia must show that it took a technically and economically viable
> measure that was reasonably calculated to avoid ***plaintiffs' delay.  Id.

---

[17]  **Article 19. Delay: "**The carrier is liable for damage occasioned by delay in the
carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be
liable for damage occasioned by delay if it proves that it and its servants and agents took
all measures that could reasonably be required to avoid the damage or that it was
impossible for it or them to take such measures." Id.

[18]  Article 19 of the Montreal Convention states that "the carrier shall not be liable for damage
occasioned by delay if it proves that it and its servants and agents took all measures that could
reasonably be required to avoid the damage or that it was impossible for it or them to take such
measures."

[19]  "The court could not locate, nor did the parties cite, any cases relying on the Montreal
Convention to interpret EU 261. Given the similar language and purpose of the two laws,
however, it is reasonable for this court to look to cases construing the Montreal Convention when
interpreting EU 261. 2010 WL 5140592, at *5 (citing *Mfrs. Hanover Trust Co.* v. *Alitalia Airlines*, 429 F.
Supp. 964, 967 (S.D.N.Y. 1977), *aff'd* 573 F.2d 1292 (2d Cir. 1977))."

In the case at bar, being guided by Judge Lefkow analysis in *Giannopoulos*, this Court shall deny Frontier's motion for summary judgment on this particular issue due to existence of material disputed facts as evident by Declaration of Mr. Tarkov, who observed other planes departing from this airport while his flight was cancelled.[20] Therefore, Frontier is not entitled to summary judgment on this issue at present time.

### 3.3. Because Frontier did not take all reasonable measures to avoid delay, thus assertion by the defendant of the defense of "taking all reasonable measures" is clearly erroneous:

Next the defendant is incorrectly and baselessly arguing that "Frontier took all reasonable measure to avoid delay."[21] This argument is not supported by the record before this Court, and this Court shall deny defendant's motion for summary judgment on the issue of "taking all reasonable measures" because of existence of genuine issue of material fact as illustrated by Affidavit of Mr. Tarkov who personally observed another airplane departing from Punta Cana International Airport during pendency of propounded outage of radar system. Declaration of Mr. Tarkov, 03-08-18, par. 10, p. 2; par. 29-30, pp. 4-5; Statement of Additional Disputed Material Facts, 03-08-18, par. 1-2, pp. 1-2.

As was already espoused above, Article 19 of the Montreal Convention provides that a carrier can be liable for damages to passengers caused by delay in transportation. Id. However, Article 19 further provides that, the "carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them

---

[20] Declaration of Ilya Tarkov, 03-08-18, par. 1-30, pp. 1-5; Statement of Additional Disputed Material Facts, 03-08-18, par. 1-2, pp. 1-2.
[21] Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. A1, pp. 7-8.

to take such measures." [22]  In fact, "All measures" has not been interpreted to mean an airline must do everything in its power to avoid delay, only what is reasonable. Id.  The carrier need only show that it took "all precautions that in sum are appropriate to the risk, i.e. measures reasonably available to defendant and reasonably calculated, in cumulation, to prevent the subject loss." [23] As was mentioned above, tot long ago, in this Circuit Court this defense was examined by Hon. Lefkow in her Decision on Defendant's Motion for Summary Judgment in Giannopoulos v.  Iberia Airlines, Case No. 11 C 775 (N.D. Ill., Nov 9, 2012). This Court shall apply the above-espoused legal analysis of Judge Lefkow on the issue of "taking all reasonable measures" in conjunction with observation of Mr. Takov of other several airplanes departing form Punta Cana International Airport on March 28, 2015 to the mater sub judice. Cf, Giannopoulos v.  Iberia Airlines, Case No. 11 C 775 (N.D. Ill.,  Nov 9, 2012) with Declaration of Ilya Tarkov, 03-08-18, par. 9, p.2; par. 28-30, pp. 4-5.

Specifically, in its pleadings the defendant asserts that delay of departure of flight 41 from Punta Cana to Chicago on March 28, 2015  was in caused outage of radar

---

[22] See, Art. 19 of the Montreal Convention.

