**IN THE UNITED STATES FEDERAL COURT
OF NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ILYA TARKOV,** *et. al.,* | Case No. <u>2015-CV-3430</u> |
| **Plaintiffs** | |
| -vs- | HON. JOHN J. THARP, JR. |
| **FRONTIER AIRLINES INC.** | |
| **Defendant** | |

DECLARATION OF ILYA TARKOV
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**STATE OF ILLINOIS ]
            ]
LAKE COUNTY    ] SS**

    **NOW COMES** the above-named Plaintiff, ILYA TARKOV, and being first duly sworn on oath, deposes and says that he is an adult resident of the State of Illinois, residing at: <u>421 Swan Blvd., Deerfield, Il 60015</u>**,** and further states on oath as follows:

    1.    That I am the citizen of the USA residing at Deerfield, Illinois.

    2.    That I have personal knowledge of the facts contained in this declaration, and if called upon to testify I could and would testify competently as to the truth of the facts stated herein.

    3.    That I make this Declaration in support of my opposition to defendant's motion for summary judgment.

    4.    That on March 21, 2015 I was scheduled together with my wife Rimma Tarkova to depart from Chicago to Punta Cana, Dominican Republic.

    5.    That said flight was delayed on March 21, 2015for excess of several hours on departure from Chicago to Punta Cana

6.  That thereafter on March 28, 2015 I was scheduled together with my wife Rimma Tarkova to depart back from Punta Cana to Chicago on the board of Frontier's flight 41.

7.  That this flight was scheduled to depart from Punta Cana to Chicago at 4:25 P.M and to arrive to Chicago at 08:36PM.

8.  That this flight was delayed on departure from Chicago to Punta Cana to Chicago for six (6) hours and thereafter was cancelled.

9.  That we were not advised by Frontier as to the cause of such cancellation but I have personally observed other flights departing from airport.

10. That during the above-referenced delay of departure of our flight we were not provided with any food, water and usage of amenities.

11. That at that time personnel of Frontier was irresponsive and visibly indifferent to our travel-related needs.

12. That upon such cancellation we were ordered by Frontier to go back to any hotel and to stay there for additional night at our own expense.

13. That on the following day of March 29, 2015 we were ordered by Frontier to show up at 6:30 AM at Punta Cana International Airport for boarding of flight 41, which was scheduled to depart from Punta Cana to Chicago at 08:00AM.

14. That said flight on March 29, 2015 was delayed on departure as well for excess of four (4) hours.

15. That at that time we were told by Frontier that said flight is being delayed on departure for 4 hours due to purported shortage of crew.

16. That finally we were able to depart from Punta Cana at approximately 11:50AM on March 29, 2015.

17. That upon our arrival back to Chicago at approximately 3:45PM we were kept in the plane for additional one hour with plane's doors being locked.

18. That again we were not provided with any refreshments and were not able to use lavatories.

19. That to me and my wife being senior citizens this was extremely physically harsh to be confined within airplane without any access to our medication, refreshments and to lavatories.

20. That we are informed regarding defendant's contention that delayed departure of our plane on March 28, 2015 was caused by malfunctioning of radar system at Punta Cana International Airport, but such position of defendant is contradicted by my personal observations made by me at that time of other planes departing from Punta Cana International Airport.

21. That I also remember seeing that only our flight was cancelled while all other flights were allowed to depart.

22. That based on my observations of conduct of defendant's employees at the time of cancellation such as their irresponsiveness, their ignoring of our travel-related needs, their lack of care I am informed that delay on departure of defendant's flight No. 41 on March 28, 2015 in excess of 24 hours; as well as delayed departure of defendant's flight on the next day was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

23. That egregiously while being estranged at Punta Cana International Airport we were not provided with any meaningful care by Frontier Airlines.

24. That furthermore while being estranged at Punta Cana International Airport we

experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing and cancellation of flight No. 41 on March 28 and March 29, 2015.

25. That due to cancellation of departing flight No. 41 on March 28 and March 29, 2015 we were subjected to severe physical inconvenience and additional economic damages.

26. That likewise due to entire duration of cancellation for 24 hours the above-named Plaintiffs and subsequent delayed departure and late arrival to Chicago at 3:45PM on March 29, 2015 we lost one day of our employment, whereby incurring actual economic damages.

27. That additionally I am informed that frequent prior malfunctioning and outages of radar system at Punta Cana International Airport is indeed a common public knowledge experienced by many travelers through Punta Cana International Airport; and is indeed very frequent occurrence.

28. That I am further informed that Frontier, being one of major vendors at Punta Cana International Airport, operating myriads of flights from this vicinity during past multiple years was actually aware of or should have been aware of possibility of such occurrence of recurring malfunctioning and outages of radar system at Punta Cana International Airport.

29. That I am also informed that despite being aware of possibility of malfunctioning of radar system at Punta Cana International Airport Frontier did not devised any contingency plans to deal with this problem in order to minimize impact of such recurring events upon its passengers.

30. That I am also informed that despite being aware of possibility of

malfunctioning of radar system at Punta Cana International Airport Frontier did not undertook any reasonable measures to prepare for possibility of such malfunctioning in order to minimize impact of such recurring events upon its passengers.

**FURTHER YOUR DECLARANT SAYETH NAUGHT**

**I declare under penalty of perjury under the laws of the United States of America and under the laws of the State of Illinois that the foregoing is true and correct and that this Declaration is executed on March 8, 2018.**

       Dated this 8th day of <u>March</u> 2018.

                        Declarant: ILYA TARKOV
                        Electronically signed by

                        *ILYA TARKOV*
          BY: _____
              /s/ ILYA TARKOV