IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILYA and RIMMA TARKOV, ) | |
| ) | Case No.: 1:15-cv-03430 |
| Plaintiffs, ) | |
| ) | Honorable John J. Tharp, Jr. |
| v. ) | |
| ) | Honorable Young B. Kim |
| FRONTIER AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its counsel, respectfully submits this Reply in support of its Motion for Summary Judgment and states as follows:

**I. ALL FACTS IN FRONTIER'S RULE 56.1 STATEMENT OF FACTS ARE DEEMED ADMITTED.**

In support of its Motion for Summary Judgment, Frontier filed a Local Rule 56.1 Statement of Facts. (Doc. 113) In support of their opposition to Frontier's Motion for Summary Judgment, Plaintiffs filed a LR 56.1(b)(3)(B) response to Frontier's Local Rule 56.1 Statement of Facts, asserting numerous denials. (Doc. 120-4) However, Plaintiffs failed to cite to any affidavit or evidence in the record to support such denials. *Id.* Indeed, not one denial in Plaintiffs' LR 56.1 response includes a reference to an affidavit or the record, contrary to what is required under LR 56.1 (b)(3)(B) to support a denial.

"[W]here a non-moving party denies a factual allegation by the party moving for summary judgment, that denial must include a specific reference to an affidavit or other part of the record that supports such a denial." *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The court will disregard any assertions by the non-moving party that are not

1

supported with specific record citations. *Pumputyte v. United Airlines, Inc.*, No. 16 C 4868, 2018 U.S. Dist. LEXIS 38786, at *3 (N.D. Ill. Mar. 9, 2018), citing *Schwab v. N. Ill. Med. Ctr.*, 42 F. Supp. 3d 870, 874 (N.D. Ill. 2014). A party's obligation to support its facts with evidence is mandatory, and the Seventh Circuit repeatedly has held that a district court is within its discretion to enforce strict compliance with the requirements of Local Rule 56.1. *FirstMerit Bank, N.A. v. 2200 N. Ashland, LLC*, 2014 U.S. Dist. LEXIS 159741, at *10 (N.D. Ill. Nov. 13, 2014), citing *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 359 (7th Cir. 2009).

Here, because Plaintiffs fail to include any reference to an affidavit or the record in their LR 56.1(b)(3)(B) response, all facts asserted in Frontier's LR 56.1 Statement of Facts are deemed admitted. *See Pumputyte,* 2018 U.S. Dist. LEXIS 38786, at *3-9 (Plaintiff's denials cite to her affidavit for support, but the affidavit does not address the facts in United's LR 56.1 statement, so the facts are deemed admitted.).

## II. PLAINTIFFS' LR 56.1 (b)(3)(C) STATEMENT OF ADDITIONAL FACTS FAILS TO IDENTIFY EVIDENCE RELATING TO MATERIAL FACTS.

A Rule 56.1 statement of additional facts is not the place to make legal arguments. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008) ("It is inappropriate to make legal arguments in a Rule 56.1 statement of facts. We have held that a district court has broad discretion to require strict compliance with Local Rule 56.1.") (internal citations omitted); *Hartford Fire Ins. Co. v. Taylor*, 903 F. Supp. 2d 623, 633 (N.D. Ill. 2012) (a party's statement of material facts submitted pursuant to Local Rule 56.1 is improper where it is "filled with irrelevant information, legal arguments, and conjecture."). The purpose of the Local Rule 56.1 statement of facts is to identify the relevant evidence supporting material facts, not to make factual or legal argument. *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006). Material facts are those that affect the outcome of the lawsuit. *Total Serv.*

2

*Telecom, Inc. v. Dire Communs., LLC*, 2015 U.S. Dist. LEXIS 130450, at *3 (N.D. Ill. Sep. 28, 2015).

In their LR 56.1 (b)(3)(C) Statement of Additional Facts, Plaintiffs assert only one purported fact: that Mr. Tarkov observed another airplane departing Punta Cana International Airport on March 28, 2015. Mr. Tarkov's observation, however, does not undermine or challenge the established (*and deemed admitted*) facts that (1) there was a radar system outage at the Punta Cana Airport on March 28, 2015, and (2) it would have been unlawful and unsafe for Frontier to operate Flight 41 without a functioning and operational radar system. The aircraft Mr. Tarkov claims he observed could have been a general aviation aircraft (operations other than scheduled air services and non-scheduled air transport operations for hire) not subject to the same rules and regulations to which commercial operators are subject. It also could have been an aircraft operating in violation of rules and regulations, jeopardizing the safety of its occupants and those on the ground. Whatever the case may have been with the "other airplane," there is nothing about Mr. Tarkov's observation that addresses or relates to the radar system outage at the Punta Cana Airport on March 28, 2015, whether it was unlawful or unsafe for Frontier to operate Flight 41 without a functioning airport radar system, or any other issue before this Court.

