**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ILYA and RIMMA TARKOV, | ) | |
| | ) | Case No.: 1:15-cv-03430 |
| Plaintiffs, | ) | |
| | ) | Honorable John J. Tharp, Jr. |
| v. | ) | |
| | ) | Honorable Young B. Kim |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

**DEFENDANT FRONTIER AIRLINES, INC.'S LR 56.1(a) CONCISE REPLY TO
PLAINTIFFS' LR 56.1 (b)(3)(C) STATEMENT OF ADDITIONAL FACTS**

Defendant Frontier Airlines, Inc. ("Frontier"), for its LR 56.1 (a) Concise Reply to

Plaintiffs' LR 56.1 (b)(3)(C) Statement of Additional Facts, states as follows:

1.      In Paragraph 1 of their LR 56.1 (b)(3)(C) Statement of Additional Facts,

Plaintiffs assert that based on Mr. Tarkov's personal observation of another airplane departing

Punta Cana International Airport on March 28, 2015, they dispute that Frontier Flight 41 was

not able to depart on time due to a radar outage. (*See* Doc. No. 120-3)  Plaintiffs cite to

paragraphs 10, 28-30 of Mr. Tarkov's affidavit to support their assertion. *Id.* However,

Plaintiffs' conclusory assertion in Paragraph 1, and Mr. Tarkov's statements in paragraphs 10,

28-30 of his affidavit, have no bearing on, and do not create an issue of fact regarding, whether

a radar outage at the Punta Can Airport on March 28, 2018 prevented Frontier from operating

Flight 41. Even assuming, *arguendo*, that Mr. Tarkov observed another aircraft departing Punta

Cana Airport, it does not undermine or challenge the established fact that there was a radar

system outage at the Punta Cana Airport on March 28, 2015, making it unlawful and unsafe for

Frontier to operate Flight 41. The aircraft Mr. Tarkov claims he observed could have been a

general aviation aircraft (operations other than scheduled air services and non-scheduled air transport operations for hire) not subject to the same rules and regulations to which commercial operators are subject. It also could have been an aircraft operating in violation of rules and regulations, jeopardizing the safety of its occupants and those on the ground. In short, Paragraph 1 of Plaintiffs' LR 56.1 (b)(3)(C) Statement of Additional Facts does not provide factual support to dispute that there was a radar system outage at the Punta Cana Airport on March 28, 2015, which made it impossible for Frontier to avoid the delay of Flight 41. (*See* Doc. No. 113-2, Frontier Aff at ¶¶ 1-16)

2.      In Paragraph 2 of their LR 56.1 (b)(3)(C) Statement of Additional Facts, Plaintiffs assert that based on Mr. Tarkov's personal observations of another airplane departing Punta Cana International Airport on March 28, 2015, they dispute that Frontier "took all reasonable measures to mitigate (*sic*) effect of radar outage..." (*See* Doc. No. 120-3)    Plaintiffs cite to paragraphs 10, 28-30 of Mr. Tarkov's affidavit to support their assertion. *Id.*  However, Plaintiffs' conclusory assertion in Paragraph 2, and Mr. Tarkov's statements in paragraphs 10, 28-30 of his affidavit, have no bearing on, and do not create an issue of fact regarding, whether a radar outage at the Punta Can Airport on March 28, 2018 prevented Frontier from operating Flight 41.  Even assuming, *arguendo*, that Mr. Tarkov observed another aircraft departing Punta Cana Airport, it does not undermine or challenge the established fact that there was a radar system outage at the Punta Cana Airport on March 28, 2015, making it unlawful and unsafe for Frontier to operate Flight 41. The aircraft Mr. Tarkov claims he observed could have been a general aviation aircraft (operations other than scheduled air services and non-scheduled air transport operations for hire) not subject to the same rules and regulations to which commercial operators are subject. It also could have been an aircraft operating in violation of rules and

regulations, jeopardizing the safety of its occupants and those on the ground. In short, Paragraph 2 of Plaintiffs' LR 56.1 (b)(3)(C) Statement of Additional Facts does not provide factual support to dispute that there was a radar system outage at the Punta Cana Airport on March 28, 2015, which made it impossible for Frontier to avoid the delay of Flight 41. (*See* Doc. No. 113-2, Frontier Aff at ¶¶ 1-16)

3.      In Paragraph 3 of their LR 56.1 (b)(3)(C) Statement of Additional Facts, Plaintiffs assert that based on Mr. Tarkov's personal observations of another airplane departing Punta Cana International Airport on March 28, 2015, they dispute that Frontier "prepared in advance for taking of (*sic*) all reasonable measures to mitigate (sic) effect of radar outage..." (*See* Doc. No. 120-3)  Plaintiffs cite to paragraphs 10, 28-30 of Mr. Tarkov's affidavit to support their assertion. *Id.*  However, Plaintiffs' conclusory assertion in Paragraph 3, and Mr. Tarkov's statements in paragraphs 10, 28-30 of his affidavit, have no bearing on, and do not create an issue of fact regarding, whether a radar outage at the Punta Can Airport on March 28, 2018 prevented Frontier Flight 41 from operating.  Even assuming, *arguendo*, that Mr. Tarkov observed another aircraft departing Punta Cana Airport, it does not undermine or challenge the established fact that there was a radar system outage at the Punta Cana Airport on March 28, 2015, which made it unlawful and unsafe for Frontier to operate Flight 41. The aircraft Mr. Tarkov claims he observed could have been a general aviation aircraft (operations other than scheduled air services and non-scheduled air transport operations for hire) not subject to the same rules and regulations to which commercial operators are subject. It also could have been an aircraft operating in violation of rules and regulations, jeopardizing the safety of its occupants and those on the ground.  In short, Paragraph 3 of Plaintiffs' LR 56.1 (b)(3)(C) Statement of Additional Facts does not provide factual support to dispute that there was a radar

system outage at the Punta Cana Airport on March 28, 2015, which made it impossible for Frontier to avoid the delay of Flight 41. (*See* Doc. No. 113-2, Frontier Aff at ¶¶ 1-16)

Dated: April 4, 2018                                   Respectfully submitted,

                                                       /s/ Brian T. Maye

                                                       Brian T. Maye
                                                       Adler Murphy & McQuillen LLP
                                                       20 S. Clark Street, Suite 2500
                                                       Chicago, Illinois 60603
                                                       Telephone: (312) 422-5713
                                                       bmaye@amm-law.com

                                                       Attorneys for Defendant Frontier Airlines, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on April 4, 2018, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye
_____