IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILYA and RIMMA TARKOV, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
|     v. ) | No. 15-CV-03430 |
| ) | |
| FRONTIER AIRLINES, INC., ) | Judge John J. Tharp, Jr. |
| ) | |
|     Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Ilya and Rimma Tarkov purchased round-trip airline tickets from defendant Frontier Airlines, Inc. ("Frontier") for a vacation to Punta Cana, Dominican Republic. The Tarkovs sued the airline under Article 19 of the Montreal Convention, alleging that their flights to and from Punta Cana were delayed and seeking compensatory damages for the expenses they incurred as a result of the delays. Frontier has moved for summary judgment. Because the airline has established that there are no genuine disputes of material fact and it is entitled to judgment as a matter of law on both claims, the Court grants Frontier's motion.

### I.     BACKGROUND

#### 1.     Local Rule 56.1 and Evidentiary Matters

For purposes of ruling on Frontier's motion for summary judgment, the Court first must consider the parties' statements of facts material to the case. Northern District of Illinois Rule 56.1 ("Rule 56.1") requires that the party moving for summary judgment file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." N.D. Ill. R. 56.1(a)(3); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015). The statement of material facts must include "specific references to the affidavits, parts of the record, and other supporting materials relied upon to

support the facts set forth" in each paragraph. N.D. Ill. R. 56.1(a). The party opposing the motion for summary judgment must file a response addressing each paragraph in the movant's statement of material facts and asserting any disagreements with "specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. R. 56.1(b)(3)(B); *Curtis*, 807 F.3d at 218. "A litigant who denies a material fact is required to provide the admissible evidence that supports his denial in a clear, concise, and obvious fashion, for quick reference of the court." *Curtis*, 807 F.3d at 219. The party opposing summary judgment must also file a statement of any additional facts that require the denial of summary judgment, with references to the supporting materials relied upon. N.D. Ill. R. 56.1(b)(3)(c). The moving party is permitted to submit a concise reply in the form prescribed by 56.1(b)(3)(B) to the non-moving party's statement of additional facts. N.D. Ill. R. 56.1(a). Unless controverted by the opposing party's statement of facts, all material facts set forth in the moving or non-moving party's statement of facts will be deemed admitted. Fed. R. Civ. P. 56.1(a), 56.1(b)(3)(C).

District courts have discretion to strictly enforce compliance with Rule 56.1. *Curtis*, 807 F.3d at 219 (citing *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)). Under the rule, statements of material fact and responses to such statements may not contain legal arguments or conjecture. *See Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006); *Perez v. Bd. of Educ. of the City of Chicago*, 576 F. App'x 615, 616 (7th Cir. 2014). District courts "are not required to wade through improper denials and legal argument in search of a genuinely disputed fact." *Curtis*, 807 F.3d at 219 (citing *Bordelon v. Chicago Sch. Reform Bd.*, 233 F.3d 524, 529 (7th Cir. 2000)). If a responding party fails to dispute the facts set forth in the moving party's statement of facts in the manner dictated by Rule 56.1, those facts are deemed admitted for purposes of the motion. *Curtis*, 807 F.3d at 218-19.

Here, Frontier has submitted a Statement of Facts in Support of its Motion for Summary Judgment ("Frontier SOF") pursuant to Rule 56.1(a)(3). Def.'s LR 56.1 Statement of Facts in Supp. of Mot. for Summ. J. ("Def.'s SOF"), ECF No. 113. The Frontier SOF includes specific references to the following evidentiary materials: a sworn declaration by Kevin Hudson, the Director of System Operations Control at Frontier (the "Hudson Declaration"),[1] Frontier's answers to the Tarkovs' Rule 33 interrogatories, the Tarkovs' amended responses to Frontier's first set of Rule 33 interrogatories, transcripts of the Tarkovs' deposition testimony, and documents Frontier received from two third parties, AIG Travel and Apple Vacations, pursuant to subpoenas. Def.'s SOF, Exs. B-G, ECF Nos. 113-2-113-7.

The Tarkovs submitted a Statement in Response to the Frontier SOF ("Response to Frontier's SOF") pursuant to Rule 56.1(b)(3)(B), in which they deny multiple facts asserted by the air carrier.[2] Pls.' Statement in Resp. to Def.'s Statement ("Pls.' Resp. to Def.'s SOF"), ECF No. 120-4. The Tarkovs, however, do not cite to any affidavits, parts of the record, or supporting materials to support their denials. Their Response to Frontier's SOF, therefore, fails to comply with Rule 56.1(b)(3)(B) and will be disregarded. *See Essex Ins. Co. v. RHO Chem. Co., Inc.*, 145 F. Supp. 3d 780, 784 (N.D. Ill. 2015) ("A court, in its discretion, may choose to disregard statements of fact and response, in full or in part, that do not comply with Local Rule 56.1's requirements."). The Tarkovs also submitted a Statement of Disputed Material Facts pursuant to Rule 56.1(b)(3)(C) ("Tarkov SOF") and a sworn declaration by Ilya Tarkov in opposition to the

---

[1] Hudson states in his declaration that he conducted an individual investigation into the claims asserted by the Tarkovs. Def.'s SOF, Ex. B ¶ 3, ECF No. 113-2. His declaration is based on his personal knowledge and/or information contained in Frontier's business records. *Id.* ¶ 4.

[2] The Response to Frontier's SOF states that it is provided "pursuant to Local Rule 56.1(b)(3)(C)." Pls.' Resp. to Def.'s SOF, ECF No. 120-4. However, the substance of the document is clearly a response to each numbered paragraph in Frontier's SOF and it is therefore construed as a 56.1(b)(3)(B) response.

motion for summary judgment (the "Tarkov Declaration"). Statement of Disputed Material Facts ("Pls.' SOF"), ECF No. 120-3; Decl. of Ilya Tarkov in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Decl."), ECF No. 120-2. The Tarkov SOF cites to the Tarkov Declaration, but it also contains legal arguments, which are improper in a statement of facts. *See Cady*, 467 F.3d at 1060-61. The Court, therefore, considers only the facts and not the improper legal arguments that are set forth in the Tarkov SOF. In addition, the Tarkov Declaration and the Tarkovs' brief in opposition to summary judgment present multiple facts that are not set forth in the Tarkov SOF.[3] A district court may disregard any facts asserted by the non-moving party that are not specifically included in the party's separate statement of additional facts under Rule 56.1(b)(3)(C). *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809-810 (7th Cir. 2005); *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008). The Court, therefore, will disregard the facts asserted in the Tarkov Declaration and the plaintiffs' opposition brief that are not included in the Tarkov SOF.

In response to the Tarkov SOF, Frontier submitted a reply pursuant to Rule 56.1(a). Def.'s LR 56.1(a) Concise Reply to Pls.' Statement of Additional Facts, ECF No. 123. That reply, however, is almost entirely legal argument or conjecture unsupported by any evidence in the record. The Court, therefore, will disregard it. *See Cady*, 467 F.3d at 1060-61.

---

[3] The Tarkov Declaration also contains statements that are not based on personal knowledge and about which Ilya Tarkov is not competent to testify. Pl.'s Decl. ¶¶ 22, 27-30, ECF No. 120-2. Under Federal Rule of Civil Procedure 56(c)(4), a declaration used to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Personal knowledge may include inferences and opinions, but the inferences must be substantiated by specific facts. *Vakharia v. Little Co. of Mary Hosp. and Health Care Ctrs.*, 62 F. App'x 122, 125 (7th Cir. 2003).

Accordingly, for purposes of this motion, the Court considers only the facts presented in the Frontier SOF and the Tarkov SOF to the extent that they are material, properly supported by admissible evidence, and do not violate Rule 56.1.

**2.  Factual Background**

Frontier is a Colorado corporation and the Tarkovs are residents of Deerfield, Illinois. The Tarkovs were scheduled passengers on a March 21, 2015 Frontier flight from Chicago, Illinois to Punta Cana, Dominican Republic ("Flight 40"). Flight 40 was scheduled to depart from Chicago's O'Hare Airport at 10:00 a.m. local time and to arrive at the Punta Cana Airport at 3:30 p.m. local time. On March 21, 2015, Flight 40 left O'Hare Airport at 10:01 a.m. and landed in Punta Cana at 3:12 p.m.

The Tarkovs were also scheduled passengers on a March 28, 2015 Frontier flight from Punta Cana to Chicago ("Flight 41"). Flight 41 was scheduled to depart from Punta Cana at 4:25 p.m. local time and arrive in Chicago at 8:36 p.m. local time. According to Frontier, Flight 41 was cancelled on March 28, 2015 due to an outage in the radar system at the Punta Cana Airport, which was not within Frontier's control. Radar is essential for the safe control of air traffic. Frontier states that the cancellation of Flight 41 was categorized as an "uncontrollable" event. Def.'s SOF ¶ 12, ECF No. 113. The air carrier asserts that it was impossible to operate Flight 41 without a working radar system and that it was required by law to cancel Flight 41 because of the radar outage. Ilya Tarkov, however, asserts that he personally observed another airplane departing the Punta Cana Airport on March 28, 2015.

After Flight 41 was cancelled, Frontier re-booked the Tarkovs on the next available flight to Chicago, which was Flight 2041, scheduled to leave Punta Cana the next day, on March 29, 2015. Flight 2041 left the Punta Cana Airport on March 29, 2015, as soon as the radar system was

operational. Frontier took all reasonable measures to ensure that Flight 2041 departed as soon as it had permission from air traffic control to do so.

The Tarkovs assert that they incurred financial losses as a result of the delays, including the cost of a hotel, taxi fares, food, medication, phone charges, unused pre-paid theater tickets, and lost wages.

## II. DISCUSSION

The Tarkovs' complaint asserts two claims against Frontier under Article 19 of the Montreal Convention—one for the delay of Flight 40 on March 21, 2015 (Count II) and one for the delay of Flight 41 on March 28, 2015 (Count I).[4] The Montreal Convention is a multilateral treaty that governs international air carrier liability. *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780-81 (7th Cir. 2008). It was signed by the United States in 1999 and took effect in September 2003 after it was ratified by the United States Senate. *Id.* Article 19 of the Montreal Convention provides:

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

Convention for the Unification of Certain Rules for International Carriage by Air art. 19, May 28, 1999, S. TREATY DOC. NO. 106-45.

---

[4] The operative complaint in this case is the Fifth Amended Complaint filed on July 5, 2017. Fifth Am. Compl., ECF No. 69. The complaint includes class action allegations indicating that the plaintiffs will seek certification of a class of similarly situated plaintiffs. A motion for class certification has not yet been filed. During a May 19, 2016 hearing on a motion to compel by the plaintiffs, the Court limited discovery to the plaintiffs' individual claims only and deferred consideration of issues related to class certification to a later date. *See* May 19, 2016 Order, ECF No. 44.

Frontier moves for summary judgment on both claims asserted by the Tarkovs. The air carrier argues that undisputed evidence shows that Flight 40 (the flight to Punta Cana) was not delayed. As to Flight 41, the return flight, Frontier admits that the flight was delayed but argues that it has presented sufficient undisputed evidence to establish the affirmative defense provided for in Article 19. On a motion for summary judgment, of course, the district court must construe all facts and reasonable inferences in favor of the non-moving party. *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1074 (7th Cir. 2016). The court may not weigh conflicting evidence or make credibility determinations. *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011). Summary judgment is proper where the moving party shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To preclude summary judgment, a factual dispute must be both material and genuine. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The underlying substantive law determines whether a factual dispute is material. *Id.* A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the moving party presents evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute. *Id.* "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive a summary judgment motion; there must be evidence on which the jury could reasonably find in favor of the nonmoving party." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted); *see also, e.g.*, *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013) ("A mere scintilla of evidence in support of the

nonmoving party's position is not sufficient; there must be evidence on which the jury could reasonably find for the non-moving party.").

Frontier argues that there is no dispute that Flight 40 from Chicago to Punta Cana was not delayed on March 21, 2015. The air carrier points to its SOF, which is supported by the Hudson Declaration, and asserts that Flight 40 arrived in Punta Cana eighteen minutes *ahead* of schedule. The Tarkovs' SOF does not assert any facts or point to any evidence to dispute the flight's arrival time or to support their allegation that Flight 40 was delayed.[5] To recover under Article 19, a plaintiff must show that there was in fact a delay. *See* Convention for the Unification of Certain Rules for International Carriage by Air art. 19, May 28, 1999, S. TREATY DOC. NO. 106-45. Frontier has established that Flight 40 was not delayed and the Tarkovs have failed to show that there is any dispute as to that fact. Frontier is therefore entitled to judgment as a matter of law on that claim.

Frontier admits, however, that the Tarkovs' March 28 return flight home to Chicago did not depart Punta Cana according to schedule. Flight 41 was cancelled and the Tarkovs were re-booked on another flight that did not leave until the following day.[6] Frontier argues, however, that it cannot be liable for the delay because it was impossible to avoid, and further, Frontier took all

---

[5] In their brief in opposition to Frontier's motion for summary judgment, the Tarkovs argue that Flight 40 arrived in Punta Cana several hours late, citing to deposition testimony by Ilya Tarkov. Pls.' Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Mem.") 17-18, ECF No. 120. But the Tarkovs failed to include *any* facts regarding Flight 40 in their SOF. As the Court has already noted, it may strictly enforce compliance with Rule 56.1 and disregard facts asserted by the non-moving party that are not specifically included in the party's separate statement of additional facts under Rule 56.1(b)(3)(C). *Cichon*, 401 F.3d at 809-810 (7th Cir. 2005); *Ciomber*, 527 F.3d at 643-44.

[6] Frontier does not argue that the pre-departure cancellation of Flight 41 does not constitute a delay under Article 19. Federal courts have construed delays which result from cancellation and subsequent rebooking to be actionable under Article 19. *See Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d 798, 808 (N.D. Ill. 2016); *Hebert v. Am. Airlines, Inc.*, No. 16-345, 2016 WL 3517795, at *3 (E.D. La. June 27, 2018).

reasonable measures to minimize the damages due to the delay. Under Article 19, an air carrier is not liable for damages caused by a delay if the carrier took all measures that could reasonably be required to avoid the damage or if it was impossible to take such measures. Convention for the Unification of Certain Rules for International Carriage by Air art. 19, May 28, 1999, S. TREATY DOC. NO. 106-45. An air carrier is entitled to summary judgment on an Article 19 claim if it presents enough evidence such that no reasonable juror could find that it was possible to avoid the damages caused by the delay. *See Pumputyte v. United Airlines, Inc.*, 16 C 4868, 2018 WL 1240314, at *3 (N.D. Ill. Mar. 9, 2018) (granting summary judgment in favor of the air carrier because no reasonable juror could find that the carrier could have taken reasonable measures to avoid the delay, which was due to air traffic control directions); *Cohen v. Delta Air Lines, Inc.*, 751 F. Supp. 2d 677, 680 (S.D.N.Y. 2010) (granting summary judgment in favor of the air carrier because no reasonable juror could have found it was possible for the carrier to take off in the face of a contrary air traffic control mandate). Summary judgment is also warranted when an air carrier shows there is no dispute that it acted reasonably to avoid the damages caused by a delay. *See Helge Mgmt., Inc. v. Delta Air Lines, Inc.*, No. 11-10299-RBC, 2012 WL 2990728, at *3-4 (D. Mass. July 19, 2012) (granting summary judgment in favor of the air carrier where it produced evidence to show its efforts to avoid delay damages were reasonable). An air carrier need not show that it took every possible precaution, it need only show that "it took all precautions that, in sum, were appropriate to the risk." *Pumputyte*, 2018 WL 1240314, at *3.

Frontier argues that it was impossible to avoid the cancellation of Flight 41 because the Punta Cana Airport's radar system, which was out of Frontier's control, was not working and Frontier was prohibited from flying without a working radar system. It further claims that it took all reasonable measures to minimize any potential damage to the Tarkovs by re-booking them on

9

the next flight to Chicago, which departed Punta Cana as soon as the radar system was operational on March 29, 2015. These arguments require evidence establishing that the Punta Cana Airport radar system was not working when Flight 41 was scheduled to depart on March 28, 2015 and did not become operational again until March 29, 2015. Frontier provides adequate evidence to prove this fact. In a declaration, Hudson, Frontier's Director of System Operations Control, states that he conducted an individual investigation into the Flight 41 delay. Based on his personal knowledge and information contained in Frontier's business records, Hudson declares that a radar system outage occurred at the Punta Cana Airport on March 28, 2015 and caused the delay of Flight 41. He further states that Frontier was required by law to cancel Flight 41 as a result of the outage. Hudson attaches to his declaration an email, which he refers to as an "SCSM Report," sent on March 28, 2015 at 3:37 p.m., documenting the cancellation of Flight 41 as "uncontrollable" and "due to ATC issues" at the airport.[7] Def.'s SOF, Ex. B ¶ 10, ECF No. 113-2. Hudson also states that the radar system was not operational until March 29, 2015. This evidence satisfies Frontier's burden as the moving party to show there is no genuine dispute that the airport radar system was not working on March 28, 2015, it was impossible to avoid the Flight 41 delay, and Frontier therefore cannot be held liable for damages under Article 19.

The Tarkovs assert only one fact, supported by Ilya Tarkov's declaration, in an attempt to dispute Frontier's evidence that the radar system was not operational: Ilya Tarkov personally observed "another airplane departing Punta Cana International Airport on March 28, 2015."[8] Pls.'

---

[7] Hudson uses "ATC" in his declaration as an acronym for "air traffic control." *Id.* ¶ 2.

[8] This is the sole fact asserted in the Tarkovs' entire SOF, which consists of only three paragraphs. As noted above, the Tarkov Declaration includes additional facts, which are not set forth in the plaintiffs' SOF. The Court does not consider those facts that are not included in the SOF as required by Rule 56.1(b)(3)(C). See *Cichon*, 401 F.3d at 809-810 (7th Cir. 2005); *Ciomber*, 527 F.3d at 643-44.

SOF ¶¶ 1-3, ECF No. 120-3. The plaintiffs do not provide any additional details about Ilya Tarkov's observation. Importantly, they do not specify whether the observed plane took off before or after their flight was cancelled. Further, they provide no information to show that the plane was a commercial plane and subject to the same air traffic control requirements as their flight. The bare fact that Ilya witnessed an unidentified plane take off from the Punta Cana Airport at some unspecified time on March 28, 2015 is not sufficient to dispute—or even to permit a reasonable inference contrary to—Frontier's evidence that the airport radar system was not operational at the time Flight 41 was scheduled to depart. As the non-moving party, the Tarkovs must present "definite, competent evidence to rebut" Frontier's motion for summary judgment. *Smith on Behalf of Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). The evidence must be sufficiently probative to allow a jury to return a verdict in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). But the Tarkovs have presented only a scintilla of evidence, which is not enough to survive summary judgment. Ilya's observation is not definite or specific enough to contradict Frontier's evidence that a radar system outage at the Punta Cana Airport caused the delay of Flight 41. *See Carroll,* 698 F.3d at 565 (summary judgment in favor of defendant affirmed because the evidence relied upon by the plaintiff did not contradict the defendant's unrebutted testimony that she was motived by fear of crime, which the district court could rely on to find the defendant met the fear of crime exception to the eavesdropping statute); *Smith on Behalf of Smith*, 129 F.3d at 427 (affirming summary judgment for the defendant and finding that vague testimony relied upon by the plaintiff was not adequate to rebut or create a genuine dispute regarding the defendant's evidence that the faculty members had no advance notice of student's unauthorized behavior).

The court concludes that no juror could reasonably find in favor of the plaintiffs based on the single piece of evidence they presented to show that the delay of Flight 41 was not impossible

11

to avoid.[9] In doing so, the Court does not improperly weigh conflicting evidence or make credibility determinations; such judgments are not permitted at the summary judgment stage. Instead, the Court finds that Ilya Tarkov's observation is not sufficiently probative to create a conflict with Frontier's evidence. Accordingly, the plaintiffs cannot survive summary judgment on their Article 19 claim for the Flight 41 delay.

Because Frontier has met its burden to establish that it is entitled to summary judgment on both claims asserted by the Tarkovs, the Court will not address the air carrier's additional arguments regarding damages and discovery violations. The Court, however, does address the Tarkovs' failure to comply with Judge Kim's August 1, 2017 Order requiring them to pay Frontier $1,040 for the attorney's fees related to a motion to compel discovery that Frontier was forced to file. Frontier has established that the Tarkovs have not made the court-ordered payment and the Tarkovs do not dispute that fact in their brief or SOF. The plaintiffs are ordered to comply with Judge Kim's August 1, 2017 Order and to file on the court's docket proof of payment of the $1,040 by September 10, 2018.

---

[9] The Court notes that the Tarkovs also attempt to evade summary judgment by arguing, without any evidentiary support, that the Punta Cana Airport radar system outage is a recurring problem and that Frontier has failed to take any measures to minimize the effects of the problem. If true, this fact would tend to support Frontier's argument that the Flight 41 delay was caused by an outage in the radar system, which was not within Frontier's control, and was therefore impossible to avoid (notably, the Tarkovs suggest no measures that Frontier could have taken to insulate itself from the airport's radar system problems).

\* \* \*

For the reasons set forth above, the Court grants Frontier's motion for summary judgment. Judgment will be entered in favor of Frontier. The plaintiffs are ordered to file on the docket by September 10, 2018, proof of payment of $1,040 to Frontier. The claims of any putative class members are dismissed without prejudice.

Date: August 31, 2018

John J. Tharp, Jr.
United States District Judge

13