[23] Giannopoulos v. De Espana, (N.D. Ill., 2012)( holding that the standard set forth in Article 19 of the Montreal Convention[23], which exempts air carriers from liability where the carrier took all measures that reasonably be required to avoid the damage)(also holding that "to satisfy this standard, the defendant carrier must show that it took "all precautions that in sum are appropriate to the risk, i.e., measured reasonably available to defendant and reasonably calculated, in cumulation, to prevent the subject loss.'") also see  Helge Mgmt., Inc. v. Delta Air Lines, Inc., No. CIV.A. 11-10299-RBC, 2012 WL 2990728, at *3 (D. Mass. July 19, 2012) (quoting Palma v. Am. Airlines, Inc., No. 09-23212-CIV, 2010 WL 5140592, at *5 (S.D. Fla. Dec.9, 2010) (interpreting a similar provision in the Warsaw Convention, the precursor to the Montreal Convention)). Although in itself "the failure to take any particular precaution that might have prevented the loss does not necessarily prevent the carrier from relying on this defense; not every possible precaution must be taken." Palma, 2010 WL 5140592, at *5 (citing Mfrs. Hanover Trust Co. v. Alitalia Airlines, 429 F. Supp. 964, 967 (S.D.N.Y. 1977), aff'd 573 F.2d 1292 (2d Cir. 1977)); Verdesca ex rel., v. American Airlines, Inc., 3:99–CV–2022–BD, 2000 WL 1538704, ( N.D. Texas Nov. 17, 2004).

system"[24] Interestingly, Frontier is silent on the issue of delayed departure of subsequent flight on March 29, 2015. Thus, the issue before this Court is whether Frontier took "all reasonable measures" to avoid the Plaintiff's delay as required by Art 19 of the Montreal Convention. [25] Importantly, in interpreting Art 19 of the Montreal Convention, several courts has stated that the party seeking to invoke this defense must show that the extra-ordinary circumstances could not have been avoided by "measures which meet, *inter alia*, conditions which are technically and economically viable for the air carrier concerned." [26] Accordingly, to satisfy this defense in the case at bar, Frontier must show that it took all viable measure that was reasonably calculated to avoid Ms. Tarkov's delay.[27] Specifically, to satisfy this defense, Frontier must show that it took a technically and economically viable measure that was reasonably calculated to avoid **Tarkov's** delay. Id. In its pleadings Frontier failed to do so by failing to account as to why other planes were allowed to depart from Punta Cana International Airport while flight 41 was cancelled due to purported outage of radar system.[28] Importantly, as attested to by Mr. Tarkov in his Declaration, the defendant failed to explain to this Court why Frontier, while knowing that outage of radar system in Punta Cana International Airport is very frequent event, have done nothing to prepare for such eventuality and to mitigate extend of plaintiff's

---

[24] Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. A, pp. 5-6.

[25] See, Giannopoulos, Case No**.** 11 C 775 (N.D. Ill.,  Nov 9, 2012).

[26]  Giannopoulos, Case No**.** 11 C 775 (N.D. Ill.,  Nov 9, 2012) *citing* Wallentin-Hermann v. Alitalia-Linee aeree Italiane SpA, citing Case C-549/07, 2008 E.C.R. I-11061, at ¶ 40; *also see*, Mfrs. Hanover Trust Co. v. Alitalia Airlines, 429 F. Supp. 964, 967 (S.D.N.Y. 1977), *aff'd* 573 F.2d 1292 (2d Cir. 1977));  Giannopoulos, Case No**.** 11 C 775 (N.D. Ill., Nov 9, 2012).

[27] Cf., Giannopoulos, Case No**.** 11 C 775 (N.D. Ill., Nov 9, 2012).

[28] Declaration of Ilya Tarkov, 03-08-18, par. 1; p. 2; par. 29-30, pp. 4-5; Statement of Additional Disputed Material Facts, 03-08-18, par. 1-2, pp. 1-2.

interruption of their travel-related plans, rational jurors could differ as to whether the airline took "all reasonable measures to avoid the delay." Id.

Applying the above-identified legal standard to the case at bar, it is discernable that Frontier cannot argues in good faith of "taking all viable measures reasonably calculated to avoid" Tarkovs delay.[29]  Especially, in the light of observation of Mr. Tarkov of departing airplanes. Indeed, there is a genuine issue of material fact related to Frontier's "taking all reasonable measures" as contradicted by observations of Mr. Tarkov of departing airplanes at the time of purported malfunctioning of radar system at Punta Cana International Airport.[30] Consequently, there is a genuine issue of material fact related to delay being further exacerbated and further caused by subsequent delayed departure of substitute flight on March 29, 2018 causing plaintiffs even further delay. Declaration of Ilya Tarkov, 03-08-18, par. 1-30, pp. 1-5. [31] Therefore, summary judgment should not be entered in Frontier's favor on this issue

### 3.4. Frontier is silent on issue of substitute flight on March 29, 2018 was delayed on departure for excess of four (4) hours:

Next, the defendant in its submissions to this Court is silent on the issue of delayed departure of substitute flight on March 29, 2015. Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, pp. 1-12.   Yet, in his Declaration Mr. Tarkov sets forth specific facts about delayed departure in excess of four hours of substitute flight on the next day of March 29, 2018,

---

[29] Cf., Giannopoulos, Case No. 11 C 775 (N.D. Ill.,  Nov 9, 2012) citing Wallentin-Hermann, Case C-549/07, 2008 E.C.R. I-11061, at ¶ 40; also see, Mfrs. Hanover Trust Co., 429 F. Supp. at 964.

[30] Declaration of Ilya Tarkov, par. 10, p.2; par. 29-30, pp. 4-5.

[31] See, e.g., Palma., 09-23212-CIV, 2010 WL 5140592, at *5 (S.D. Fla. Dec. 9, 2010) (denying summary judgment when a rational jury could differ as to whether the airline took all "necessary measures" under the Warsaw Convection to avoid the damage).

following initial cancellation of flight 41 on March 28, 2015. Declaration of Ilya Tarkov, 03-08-18, par. 14, p.2; Statement of Additional Disputed Material Facts, 03-08-18, par. 1-2, pp. 1-2. Even if flight 41 on March 28, 2018 was canceled due to outage of radar system, subsequent delayed departure of substitute flight on the following day of March 29, 2015 further exacerbated interruption of Tarkovs international travel. Id. Considering the above-identified issue and while being guided by Judge Lefkow's analysis in *Giannopoulos*, assertion by Frontier of defense of "taking all reasonable measures" is factually and legally erroneous.[32] As was stated above, the record shows that malfunctioning of radar system at Punta Cana is not an isolated event. Declaration of Ilya Tarkov, 03-08-18, par. 1-30, pp. 1-5. Frontier knew or should have known that such incidents with malfunctioning of radar system at Punta Cana International Airport happened before. Id. Yet, Frontier is not alleging devising and implementing specific plans dealing with that particular eventuality. Therefore, Frontier cannot argues in good faith of "taking all viable measures reasonably calculated to avoid" Ms. Tarkovs delay.[33] Additionally, there is an issue of material fact as to defendant's employees being recklessly indifferent to plaintiff's travel-related needs.[34] Therefore, there is a genuine issue of material fact related to Frontier's handling of malfunctioning of radar system at Punta Cana International Airport. Especially in the light of personal observations of Mr. Tarkov who observed another airplane departing Punta Cana International Airport at the time of alleged malfunctioning or outage of radar system. See, Declaration of Mr. Ilya

---

[32] See, Declaration of Ilya Tarkov 03-08-18, par. 1, p. 2; par. 29-30, pp. 4-5.

[33] Cf., Giannopoulos, Case No. 11 C 775 (N.D. Ill., Nov 9, 2012) *citing* Wallentin-Hermann, Case C-549/07, 2008 E.C.R. I-11061, at ¶ 40; *also see*, Mfrs. Hanover Trust Co., 429 F. Supp. at 964.

[34] See, Transcript of Deposition of Ilya Tarkov, August 9, 2017, pp. 2-69; Declaration of Ilya Tarkov, 03-08-18, par. 1, p. 2; par. 29-30, pp. 4-5.

Tarkov, March 8, 2018, pp. 1-5, par. 1-30; Statement of Additional Disputed Material Facts, 03-08-18, par. 1-2, pp. 1-2.  Therefore, summary judgment should not be entered in Frontier's favor on this particular issue.

> ### 3.5.  Defendant is not entitled to summary judgement on the issue of "taking of all reasonable measures" because they failed to discharge their burdens and because this Court must draw all reasonable inferences in favor of plaintiff:

It is fundamental that the moving party bears the initial burden of demonstrating that no material issue exists for trial. [35]  At the case at bar the above-named defendant not only failed to discharge it initial burden by offering specific facts demonstrating that a "genuine" issue of material dispute do not exists as to legal and factual issue of "taking all reasonable measures." Likewise, besides its self-serving affidavits submitted by Frontier in support of its motion (and contradicted by Plaintiff's Affidavit[36]), yet Frontier failed to present any evidence in support of its position. [37]  Because Frontier failed to discharge its initial burdens of production and persuasion, and because there is a factual dispute as to defendant employees being recklessly indifferent to plaintiff's travel related needs[38], hence this court must draw all reasonable inferences in favor of the nonmoving party. Reeves, 530 U.S. at 133.  Thus, this Court shall deny defendants motion for partial summary judgment. Id.

---

[35] Celotex Corp., 477 U.S. at 317 (holding that pursuant to Fed. R. Civ. P. 56(c) the summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law").

[36] Declaration of Ilya Tarkov, 03-08-18, par. 1-30, pp. 1-5; Statement of Additional Disputed Material Facts Pursuant to Local Rule 56.1(b)(3)(C), 03-08-18, par. 1-2, pp. 1-2.

[37] See, Anderson, 477 U.S. at 242 (once the moving party has properly supported its motion, the nonmoving party must offer specific facts demonstrating that a "genuine" issue of material dispute exists, and must present more than a scintilla of evidence to support its position).

[38] See, Transcript of Deposition of Ilya Tarkov, August 9, 2017, pp. 2-69.

### 3.6.   Plaintiffs can prove delay damages under Art. 19 of the Montreal Convention:

Next the defendant is arguing that "Plaintiff cannot prove her damages under Art. 19." [39] This is not true.[40]  In fact, in her recent deposition Tarkovs testified about being subjected to various economically compensable damages.[41]   First, Tarkovs testified about incurring actual expenses for local meals, foodstuffs, water, medication and telecommunication expenses. Id. Mr. Tarkov also testified about incurring expenses due to travel-related stress and subsequent exposure to severe diarrhea. Id. Mr. Tarkov also testified incurring expenses related to loss of benefit of his bargain in regard to prepaid theatrical activities. Id.  Mr. Tarkov also specifically identified his economic damages during his deposition.[42]  All the above-cited damages are cognizable compensable economic damages recoverable under Art. 19 of the Montreal Convention, and as such shall be recoverable by Tarkovs from Frontier in the case *sub judice*.  Id. Therefore, this Court shall deny Frontier's summary judgment on this issue.

### 3.7.   Because the defendant did not pursue particular motion for exclusion of plaintiff's testimony before Judge Kim in the scope of his supervision of discovery matters, thus there is no viable legal justification for exclusion of Plaintiff's testimony:

It is well settled that this Court have discretion in determining whether to impose sanctions for discovery violations. See, Brown v. Columbia Sussex Corp., 664 F.3d 182,

---

[39] Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. B, pp. 9-10.     .

[40] Cf, Transcript of Deposition of Ilya Tarkov, August 9, 2017, pp. 2-69; Declaration of Ilya Tarkov, 03-07-18, par. 1-30, pp. 1-5.

[41] See, Transcript of Deposition of Ilya Tarkov, August 9, 2017, p. 47, par. 24; p. 56, par. 1-24; p. 57, par. 1-24; p. 58; par. 1-24; p. 59; par. 1-24, p. 60; par. 1-24, p. 61; par. 1-24, p. 62; par. 1-24, p. 63; par. 1-24, p. 64; par. 1-24, p. 65; par. 1-24, p. 66; p. 67, par. 1-5.

[42] See, Transcript of Deposition of Ilya Tarkov, August 9, 2017, p. 47, par. 24; p. 56, par. 1-19; p. 57, par. 1-24; p. 58; par. 1-24; p. 59; par. 1-24, p. 60; par. 1-24, p. 61; par. 1-24, p. 62; par. 1-24, p. 63; par. 1-24, p. 64; par. 1-24, p. 65; par. 1-24, p. 66; p. 67, par. 1-5.

190 (7th Cir. 2011). The Seventh Circuit has instructed that "[a]lthough there is no requirement that the district court select the 'least drastic' sanction, district courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.'"[43] Federal Rule of Civil Procedure 37 (b) (2)(A) provides that a court may impose sanctions on a party who fails to obey a discovery order, including striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action in whole or in part, directing that the matters addressed in the order be taken as established for purposes of the action, prohibiting the disobedient party from supporting or opposing designated claims or defenses, rendering a default judgment, and treating the part's failure to comply as a contempt of court. Fed. R. Civ. P. 37 (b)(2)(A)(i)-(vii). Further, pursuant to Rule 37 (b)(2)(C), a court must order the disobedient party, its attorney, or both to pay the reasonable expenses, including attorney's fees, caused by the failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (b)(2)(C). This Court shall apply the above-cited controlling legal analysis while considering Frontier's request for exclusion of **Plaintiff's testimony based on purported discovery violations.** [44] First, considering limited nature and scope of initial sanctions awarded by Judge Kim the particular relief sought by Frontier is harsh and disproportional.[45] Importantly, as to defendant's allegations of plaintiff's failure to furnish cell phone records and credit cards statements, subsequent to depositions of Tarkovs on August 9,

---

[43] Rice v. City of Chicago, 333 F.3d 780, 784 (7th Cir. 2003) (*quoting* Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 672 (7th Cir. 1996)).

[44] Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. 2, pp. 11-12.

[45] Cf., Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. 2, pp. 11-12 *with* Rice, 333 F.3d at 780.

2017 the defense counsel never provided the plaintiff's counsel with required draft of authorization of disclosure of Tarkovs phone records and bank records. Equally important defense counsel's failure to move for compelling productions of those documents before Judge Kim. Legally, this is evidentiary motion and as such should have been properly brought before Judge Kim in the scope of his oversight of discovery matters.[46] This was not done in this case by the defense counsel. Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. 2, pp. 11-12. Accordingly, based on the above-cited controlling legal authorities this Court shall decline defendant's invitation to second guess and to side-step process of discovery administration managed by Judge Kim in the scope of his oversight of discovery matters. Therefore, and due to harshness of defendant's request to prevent Tarkovs testimony; as well as explicit burden of Judge Kim's oversight of discovery matters, thus this Court shall reject this position of Frontier Airlines and its counsel and Tarkovs shall be allowed to testify at trial. Id.

### 3.8. Delayed departure of defendant's flight on March 21, 2015 from Chicago to Punta Cana caused severe interruption of plaintiff's travel-related plans, loss of vacation time and local transportation out-of-pocket expenses:

Finally, Frontier is arguing that its flight 40 on March 21, 2015 was not delayed on departure from Chicago to Punta Cana.[47] In support of this position Frontier adduced declaration of its employee Kevin Hudson. Dct. 113-2: Declaration of Kevin Hudson, par. 5-7, pp. 1-2. However, this declaration is directly contradicted by testimony of Mr. Tarkov adduced by him during his deposition transpired on August 9, 2017.

---

[46] Cf., Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. 2, pp. 11-12 with Rice, 333 F.3d at 780.

[47] Dct. 112: Frontier's Memorandum of Law and facts in Support of Motion for Summary Judgment, 12-08-17, par. A2, pp. 8-9.

Transcript of Deposition of Ilya Tarkov, August 9, 2017, p. 59, par. 5-24; p. 60, par. 1-19; Declaration of Ilya Tarkov, 03-08-18, par. 5, p. 1.   In particular, at that time Mr. Tarkov testified that on March 21, 2015 he and his wife arrived to Punta Cana several hours late of their pre-scheduled arrival and missed important family reunion.[48] Subsequently, they incurred loss of their vacation time and local transportation expenses. Id. Contradiction between proposed testimony of defendant's employee and proposed testimony of Mr. Tarkov is the question of fact which cannot be resolved on summary judgment. Celotex Corp., 477 U.S. at 317 (holding that pursuant to Fed. R. Civ. P. 56(c) the summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"). Therefore, due to presence of disputed material facts, summary judgment on Count II is precluded at this time.

## IV.   CONCLUSION:

Based on the foregoing and pursuant to Rule 56(c) of Fed. R. Civ. Procedure, Tarkovs are in good faith praying for an order denying Frontier's summary judgment on the above-discussed legal and factual issues; as well as for any other and further relief this Court deems to be just and fair.

Dated this 13th day of March 2018.

---

[48] Transcript of Deposition of Ilya Tarkov, August 9, 2017, p. 59, par. 5-24; p. 60, par. 1-19.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, LLC
Attorney for Plaintiffs


BY:  /s/ Vladimir M. Gorokhovsky
        Vladimir M. Gorokhovsky, LL.M.
        ILND TR 10994

**P.O Business Address:**
Gorokhovsky Law Office, LLC
451 West Huron Street, Suite 1402
Chicago, Illinois 60654
(414)-581-1582
gorlawoffice@yahoo.com


**CERTIFICATE OF SERVICE:**

The undersigned attorney certifies that on March 13, 2018, he served the foregoing document by electronically filing the same with the Clerk of the U.S. Federal Court for the Northern District of Illinois, by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Vladimir M. Gorokhovsky, Esq.

TABLE OF CONTENTS:

I.   Statement of Facts……………………………………………………...1

II.  Legal Standard on Motion for Summary Judgment………………….…2


III. LEGAL ARGUMENT……………………………………………………….5

     This Court shall deny Defendant's Motion for Summary Judgment due to
     the following legal reasons………………………………………………..5

     3.1.   Plaintiff's Art. 19 Claim is viable claim under the Montreal
            Convention……………………………………………………..5

     3.2.   Assertion of Frontier of specific factual issues of defense of
            "Taking of all  reasonable measures" prevents summary judgement
            on this issue…………………………………………….……………6

     3.3.   Because Frontier did not take all reasonable measures to avoid
            delay, thus assertion by the defendant of the defense of "taking
            all reasonable measures" is clearly erroneous…………………....9

     3.4.   Frontier is silent on issue of substitute flight on March 29, 2018
            was delayed on departure for excess of four (4) hours………….12

     3.5.   Defendant is not entitled to summary judgement on the issue of
            "taking of all reasonable measures" because Frontier failed to
            discharge its burdens and because this Court must draw all
            reasonable inferences in favor of plaintiff………………...…….14

     3.6.   Plaintiffs can prove delay damages under Art. 19 of the Montreal
            Convention……………………………………………………15

     3.7.   Because the defendant did not pursue particular motion for
            exclusion of plaintiff's testimony before Judge Kim in the scope of
            his supervision of discovery matters, thus there is no viable legal
            justification for exclusion of Plaintiff's testimony………....……15

     3.8.   Delayed departure of defendant's flight on March 21, 2015
            from Chicago to Punta Cana caused severe interruption of
            plaintiff's travel-related plans…………………………………17

IV.  Conclusion…………………………………………………………18

**TABLE OF CITED AUTHORITIES:**                                    **page No.**

**Cited Authorities**:

Shivers v. Honeywell, Inc 933 F.Supp. 705, 708…………………………………..3

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986))……………..……..3,4,13,18

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)……………....3,4,13,14

Baron v. City of Highland Park, 195 F.3d 333, 337-38 (7th Cir.1999)…………….3

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)………...3,13

Giannopoulos v. De Espana, (N.D. Ill., 2012)…………………………...7,8,9,12,13

Helge Mgmt., Inc. v. Delta Air Lines, Inc., No. CIV.A. 11-10299-RBC, 2012 WL 2990728, at *3 (D. Mass. July 19, 2012)……………………………………………..8

Palma v. Am. Airlines, Inc., No. 09-23212-CIV, 2010 WL 5140592, at *5 (S.D. Fla. Dec.9, 2010)……………………………………………………...…..8,11,12

Mfrs. Hanover Trust Co. v. Alitalia Airlines, 429 F. Supp. 964, 967 (S.D.N.Y. 1977), aff'd 573 F.2d 1292 (2d Cir. 1977))…………………………………..8,10,13

Verdesca ex rel., v. American Airlines, Inc., 3:99–CV–2022–BD, 2000 WL 1538704, ( N.D. Texas Nov. 17, 2004)…………….………………………...10

Wallentin-Hermann v. Alitalia-Linee aeree Italiane SpA, citing Case C-549/07, 2008 E.C.R. I-11061, at ¶ 40…………………………………………………..10,12

Brown v. Columbia Sussex Corp., 664 F.3d 182, 190 (7th Cir. 2011)……………15

Rice v. City of Chicago, 333 F.3d 780, 784 (7th Cir. 2003)………………...16

Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 672 (7th Cir. 1996)…………….16

**International Treaties:**

Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), reprinted in S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, et. seq.)…………………………………………………….…….5-17