In short, Plaintiffs' LR 56.1 (b)(3)(C) Statement of Additional Facts fails to identify evidence to support any material facts. Thus, Plaintiffs' LR 56.1 (b)(3)(C) Statement of Additional Facts cannot provide a basis to dispute that there was a radar system outage at the Punta Cana Airport on March 28, 2015, which made it impossible for Frontier to avoid the delay of Plaintiffs' return to Chicago.

### III. FRONTIER'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THERE ARE NO MATERIAL FACTS AT ISSUE.

A. <u>Summary Judgment Should be Granted on Count I.</u>

Article 19 explicitly states that a carrier shall <u>not</u> be liable for damages relating to a delay if it was "impossible" for the carrier to take measures to avoid the delay. *See Dochak v. Polskie Linie Lotnicze LOT S.A.*, 2017 WL 2362570, at *8 (N.D. Ill. May 30, 2017). Article 19 thus recognizes a complete defense when forces outside of an airline's control prevent it from avoiding a flight delay or cancelation. *Pumputyte,* 2018 U.S. Dist. LEXIS 38786, at *11-12.

Here, Frontier has established, through its uncontested and undisputed LR 56.1 Statement of Material Facts, that it was impossible for it to operate flights in and out of Punta Cana Airport on March 28, 2018 due to the Airport's radar system outage. (LR 56.1 ¶¶ 12-19) In their response to Frontier's Motion for Summary Judgment, Plaintiffs failed to identify any material facts that undermine or dispute Frontier's submission that the cancelation of the subject flight was caused by an unavoidable and unforeseen outage of the radar system at the Punta Cana Airport. *See Bernfeld v. US Airways, Inc.*, 2016 U.S. Dist. LEXIS 52997, 2016 WL 1583057, at *2 (N.D. Ill. Apr. 20, 2016) (Plaintiffs "d[id] not controvert US Airways' assertion that the bird strike that took aircraft 507 out of service was unpredictable and unavoidable. Nor d[id] they offer any evidence controverting US Airways' evidence that it attempted to substitute another aircraft but that no suitable aircraft were available and that the only remaining option was to rebook the Bernfelds on the next available flight. The Bernfelds offer[ed] no argument, let alone evidence, identifying any reasonable measure that US Airways could have taken, but failed to take, in order to avoid or minimize the delay in the Bernfelds' travel").

Rather, the undisputed facts show that, as a result of the radar outage, Frontier could not avoid the cancelation of Plaintiffs' flight on March 28, 2015. (LR 56.1 ¶¶ 12-19) It is also undisputed that as soon as the radar system was operational, Frontier promptly proceeded with Plaintiffs' flight back to Chicago. (LR 56.1 ¶¶ 12-19) Given this, no reasonable juror could find that Frontier could have taken reasonable measures to avoid the overall delay. *See Dochak*, 2017 WL 2362570, at *10 (granting summary judgment in an Article 19 suit where "the undisputed facts establish that [the] delays were caused by unavoidable and unforeseen mechanical issues with the aircraft." Accordingly, summary judgment is appropriate because Frontier has met its burden by showing "there is an absence of evidence to support [Plaintiffs'] case" as to Count I. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

> B. <u>Summary Judgment Should be Granted on Count II And on The Issue of Damages.</u>

Because all the facts in Frontier's LR 56.1 Statement of Facts have been deemed admitted, and Plaintiffs' LR 56.1 (b)(3)(C) Statement of Additional Facts failed to assert any material facts pertinent to Count II or the issue of damages, summary judgment should be granted in regard to both. *Dull v. Am. Signature, Inc.*, 2004 U.S. Dist. LEXIS 26167, at *16 (N.D. Ill. Dec. 30, 2004) ("The consequence of the non-moving party's failure to comply with Local Rule 56.1(b)(3)(B) is that this court will not consider any of the additional facts raised in his brief."). Facts submitted in a brief but not presented in a Local Rule 56.1 statement are disregarded in resolving a summary judgment motion." *Beard v. Don McCue Chevrolet, Inc.*, 2012 U.S. Dist. LEXIS 99618, at *5 (N.D. Ill. July 18, 2012); *Dull*, 2004 U.S. Dist. LEXIS 26167, at *8 (N.D. Ill. ("the penalty for failing to properly respond to a [56.1(a)(3) Statement] is

5

usually summary judgment for the movant ... because the movant's factual allegations are deemed admitted.").

Even if the rules allowed the consideration of facts asserted only in a brief, Count II and Plaintiffs' damages claims still would fail as a matter of law because Plaintiffs do not assert any facts in their response brief that would put at issue any material facts. Plaintiffs simply present vague arguments and legal conclusions without identifying any facts to support their positions. Accordingly, summary judgment should be granted on Count II and the issue of damages.

Dated: April 4, 2018            Respectfully submitted,

/s/ Brian T. Maye

Brian T. Maye
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 422-5713
bmaye@amm-law.com

Attorneys for Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on April 4, 2018, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye